Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 5:22-cv-00625-KK-SHK<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, Shashi H. Kewalramani]*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO THE PLAINTIFF'S REQUEST FOR A COURT ORDER ALLOWING PLAINTIFF'S EXPERT TO EVALUATE HIM IN CUSTODY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN** |

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** The Defendants County of San Bernardino and Deputy Christopher Alfred, by and through their attorneys of record, hereby submit their Response to Plaintiff Steffon Barber's ("Plaintiff's") request for an order permitting Plaintiff's medical experts to evaluate him at the facility where he is currently in custody ("Plaintiff's Evaluation").

Plaintiff's counsel has not indicated that Plaintiff objects to the presence of

the Defendant's expert at his evaluation; and thus, the Defendants respectfully request that should their expert be unable to attend Plaintiff's Evaluation in-person, that, if permitted by the prison, the Court's order permit the Defendant's expert to observe Plaintiff's Evaluation remotely via video-conferencing or, in the alternative, permit the Plaintiff's Evaluation to be videotaped in order for Defendants' expert to view it at a later date.

DATED: September 9, 2025       Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:      /s/ Kayleigh A. Andersen
         Kayleigh Andersen
         Attorneys for Defendant, COUNTY OF
         SAN BERNARDINO

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The Defendants County of San Bernardino and Deputy Christopher Alfred ("the Defendants"), by and through their attorneys of record, hereby submit their Response to the Plaintiff Steffon Barber's ("Plaintiff's") request for an order permitting Plaintiff's medical expert to evaluate him at the facility where he is currently in custody ("Plaintiff's Evaluation"). Plaintiff's counsel has not indicated that Plaintiff would object to the in-person observation by the Defendant's expert at the Plaintiff's Evaluation. (Declaration of Kayleigh Andersen in Support of Defendants' Statement of Non-Opposition ("Andersen Decl."), ¶ 2.)

However, should the Defendant's expert be unavailable to observe Plaintiff's Evaluation in-person, and with the permission of the Wasco State Prison, where the Plaintiff is currently housed (*see* Plaintiff's Request, p. 2:15-16), the Defendants respectfully request that the Court's order permit Defendant's expert to observe Plaintiff's Evaluation remotely via video conferencing, or in the alternative, the Plaintiff's Evaluation be videotaped for later viewing by the Defendants' expert.

## 2. FEDERAL RULES OF CIVIL PROCEDURE RULE 35

Rule 35 of the Federal Rules of Civil Procedure provides that:

> (a) Order for an Examination.
>
> (1) In General. The court where the action is pending may order a party whose mental or physical condition— including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) Motion and Notice; Contents of the Order. The order:
>
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

>  (B) must specify the time, place, manner, conditions, and
> scope of the examination, as well as the person or
> persons who will perform it.

Fed. R. Civ. Pro. Rule 35.

## 3. THE PARTIES MAY CONSENT TO PROCEDURES GOVERNING THE PLAINTIFF'S EXAMINATION

The Defendants do not oppose the Plaintiff's Evaluation and the Plaintiff has not indicated any objection to having his evaluation being observed by the Defendants' expert in-person. (Andersen Decl., ¶ 2.) Rule 35 is silent as to whether recording is permitted (*see* Fed. R. Civ. P. Rule 35, *generally*), and Rule 29 permits the stipulation by the parties governing discovery (*see* Fed. R. Civ. Pro. Rule 29 ("the parties may stipulate that … (b) other procedures governing or limiting discovery be modified").

As an alternative to in-person observation, the Defendants' expert should be permitted to remotely observe the Plaintiff's Evaluation, as permitted by the Wasco State Prison. In *Greene v. Nevada*, the parties agreed that an independent medical examination is warranted and only disputed the scope of the examination, and the Court ultimately ordered that the examination be conducted (not just observed) via video conference. (No. 2:19-CV-01529-APG-MDC, 2024 WL 2185682, at *3 (D. Nev. May 15, 2024) (also permitting both the examiner and plaintiff to make audio-visual recordings of the examination).) Similarly here, remote observation by the Defendants' expert of the Plaintiff's Evaluation is appropriate.

