Eugene P. Ramirez, Esq. (State Bar No. 134865)
  *epr@manningllp.com*
Kayleigh A. Andersen, Esq. (State Bar No. 306442)
  *kaa@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 5:22-cv-00625-KK (SHKx)<br><br>*District Judge, Kenly Kiya Kato, Magistrate Judge, Shashi H. Kewalramani]*<br><br>**THIRD JOINT STIPULATION AND REQUEST TO CONTINUE PRE-TRIAL DEADLINES**<br><br>[*[Proposed] Order filed concurrently*] |

## TO THE HONORABLE COURT:

IT IS HEREBY STIPULATED by and between Plaintiff STEFFON BARBER, and the Defendants COUNTY SAN BERNARDINO, and DEPUTY CHRISTOPHER ALFRED (collectively, "Defendants") the parties, through their respective attorneys of record, as follows:

1. Plaintiff filed his initial complaint on April 12, 2022. [Dkt. 1.]

2. On July 27, 2022, the parties filed a joint stipulation to stay this case due to Plaintiff's then ongoing related criminal proceeding (Case No. FVI121001312). [Dkt. 19-20.]

3. On December 19, 2024, Plaintiff filed a status report informing the Court

1
**THIRD JOINT STIPULATION AND REQUEST TO CONTINUE PRE-TRIAL DEADLINES**

that Plaintiff's criminal matter was resolved on December 16, 2024, and requested that the Court return this matter to its active calendar. [Dkt. 41.]

4.   On December 19, 2024, the Court granted Plaintiff's request to lift the stay, and returned this case back to the Court's active calendar. [Dkt. 43.]

5.   On February 7, 2025, the Court issued a Civil Trial Scheduling Order, including the Court's schedule of case management deadlines discovery, for initial and rebuttal disclosure of expert witnesses, filing and hearing of dispositive motions, and pre-trial and trial dates. [Dkt. 47.]

6.   On June 17, 2025, Plaintiff filed his Second Amended Complaint ("SAC"), and added Deputy Christopher Alfred as a Defendant. [Dkt. 72.]

7.   On July 1, 2025, Defendant County of San Bernardino filed its answer to the SAC. [Dkt. 75.]

8.   On or around July 11, 2025, Plaintiff served the SAC on Defendant Deputy Christopher Alfred, and he subsequently filed his answer on July 17, 2025. [Dkt. 78.]

9.   Since the stay on this case was lifted in February 2025, the parties have been actively litigating this matter. Between February and June 2025, the parties remedied all issues with the pleadings, while simultaneously exchanging written discovery. Defendants served discovery on the Plaintiff in February, and Plaintiff served discovery on Defendants in April. Moreover, the only deposition that could have been scheduled between February and July was that of the Plaintiff. However, Defendants wanted to depose the Plaintiff after his sentencing hearing in June as statements made during the sentencing hearing may be relevant.

10.   It is of significance that Defendant Deputy Alfred was brought into this case on July 11, 2025. Counsel for Defendants were cognizant of the upcoming deadlines in this case, and acted with diligence to file an answer on behalf of Defendant Deputy Alfred just six days after he was served with the SAC. Subsequently, the parties immediately attempted to find a mutually agreeable date to

take the deposition of Defendant Deputy Alfred. Plaintiff noticed the deposition of Defendant Deputy Alfred for July 31, 2025, however, it was taken off calendar due to an unavoidable conflict of Defendants' counsel. Both parties continued to make a good faith effort to make themselves available prior to the August 14, 2025 Scheduling Order discovery deadline, but ultimately the first available date for both parties and the deponent, is August 26, 2025. The deposition of Deputy Alfred was completed on August 26, 2025.

11. Defendant County of San Bernardino noticed Plaintiff's deposition for August 5, 2025, however, this date was taken off calendar due to unavoidable conflict with Plaintiff's lead counsel, Rodney S. Diggs. Additionally, Plaintiff was previously incarcerated at the San Bernardino County Detention Center, and transferred to prison in August. Plaintiff's deposition had to be coordinated with the prison's procedures and protocols, and requires that the prison receive a minimum two-week advanced notice of the proposed date. Defendants' counsel took Plaintiff's deposition on September 9, 2025.

12. On July 16, 2025, the parties filed a joint stipulation to allow the parties' experts to evaluate Plaintiff at the prison in which he is currently incarcerated, with Plaintiff's expert appearing in-person and Defendants' expert appearing via videoconference if permitted by the prison. Although the Court approved the stipulation the same day on September 16, as of the date of this Joint Stipulation, the prison has not offered availability or outlined the procedures for which the experts may evaluate Plaintiff at the prison. It is crucial that the parties' experts be permitted to evaluate Plaintiff prior to the disclosure of expert reports.

13. Further, the parties' agreed upon mediator did not have availability before the current October 30, 2025 cut-off date. The parties have scheduled mediation with Rick Copeland for December 9, 2025, and therefore the parties also request a continuance of the ADR cut-off deadline.

14. Lastly, during the Rule 26(f) early conference of counsel, the parties

3

THIRD JOINT STIPULATION AND REQUEST TO CONTINUE PRE- TRIAL DEADLINES

agreed that Plaintiff would have two weeks to oppose Defendants' anticipated motion for summary judgment. Therefore, the parties request a one-week extension of the MSJ hearing cut-off date from November 6, 2025 to November 13, 2025.

15. Due to the remaining expert evaluations that will need to be conducted, the parties believe that a brief continuance is necessary to gather adequate discovery, allow the parties' experts to have all necessary materials and records prior to preparing initial expert reports. Further, the remaining discovery is also needed prior to the settlement conference so that the parties can engage in a meaningful mediation. The parties are informed and believe that there is good cause for a brief continuance of the pre-trial scheduling order deadlines in this matter.

16. This is the third request by the parties for a continuance of the Court's scheduling order deadlines in this matter.

## STIPULATION RE CONTINUANCE OF SCHEDULING ORDER DEADLINES.

17. Accordingly, in light of the foregoing Good Cause, the parties hereby stipulate and request a brief continuance of the Court's scheduling order and case management deadlines along the following lines:

| EVENT | CURRENT DEADLINE | REQUESTED DEADLINE |
|---|---|---|
| **Initial Expert Disclosures** | 10/17/2025 | 10/31/2025 |
| **Rebuttal Expert Disclosures** | 11/06/2025 | 11/20/2025 |
| **Expert Discovery Cut-Off** | 12/05/2025 | 12/05/2025 (NO CHANGE) |
| **Last day to conduct Settlement Conference** | 10/30/2025 | 12/12/2025 |
| **Dispositive Motion Hearing Cut-off** | 11/06/2025 | 11/13/2025 |

**THIRD JOINT STIPULATION AND REQUEST TO CONTINUE PRE- TRIAL DEADLINES**

This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**IT IS SO STIPULATED.**

DATED: September 29, 2025  **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**

By: _____*/s/ Kayleigh A. Andersen*_____
Eugene P. Ramirez
Kayleigh Andersen
Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

DATED: Sepetmber 29, 2025  **LAW OFFICES OF DALE K. GALIPO**

By: _____/s/ Dale K. Galipo_____
Dale K. Galipo
Renee Masongsong
Attorneys for Plaintiff

DATED: September 29, 2025  **IVIE McNEILL WYATT PURCELL & DIGGS**

By: _____/s/ Rodney S. Diggs_____
RODNEY S. DIGGS
Attorneys for Plaintiff