Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALRED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive,<br><br>  Defendant. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Filed concurrently with:<br>  *Notice of Motion and Motion and Memorandum of Points and Authorities; Declaration of Kayleigh Andersen and Exhibits; Request for Judicial Notice; Notice of Lodging of Non-Paper Exhibits; and [Proposed] Order*<br><br>Judge:  Hon. Kenly Kiva Kato<br>Date:   11/13/2025<br>Time:   9:30 a.m.<br>Crtrm.: 3<br><br>Filed Date: 4/12/22<br>Trial Date: 1/26/26 |

1

**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Central District of California Rule 56-1, Defendants County of San Bernardino ("the County") and Deputy Christopher Alfred ("Deputy Alfred") (together, the "Defendants") submit their Statement of Uncontroverted Facts.

**1. The Defendants are entitled to judgment on Plaintiff's first and second causes of brought under 42 U.S.C. § 1983 because those claims are barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).** *See Heck*, 512 U.S. at 487; *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–71 (9th Cir. 2021); *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (*en banc*).

| No. | Defendants' Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 1 | At approximately 11:12 pm, the San Bernardino County Sheriff's Dispatch Department ("Dispatch") received a call from Maria Gallo ("Ms. Gallo") and Joseph Cocchi ("Mr. Cocchi.") in Adelanto. | Ex. B. Ex. D, p. 1 (23:12:53) |
| 2 | Ms. Gallo stated that their neighbor is "going crazy" and wouldn't let them enter their residence. She said the neighbor was asking her to take him somewhere. She was trying to park in her driveway and he keeps trying to open her doors. | Ex. A at p. 32:4-7, 14-17 Ex. B at 00:23-00:39; 02:47-02:51 |
| 3 | Ms. Gallo stated that the neighbor lived on the same property but behind them at 12013. | Ex. B at 00:53-01:08 |
| 4 | Ms. Gallo provided a description of Plaintiff as a black male, last seen wearing a white t-shirt and jeans. | Ex. A at p. 34:14-21 Ex. B at 01:18-01:46 |
| 5 | Ms. Gallo then stated that he was taking things out of the vehicle. | Ex. B at 01:58-2:00 |
| 6 | Ms. Gallo stated that she believe he was possibly under the influence of alcoholic beverages and/or drugs. | Ex. B at 02:27-02:30 |
| 7 | Ms. Gallo reported that Plaintiff had a black Chevy Trailblazer. | Ex. B at 03:30-03:37 |

| | | | |
|---|---|---|---|
| 1 2 3 | 8 | Dispatch transmitted the report over the air that Plaintiff was not letting Ms. Gallo and Mr. Cocchi enter their residence and that Plaintiff lives behind Ms. Gallo and Mr. Cocchi. | Ex. D at p. 1 (23:12:53-23:13:58)<br><br>Ex. E (00:15-00:30) |
| 4 5 6 | 9 | Deputy Alfred copied. | Ex. D at p. 1 (23:14:25; 2316:01)<br><br>Ex. E (00:34) |
| 7 8 | 10 | Dispatch transmitted over the air that Plaintiff lives behind the reporting parties and the neighbor was wearing white shirt and jeans. | Ex. D at p. 1 (23:14:46)<br><br>Ex. E (00:58-1:08) |
| 9 10 | 11 | Dispatch also transmitted over the air that Plaintiff was possibly intoxicated. | Ex. D at p. 1 (23:15:38) |
| 11 12 13 14 | 12 | Shortly after 11:19 pm, Deputy Christopher Alfred arrived on the scene. He was the first to arrive and he was the only deputy to arrive. | Ex. C at 00:27<br><br>Ex. D at p. 2 (23:19:45)<br><br>Ex. E at 02:39 |
| 15 16 17 | 13 | Ms. Gallo and Mr. Cocchi who advised him that Plaintiff was threatening them and slamming his hands on the car, striking the hood of their vehicle. | Ex. A at p. 31:6-11<br><br>Ex. C at 01:13-01:25; 02:14-02:15 |
| 18 | 14 | Mr. Cocchi told Deputy Alfred that it was our neighbor behind us. | Ex. C at 00:30-00:32 |
| 19 20 21 | 15 | Mr. Cocchi stated that Plaintiff might have a gun but did not see one. | Ex. A at p. 31:9-15<br><br>Ex. C at 01:35-02:08 |
| 22 | 16 | Mr. Cocchi told Deputy Alfred that they were scared. | Ex. C at 02:33 |
| 23 24 | 17 | Deputy Alfred believed that Ms. Gallo and Mr. Cocchi feared for their safety. | Ex. A at p. 31:8 |
| 25 26 | 18 | Deputy Alfred walked up the driveway to talk to Mr. Plaintiff | Ex. A at p. 35:6-8.<br><br>Ec. C at 02:34-02:40 |
| 27 28 | 19 | The surface of the driveway was gravel and dirt. | Ex. A at p. 17:25-18:2; 58:1-3; Exhibits 2-3, 8 to |

