```
 1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                FOR THE COUNTY OF SAN BERNARDINO

 3   DEPARTMENT S-15                    HON. DAVID COHN, JUDGE

 4
     PEOPLE OF THE STATE OF CALIFORNIA,  )
 5                                       )
                         Plaintiff,      )
 6                                       )
                 vs.                     )   No. FVI-21001312
 7                                       )
     STEFFON TODD BARBER,                )
 8                                       )
                         Defendant.      )
 9   _____)

10            REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS

11                     SAN BERNARDINO, CALIFORNIA

12                         DECEMBER 2, 2024

13
     APPEARANCES:
14
     For the People:        JASON ANDERSON
15                          District Attorney
                            By:  KATHLEEN FULTZ
16                          Deputy District Attorney

17
     For the Defendant:     JAMES BRYANT
18                          Attorney at Law

19                          RYAN DUCKETT
                            Attorney at Law
20

21                                          CERTIFIED
                                            TRANSCRIPT
22

23

24

25

26
     Reported By:           ALICIA S. VASQUEZ, C.S.R.
27                          Official Court Reporter, CSR No. 12225

28   Volume 1 of 7
     Pages 1 through 133, incl.
```

1           Any other detention is unlawful.
2           In deciding whether the detention was lawful,
3  consider evidence of the officer's training and experience and
4  all the circumstances known by the officer when he detained the
5  person.
6           Totality of the circumstances means all facts known
7  to the peace officer at the time, including the conduct of the
8  defendant and Christopher Alfred leading up to the use of
9  deadly force.
10          If a person knows or reasonably should know that a
11 peace officer is arresting or detaining him, the person must
12 not use force or any weapon to resist an officer's use of
13 reasonable force.
14          A lesser crime to the crime charged in Count 2, is
15 assault with a deadly weapon other than a firearm.  Do not
16 consider this crime unless you find the defendant not guilty of
17 the crime charged in Count 2, assault on a peace officer with a
18 deadly weapon other than a firearm or force likely to cause
19 great bodily injury.
20          To prove that the defendant is guilty of this
21 crime, the People must prove that:
22          1.  The defendant did an act with a deadly weapon
23 other than a firearm, that by its nature would directly and
24 probably result in the application of force to a person;
25          2.  The defendant did that act willfully;
26          3.  When the defendant acted, he was aware of facts
27 that would lead a reasonable person to realize that his act by
28 its nature would directly and probably result in the

```
 1  application of force to someone;
 2            AND
 3            4.  When the defendant acted, he had the present
 4  ability to apply force with a deadly weapon other than a
 5  firearm to a person.
 6            Someone commits an act willfully when he does it
 7  willingly or on purpose.  It is not required that he intend to
 8  break the law, hurt someone else or gain any advantage.
 9            The terms application of force and apply force mean
10  to touch in a harmful or offensive manner.  The slightest
11  touching can be enough, if it is done in a rude or angry way.
12            Making contact with another person, including
13  through his or her clothing is enough.  The touching does not
14  have to cause pain or injury of any kind.  The touching can be
15  done indirectly by causing an object to touch the other person.
16            The People are not required to prove that the
17  defendant actually touched someone.  The People are not
18  required to prove that the defendant actually intended to use
19  force against someone when he acted.  No one needs to actually
20  have been injured by defendant's act.  But if someone was
21  injured, you may consider that fact, along with all the other
22  evidence, in deciding whether the defendant committed an
23  assault.
24            A deadly weapon is any object, instrument or weapon
25  that is used in such a way that it is capable of causing and
26  likely to cause death or great bodily injury.  The deadly
27  weapon in this case is alleged to be the vehicle.
28            Great bodily injury means significant or
```

Transcript cannot be provided to other parties/persons pursuant to California Code 69954(d).
05-15-2025 9:24AM

1  substantial injury.  It is an injury that is greater than minor
2  or moderate harm.
3            In deciding whether an object is a deadly weapon,
4  consider all the surrounding circumstances.
5            A lesser crime to the crime charged in Count 2 is
6  assault with force likely to cause great bodily injury.
7            Do not consider this crime unless you find the
8  defendant not guilty of the crime charged in Count 2, assault
9  on a peace officer with a deadly weapon other than a firearm,
10 and not guilty of the lesser crime of assault with a deadly
11 weapon.
12           To prove that the defendant is guilty of this
13 crime, the People must prove that:
14           1.  The defendant did an act that by its nature
15 would directly and probably result in the application of force
16 to a person;
17           2.  The force was likely to produce great bodily
18 injury -- I apologize.  These numbers are wrong.
19           The second 2, which is actually 3.  The defendant
20 did that act willfully;
21           3, as listed but it's actually 4.  When the
22 defendant acted, he was aware of facts that would lead a
23 reasonable person to realize that his act by its nature would
24 directly and probably result in the application of force to
25 someone;
26           AND
27           What's listed as 4 is actually 5.  When the
28 defendant acted, he had the present ability to apply force

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                   FOR THE COUNTY OF SAN BERNARDINO

 3                              --o0o--

 4  THE PEOPLE OF THE STATE        )
    OF CALIFORNIA,                 )
 5                                 )
                         Plaintiff,)
 6                                 )
                    -vs-           )   No. FVI-21001312
 7                                 )   REPORTER'S CERTIFICATE
    STEFFON TODD BARBER,           )
 8                                 )
                         Defendant.)
 9  _____)

10
    STATE OF CALIFORNIA            )
11                                 )  ss
    COUNTY OF SAN BERNARDINO       )
12

13       I, ALICIA S. VASQUEZ, Certified Shorthand Reporter, do

14  hereby certify:

15       That I am a Certified Shorthand Reporter of the State of

16  California, duly licensed to practice; that I did report in

17  stenotype oral proceedings had upon hearing of the

18  aforementioned cause at the time and place herein before set

19  forth; that the foregoing pages numbered 728 to 771, inclusive,

20  constitute to the best of my knowledge and belief a full, true,

21  and correct transcription from my said shorthand notes so taken

22  for the date of December 12, 2024.

23       Dated at San Bernardino, California, this 15th day of May,

24  2025.

25

26

27                              _____
                                Official Court Reporter
28                              C.S.R. No. 12225
```