Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**<br><br>Filed concurrently with:<br>  *Defendants' Response to Plaintiff's Statement of Genuine Dispute of Material Facts*<br><br>Judge:  Hon. Kenly Kiva Kato<br>Date:   11/13/2025<br>Time:   9:30 a.m.<br>Crtrm.:  3, 3rd Floor<br><br>Trial Date: 1/26/26 |

# TABLE OF CONTENTS



|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | PLAINTIFF'S FEDERAL CLAIMS ARE BARRED BY *HECK* | 6 |
| | A. Plaintiff's Argument Against the Application of *Heck* Is Solely Based on Pure Speculation; Illogical | 7 |
| | B. The Factual Basis for Plaintiff's Conviction Is Undisputable | 7 |
| | C. Plaintiff's Cited Cases Are Inapposite | 8 |
| III. | THE COURT SHOULD EXCLUDE THE DECLARATIONS OF PLAINTIFF'S EXPERTS, MORALES AND DEFOE | 9 |
| | A. Morales Is Unqualified To Opine on an Officer-Involved Shooting; His Application to the Facts of This Case Are Also Unreliable | 12 |
| | B. DeFoe's Opinions Are Unreliable and Improperly Invade the Province of the Jury | 12 |
| IV. | RULE 407 OF THE FEDERAL RULES OF EVIDENCE BAR PLAINTIFF FROM USING THE COUNTY'S CHANGE IN THE USE OF FORCE POLICY FOR PURPOSES OF ESTABLISHING LIABILITY | 13 |
| V. | DEPUTY ALFRED IS ENTITLED TO QUALIFIED IMMUNITY | 14 |
| VI. | PLAINTIFF'S REMAINING CLAIMS FAIL | 17 |
| VII. | CONCLUSION | 19 |

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*A.D. v. California Highway Patrol*, 712 F.3d 446 (9th Cir. 2013) ............................ 17

*Acosta v. City & Cnty of S.F.,* 83 F.3d 1143 (9th Cir. 1996) ..................................... 17

*Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012) ................................. 8

*Briggs v. Yi,* 760 F. Supp. 3d 874 (D. Alaska 2024) ................................................. 11

*Brown v. Ransweiler*, 171 Cal.App.4th at 516, 527 (2009). ...................................... 18

*Daubert v. Merrell Dow Pharm., Inc*., 43 F.3d 1311 (9th Cir. 1995) .................. 11, 12

*Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993) .............................. 10, 11

*Gen. Elec. Co. v. Joiner,* 522 U.S. 136 (1997) .......................................................... 11

*Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825 (9th Cir. 2001) ......... 9, 11

*Hooper v. County of San Diego*, 629 F.3d 1127 (9th Cir. 2011) ................................ 8

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021 (C.D. Cal. 2013) ............................................................................................. 10

*Johnson v. Cnty. of L.A.,* 340 F.3d 787 (9th Cir. 2003) ....................................... 18, 19

*Krause v. County of Mohave*, 459 F.Supp.3d 1258, 1265 (D. Ariz. 2020) ......... 11, 12

*Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999). .............................................. 11

*Lal v. California* 746 F.3d 1112 (9th Cir. 2014) ....................................................... 16

*Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ......................... 17

*Luera v. Snyder,* 599 F.Supp. 1459 (D.C.Col.1984) ................................................. 14

*Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) ..................... 14

*Murray v. Southern Route Maritime SA,* 870 F.3d 915, 923 (9th Cir. 2017) ............ 10

*Orn v. City of Tacoma,* 949 F.3d 1167 (9th Cir. 2020) ............................................ 17

*Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043–45 (9th Cir. 2018). ................. 18

*Rodriguez v. City of Long Beach*, 2011 WL3757122, at *5 (C.D. Cal., Aug. 25, 2011, No. SACV 10-00271 DOC) .............................................................. 8

*Scott v. Harris*, 550 U.S. 372 (2007) ................................................................. 14

*Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) ...................................... 8

*Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187 (9th Cir. 2007) ................... 10

*United States v. Binder,* 769 F.2d 595 (9th Cir. 1985) .................................... 13