If remote observation is unavailable, then the Defendants request that the Plaintiff's Evaluation be videotaped for later viewing by Defendants' expert. When the parties have agreed to it, the Central District of California has permitted audio recording of an evaluation. (*Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 519 (C.D. Cal. 2019.) ("because Defendants agreed at the hearing to permit audio recording of

4

**DEFENDANTS COUNTY OF SAN BERNARDINO AND OFFICER ALFRED'S NON-OPPOSITION TO THE PLAINTIFF'S REQUEST FOR A COURT ORDER ALLOWING PLAINTIFF'S EXPERT TO EVALUATE HIM IN CUSTODY**

both the physical and mental examinations, the Court will allow audio recording of both examinations."); *see also* Fed. R. Civ. Pro. Rule 29 ("the parties may stipulate that … (b) other procedures governing or limiting discovery be modified."). The courts have also ordered videotaping in other circumstances. (*T.B. ex rel. G.B. v. Chico Unified Sch. Dist.*, No. CIV S-07-0926-GEBCMK, 2009 WL 837468, at *3 (E.D. Cal. Mar. 26, 2009) (allowing examiner to videotape)); *see also Doe v. D.C.*, No. CIV.A.03-1789 (GKJMF), 2005 WL 3828731, at *1 (D.D.C. Aug. 15, 2005) (court ordering the videotaping of the examination to protect the examinee "by ensuring that the examination is performed tactfully and properly, and it will serve as an accurate record of the examination").)

Finally, the Defendants' observation of the Plaintiff's Evaluation would obviate the need for the Defendants' expert to undergo his own examination at a different date and time, furthering efficient resolution of this case, especially when the Plaintiff is in custody (Plaintiff's request, p. 2:15-16) and the cooperation of the Wasco State Prison would be required (Plaintiff's request, p. 2:18-19; Andersen Decl., ¶¶ 2-3.)

Accordingly, the Defendants do not oppose the Plaintiff's request, and only ask, as the Wasco State Prison permits, that as an alternative to the in-person observation by the Defendants' expert, the Defendants' expert be permitted to observe Plaintiff's Evaluation remotely, or that the Plaintiff's Evaluation be videotaped for viewing by the Defendants' expert at a later date. Here, counsel for Defendants have reached out to the Wasco State Prison regarding their procedures for video conferencing capabilities and/or videotaping capabilities but have not yet received a response as of the date of writing. (Andersen Decl., ¶ 3.) The Court's order memorializing the agreement of the Parties would facilitate the Rule 35 examination.

**4. CONCLUSION**

For the reasons stated herein, the Defendant respectfully requests an Order in

1  accordance with the aforementioned, to permit, with the permission of the Wasco
2  State Prison, that Defendants' expert be permitted to observe the Plaintiff's
3  Evaluation remotely or that the Plaintiff's Evaluation be videotaped for later
4  viewing by the Defendants' expert.

6  DATED: September 9, 2025          Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ Kayleigh A. Andersen
         Kayleigh Andersen
         Attorneys for Defendant, COUNTY OF
         SAN BERNARDINO



# DECLARATION OF KAYLEIGH ANDERSEN

I, Kayleigh Andersen, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED (the "Defendants"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant County of San Bernardino and Deputy Christopher Alfred's Response to the Plaintiff Steffon Barber ("Plaintiff's") Request for a Court Order Allowing Plaintiff's Expert to Evaluate Him in Custody ("Plaintiff's Evaluation").

2. On or about August 1, 2025, counsel for the Plaintiff Steffon Barber reached out via e-mail to ask if the parties could stipulate to request a court order that Wasco State Prison permit the parties' experts to medically evaluate Plaintiff in-person. On August 22, 2025, I asked if Defendants' expert could appear remotely to observe the examination of Plaintiff by Plaintiff's expert, and/or that the examination be video recorded for later review by Defendants' expert. Plaintiff's counsel advised that they did not get an answer from the prison on whether the prison would allow Defendants' expert to appear remotely or whether the examination could be video recorded. It does not appear that Plaintiff objects to the presence of Defendants' expert for the in-person examination by Plaintiff's expert.

3. On or about September 4, 2025, my paralegal contacted Wasco State Prison to obtain information regarding the possible necessity of video conferencing technology to be utilized in the Plaintiff's Evaluation and/or video-recording capabilities on the occasion that the Defendant's expert is unable to be present for the Plaintiff's Evaluation. To date, I have not received a response from them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1

**DEFENDANTS COUNTY OF SAN BERNARDINO AND OFFICER ALFRED'S NON-OPPOSITION TO THE PLAINTIFF'S REQUEST FOR A COURT ORDER ALLOWING PLAINTIFF'S EXPERT TO EVALUATE HIM IN CUSTODY**

1    Executed on this 9th day of September, 2025, at Los Angeles, California.

                                        /s/ Kayleigh A. Andersen
                                        Kayleigh Andersen

**DEFENDANTS COUNTY OF SAN BERNARDINO AND OFFICER ALFRED'S NON-OPPOSITION TO THE PLAINTIFF'S REQUEST FOR A COURT ORDER ALLOWING PLAINTIFF'S EXPERT TO EVALUATE HIM IN CUSTODY**