3
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | | the Ex. 1 |
| | 20 | The driveway was a shared driveway between Ms. Gallo and Mr. Plaintiff. | Ex. A at p. 32:9-10 |
| | 21 | The driveway was narrow, equivalent to about one length of a car lane. | Ex. A at p. 19:20-23; Exhibits 2-3, 8 to the Ex. 1. |
| | 22 | In order to leave out of the driveway you have to reverse because it's one way in and one way out. | Ex. A at p. 49:21-50-2; Exhibits 2-5 to Ex. A. |
| | 23 | It was dark outside and there was very limited ambient lighting from the street posting. | Ex. A at p. 14:11-19 |
| | 24 | On one side of the driveway, to the left (the east side) was a chain-link fence. On the other side of the driveway (the west side) was a picket fence. | Ex. A at p. 48:5-13; 58:6-11; Exhibits 3, 4 |
| | 25 | Alfred used a flashlight, light source illuminated between the ground and him. | Ex. A at p: 15:1-11 |
| | 26 | The colors of the uniform of the San Bernardino County Sheriff's Department are a tan top and green pants. | Ex. A at p. 56:16-57:12; Exhibit 1 to Ex. A<br><br>Ex. G at p. 39:24-40: |
| | 27 | Deputy Alfred dropped the face covering towards his neck. | Ex. A at pp. 56:25-57:12; Exhibit 1 to the Ex. A. |
| | 28 | Plaintiff's vehicle was parked in the driveway and the front was faced south. | Ex. A at p. 17:17-21; Exhibit 2 to Ex. 1 |
| | 29 | The cargo hatch was open. | Ex. A at p. 58:15-59:2, Exhibit 2 to Ex. A<br><br>Ex. G at p. 46:14-19 |
| | 30 | Deputy Alfred stood approximately 10 feet from the back of Plaintiff's vehicle. on the north side of Plaintiff's vehicle when he started giving commands to Plaintiff. | Ex. A at p. 72:1-7; 35:15-24 |
| | 31 | Deputy Alfred stayed behind the Trail Blazer because in the event of fire fight or an exchange in gunfire, Plaintiff's vehicle could serve as a barrier. | Ex. A at p. 72:1-9. |