*United States v. Morales* 108 F.3d 1031 (9th Cir. 1997) ................................. 13

*US v. Barnard*, 490 F.2d 907, 912-13 (9th Cir 1973) ..................................... 13

*Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021) ................................ 17

*Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 ((9th Cir. 2018) .......... 14, 16, 17

*Williams v. J.B. Hunt Transport, Inc.* 151 F.4th 1020 (9th Cir. 2025) ............ 14

**FEDERAL STATUTES**

Fed. R. Civ. Pro. 56(c)(4) .................................................................................. 9

Fed. R. Evid. 407 ............................................................................................. 14

Fed. R. Evid. 702 .......................................................................................... 9, 10

Fed. R. Evid. 704(a) ......................................................................................... 13

**STATE STATUTES**

Cal. Pen. Code § 148(a)(1) ................................................................................ 8

Cal. Pen. Code § 245(a)(1) ................................................................................ 5

Cal. Pen. Code § 245(c) ..................................................................................... 7

Cal. Pen. Code § 69 ........................................................................................... 8

Cal. Pen. Code § 7(b)(1) .................................................................................... 5

**OTHER AUTHORITIES**

CALCRIM 2652, Resisting an Executive Officer in Performance of Duty ................ 8

CALCRIM 2656. Resisting Peace Officer, Public Officer ........................................ 8

4

**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Steffon Barber ("Plaintiff") was convicted of California Penal Code section 245(a)(1), assault upon the person of another with a deadly weapon or instrument other than a firearm (Cal. Pen. Code § 245(a)(1)), for which the jury found that Plaintiff used his Trailblazer in a manner likely to cause death or great bodily injury. In convicting the Plaintiff, the jury found that Plaintiff committed the act "willfully", meaning that Plaintiff had the intent to commit the act. Cal. Pen. Code § 7(b)(1), "Willfully". Now, in the face of his conviction, Plaintiff now wants to hold the County of San Bernardino ("the County") and Deputy Christopher Alfred ("Deputy Alfred") (together, "the Defendants") liable for Deputy Alfred's reactions to Plaintiff reversing his Trailblazer towards Deputy Alfred in a manner likely to cause death or great bodily injury.

Here, Plaintiff's federal claims are barred by the holding in *Heck;* and Plaintiff cannot proceed on his remaining claims because there is no dispute as to any material fact that Deputy Alfred acted reasonably under the totality of the circumstances. Deputy Alfred was facing death or great bodily injury from Plaintiff's reversing Trailblazer and he acted like any reasonable officer (and human) would do under the circumstances – he saved his own life. Under the circumstances, because Deputy Alfred was in a one-way driveway about the width of one car length, Deputy Alfred had no choice but to shoot at Plaintiff who was reversing his Trailblazer into him. Deputy Alfred's only option to step out of the path of the Trailblazer was to step towards the reversing vehicle, putting him at a greater risk of being run over and killed.

Plaintiff has not presented evidence sufficient to raise a disputed issue of fact with respect to Plaintiff's causes of action. Not only is Plaintiff's own testimony contradicted by his conviction, but also, Plaintiff's purported experts, Morales and DeFoe, are simply unqualified and unreliable as to warrant the Court's consideration

of their declarations. Plaintiff purports to cite to Morales' conclusions as to the reconstruction of the scene but Morales is not an expert in reconstruction of officer-involved shootings – Morales is a mechanical engineer. In addition, while DeFoe may be qualified as a police practices expert, his application of the policies to the facts in this case are inaccurate conclusions that fly in the face of evidence to the contrary and should be disregarded. Furthermore, DeFoe draws conclusions that invade the province of the factfinder.