4
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| 1, 2 | 32 | To the left (east) was the chain-link fence approximately three to four feet away. | Ex. A at p. 17:22-24; 21:8-11 |
| 3, 4 | 33 | To the right (west) was the wall of the residence, approximately three to four feet away. | Ex. A at p. 20:17-25; 21:1-4 |
| 5, 6, 7, 8 | 34 | Deputy Alfred gave Plaintiff verbal commands. Multiple times, he told Plaintiff to come towards him and to display his hands. | Ex. A at p. 37:10-38:12; 39:4-10. <br><br> Ex. C at 02:39-03:02 <br><br> Ex. G at p. 43:2-5; 14-17 |
| 9, 10, 11, 12 | 35 | Plaintiff did not comply and instead told Deputy Alfred to show his hands to Plaintiff and then told Deputy Alfred to "back up." | Ex. A at p. 39:8-10. <br><br> Ex. C at 03:02-03:03 <br><br> Ex. G at p. 43:3-5 |
| 13, 14 | 36 | Plaintiff also heard Deputy Alfred say "Don't reach into your vehicle" and then Plaintiff intentionally reached into his vehicle. | Ex. G at p. 44 |
| 15, 16 | 37 | At approximately 11:22, Deputy Alfred called out over the radio that Plaintiff was not complying with his commands. | Ex. C at 03:04-03:08 <br><br> Ex. D at p. 2 (23:22:31) |
| 17, 18, 19 | 38 | Deputy Alfred ordered Plaintiff not to enter his vehicle and told him to come towards him. | Ex. C at 03:09-03:11 <br><br> Ex. G at p. 43:14-15; 50:18-51:2 |
| 20, 21, 22 | 39 | The vehicle was on and idling when Plaintiff got into the car. | Ex. A at p. 67:8-10; 71:21-23; 74:1-10 <br><br> Ex. G at p. 46:21-47:3 |
| 23, 24 | 40 | Deputy Alfred was still about 10 feet from the back of the vehicle. | Ex. A at p. 40:23-25. |
| 25, 26 | 41 | Deputy Alfred believed that Plaintiff's purpose of getting into the car was to leave. | Ex. A at p. 40:10-14; 49:14-16. |
| 27, 28 | 42 | Deputy Alfred observed the reverse lights of Plaintiff's vehicle come on. | Ex. A at p. 40:20-22 <br><br> Ex. G at p. 47:4-8 |

5
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| 1 2 | 43 | Deputy Alfred had no immediate indication that the vehicle would reverse until Plaintiff entered it and the reverse lights came on. | Ex. A at p. 49:4-7 |
| 3 4 5 6 | 44 | The engine of the vehicle revved and then the car started moving in reverse. | Ex. A at p. 49. Ex. C: 03:13-03:14 Ex. G at p. 47:4-15; 48:17-22 |
| 7 8 | 45 | Deputy Alfred called out over the radio that Plaintiff was trying to reverse. | Ex. C at 03:13-03:15 |
| 9 10 11 | 46 | The tires gained traction on the hard packed dirt. | Ex. 2 to Ex. A. Ex. C at 03:14:82-03:16:277 |
| 12 | 47 | Deputy Alfred believed that Plaintiff's intention in reversing the vehicle was to harm him. | Ex. A at p. 49:14-20 |
| 13 14 | 48 | A couple of feet ahead of Deputy Alfred was an opening, three to four feet from the stucco on the west side. | Ex. A at p. 53:11-14. |
| 15 16 | 49 | In order to get to the opening on the west side to him, Alfred would have had to move closer to the car. | Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| 17 18 19 20 21 | 50 | Deputy Alfred fired six shots at Plaintiff. | Ex. A at p. 7:11-12; 13:5-6 Ex. B at 03:47-49 Ex. C at 03:16-03:19 |
| 22 23 | 51 | After Deputy Alfred's last shot, the truck moved back approximately one foot and stopped after making contact with an area by the wall to the west. | Ex. A at 44:24-45:6; 53:2-4 |
| 24 25 26 | 52 | Deputy Alfred called out over the radio that Plaintiff tried to reverse into him and requested medical services. | Ex. B at 03:37 Ex. C at 23:22:44 |
| 27 28 | 53 | Plaintiff was injured in the head. | Ex. A at p. 52:12-13. Ex. G at p. 52:18-22 |