## II. PLAINTIFF'S FEDERAL CLAIMS ARE BARRED BY *HECK*

Plaintiff's federal claims are clearly barred by *Heck.* As set forth in the Defendants' moving papers, a conviction under California Penal Code section 245(a)(1)[1] requires that the jury necessarily found that Plaintiff "did act with a deadly weapon", Plaintiff's vehicle – the Trailblazer. (Dkt. No. 97 at p. 15:17-22; Dkt. No. 95, Ex. H.) The jury instructions explicitly included the definitions of "deadly weapon" and "great bodily injury" as well as indicating that the deadly weapon was a vehicle. (*Id.*) Accordingly, the jury convicted the Plaintiff of using his vehicle in a way "likely to cause death or great bodily injury". (*Id.*) Furthermore, in order to convict Plaintiff, the jury also found that the defendant acted "***willfully***" and that "***he was aware of facts that would lead a reasonable person to realize that his act, by his nature, would directly and probably result in the application of force to someone.***" (*Id.* (emphasis added.) That "someone" was Deputy Alfred. (*Id.*) Accordingly, to permit Plaintiff to proceed on his federal claims would invalidate his conviction for Penal Code section 245(a)(1).

---

[1] Plaintiff was charged under California Penal Code section 245(c) and convicted for Penal Code section 245(a)(1) and thus, the Court's inquiry and application of *Heck v. Humphrey* should consider Plaintiff's conviction under California Penal Code section 245(a)(1) and not California Penal Code section 245(c) as requested by the Plaintiff. (*C.f.* Dkt. No. 101, Plaintiff's Opposition, at p. 20:18.)

6
**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**

### A. Plaintiff's Argument Against the Application of *Heck* Is Solely Based on Pure Speculation; Illogical

Plaintiff's argument against the application of *Heck* is based on pure speculation and illogical application of the facts to the instant case. In Plaintiff's opinion, Plaintiff's imaginations and conjuring of what transpired in the mind of the jury in not convicting Plaintiff of California Penal Code section 245(c) is the basis for why *Heck* does not apply. Plaintiff is wrong.

Plaintiff incorrectly attempts to argue that the jury came to a conclusion regarding Deputy Alfred's actions in using reasonable force to defend against death or great bodily injury based on Plaintiff being charged with, but ultimately not being convicted of, California Penal Code section 245(c). *See* Dkt. No. 101 at p. 16:10 (commencing with "Implicit in the jury's findings") and at p. 16:22 (commencing with "In declining to convict Barber under PC § 245(c).) Plaintiff's contentions clearly lack merit because there can be no negative inference drawn from the lack of convicting Plaintiff for California Penal Code section 245(c). Furthermore, Plaintiff concedes as much even in his opposition. (*See id.* at p. 15:12-14 (Plaintiff acknowledges that Plaintiff's assault conviction "does not rest on any determination that Alfred's shooting was lawful"); *id.* at p. 16:8-10 (jury made no finding as to whether Deputy Alfred's shooting was lawful or unlawful); *id.* at p. 16:8-10 ("[Penal Code section 245(a)] includes no element relating to Alfred's conduct"); and *id.* at 16:11-12 ("the elements of [Penal Code section 245(a)] are distinct from the standards surrounding Plaintiff's excessive force claim.) Accordingly, Plaintiff's baseless speculations as to what the jury "likely determined" (*id.* at p. 16:22-23) in not convicting Plaintiff of Penal Code section 245(c), are without merit.

### B. The Factual Basis for Plaintiff's Conviction Is Undisputable

Despite Plaintiff's contentions, there is no factual ambiguity regarding the factual basis of the Plaintiff's conviction. (Dkt. No. 101 at p. 17:8-21.) Despite the expert testimony at trial, the jury convicted the Plaintiff of California Penal Code

7

1  section 245(a)(1) and as set forth above, the conviction necessarily resulted in a
2  finding of Plaintiff's intent to commit and actual committing of a crime of assault
3  that was likely to cause death or great bodily injury. (Dkt. No. 97 at p. 15:17-22;
4  Dkt. No. 95, Ex. H.)