| | | | |
|---|---|---|---|
| | 54 | Because the car was in reverse gear, once Plaintiff was extracted from the vehicle for medical services, the vehicle slowly went in reverse because it was in reverse gear and one of Deputy Alfred's partners placed it park to stop the vehicle from reversing. | Ex. A at p. 52:18-23; 53:24-54:3<br><br>Ex. C at 09:27-09:30 |
| | 55 | Plaintiff was arrested and booked for PC 245(c), assault with a deadly weapon on a peace officer. | Ex. F |
| | 56 | Plaintiff was charged with the attempted murder of Deputy Alfred and Penal Code section 245(a) and convicted of Penal Code 245(a) | Ex. H; Ex. K |
| | 57 | Plaintiff sentenced to 14 years. | Ex. I |
| | 58 | Deputy Alfred received training at the San Bernardino County Sheriff's Academy for use of force, including use of deadly force, the policy related to the use of deadly force, and the policy related to shooting at moving vehicles. | Ex. A, p. 10:2-13:4; 23:23-26:1; 89:14-92:12 |
| | 59 | Deputy Alfred has used the firearm in the field before the date of the April 27, 2021 shooting. | Ex. A, p. 25:25-29:17 |
| | 60 | The San Bernardino County Sheriff's Department Manuel provides that "[t]he 'reasonableness' of the force used shall be evaluated from the perspective of a reasonable safety member in the same situation, based on the totality of the circumstances known or perceived by the safety member at the time, rather than with the benefit of hindsight. The totality of the circumstances shall account for occasions when safety members may be forced to make quick judgments about using force, and the amount of force that is necessary, in circumstances that are tense, uncertain and rapidly evolving." | Ex. L at COSB000672-COSB000673. |
| | 61 | The San Bernardino County Sheriff's Department Manuel provides that the evaluation of whether a deputy has used reasonable force shall take into a consideration a number of factors including, but not limited to "behavior of the individual being confronted (as reasonably perceived by [him] at the time"; "[t]he availability of options (what resources are reasonably available to the deputy under the circumstances); "[t]he training and experience of the deputy"; "[t]he potential for injury to citizens, [and himself]"; and "[t]he risk of escape." | Ex. L at COSB000673-4. |

7
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 62 | The San Bernardino County Sheriff's Department Manuel provide that "[a]lternatives to force are not required by a member when the member reasonably believes that immediate action must be taken to prevent injury to themselves, another member of public." | Ex. L at COSB000675. |
| 63 | The San Bernardino County Sheriff's Department Manuel provides "[a] safety member may use lethal force to protect himself or others from what he reasonably believes to ben an immediate threat of death or serious bodily injury … [or] to accomplish the arrest or prevent the escape of a suspected felon, when the member has probable cause to believe that the suspect poses a significant threat of death or serious bodily injury to the deputy of others." | Ex. L at COSB000676. |
| 64 | The San Bernardino County Sheriff's Department Manuel provides that "[f]irearms should not be discharged from or at a moving vehicle except in exigent circumstances. In these situations, a safety member must have articulable reason(s) for this use of lethal force, which include, but are not limited to … [t]he vehicle is operated in a manner which is likely to result in great bodily injury or death to a safety member or another person, and other reasonable means of defense have been exhausted, or are not available or practical. This may include, if time and circumstances allow, moving out of the path of the vehicle." | Ex. L at COSB000677-8. |
| 65 | Alfred's understanding of training is if feasible, step out of the way, rather than shooting at the vehicle. | Ex. A at p. 48:20-25 |
| 66 | Deputy Alfred was approximately 10 to 15 feet behind Plaintiff's vehicle as he fired the shots. | Ex. A at p. 14:5-7; 15:12-16:1. |
| 67 | Deputy Alfred observed movements consistent with someone who's armed with a firearm. | Ex. A at p. 13:10 |
| 68 | Plaintiff did not attend therapy or counseling. or take any medication for any mental or emotional types of injuries. | Ex. G at 65:1-6; 65:23-66:7 |