### C. Plaintiff's Cited Cases Are Inapposite

Plaintiff cites to several cases which are inapposite. *Rodriguez v. City of Long Beach*, 2011 WL3757122, at *5 (C.D. Cal., Aug. 25, 2011, No. SACV 10-00271 DOC) is inapposite as the plaintiff in that case plead *nolo* contendere to California Penal Code section 69 (obstructing or resisting an officer in performance of their duties with force or violence), which did not require that the plaintiff in that case did act with intent to cause death or great bodily injury. *See* Cal. Pen. Code § 69; California Criminal Jury Instructions (CALCRIM) 2652, Resisting an Executive Officer in Performance of Duty.[2]  Similarly, *Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011), *Smith v. City of Hemet*, 394 F.3d 689, 699–700 (9th Cir. 2005) (en banc), and *Beets v. County of Los Angeles*, 669 F.3d 1038, 1044 (9th Cir. 2012) are inapposite because in those cases, the plaintiffs were convicted of California Penal Code section 148(a)(1) (resisting arrest), which also does not require a finding that plaintiff did act with a deadly weapon likely to cause death or great bodily injury, or not yet convicted (in the case of *Beets*). *See* Cal. Pen. Code § 148(a)(1)); CALCRIM  2656. Resisting Peace Officer, Public Officer.[3]  In contrast,

---

[2] To prove that the defendant is guilty of this crime, the People must prove that:
    1. The defendant [unlawfully] used force [or violence] to resist an executive officer;
    2. When the defendant acted, the officer was performing (his/her)lawful duty;
    3. When the defendant acted, the defendant knew that the person(he/she) resisted was an executive officer; AND
    4. When the defendant acted, (he/she) knew the executive officer was performing (his/her) duty

[3] To prove that the defendant is guilty of this crime, the People must prove that:
    1. <insert name, excluding title> was (a/an) (peace officer/public

here, Plaintiff's conviction of Penal Code section 245(a) necessarily is a finding that Plaintiff intended and did use his Trailblazer in a manner that was likely to cause death or great bodily harm to Deputy Alfred.

In convicting Plaintiff, the jury found that Plaintiff acted with the intent to cause great bodily harm or death to Deputy Alfred. Accordingly, to hold then that Plaintiff is both guilty of committing assault[4] with the intent to cause great bodily harm or death to Deputy Alfred by the use of his Trailblazer would render invalid any finding that Deputy Alfred was not entitled to use reasonable force to prevent great bodily harm or death from being run over by the Trailblazer.

### III. THE COURT SHOULD EXCLUDE THE DECLARATIONS OF PLAINTIFF'S EXPERTS, MORALES AND DEFOE

The declarants of affidavits submitted in support of a motion for summary judgment must be "competent to testify on the matters stated". Fed. R. Civ. Pro. 56(c)(4). When that declarant is an expert, that expert's testimony must be both relevant and reliable. Fed. R. Evid. 702; *Guidroz-Brault v. Missouri Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Specifically,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the

---

officer/emergency medical technician) lawfully performing or attempting to perform (his/her) duties as a (peace officer/public officer/emergency medical technician);

2. The defendant willfully (resisted[,]/ [or] obstructed[,]/ [or]delayed) <insert name, excluding title> in the performance or attempted performance of those duties; AND

3. When the defendant acted, (he/she) knew, or reasonably should have known, that <insert name, excluding title> was(a/an) (peace officer/public officer/emergency medical technician) performing or attempting to perform (his/her) duties.

[4] Notably, Plaintiff attempts to diminish the seriousness of the California Penal Code section 245(a) conviction by carelessly identifying Plaintiff's conviction as "assault" (Dkt. No. 101 at p. 17:21) when the conviction necessarily resulted in a finding that Plaintiff committed assault *likely to cause death or great bodily harm*, am important detail that Plaintiff glossed over.

> form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Relevancy is met and an expert may testify if the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("*Daubert I")* (emphasis in original); *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1191-1192 (9th Cir. 2007). In order to be relevant, the **expert testimony must be "'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'"** *Daubert I, supra,* at 591 (emphasis added).

In applying Rule 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of Rule 702 by a preponderance of the evidence." *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F.Supp.2d 1021, 1026 (C.D. Cal. 2013) (citing *Daubert I, supra,* at 509 U.S. 579, 597)). "District judges … examin[e] the full picture of the experts' methodology and prevent shoddy expert testimony and junk science from reaching the jury." *Murray v. Southern Route Maritime SA,* 870 F.3d 915, 923 (9th Cir. 2017).