2.  **Deputy Alfred is entitled to judgment on Plaintiff's first cause of**

8
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**action under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment because undisputed facts demonstrate that the force used was reasonable under the totality of the circumstances facing the officers.** *See Graham v. Connor*, 490 U.S. 386, 397 (1989). **Furthermore, Deputy Alfred is entitled to qualified immunity because there is no evidence that the use of force violated any clearly-established law.** *See Plumhoff v. Rickard*, 572 U.S. 765, 776–77 (2014); *Monzon v. City of Murrieta*, 978 F.3d 1150, 1157–59 (9th Cir. 2020); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010); *Estate of Strickland v. Nevada Cnty.*, 69 F.4th 614, 620 (9th Cir. 2023).

| No. | Defendants' Undisputed Facts | Supporting Evidence |
| --- | --- | --- |
|  | *See supra* SUF 1- 68. |  |

**3.** **The County is entitled to judgment on Plaintiff's second cause of action for *Monell* liability based on unconstitutional custom, policy, or practice because there is no underlying constitutional violation. Further, there is no evidence of any longstanding unlawful custom, policy, or practice.** *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020); *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021).

| No. | Defendants' Undisputed Facts | Supporting Evidence |
| --- | --- | --- |
|  | *See supra* SUF 1- 68. |  |
| 69 | At all relevant times, the County had policies in place governing appropriate use of force, including discharging a firearm at a moving vehicle. | Ex. L |

**4.** **Deputy Alfred is entitled to judgment on Plaintiff's third cause of action for battery because undisputed facts demonstrate that the force used by Deputy Alfred was objectively reasonable. Furthermore, the County is not**

**vicariously liable because there are no underlying wrongful acts.** *See Johnson v. Cnty. of L.A.*, 340 F.3d 787, 794 (9th Cir. 2003).

| No. | Defendants' Undisputed Facts | Supporting Evidence |
|---|---|---|
|  | *See supra* SUF 1- 68. |  |

**5.     Deputy Alfred is entitled to judgment on Plaintiff's fourth cause of action for negligence because undisputed facts demonstrate that Deputy Alfred acted reasonably under the totality of the circumstances and did not breach any duty of due care that they owed to Plaintiff.  Furthermore, the County is not vicariously liable because there are no underlying wrongful acts.** *See Hayes v. Cnty. of San Diego*, 57 Cal.4th 622, 629–30 (2013).

| No. | Defendants' Undisputed Facts | Supporting Evidence |
|---|---|---|
|  | *See supra* SUF 1- 68. |  |

**6.     Deputy Alfred is entitled to judgment on Plaintiff's fifth cause of action for violation of the Bane Act because undisputed facts demonstrate that there was no underlying constitutional violation.  Furthermore, there is no evidence of any specific intent to violate Plaintiff's constitutional rights.  In addition, the County is not vicariously liable because there are no underlying wrongful acts.** *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043–45 (9th Cir. 2018).

| No. | Defendants' Undisputed Facts | Supporting Evidence |
|---|---|---|
|  | *See supra* SUF 1- 68. |  |

**7. Deputy Alfred is entitled to judgment on Plaintiff's sixth cause of action for intentional infliction of emotional distress because the undisputed facts demonstrate that there is no evidence that Deputy Alfred's conduct was "extreme and outrageous" or that he had the requisite intent. Furthermore, there is no evidence of Plaintiff's severe and emotional distress or causation. In addition, the County is not vicariously liable because there are no underlying wrongful acts.** *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043–45 (9th Cir. 2018).

| No. | Defendants' Undisputed Facts | Supporting Evidence |
|---|---|---|
|  | *See supra* SUF 1- 68. |  |

DATED: October 9, 2025

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Kayleigh Andersen
Kayleigh Andersen
Attorneys for Defendant, COUNTY OF SAN BERNARDINO