The trial judge makes an assessment as to whether the expert's reasoning and methodology underlying the expert testimony is scientifically valid and can be properly applied to the facts at issue. *Daubert I, supra*, 509 U.S. at 591-593; Fed. R. Evid. 702, adv. comm. notes to 2000 amendments. *Guidroz-Brault v. Missouri*

10
**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**

*Pacific R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) ("requires that expert testimony relate to scientific, technical, or other specialized knowledge, which ***does not include unsupported speculation and subjective beliefs***.") "And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question..., the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999). If not, the expert opinion is inadmissible. *Id.*

"[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). As the Ninth Circuit explained on remand from the Supreme Court: "We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995). Under *Daubert I*, when the offering party fails to meet its burden to show show by a preponderance of the evidence that (1) the expert is qualified to render the opinion and (2) the opinion offered has adequate factual and scientific support, i.e. in cases where the opinion is unreliable because it is ) contrary to or unsupported by the weight of the evidence, an expert's opinion is inadmissible. *Daubert I, supra,* at 509 U.S. 579, 597.

Expert opinions are properly excluded if the *Daubert* standard is not met. *Compare Briggs v. Yi,* 760 F. Supp. 3d 874, 899 (D. Alaska 2024), *appeal dismissed*, No. 25-48, 2025 WL 1008560 (9th Cir. Mar. 10, 2025) (expert qualified to testify as to use of force and police practices based on his experience as a police officer and his training on use-of-force issues) with *Krause v. County of Mohave*, 459 F.Supp.3d 1258, 1265 (D. Ariz. 2020) (excluding expert from testifying on bullet trajectories and conclusions derived thereof based on his general firearms expertise being in adequate to support his opinions). Here, the Court should exclude

11

**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**

both the Morales and DeFoe declarations because neither cannot meet the standard under *Daubert.*

### A. Morales Is Unqualified To Opine on an Officer-Involved Shooting; His Application to the Facts of This Case Are Also Unreliable

As an initial matter, Morales has not properly submitted his curriculum vitae as "Exhibit 1" (*see* Dkt. No. 101-2 at ¶¶ 3, 4) such that the Court may make an accurate assessment as to Morales' qualifications as an expert. Nevertheless, even taking Morales' summary of his own experience and qualifications at face value, the Court can still conclude that Morales is not qualified to opine on this officer-involved shooting because Morales does not have experience in or a background in officer-involved shooting reconstructions – Morales is a mechanical engineer and accident reconstructionist with training in photogrammetry. (Dkt. No. 101-2, ¶¶ 2-3.)

Here, Morales draws conclusions based on ballistics evidence and biomechanics without any experience or qualifications in the field and thus the Court should exclude his declaration from evidence. *Krause v. County of Mohave* 459 F.Supp.3d 1258, 1265 (D. Ariz. 2020)).  In addition, Morales's declaration is based on opinions that fail to consider the testimony of both Deputy Alfred and Plaintiff himself, thereby indicating unreliable application to the facts of the case; therefore, Morales' declaration should be excluded based on unreliability. *Daubert v. Merrell Dow Pharm., Inc*., 43 F.3d 1311 (9th Cir. 1995).

### B. DeFoe's Opinions Are Unreliable and Improperly Invade the Province of the Jury

Similarly here, notwithstanding DeFoe's qualifications, the Court should exclude his declaration from evidence because DeFoe's conclusions are unreliable in that they ignore direct evidence to the contrary that Plaintiff refused to obey Deputy Alfred's commands and that Deputy Alfred faced death or great bodily injury – had Deputy Alfred not shot at Plaintiff, Deputy Alfred was going to be run

**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**

over by the Plaintiff reversing his Trailblazer into Deputy Alfred. Furthermore, Deputy Alfred did not have time or the opportunity to move out of the way of the reversing Trailblazer.

DeFoe also cannot substitute his own judgment for the judgment of the fact-finder as to whether an officer's use of force in this case was appropriate. (*See* Dkt. No. 101-3 at ¶ 8). While an expert opinion "is not objectionable just because it embraces an ultimate issue" (Fed. R. Evid. 704(a)), expert testimony should nonetheless be excluded "if it concerns a subject improper for expert testimony, for example, one that invades the province of the jury." *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985), *overruled on other grounds* by *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). For example, experts cannot vouch for or bolster the credibility of other witnesses; to do so would be unhelpful and improper. *US v. Barnard*, 490 F.2d 907, 912-13 (9th Cir 1973); *US v. Binder*, 769 F.2d 595, 602 (9th Cir 1985) *overruled on other grounds by US v. Morales*, 108 F.3d 1031 (9th Cir 1997) (en banc.) Here, DeFoe attempts to substitute his analysis of the use of force policies to conclude that Deputy Alfred's use of force was unreasonable in the circumstances. DeFoe improperly concludes that there are four factors under which an officer is justified in shooting at a vehicle – however DeFoe's attempt at doing so flies in the face of *Graham*, but also improperly invades the province of the fact-finder.

Furthermore, DeFoe's analysis lacks reliability because he ignores Plaintiff's conviction under Penal Code section 245(a)(1) which necessarily warrants a finding that Deputy Alfred faced death or great bodily injury.

## IV. RULE 407 OF THE FEDERAL RULES OF EVIDENCE BAR PLAINTIFF FROM USING THE COUNTY'S CHANGE IN THE USE OF FORCE POLICY FOR PURPOSES OF ESTABLISHING LIABILITY

Rule 407 of the Federal Rules of Evidence provides that "[w]hen measures

13

are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. In *Maddox v. City of Los Angeles*, the Ninth Circuit held that an internal affairs investigation and measures taken by the defendant city were remedial measures taken after an incident and properly excluded with respect to the City's liability. 792 F.2d 1408, 1417 (9th Cir. 1986) (citing to *Luera v. Snyder,* 599 F.Supp. 1459, 1463 (D.C.Col.1984) (testimony of changes in police department's policies are inadmissible as evidence of a subsequent remedial measure).); *see also,* generally, outside the use-of-force context, *Williams v. J.B. Hunt Transport, Inc.* 151 F.4th 1020, 1037–1038 (9th Cir. 2025) (excluding evidence that defendant changed its policy after the lawsuit was filed.)

## V. DEPUTY ALFRED IS ENTITLED TO QUALIFIED IMMUNITY

### A. Plaintiff's Version of the Events Is Not Credible

In ruling on a motion for summary judgment, the "[t]he record is viewed in the light most favorable to the nonmovants … so long as their version of the facts is not blatantly contradicted by the … evidence." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018) (citing to *Scott v. Harris*, 550 U.S. 372 (2007) (focusing on whether a party's version of events "is so utterly discredited by the record that no reasonable jury could have believed him".) Here, Plaintiff's submitted evidence is not credible as both his testimony and the purported testimony of Morales and DeFoe do not contradict the undisputed evidence that Deputy Alfred faced imminent bodily harm or death by Plaintiff's reversing Trailblazer after Plaintiff refused Deputy Alfred's commands, and that Deputy Alfred's use of force was reasonable under the totality of the circumstances.  Here, the jury convicted Plaintiff of California Penal Code section 245(a)(1); Plaintiff's memory of the events indicates that he does not remember much although he concedes that he was reversing the vehicle; and as set forth in Section IV above, the declarations of

14

Morales and DeFoe are not credible in that they ignore the facts in evidence, especially Deputy Alfred's direct testimony to the contrary, and the photographs of the scene, in order to draw their improper conclusions.

### B. Plaintiff Was an Immediate Threat

The undisputed facts demonstrate that Plaintiff posed an immediate threat to Deputy Alfred. The undisputed evidence demonstrates that Plaintiff was resisting being detained and then reversed his vehicle into Deputy Alfred in a manner akin to a deadly weapon. Deputy Alfred believed his life was in danger and the jury's conviction of Plaintiff for California Penal Code section 245(a)(1) indicates that Deputy Alfred's belief that he faced death or great bodily injury was objectively reasonable. Deputy Alfred could not step away from the reversing Trailblazer; his only option to do so was a space in the stucco that would have required him to move closer to the reversing vehicle, putting him at a greater risk of death or injury.

Furthermore, the undisputed evidence showed that the events leading up to Deputy Alfred's shooting escalated in a manner of seconds and that Plaintiff ignored all of Deputy Alfred's commands. Deputy Alfred need not be struck by the Trailblazer in order for Deputy Alfred to recognize that his life was in immediate danger. A reasonable jury did find, in convicting Plaintiff, that Plaintiff's reversing the Trailblazer put Deputy Alfred's life and limb at jeopardy.

### C. The Seriousness of the Crime Warranted Deputy Alfred's Use of Force

Deputy Alfred arrived on the scene based on the reporting party's description of Plaintiff's actions; however, Plaintiff then ignored Deputy Alfred's commands and the events escalated to where Plaintiff committed the acts leading up to assaulting Deputy Alfred with his Trailblazer. Thus, the crime that Deputy Alfred was investigating rapidly changed from the facts set forth in the reporting party's call to 911 to the actions that Deputy Alfred observed once Plaintiff ignored Deputy Alfred's commands and then reversed the Trailblazer with Deputy Alfred behind

15

him. As set forth above, Plaintiff was eventually convicted of California Penal Code 245(a), assault likely to cause great bodily injury or death.

### D. Deputy Alfred Acted Reasonably Under the Circumstances

Plaintiff cannot credibly contend that Deputy Alfred could have stepped to his left rather than shooting in order to prevent being run over by the Trailblazer. The undisputed evidence shows that Deputy Alfred did not have time to move out of the way of the Trailblazer; accordingly, in order to prevent himself from being run over, Deputy Alfred shot at Plaintiff. The undisputed evidence also shows that Deputy Alfred's only option to step aside was a gap in the stucco. However accessing that gap meant that Deputy Alfred had to step forward, closer to the Trailblazer that was already reversing towards him. Thus, while it was an option, it was an option that no reasonable person would have exercised under the circumstances as it would have substantially increased the likelihood of being injured and killed by the oncoming vehicle.

Plaintiff, in his moving papers, cannot both credibly contend that the crime for which Deputy Alfred was initially investigating was not serious and then in the same breath, implicitly blame Deputy Alfred's advance without backup as the cause of the escalation into the lethal confrontation. (Dkt. No. 101, p. 7:23-28.) By undisputed evidence, Plaintiff did not comply with Deputy Alfred's commands and then reversed his Trailblazer toward Deputy Alfred.

Furthermore, the alleged alternative force available to Deputy Alfred, stepping aside, was simply not possible. Under these circumstances, Deputy Alfred was facing an immediate threat and stepping aside would have only exacerbated the threat as the only option to step aside was towards the direction of the Trailblazer reversing into Deputy Alfred. *Compare Lal v. California* 746 F.3d 1112, 1119 (9th Cir. 2014) ("the only alternative force then available to the officers, pepper spray, would not have alleviated the danger of [the plaintiff] hurling the rock at the officers.") with *Vos v. City of Newport,* 892 F.3d 1024, 1032 (9th Cir. 2018)

16
**DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR ADJUDICATION**

(plaintiff did not pose an immediate threat because he was on foot and was surrounded and outnumbered and positioned themselves behind the cover of their police vehicles .) Notably, in *Vos v. City of Newport Beach*, the Ninth Circuit held that "a Fourth Amendment violation cannot be established based merely on bad tactics that result in a deadly confrontation that could have been avoided." 892 F.3d 1024, 1034 (9th Cir. 2018) (internal citations omitted.) The Ninth Circuit further noted that "the events leading up to the shooting, including the officers tactics, are encompassed in the facts and circumstances for the reasonableness analysis". *Id.*

Plaintiff's cited cases are inapposite. *Acosta v. City & Cnty of S.F.,* 83 F.3d 1143 (9th Cir. 1996), *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021) (never heard the engine rev), *Orn v. City of Tacoma,* 949 F.3d 1167 (9th Cir. 2020) (a moving vehicle can pose a threat of serious physical harm if someone is at risk of being struck by it), *A.D. v. California Highway Patrol*, 712 F.3d 446 (9th Cir. 2013) (officers testified that they did not feel threatened nor did they perceive an immediate threat at the time of the shooting) all involved situations where the officer was not facing an immediate threat. In contrast, here, the undisputed facts show that Plaintiff was reversing his vehicle into Deputy Alfred, and Deputy Alfred feared he would be run over.

## VI.   PLAINTIFF'S REMAINING CLAIMS FAIL

Plaintiff's *Monell* claims fail because there is no constitutional violation. *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).Plaintiff's citation to the *Archibald v. San Bernardino*, 5:16-cv-1128 and *V.R. v. County of San Bernardino*, 5:19-cv-012013, are inappropriate in that neither of these cases have similar facts – none of those cases involved the use of the plaintiff-suspect reversing a vehicle into the officers. Furthermore, the references to the settlement amounts in other cases are completely irrelevant to the consideration of whether summary judgment is appropriate under the facts of this case as they are not probative of any fact necessary to the disposition of this motion.

1    Plaintiff's battery claim fails because he cannot demonstrate that the Deputy
2 Alfred used unreasonable force. *See Johnson v. Cnty. of L.A.*, 340 F.3d 787, 794 (9th
3 Cir. 2003). Notably, an officer is entitled to use even greater force than might be in
4 the same circumstances required for self-defense. *See Brown v. Ransweiler*, 171
5 Cal.App.4th at 516, 527 (2009). In addition, the County is not vicariously liable
6 because there are no underlying wrongful acts. *Johnson v. Cnty. of L.A.,* 340 F.3d
7 787, 794 (9th Cir. 2003).

8    The negligence claim similarly fails because "the officers here acted
9 reasonably under the circumstances leading up to and at the moment of their use of
10 deadly force." *Hayes v. Cnty of San Diego,* 57 Cal.4th 622, 629 (2013); *Brown v.*
11 *Ransweiler* 171 Cal.App.4th at 516, 527 (2009).. In addition, the County is not
12 vicariously liable because there are no underlying wrongful acts. *Johnson v. Cnty. of*
13 *L.A.,* 340 F.3d 787, 794 (9th Cir. 2003).

14    Moreover, Deputy Alfred did not violate any use of force policy because
15 under the circumstances, it was not feasible for him to step out of the way of the
16 Plaintiff's vehicle which was reversing at him and was likely to cause him death or
17 great bodily harm. Deputy Alfred was faced with the impossible option of dying or
18 shooting at the Plaintiff.  Deputy Alfred did what any normal officer, or human,
19 would do under the circumstances – save his own life.

20    The Bane Act claims fails because Deputy Alfred "did not interfere or attempt
21 to interfere with any constitutional rights using threats, intimidation, or coercion.
22 *See id.*  Plaintiff also presents no evidence that the officers acted with any "specific
23 intent" to interfere with his rights.  *See Reese v. Cnty. of Sacramento*, 888 F.3d
24 1030, 1043–45 (9th Cir. 2018). In addition, the County is not vicariously liable
25 because there are no underlying wrongful acts. *Johnson v. Cnty. of L.A.,* 340 F.3d
26 787, 794 (9th Cir. 2003).

27    Finally, Plaintiff's claim for intentional infliction of emotional distress fails
28 because Plaintiff presents no evidence that Deputy Alfred's conduct was "so

extreme as to exceed all bounds of that usually tolerated in a civilized community", that Deputy Alfred had requisite "intent to cause, or reckless disregard for the probability of causing, emotional distress" or that Plaintiff sought treatment for any alleged mental or emotional distress. In addition, the County is not vicariously liable because there are no underlying wrongful acts. *Johnson v. Cnty. of L.A.,* 340 F.3d 787, 794 (9th Cir. 2003).

## VII. CONCLUSION

The Court should grant Defendants' motion and enter summary judgment in their favor. In the alternative, the Court should grant partial summary judgment.

DATED: October 30, 2025          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:   /s/ Kayleigh Andersen
      Eugene R. Ramirez
      Kayleigh A. Andersen
      Attorneys for Defendant, COUNTY OF SAN BERNARDINO

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Defendants County of San Bernardino and Deputy Christopher Alfred, certifies that this brief contains 4,802 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 30, 2025          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ Kayleigh Andersen
Eugene R. Ramirez
Kayleigh A. Andersen
Attorneys for Defendant, COUNTY OF SAN BERNARDINO