Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and DEPUTY
CHRISTOPHER ALFRED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive,<br><br>             Defendant. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS' REPLY STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Hon. Kenly Kiva Kato<br>Date:    11/13/2025<br>Time:    9:30 a.m.<br>Crtrm.:  3, 3rd Floor<br><br>Trial Date: 1/26/26 |

MANNING | KASS

| No. | Defendants' Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 1 | At approximately 11:12 pm, the San Bernardino County Sheriff's Dispatch Department ("Dispatch") received a call from Maria Gallo ("Ms. Gallo") and Joseph Cocchi ("Mr. Cocchi.") in Adelanto.<br><br>Ex. B.<br>Ex. D, p. 1 (23:12:53) | Undisputed |
| 2 | Ms. Gallo stated that their neighbor is "going crazy" and wouldn't let them enter their residence. She said the neighbor was asking her to take him somewhere. She was trying to park in her driveway and he keeps trying to open her doors.<br><br>Ex. A at p. 32:4-7, 14-17<br>Ex. B at 00:23-00:39; 02:47-02:51 | Objections: Hearsay (Federal Rules of Evidence ("FRE") 801, 802); Relevance (FRE 401, 402); FRE 403.<br><br>Otherwise, undisputed. |
| | **Defendants' Response**: Defendants objects to Plaintiff's objections because Ms. Gallo is identified as a potential witness in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value. | |
| 3 | Ms. Gallo stated that the neighbor lived on the same property but behind them at 12013.<br><br>Ex. B at 00:53-01:08 | Objection: Hearsay (FRE 801, 802).<br><br>Otherwise, undisputed. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | |
|---|---|---|
| **Defendants' Response:** Defendants objects to Plaintiff's objections because Ms. Gallo is identified as a potential witness in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value. | | |
| 4 | Ms. Gallo provided a description of Plaintiff as a black male, last seen wearing a white t-shirt and jeans.<br><br>Ex. A at p. 34:14-21<br>Ex. B at 01:18-01:46 | Undisputed. |
| 5 | Ms. Gallo then stated that he was taking things out of the vehicle.<br><br>Ex. B at 01:58-2:00 | Objections: Hearsay (FRE 801, 802).Relevance (FRE 401, 402); vague and ambiguous.<br><br>Otherwise, undisputed. |
| **Defendants' Response:** Defendants objects to Plaintiff's objections because Ms. Gallo is identified as a potential witness in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value. | | |
| 6 | Ms. Gallo stated that she believe he was possibly under the influence of alcoholic beverages and/or drugs.<br><br>Ex. B at 02:27-02:30 | Objections: Hearsay (FRE 801, 802); Relevance (FRE 401, 402); FRE 403 calls for speculation<br><br>Disputed to the extent that Deputy Alfred did not have any information that Mr. Barber was under the influence of drugs or alcohol.<br><br>"Exhibit 1" (Alfred Depo) to the Declaration of Renee V. |

**MK** MANNING | KASS

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | Masongsong at 31:23-25. |
|---|---|---|
| **Defendants' Response:** Defendants objects to Plaintiff's objections because Ms. Gallo is identified as a potential witness in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value.<br><br>Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).. | | |
| 7 | Ms. Gallo reported that Plaintiff had a black Chevy Trailblazer.<br><br>Ex. B at 03:30-03:37 | Undisputed |
| 8 | Dispatch transmitted the report over the air that Plaintiff was not letting Ms. Gallo and Mr. Cocchi enter their residence and that Plaintiff lives behind Ms. Gallo and Mr. Cocchi.<br><br>Ex. D at p. 1 (23:12:53-23:13:58)<br>Ex. E (00:15-00:30) | Objections: Hearsay (FRE 801, 802); Relevance (FRE 401, 402); FRE 403.<br><br>Otherwise, undisputed. |
| **Defendants' Response:** Defendants objects to Plaintiff's objections because Plaintiff's hearsay objection has no grounds under Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value. | | |
| 9 | Deputy Alfred copied.<br><br>Ex. D at p. 1 (23:14:25; 2316:01)<br>Ex. E (00:34) | Undisputed. |
| 10 | Dispatch transmitted over the air that | Objections: Vague and ambiguous as |

4

| | | | |
|---|---|---|---|
| | | Plaintiff lives behind the reporting parties and the neighbor was wearing white shirt and jeans.<br><br>Ex. D at p. 1 (23:14:46)<br>Ex. E (00:58-1:08) | to who was wearing the white shirt and jeans.<br><br>Otherwise, undisputed. |
| | 11 | Dispatch also transmitted over the air that Plaintiff was possibly intoxicated.<br><br>Ex. D at p. 1 (23:15:38) | Objections: Hearsay (FRE 801, 802); Relevance (FRE 401, 402); FRE 403; calls for speculation.<br><br>Disputed to the extent that Deputy Alfred did not have any information that Mr. Barber was under the influence of drugs or alcohol.<br><br>"Exhibit 1" (Alfred Depo) at 31:23-25. |
| | **Defendants' Response:** Defendants objects to Plaintiff's objections because Plaintiff's hearsay objection has no grounds under Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value.<br><br>Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| | 12 | Shortly after 11:19 pm, Deputy Christopher Alfred arrived on the scene. He was the first to arrive and he was the only deputy to arrive.<br><br>Ex. C at 00:27<br>Ex. D at p. 2 (23:19:45)<br>Ex. E at 02:39 | Objections: Vague and ambiguous.<br><br>Otherwise, undisputed that Deputy Alfred was the only deputy on scene at the time of the shooting. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| 13 | Ms. Gallo and Mr. Cocchi who advised him that Plaintiff was threatening them and slamming his hands on the car, striking the hood of their vehicle.<br><br>Ex. A at p. 31:6-11<br>Ex. C at 01:13-01:25; 02:14-02:15 | Objections: Hearsay (FRE 801, 802); Relevance (FRE 401, 402); FRE 403.<br><br>Undisputed. |

**Defendants' Response:** Defendants object to Plaintiff's objections because Ms. Gallo and Mr. Cocchi are identified as potential witnesses in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value.

| 14 | Mr. Cocchi told Deputy Alfred that it was our neighbor behind us.<br><br>Ex. C at 00:30-00:32 | Objections: Hearsay (FRE 801, 802).<br><br>Otherwise, undisputed. |

**Defendants' Response:** Defendants object to Plaintiff's objection because Mr. Cocchi is identified as potential witnesses in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B).

| 15 | Mr. Cocchi stated that Plaintiff might have a gun but did not see one.<br><br>Ex. A at p. 31:9-15<br>Ex. C at 01:35-02:08 | Objections: Hearsay (FRE 801, 802); Relevance (FRE 401, 402); calls for speculation; FRE 403.<br><br>Otherwise, undisputed. |

**Defendants' Response:** Defendants object to Plaintiff's objection because Mr. Cocchi is identified as potential witnesses in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value.

| 16 | Mr. Cocchi told Deputy Alfred that they were scared.<br><br>Ex. C at 02:33 | Objections: Hearsay (FRE 801, 802); Relevance (FRE 401, 402)<br><br>Undisputed. |
|----|----|----|

**Defendants' Response:** Defendants object to Plaintiff's objection because Mr. Cocchi is identified as potential witnesses in Defendants' Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1). Fed. R. Civ. Pro. 56(c)(1)(B). Furthermore, Plaintiff does not specify the reasons why this is not relevant or the prejudicial value outweighs the probative value.

| 17 | Deputy Alfred believed that Ms. Gallo and Mr. Cocchi feared for their safety.<br><br>Ex. A at p. 31:8 | Objections:  Relevance (FRE 401, 402) to the extent that this is not the standard for using deadly force.<br><br>Otherwise, undisputed. |
|----|----|----|

**Defendant's Response:** Defendant objects to Plaintiff's objections as The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983 asks the trier of fact to consider, *inter alia,* (1) whether the [plaintiff] [decedent] posed an immediate threat to the safety of the officer[s] or to others; and (2) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

| 18 | Deputy Alfred walked up the driveway to talk to Mr. Plaintiff<br><br>Ex. A at p. 35:6-8<br>Ex. C at 02:34-02:40 | Undisputed. |
|----|----|----|
| 19 | The surface of the driveway was gravel and dirt.<br><br>Ex. A at p. 17:25-18:2; 58:1-3; | Disputed to the extent that the Trailblazer was parked on a low-friction surface consisting of dirt and gravel. |

7

MANNING | KASS

MK

| | | |
|---|---|---|
| | Exhibits 2-3, 8 to Ex. 1 | Morales Decl. at ¶ 10.<br><br>The Trailblazer could not have moved as soon as the accelerator was engaged because the rear tires experienced a loss of traction, and the front tires had to overcome static friction. The surface composition created a mechanical limitation that prevented rapid acceleration and restricted maximum achievable speeds, regardless of accelerator input.<br>Morales Decl. at ¶ 10. |
| **Defendant's Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 20 | The driveway was a shared driveway between Ms. Gallo and Mr. Plaintiff.<br><br>Ex. A at p. 32:9-10 | Undisputed. |
| 21 | The driveway was narrow, equivalent to about one length of a car lane.<br><br>Ex. A at p. 19:20-23; Exhibits 2-3, 8 to the Ex. 1. | Disputed.<br><br>Deputy Alfred had ample time and room to move out of the path of the Trailblazer. Morales Decl. at ¶ 7.<br><br>The driveway width was approximately 15 feet and 7 inches at the north end and 13 feet, 8 inches at the south end. DeFoe Decl. at ¶ 9(e); Morales Decl. at ¶ 7.<br><br>After the shooting, the left-front tire |

8

MANNING | KASS

MK

| | | of the Trailblazer was located approximately 8 feet west of the chain-link fence, and the left-rear tire was positioned about 6 feet west of the same fence. <br> Morales Decl. at ¶ 9. |
|---|---|---|
| **Defendant's Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 22 | In order to leave out of the driveway you have to reverse because it's one way in and one way out. <br><br> Ex. A at p. 49:21-50-2; Exhibits 2-5 to Ex. A. | Undisputed. |
| 23 | It was dark outside and there was very limited ambient lighting from the street posting. <br><br> Ex. A at p. 14:11-19 | Undisputed. |
| 24 | On one side of the driveway, to the left (the east side) was a chain-link fence. On the other side of the driveway (the west side) was a picket fence. <br><br> Ex. A at p. 48:5-13; 58:6-11; Exhibits 3, 4 | Disputed to the extent that there was an opening, three to four feet from the stucco on the west side. <br> Ex. A at p. 53:11-14. |
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |

9

MANNING | KASS

MK

| | | |
|---|---|---|
| 25 | Alfred used a flashlight, light source illuminated between the ground and him.<br><br>Ex. A at p: 15:1-11 | Undisputed. |
| 26 | The colors of the uniform of the San Bernardino County Sheriff's Department are a tan top and green pants.<br><br>Ex. A at p. 56:16-57:12; Exhibit 1 to Ex. A<br>Ex. G at p. 39:24-40 | Undisputed. |
| 27 | Deputy Alfred dropped the face covering towards his neck.<br><br>Ex. A at pp. 56:25-57:12; Exhibit 1 to the Ex. A. | Undisputed that this is Alfred's testimony. |
| 28 | Plaintiff's vehicle was parked in the driveway and the front was faced south.<br><br>Ex. A at p. 17:17-21; Exhibit 2 to Ex. 1 | Undisputed. |
| 29 | The cargo hatch was open.<br><br>Ex. A at p. 58:15-59:2, Exhibit 2 to Ex. A<br>Ex. G at p. 46:14-19 | Undisputed. |
| 30 | Deputy Alfred stood approximately 10 feet from the back of Plaintiff's | Disputed. |

10

| | vehicle. on the north side of Plaintiff's vehicle when he started giving commands to Plaintiff.<br><br>Ex. A at p. 72:1-7; 35:15-24 | At the time of the first shot, Deputy Alfred was approximately 51 feet to the rear of the Trailblazer. Morales Decl. at ¶ 16.<br><br>At the time of the last shot, Deputy Alfred was approximately 21 feet to the rear of the Trailblazer. Morales Decl. at ¶ 16. |
|---|---|---|
| **Defendants' Response:** Defendant objects to Plaintiff's dispute because Morales is a mechanical engineer and is both not qualified to make this conclusion and this conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. | | |
| 31 | Deputy Alfred stayed behind the Trail Blazer because in the event of fire fight or an exchange in gunfire, Plaintiff's vehicle could serve as a barrier.<br><br>Ex. A at p. 72:1-9. | Disputed that a reasonable police officer would have employed these tactics.<br><br>After seeing the reverse lights come on, Deputy Alfred failed to step out of the way. "Exhibit 1" (Alfred Depo) at 41:1-3, 49:8-50:2.<br><br>Deputy Alfred did not attempt to move out of the way to the left or to the right before he fired the shots. "Exhibit 1" (Alfred Depo) at 48:2-5.<br><br>A reasonable officer in Deputy Alfred's position would have immediately moved to a position of cover and formulated an effective and safe tactical plan. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | | DeFoe Decl. at ¶ 10(c). |
|---|---|---|---|
| | | | At the time of this incident, Deputy Alfred had been trained not to tactically position himself in a bad spot, if he can avoid it, with respect to moving vehicles. "Exhibit 1" (Alfred Depo) at 11:17-22. |
| | | | The reporting party did not report that they saw Mr. Barber with a weapon or that Mr. Barber said he had a weapon. "Exhibit 1" (Alfred Depo) at 31:12-18. |
| | | | Deputy Alfred never saw a gun or other weapon either on Mr. Barber or in the Trailblazer at any time. "Exhibit 1" (Alfred Depo) at 13:7-18. |
| | | | Based on Deputy Alfred's experience, a reporting party might state that a person has a gun in order to expedite law enforcement response, and then it often turns out that the person did not have a gun. "Exhibit 1" (Alfred Depo) at 34:1-7. |

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

12

| 32 | To the left (east) was the chain-link fence approximately three to four feet away.<br><br>Ex. A at p. 17:22-24; 21:8-11 | Objection: Vague and ambiguous.<br><br>Otherwise, undisputed that there was approximately four feet of room on the left side of the Trailblazer. |
|---|---|---|
| 33 | To the right (west) was the wall of the residence, approximately three to four feet away.<br><br>Ex. A at p. 20:17-25; 21:1-4 | Objection: vague and ambiguous. Otherwise, undisputed that there was approximately four feet of room on the right side of the Trailblazer. |
| 34 | Deputy Alfred gave Plaintiff verbal commands. Multiple times, he told Plaintiff to come towards him and to display his hands.<br><br>Ex. A at p. 37:10-38:12; 39:4-10.<br>Ex. C at 02:39-03:02<br>Ex. G at p. 43:2-5; 14-17 | Disputed to the extent that when Deputy Alfred was attempting to contact Mr. Barber in his driveway prior to the shooting, Mr. Barber could not see Deputy Alfred. "Exhibit 2" (Barber Depo) to the Declaration of Renee V. Masongsong at 42:6-43:9, 48:13-19.<br><br>Prior to the shooting, Deputy Alfred did not identify himself as a police officer.  "Exhibit 1" (Alfred Depo) at 38:20-22.<br><br>Mr. Barber heard a voice but did not see anyone in the driveway. "Exhibit 2" (Barber Depo) at 44:19-45:5.<br><br>When Mr. Barber heard Deputy Alfred's voice, he thought it was his neighbor speaking. "Exhibit 2" (Barber Depo) at 35:10-20. |

MANNING | KASS

**MANNING | KASS**

| | | |
|---|---|---|
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 35 | Plaintiff did not comply and instead told Deputy Alfred to show his hands to Plaintiff and then told Deputy Alfred to "back up."<br><br>Ex. A at p. 39:8-10.<br>Ex. C at 03:02-03:03<br>Ex. G at p. 43:3-5 | Disputed to the extent that when Deputy Alfred was attempting to contact Mr. Barber in his driveway prior to the shooting, Mr. Barber could not see Deputy Alfred. "Exhibit 2" (Barber Depo) at 42:6-43:9, 48:13-19.<br><br>Prior to the shooting, Deputy Alfred did not identify himself as a police officer.  "Exhibit 1" (Alfred Depo) at 38:20-22.<br><br>Mr. Barber heard a voice but did not see anyone in the driveway. "Exhibit 2" (Barber Depo) at 44:19-45:5.<br><br>When Mr. Barber heard Deputy Alfred's voice, he thought it was his neighbor speaking. "Exhibit 2" (Barber Depo) at 35:10-20. |
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 36 | Plaintiff also heard Deputy Alfred say "Don't reach into your vehicle" and then Plaintiff intentionally reached into his vehicle. | Disputed to the extent that when Deputy Alfred was attempting to contact Mr. Barber in his driveway prior to the shooting, Mr. Barber could not see Deputy Alfred. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | |
|---|---|---|
| | Ex. G at p. 44 | "Exhibit 2" (Barber Depo) at 42:6-43:9, 48:13-19.<br><br>Prior to the shooting, Deputy Alfred did not identify himself as a police officer. "Exhibit 1" (Alfred Depo) at 38:20-22.<br><br>Mr. Barber heard a voice but did not see anyone in the driveway. "Exhibit 2" (Barber Depo) at 44:19-45:5.<br><br>When Mr. Barber heard Deputy Alfred's voice, he thought it was his neighbor speaking. "Exhibit 2" (Barber Depo) at 35:10-20. |

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| 37 | At approximately 11:22, Deputy Alfred called out over the radio that Plaintiff was not complying with his commands.<br><br>Ex. C at 03:04-03:08<br>Ex. D at p. 2 (23:22:31) | Disputed to the extent that when Deputy Alfred was attempting to contact Mr. Barber in his driveway prior to the shooting, Mr. Barber could not see Deputy Alfred. "Exhibit 2" (Barber Depo) at 42:6-43:9, 48:13-19.<br><br>Prior to the shooting, Deputy Alfred did not identify himself as a police officer. "Exhibit 1" (Alfred Depo) at 38:20-22.<br><br>Mr. Barber heard a voice but did not |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | see anyone in the driveway. "Exhibit 2" (Barber Depo) at 44:19-45:5.<br><br>When Mr. Barber heard Deputy Alfred's voice, he thought it was his neighbor speaking. "Exhibit 2" (Barber Depo) at 35:10-20. |
|---|---|---|
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 38 | Deputy Alfred ordered Plaintiff not to enter his vehicle and told him to come towards him.<br><br>Ex. C at 03:09-03:11<br>Ex. G at p. 43:14-15; 50:18-51:2 | Disputed to the extent that when Deputy Alfred was attempting to contact Mr. Barber in his driveway prior to the shooting, Mr. Barber could not see Deputy Alfred. "Exhibit 2" (Barber Depo) at 42:6-43:9, 48:13-19.<br><br>Prior to the shooting, Deputy Alfred did not identify himself as a police officer. "Exhibit 1" (Alfred Depo) at 38:20-22.<br><br>Mr. Barber heard a voice but did not see anyone in the driveway. "Exhibit 2" (Barber Depo) at 44:19-45:5.<br><br>When Mr. Barber heard Deputy Alfred's voice, he thought it was his neighbor speaking. "Exhibit 2" (Barber Depo) at 35:10-20. |

16

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| | | |
|---|---|---|
| 39 | The vehicle was on and idling when Plaintiff got into the car.<br><br>Ex. A at p. 67:8-10; 71:21-23; 74:1-10<br>Ex. G at p. 46:21-47:3 | Undisputed. |
| 40 | Deputy Alfred was still about 10 feet from the back of the vehicle.<br><br>Ex. A at p. 40:23-25. | Disputed.<br><br>At the time of the first shot, Deputy Alfred was approximately 51 feet to the rear of the Trailblazer.<br>Morales Decl. at ¶ 16.<br><br>At the time of the last shot, Deputy Alfred was approximately 21 feet to the rear of the Trailblazer.<br>Morales Decl. at ¶ 16. |
| 41 | Deputy Alfred believed that Plaintiff's purpose of getting into the car was to leave.<br><br>Ex. A at p. 40:10-14; 49:14-16. | Disputed that a reasonable police officer would have employed these tactics.<br><br>After seeing the reverse lights come on, Deputy Alfred failed to step out of the way.<br>"Exhibit 1" (Alfred Depo) at 41:1-3, 49:8-50:2.<br><br>Deputy Alfred did not attempt to move out of the way to the left or to |

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS

MANNING | KASS

| | | |
|---|---|---|
| | | the right before he fired the shots. "Exhibit 1" (Alfred Depo) at 48:2-5.<br><br>At the time of this incident, Deputy Alfred had been trained not to tactically position himself in a bad spot, if he can avoid it, with respect to moving vehicles. "Exhibit 1" (Alfred Depo) at 11:17-22.<br><br>A reasonable officer in Deputy Alfred's position would have moved to a position of cover and formulated an effective and safe tactical plan. DeFoe Decl. at ¶ 10(c). |

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| | | |
|---|---|---|
| 42 | Deputy Alfred observed the reverse lights of Plaintiff's vehicle come on.<br><br>Ex. A at p. 40:20-22 Ex. G at p. 47:4-8 | Disputed that a reasonable police officer would have employed these tactics.<br><br>After seeing the reverse lights come on, Deputy Alfred failed to step out of the way. "Exhibit 1" (Alfred Depo) at 41:1-3, 49:8-50:2.<br><br>Deputy Alfred did not attempt to move out of the way to the left or to the right before he fired the shots. |

18

MANNING | KASS

| | | | "Exhibit 1" (Alfred Depo) at 48:2-5.<br><br>A reasonable officer in Deputy Alfred's position would have immediately<br>moved to a position of cover and formulated an effective and safe tactical plan.<br>DeFoe Decl. at ¶ 10(c).<br><br>At the time of this incident, Deputy Alfred had been trained not to tactically position himself in a bad spot, if he can avoid it, with respect to moving<br>vehicles.<br>"Exhibit 1" (Alfred Depo) at 11:17-22.<br><br>Deputy Alfred had ample time and room to move out of the path of the Trailblazer.<br>Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9. |
| 42 | **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 43 | Deputy Alfred had no immediate indication that the vehicle would reverse until Plaintiff entered it and the reverse lights came on.<br><br>Ex. A at p. 49:4-7 | Disputed.<br><br>Defendants' Fact No. 41.<br><br>Ms. Gallo stated that Mr. Barber was asking her to take him somewhere, |

19

presumably because he wanted to leave. Ex. A at p. 32:4-7, 14-17
Ex. B at 00:23-00:39; 02:47-02:51

Disputed that a reasonable police officer would have employed these tactics.

After seeing the reverse lights come on, Deputy Alfred failed to step out of the way.
"Exhibit 1" (Alfred Depo) at 41:1-3, 49:8-50:2.

Deputy Alfred did not attempt to move out of the way to the left or to the right before he fired the shots.
"Exhibit 1" (Alfred Depo) at 48:2-5.

A reasonable officer in Deputy Alfred's position would have immediately moved to a position of cover and formulated an effective and safe tactical plan.
DeFoe Decl. at ¶ 10(c).

At the time of this incident, Deputy Alfred had been trained not to tactically position himself in a bad spot, if he can avoid it, with respect to moving vehicles.
"Exhibit 1" (Alfred Depo) at 11:17-22.

Deputy Alfred had ample time and room to stay out of the path of the

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED
FACTS

| | | Trailblazer.<br>Morales Decl. at ¶ 7. |
|---|---|---|

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| 44 | The engine of the vehicle revved and then the car started moving in reverse.<br><br>Ex. A at p. 49.<br>Ex. C: 03:13-03:14<br>Ex. G at p. 47:4-15; 48:17-22 | Objection: vague and ambiguous as to "revved."<br><br>Disputed to the extent that the Trailblazer was parked on a low-friction surface consisting of dirt and gravel. The surface conditions reveals a mixed composition driving surface that significantly impacted vehicle traction capabilities. Morales Decl. at ¶ 10.<br><br>The Trailblazer could not have moved as soon as the accelerator was engaged because the rear tires experienced a loss of traction, and the front tires had to overcome static friction. The surface composition created a mechanical limitation that prevented rapid acceleration and restricted maximum achievable speeds, regardless of accelerator input. Morales Decl. at ¶ 10.<br><br>Disputed to the extent that The Trailblazer was either not in motion when Deputy Alfred started firing his shots or was moving at a slow speed |
|---|---|---|

MANNING | KASS

| | | of under 1 mile per hour. At the time of the first shot, the Trailblazer had moved backwards less than one foot. At the time of the second shot, the vehicle still had not traveled backwards more than one foot. At the time of the last shot, the vehicle had started decelerating and was moving at approximately under 1 mile per hour before coming to rest. Morales Decl. at ¶ 11. |
|---|---|---|
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 45 | Deputy Alfred called out over the radio that Plaintiff was trying to reverse.<br><br>Ex. C at 03:13-03:15 | Undisputed |
| 46 | The tires gained traction on the hard packed dirt.<br><br>Ex. 2 to Ex. A.<br>Ex. C at 03:14:82- 03:16:277 | Disputed.<br><br>The Trailblazer was parked on a low-friction surface consisting of dirt and gravel. The surface conditions reveals a mixed composition driving surface that significantly impacted vehicle traction capabilities. Morales Decl. at ¶ 10.<br><br>The Trailblazer could not have moved as soon as the accelerator was engaged because the rear tires experienced a loss of traction, and |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | |
|---|---|---|
| | | the front tires had to overcome static friction. The surface composition created a mechanical limitation that prevented rapid acceleration and restricted maximum achievable speeds, regardless of accelerator input. Morales Decl. at ¶ 10.<br><br>Disputed to the extent that The Trailblazer was either not in motion when Deputy Alfred started firing his shots or was moving at a slow speed of under 1 mile per hour. At the time of the first shot, the Trailblazer had moved backwards less than one foot. At the time of the second shot, the vehicle still had not traveled backwards more than one foot. At the time of the last shot, the vehicle had started decelerating and was moving at approximately under 1 mile per hour before coming to rest. Morales Decl. at ¶ 11. |
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 47 | Deputy Alfred believed that Plaintiff's intention in reversing the vehicle was to harm him.<br><br>Ex. A at p. 49:14-20 | Disputed that a reasonable police officer would have formed this belief.<br><br>Deputy Alfred had ample time and room to move out of the path of the Trailblazer. |

23



Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9.

Disputed to the extent that the Trailblazer was parked on a low-friction surface consisting of dirt and gravel. The surface conditions reveals a mixed composition driving surface that significantly impacted vehicle traction capabilities. Morales Decl. at ¶ 10.

The Trailblazer could not have moved as soon as the accelerator was engaged because the rear tires experienced a loss of traction, and the front tires had to overcome static friction. The surface composition created a mechanical limitation that prevented rapid acceleration and restricted maximum achievable speeds, regardless of accelerator input.
Morales Decl. at ¶ 10.

When Mr. Barber's vehicle rolled backwards, it moved in a straight line. The resting position of the vehicle after the incident shows that the wheels are straight, meaning that Mr. Barber never changed the direction of the vehicle.  Morales Decl. at ¶ 13.

Disputed to the extent that The Trailblazer was either not in motion

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED
FACTS

when Deputy Alfred started firing his shots or was moving at a slow speed of under 1 mile per hour. At the time of the first shot, the Trailblazer had moved backwards less than one foot. At the time of the second shot, the vehicle still had not traveled backwards more than one foot. At the time of the last shot, the vehicle had started decelerating and was moving at approximately under 1 mile per hour before coming to rest. Morales Decl. at ¶ 11.

The significance of the vehicle's maximum speed of 3.4 miles per hour becomes apparent when compared to normal human locomotion speeds.
Based on standard biomechanical data, the average human walking speed ranges from 3.0 to 3.5 miles per hour, meaning the vehicle's maximum speed was equivalent to or slightly faster than a person walking at normal pace. This comparison is technically relevant
because it demonstrates that any individual in the vehicle's path would have had ample opportunity to move out of the way, given that the vehicle was not traveling faster than a human could walk.
Morales Decl. at ¶ 14.

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| 1 | | |
|---|---|---|
| | **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | |
| 48 | A couple of feet ahead of Deputy Alfred was an opening, three to four feet from the stucco on the west side.<br><br>Ex. A at p. 53:11-14. | Objections: vague and ambiguous as to time.<br><br>Disputed.<br><br>Deputy Alfred had ample time and room to move out of the path of the Trailblazer. Morales Decl. at ¶ 7.<br><br>At the time of the first shot, Deputy Alfred was approximately 51 feet to the rear of the Trailblazer. Morales Decl. at ¶ 16.<br><br>At the time of the last shot, Deputy Alfred was approximately 21 feet to the rear of the Trailblazer. Morales Decl. at ¶ 16. |
| | **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | |
| 49 | In order to get to the opening on the west side to him, Alfred would have had to move closer to the car.<br><br>Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A | Objection: vague and ambiguous.<br><br>Disputed.<br><br>Deputy Alfred had ample time and room to move out of the path of the |

| | | Trailblazer.<br>Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9.<br><br>At the time of the first shot, Deputy Alfred was approximately 51 feet to the rear of the Trailblazer.<br>Morales Decl. at ¶ 16.<br><br>At the time of the last shot, Deputy Alfred was approximately 21 feet to the rear of the Trailblazer.<br>Morales Decl. at ¶ 16. |
|---|---|---|
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 50 | Deputy Alfred fired six shots at Plaintiff.<br><br>Ex. A at p. 7:11-12; 13:5-6 Ex. B at 03:47-49<br>Ex. C at 03:16-03:19 | Undisputed. |
| 51 | After Deputy Alfred's last shot, the truck moved back approximately one foot and stopped after making contact with an area by the wall to the west.<br><br>Ex. A at 44:24-45:6; 53:2-4 | Disputed.<br><br>After the shooting, Mr. Barber's foot was on the brake pedal.<br>"Exhibit 1" (Alfred Depo) at 53:24-54:3.<br><br>The vehicle came to a stop because Mr. Barber stepped on the brakes. The evidence indicates that Mr. |

MANNING | KASS

| | | Barber applied the brakes mildly, as opposed to slamming on the brakes. The vehicle gradually decelerated after the brakes were pressed while remaining in reverse gear. Morales Decl. at ¶ 15.<br><br>When the deputies were removing Mr. Barber from the Trailblazer after the shooting, the Trailblazer moved backwards an additional two to three feet. Morales Decl. at ¶ 20. |
|---|---|---|
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| | 52. Deputy Alfred called out over the radio that Plaintiff tried to reverse into him and requested medical services.<br><br>Ex. B at 03:37 Ex. C at 23:22:44 | Undisputed that this is Alfred's testimony. |
| 53 | Plaintiff was injured in the head.<br><br>Ex. A at p. 52:12-13<br>Ex. G at p. 52:18-22 | Disputed to the extent that Plaintiff was shot in the head. |
| 54 | Because the car was in reverse gear, once Plaintiff was extracted from the vehicle for medical services, the vehicle slowly went in reverse | Undisputed. |

28

| | | |
|---|---|---|
| | because it was in reverse gear and one of Deputy Alfred's partners placed it park to stop the vehicle from reversing.<br><br>Ex. A at p. 52:18-23; 53:24-54:3<br>Ex. C at 09:27-09:30 | |
| 55 | Plaintiff was arrested and booked for PC 245(c), assault with a deadly weapon on a peace officer.<br><br>Ex. F | Disputed to the extent that Mr. Barber was not convicted of this offence.<br>"Ex. I." |
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 56 | Plaintiff was charged with the attempted murder of Deputy Alfred and Penal Code section 245(a) and convicted of Penal Code 245(a).<br><br>Ex. H; Ex. K | Disputed to the extent that Mr. Barber was charged with attempted murder of a peace officer, but was unanimously<br>found not guilty by jurors.<br>"Ex. I." |
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 57 | Plaintiff was sentenced to 14 years.<br><br>Ex. I | Disputed to the extent that Mr. Barber's sentencing included a prior and unrelated probation violation regarding an assault on a peace officer. Mr. Barber was found not guilty on attempted murder and assault on a peace officer as it relates |

MANNING | KASS

| | | to Deputy Alfred. "Ex. I." |
|---|---|---|

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| 58 | Deputy Alfred received training at the San Bernardino County Sheriff's Academy for use of force, including use of deadly force, the policy related to the use of deadly force, and the policy related to shooting at moving vehicles.<br><br>Ex. A, p. 10:2-13:4; 23:23-26:1; 89:14-92:12 | Undisputed. |
|---|---|---|
| 59 | Deputy Alfred has used the firearm in the field before the date of the April 27, 2021 shooting.<br><br>Ex. A, p. 25:25-29:17 | Undisputed. |
| 60 | The San Bernardino County Sheriff's Department Manuel provides that "[t]he 'reasonableness' of the force used shall be evaluated from the perspective of a reasonable safety member in the same situation, based on the totality of the circumstances known or perceived by the safety member at the time, rather than with the benefit of hindsight. The totality of the circumstances shall account for occasions when safety members | Undisputed that this is the County Policy.<br><br>Disputed to the extent that at the time of this incident, Deputy Alfred understood that the County of San Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle.<br><br>"Exhibit 1" (Alfred Depo) at 10:14-11:22. |

MANNING | KASS

| | | |
|---|---|---|
| | may be forced to make quick judgments about using force, and the amount of force that is necessary, in circumstances that are tense, uncertain and rapidly evolving."<br><br>Ex. L at COSB000672-COSB000673. | |

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| 61 | The San Bernardino County Sheriff's Department Manuel provides that the evaluation of whether a deputy has used reasonable force shall take into a consideration a number of factors including, but not limited to "behavior of the individual being confronted (as reasonably perceived by [him] at the time"; "[t]he availability of options (what resources are reasonably available to the deputy under the circumstances); "[t]he training and experience of the deputy"; "[t]he potential for injury to citizens, [and himself]"; and "[t]he risk of escape."<br><br>Ex. L at COSB000673-4. | Undisputed that this is the County Policy.<br><br>Disputed to the extent that at the time of this incident, Deputy Alfred understood that the County of San Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle.<br><br>"Exhibit 1" (Alfred Depo) at 10:14-11:22. |

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

31

| 62 | The San Bernardino County Sheriff's Department Manuel provide that "[a]lternatives to force are not required by a member when the member reasonably believes that immediate action must be taken to prevent injury to themselves, another member of public." <br><br> Ex. L at COSB000675. | Undisputed that this is the County Policy. <br><br> Disputed to the extent that at the time of this incident, Deputy Alfred understood that the County of San Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle. <br><br> "Exhibit 1" (Alfred Depo) at 10:14-11:22. <br><br> Disputed to the extent that Deputy Alfred had ample time and room to move out of the path of the Trailblazer rather than shooting. Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9. |
|---|---|---|

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). Defendant also objects because Morales is a mechanical engineer and is both not qualified to make this conclusion and this conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. Defendant further objects because DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704.

| 63 | The San Bernardino County Sheriff's Department Manuel provides "[a] safety member may use lethal force to protect himself or others from what he reasonably believes to ben an immediate threat of death or | Undisputed that this is the County Policy. <br><br> Disputed to the extent that at the time of this incident, Deputy Alfred understood that the County of San |
|---|---|---|

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED
FACTS

MANNING | KASS

| | | | |
|---|---|---|---|
| | | serious bodily injury ... [or] to accomplish the arrest or prevent the escape of a suspected felon, when the member has probable cause to believe that the suspect poses a significant threat of death or serious bodily injury to the deputy of others." <br><br> Ex. L at COSB000676. | Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle. "Exhibit 1" (Alfred Depo) at 10:14-11:22. <br><br> Disputed to the extent that Deputy Alfred had ample time and room to move out of the path of the Trailblazer rather than shooting. Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9. <br><br> Disputed to the extent that the time of the shooting, Deputy Alfred had no information that Mr. Barber had ever physically injured anyone. "Exhibit 1" (Alfred Depo) at 30:18-20. |

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). Defendant also objects because Morales is a mechanical engineer and is both not qualified to make this conclusion and this conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. Defendant further objects because DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704.

| 64 | The San Bernardino County Sheriff's Department Manuel provides that "[f]irearms should not be discharged from or at a moving vehicle except in exigent circumstances. In these situations, a safety member must | Undisputed that this is the County Policy. <br><br> Disputed to the extent that at the time of this incident, Deputy Alfred |
|---|---|---|

have articulable reason(s) for this use of lethal force, which include, but are not limited to ... [t]he vehicle is operated in a manner which is likely to result in great bodily injury or death to a safety member or another person, and other reasonable means of defense have been exhausted, or are not available or practical. This may include, if time and circumstances allow, moving out of the path of the vehicle."

Ex. L at COSB000677-8.

understood that the County of San Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle.

"Exhibit 1" (Alfred Depo) at 10:14-11:22.

Disputed to the extent that police officers are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

DeFoe Decl. at ¶ 6(c) (citing PC 835a); "Exhibit 1" (Alfred Depo) at 91:4-13.

Disputed to the extent that police standards instruct that subjective fear alone does not justify the use of deadly force. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.
DeFoe Decl. at ¶ 6(d).

MANNING | KASS

**Defendants' Response:**  Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). Defendant further objects because DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704.

| 65 | Alfred's understanding of training is if feasible, step out of the way, rather than shooting at the vehicle. <br><br> Ex. A at p. 48:20-25 | Disputed to the extent that at the time of this incident, Deputy Alfred understood that the County of San Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle. "Exhibit 1" (Alfred Depo) at 10:14-11:22. <br><br> Otherwise, undisputed. |
|----|----|----|

**Defendants' Response:**  Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

| 66 | Deputy Alfred was approximately 10 to 15 feet behind Plaintiff's vehicle as he fired the shots. <br><br> Ex. A at p. 14:5-7; 15:1216:1. | Disputed. <br><br> At the time of the first shot, Deputy Alfred was approximately 51 feet to the rear of the Trailblazer. Morales Decl. at ¶ 16. <br><br> At the time of the last shot, Deputy Alfred was approximately 21 feet to the rear of the Trailblazer. Morales Decl. at ¶ 16. <br><br> Disputed to the extent that Deputy Alfred had ample time and room to move out of the path of the Trailblazer rather than shooting. |
|----|----|----|

MANNING | KASS

| | | Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9. |
|---|---|---|

**Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). Defendant also objects because Morales is a mechanical engineer and is both not qualified to make this conclusion and this conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. Defendant further objects because DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704.

| 67 | Deputy Alfred observed movements consistent with someone who's armed with a firearm.<br><br>Ex. A at p. 13:10 | Objections: Vague as to time.<br><br>Disputed.<br><br>The reporting party did not report that they saw Mr. Barber with a weapon or that Mr. Barber said he had a weapon. "Exhibit 1" (Alfred Depo) at 31:12-18.<br><br>Deputy Alfred never saw a gun or other weapon either on Mr. Barber or in the Trailblazer at any time. "Exhibit 1" (Alfred Depo) at 13:7-18.<br><br>Based on Deputy Alfred's experience, a reporting party might state that a person has a gun in order to expedite law enforcement response, and then it often turns out that the person did not have a gun. |
|---|---|---|

MANNING | KASS

MK

MANNING | KASS

| | | "Exhibit 1" (Alfred Depo) at 34:1-7. |
|---|---|---|
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |
| 68 | Plaintiff did not attend therapy or counseling. or take any medication for any mental or emotional types of injuries.<br><br>Ex. G at 65:1-6; 65:23-66:7 | Disputed to the extent that there is no evidence that Mr. Barber had the opportunity to attend therapy or counseling or take any medication for any mental or emotional types of injuries, given that he has incarcerated after the shooting. |
| **Defendants' Response:** Defendants object to Plaintiffs' dispute because the material cited do not establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). | | |

| Plaintiff's Statement of Additional Material Facts | | | |
|---|---|---|---|
| Pl.'s No. | Fact | Supporting Evidence | Defendant's Response |
| 69 | Deputy Alfred had never seen Mr. Barber prior to this incident and had no specific information about him. | "Exhibit 1" (Alfred Depo) at 29:20-24, 30:11-17. | Undisputed. |
| 70 | At the time of the shooting, Deputy Alfred had no information that Mr. Barber had ever physically injured anyone. | "Exhibit 1" (Alfred Depo) at 30:18-20 | Undisputed. |

37

| | | | |
|---|---|---|---|
| 71 | The reporting party did not report that they saw Mr. Barber with a weapon or that Mr. Barber said he had a weapon. | Exhibit 1" (Alfred Depo) at 31:12-18. | Undisputed. |
| 72 | Deputy Alfred never saw a gun or other weapon either on Mr. Barber or in the Trailblazer at any time. | "Exhibit 1" (Alfred Depo) at 13:7-18. | Undisputed. |
| 73 | Based on Deputy Alfred's experience, a reporting party might state that a person has a gun in order to expedite law enforcement response, and then it often turns out that the person did not have a gun. | "Exhibit 1" (Alfred Depo) at 34:1-7. | Undisputed. |
| 74 | Deputy Alfred did not have any information that Mr. Barber was under the influence of drugs or alcohol. | "Exhibit 1" (Alfred Depo) at 31:23-25. | Undisputed. |

38

| | | | |
|---|---|---|---|
| 75 | Deputy Alfred knew that Mr. Barber was in his own driveway. | "Exhibit 1" (Alfred Depo) at 32:11-17. | Undisputed. |
| 76 | The driveway width was approximately 15 feet and 7 inches at the north end and 13 feet and 8 inches at the south end. | DeFoe Decl. at ¶ 9(e); Morales Decl. at ¶ 7. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983. |
| 77 | During this incident, Deputy Alfred was armed with a Taser, a police baton, and OC spray. | "Exhibit 1" (Alfred Depo) at 26:17-23. | Undisputed. |
| 78 | During this incident, Deputy Alfred had a flashlight that provided | "Exhibit 1" (Alfred Depo) at 15:1-11. | Undisputed. |

MANNING | KASS

| | | | |
|---|---|---|---|
| | some illumination. | | |
| 79 | Deputy Alfred was the starting point guard of his varsity high school basketball team. | "Exhibit 1" (Alfred Depo) at 22:11-19. | Undisputed. |
| **The Shooting** | | | |
| 80 | When Deputy Alfred was attempting to contact Mr. Barber in his driveway prior to the shooting, Mr. Barber could not see Deputy Alfred. | "Exhibit 2" (Barber Depo) at 42:6-43:9, 48:13-19. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Plaintiff was convicted with California Penal Code section 245(a)(1) which necessarily found that Plaintiff reversed |

40

MANNING | KASS

| | | | his vehicle into Deputy Alfred knowing that Deputy Alfred was behind his vehicle.<br><br>Ex. H; Ex. K. |
|---|---|---|---|
| 81 | Mr. Barber heard a voice but did not see anyone in the driveway. | "Exhibit 2" (Barber Depo) at 42:6-43:8, 44:19-45:5. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Plaintiff was convicted with California Penal Code section 245(a)(1) which necessarily found that Plaintiff reversed his vehicle into Deputy Alfred knowing that Deputy Alfred was behind his vehicle.<br><br>Ex. H; Ex. K. |

MK MANNING | KASS

41

| | | | |
|---|---|---|---|
| 82 | When Barber heard Deputy Alfred's voice, he thought it was his neighbor speaking. | "Exhibit 2" (Barber Depo) at 35:10-20. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Plaintiff was convicted with California Penal Code section 245(a)(1) which necessarily found that Plaintiff reversed his vehicle into Deputy Alfred knowing that Deputy Alfred was behind his vehicle.<br><br>Ex. H; Ex. K. |
| 83 | Prior to firing his shots, Deputy Alfred formed the impression that Mr. Barber's vehicle was on and that Mr. Barber | "Exhibit 1" (Alfred Depo) at 36:19-21, 40:10-22, 74:1-13. | Undisputed. |

42

| | | | |
|---|---|---|---|
| | wanted to leave. | | |
| 84 | The Trailblazer was parked on a low- friction surface consisting of dirt and gravel. | Morales Decl. at ¶ 10. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and this conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |
| 85 | The Trailblazer could not have moved as soon as the | Morales Decl. at ¶ 10. | **Objection:** This additional fact is |

MANNING | KASS

MANNING | KASS

| | | | |
|---|---|---|---|
| | accelerator was engaged because the rear tires experienced a loss of traction, and the front tires had to overcome static friction. The surface composition created a mechanical limitation that prevented rapid acceleration and restricted maximum achievable speeds, regardless of accelerator input. | | immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and this conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |
| 86 | Deputy Alfred was not struck by any gravel or dirt from the tires prior to the shooting. | "Exhibit 1" (Alfred Depo) at 68. | Undisputed. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| 87 | Deputy Alfred intentionally fired six shots at Mr. Barber with the intent of striking him. | "Exhibit 1" (Alfred Depo) at 16:12-19, 17:7-16. | Undisputed. |
|----|-------------------------------------------------------------------------------------------|------------------------------------------------|-------------|
| 88 | At the time of the shooting, it was not the case that any person was about to be run over by the Trailblazer with no opportunity to get out of the way. | DeFoe Decl. at ¶ 9. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704.<br><br>Ex. A at p. 49. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

MANNING | KASS

| | | | Ex. C<br>Ex. G at p. 47:4-15;<br>48:17-22<br>Ex. 2 to Ex. A.<br>Ex. A at p. 60:7-16;<br>93:3-7; Exhibit 4 to Ex.<br>A |
|---|---|---|---|
| 89 | Deputy Alfred had ample time and room to move out of the path of the Trailblazer rather than shooting. | Morales Decl. at ¶ 7; DeFoe Decl. at ¶ 9. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. DeFoe's conclusion |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED
FACTS**

| | | | |
|---|---|---|---|
| | | | is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704.<br><br>Ex. A at p. 49.<br>Ex. C<br>Ex. G at p. 47:4-15; 48:17-22<br>Ex. 2 to Ex. A.<br>Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| 90 | At the time of the shooting, Deputy Alfred had approximately two to four feet between the left side of his body and the chain link fence to his left. | DeFoe Decl. at ¶ 9(f); "Exhibit 1" (Alfred Depo) at 18:8-22; "Exhibit 3" (scene photo). | Undisputed. |
| 91 | When the Trailblazer rolled backwards, it did so in a straight line. The resting position of the vehicle after the incident shows that the wheels are straight, meaning that Mr. Barber never changed the | "Exhibit 1" (Alfred Depo) at 61:19-22; Morales Decl. at ¶ 13. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, |

47

MANNING | KASS

| | | | |
|---|---|---|---|
| | direction of the vehicle. | | 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>This misstates the testimony of Deputy Alfred:<br><br>"Q: When the vehicle was backing up, could you tell if it was backing straight up or slightly at an angle, one way or another<br>A: It appeared to be straight backwards." |
| 92 | Deputy Alfred failed to give Mr. Barber a verbal warning that he was prepared to use deadly force before shooting. | DeFoe Decl. at ¶ 9(c); "Exhibit 1" (Alfred Depo) at 13:19-21. | Undisputed. |
| 93 | When Deputy Alfred fired his first shot, the Trailblazer was either not in motion or was moving at a slow speed of under | Morales Decl. at ¶ 11. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the |

| | one mile per hour. | | totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.

Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. Ex. A at p. 49. Ex. C Ex. G at p. 47:4-15; 48:17-22 Ex. 2 to Ex. A. Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| --- | --- | --- | --- |
| 94 | At the time of the first | Morales Decl. at | **Objection:** This |

MANNING | KASS

| | | | |
|---|---|---|---|
| shot, the Trailblazer had moved backwards less than one foot. | ¶ 11. | | additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983. |
| | | | Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |
| | | | Ex. A at p. 49. Ex. C Ex. G at p. 47:4-15; 48:17-22 Ex. 2 to Ex. A. |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| 95 | At the time of the second shot, the Trailblazer still had not traveled backwards more than one foot. | Morales Decl. at ¶ 11. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED
FACTS

| | | | |
|---|---|---|---|
| | | | Ex. A at p. 49.<br>Ex. C<br>Ex. G at p. 47:4-15; 48:17-22<br>Ex. 2 to Ex. A.<br>Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| 96 | At the time of the last shot, the vehicle had started decelerating and was moving at approximately under one mile per hour before coming to rest. | Morales Decl. at ¶ 11. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | | evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. Ex. A at p. 49. Ex. C Ex. G at p. 47:4-15; 48:17-22 Ex. 2 to Ex. A. Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
|---|---|---|---|
| 97 | At the time of the first shot, Deputy Alfred was approximately 51 feet to the rear of the Trailblazer. | Morales Decl. at ¶ 16. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | | conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702.<br><br>Ex. A at p. 49.<br>Ex. C<br>Ex. G at p. 47:4-15; 48:17-22<br>Ex. 2 to Ex. A.<br>Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| 98 | At the time of the last shot, Deputy Alfred was approximately 21 feet to the rear of the Trailblazer. | Morales Decl. at ¶ 16. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales |

54

MANNING | KASS

| | | | is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702.<br><br>Ex. A at p. 49.<br>Ex. C<br>Ex. G at p. 47:4-15; 48:17-22<br>Ex. 2 to Ex. A.<br>Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A |
| 99 | Deputy Alfred was in motion and advancing toward the Trailblazer during the shooting sequence, at a pace faster than normal human walking pace. | Morales Decl. at ¶ 19. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | | | |
|---|---|---|---|---|
| | | | | Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702.<br><br>Ex. A at p. 49.<br>Ex. C<br>Ex. G at p. 47:4-15; 48:17-22<br>Ex. 2 to Ex. A.<br>Ex. A at p. 60:7-16; 93:3-7; Exhibit 4 to Ex. A<br>Ex. A at p. 14:5-7; 15:12-16:1.<br>Ex. A at p. 40:23-25. |
| 100 | The vehicle came to a stop because Mr. Barber stepped on the brakes. The evidence indicates that Mr. Barber applied | Morales Decl. at ¶ 15. | | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | | |
|---|---|---|---|
| | the brakes mildly, as opposed to slamming on the brakes. The vehicle gradually decelerated after the brakes were pressed while remaining in reverse gear. | | totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |
| 101 | The maximum speed the Trailblazer reached during the six shots was approximately 3.4 miles per hour. | Morales Decl. at ¶ 14. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, |

MANNING | KASS

| | | | 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |
| 102 | Based on standard biomechanical data, the average human walking speed ranges from 3.0 to 3.5 miles per hour, meaning the vehicle's maximum speed was equivalent to or slightly faster than a person walking at normal pace. | Morales Decl. at ¶ 14. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | | | Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, Morales is a mechanical engineer and is both not qualified to make this conclusion and his conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary. *See* Fed.R.Civ.Pro. 56; FRE 702. |
| 103 | Deputy Alfred never had to dive out of the way of the Trailblazer. | "Exhibit 1" (Alfred Depo) at 48:17-19. | | **Objection.** This misstates Deputy Alfred's testimony, which is, as follows:<br><br>"Q: And you didn't, for example, dive out of the way; is that also correct?<br>A: That is correct." |
| 104 | Deputy Alfred was not struck by the Trailblazer. | "Exhibit 1" (Alfred Depo) at 48:14-16. | | Undisputed. |
| 105 | After the shooting, Mr. Barber's foot was on the brake pedal. | "Exhibit 1" (Alfred Depo) at 53:24-54:3. | | Undisputed. |

59

MANNING | KASS

| 106 | When the deputies were removing Mr. Barber from the Trailblazer after the shooting, the Trailblazer moved backwards an additional two to three feet. | Morales Decl. at ¶ 20. | Undisputed. |
|---|---|---|---|
| **Pre-Shooting Negligence** | | | **Objection** to the as to the Characterization of this section as "Negligence" |
| 107 | Police officers are expected to follow their own department policies. | DeFoe Decl. at ¶ 7. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.

Furthermore, DeFoe's conclusion is the result of the unreliable |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED
FACTS**

| | | | application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
|---|---|---|---|
| 108 | Deputy Alfred used profanity with Mr. Barber during this incident. | "Exhibit 1" (Alfred Depo) at 38:7-19. | Undisputed. |
| 109 | Deputy Alfred did not request backup before attempting to make contact with Mr. Barber. | "Exhibit 1" (Alfred Depo) at 33:4-6. | Undisputed. |
| 110 | Prior to the shooting, Deputy Alfred did not identify himself as a police officer. | "Exhibit 1" (Alfred Depo) at 38:20-22. | Undisputed. |
| 111. | After seeing the reverse lights come on, Deputy Alfred failed to step out of the way. | "Exhibit 1" (Alfred Depo) at 41:1-3, 49:8-50:2. | **Objection**. The testimony of Deputy Alfred does not include the word fail. <br><br> "Q: Did you then move to step out of the way once you saw the |

MANNING | KASS

| | | | reverse lights come on? A: No." . |
|---|---|---|---|
| 112 | Deputy Alfred did not attempt to move out of the way to the left or to the right before he fired the shots. | "Exhibit 1" (Alfred Depo) at 48:2-5. | Undisputed. |
| 113 | A reasonable officer in Deputy Alfred's position would have moved to a position of cover and formulated an effective and safe tactical plan. | DeFoe Decl. at ¶ 10(c). | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE |

| | | | 702 and 704. |
|---|---|---|---|
| **Police Officer Training and Standards** | | | |
| 114 | Basic police officer training teaches that shooting at a moving vehicle has shown to be a poor tactic in most scenarios. If a driver is wounded or killed when operating a motor vehicle, it prevents their ability to effectively operate a motor vehicle. | DeFoe Decl. at ¶ 7. | **Objection:** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| 115 | An assaultive motor vehicle does not presumptively justify the | DeFoe Decl. at ¶ 7. | **Objection.** This additional fact is immaterial and irrelevant |

| | | | |
|---|---|---|---|
| | use of deadly force. | | to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983. |
| | | | Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| | | | Paragraph 7 of the DeFoe Declaration states: |
| | | | Standards Surrounding Shooting at Moving Vehicles San Bernardino County Sheriff's Department Manual, Policy 3.608, |

MANNING | KASS

| | | | | |
|---|---|---|---|---|
| | | | | The Use of Lethal Force, states as follows: Firearms should not be discharged from or at a moving vehicle except in exigent circumstances. In these situations, a safety member must have articulable reason(s) for this use of lethal force, which include, but are not limited to the following: [1]  A person in the vehicle is threatening the safety member or another person with lethal force by means other than the vehicle; or [2] The vehicle is operated in a manner which is likely to result in great bodily injury or death to a safety member or another person, and other reasonable means of defense have been exhausted, or are not available or practical. This may include, if time and circumstances allow, moving out of the path of the vehicle. |
| 116 | At the time of this | | "Exhibit 1" | Undisputed. |

| | | | |
|---|---|---|---|
| | incident, Deputy Alfred understood that the County of San Bernardino's policy directed that deputies "shall not" shoot at a moving vehicle. | (Alfred Depo) at 10:14-11:22. | |
| 117 | At the time of this incident, Deputy Alfred had been trained to get out of the path of a moving vehicle, if feasible, rather than shooting at it. | "Exhibit 1" (Alfred Depo) at 10:14-11:22. | Undisputed. |
| 118 | At the time of this incident, Deputy Alfred had been trained not to tactically position himself in a bad spot, if he can avoid it, with respect to moving vehicles. | "Exhibit 1" (Alfred Depo) at 11:17-22. | Undisputed. |
| 119 | Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for Deputy Alfred to shoot at Mr. Barber for fleeing or attempting to flee. Police officers are trained that a police officer cannot justify shooting a vehicle | DeFoe Decl. at ¶ 8. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | or its driver simply because that vehicle was fleeing or trying to leave the area. | | Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
|---|---|---|---|
| 120 | Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate threat of death or serious bodily injury. | "Exhibit 1" (Alfred Depo) at 41:24-42:2, 43:13-18; DeFoe Decl. at ¶ 6(d). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983. |

MANNING | KASS

MANNING | KASS

| | | | | |
|---|---|---|---|---|
| | | | | Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| 121 | Police officers are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. | DeFoe Decl. at ¶ 6(c) (citing PC 835a); "Exhibit 1" (Alfred Depo) at 91:4-13. | | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence |

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

| | | | to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
|---|---|---|---|
| 122 | Police standards instruct that subjective fear alone does not justify the use of deadly force. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. | DeFoe Decl. at ¶ 6(d). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |

69

MANNING | KASS

MANNING | KASS

| 123 | Police officers are trained that deadly force should only be used when no reasonable alternative measures are available. | DeFoe Decl. at ¶ 6(i). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| --- | --- | --- | --- |
| 124 | Police officers are trained to give a verbal warning prior to using deadly force. | DeFoe Decl. at ¶ 6(j). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. |

70

| | | | Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
|---|---|---|---|
| 125 | Basic police training teaches that an overreaction in using deadly force is excessive force. | DeFoe Decl. at ¶ 6(h). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, |

71

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

MANNING | KASS

| | | | | Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| 126 | Deputy Alfred violated basic police officer training and standards with respect to the use of deadly force when he shot Mr. Barber while Mr. Barber occupied the driver seat of a vehicle. A reasonable officer acting consistent with standard police practices would not have used lethal force in this situation. Mr. Barber did not pose an immediate threat of death or serious bodily injury to Deputy Alfred or to any other person at the time of the shots. At the time of the shooting, it was not the | | DeFoe Decl. at ¶ 9 | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result |

| | | | |
|---|---|---|---|
| | case that any person was about to be run over by the vehicle with no opportunity to get out of the way. | | of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| 127 | From the standpoint of police practices, including basic police training, POST standards, and the County of San Bernardino's own policies, Deputy Alfred's use of deadly force was improper, inappropriate, excessive and unreasonable, including (but not limited to) for the following reasons: (1) this was not an immediate defense of life situation; (2) subjective fear is insufficient to justify a use of deadly force; (3) the shooting violated basic police training; (4) Mr. Barber committed no crime involving the infliction of serious injury or death; (5) Deputy Alfred could not justify shooting Mr. Barber under a fleeing felon | DeFoe Decl. at ¶ 11. | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE |

73

MANNING | KASS

MK MANNING | KASS

**MK** MANNING | KASS

| | | | |
|---|---|---|---|
| | theory; (6) Mr. Barber was not armed with a gun or other weapon during this incident; (7) Mr. Barber never verbally threatened to harm Deputy Alfred; (8) Deputy Alfred had reasonable alternative measures other than shooting; (9) Deputy Alfred showed no reverence for human life when he fired at Mr. Barber; (10) police officers are trained that they must justify every shot they fire, and all six of Deputy Alfred's shots were unjustified. | | 702 and 704. |
| **Monell** | | | |
| 128 | Contrary to basic police training, Deputy Alfred testified that he has not been trained to give a verbal warning prior to using deadly force. | "Exhibit 1" (Alfred Depo) at 90:7-9; DeFoe Decl. at ¶ 6(j). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, |

74

| | | | |
|---|---|---|---|
| | | | Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| 129 | Contrary to basic police training, Deputy Alfred testified that he has not been trained that deadly force should only be used if there is an immediate threat of death or serious bodily injury. | "Exhibit 1" (Alfred Depo) at 89:23-90:1; DeFoe Decl. at ¶ 6(b). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result |

MANNING | KASS

| | | | |
|---|---|---|---|
| | | | of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE 702 and 704. |
| 130 | Contrary to basic police training, Deputy Alfred testified that he has not been trained that deadly force should only be used where there are no other reasonable options. | "Exhibit 1" (Alfred Depo) at 90:7-9; DeFoe Decl. at ¶ 6(i). | **Objection.** This additional fact is immaterial and irrelevant to whether the force was justified under the totality of the circumstances. Fed.R.Evid. Rules 401, 402, 403; *Graham v. Connor*, 490 U.S. 386 (1989); The Ninth Circuit Manual of Model Jury Instruction 9.25, Unreasonable Seizure of Person (Excessive Force) pursuant to 42 U.S.C. § 1983.<br><br>Furthermore, DeFoe's conclusion is the result of the unreliable application of the facts, ignoring direct evidence to the contrary and invades the province of the jury. *See* Fed.R.Civ.Pro. 56; FRE |

76

MANNING | KASS

| | | | 702 and 704. |
|---|---|---|---|
| 131 | Alfred also testified that at the time of the incident, he understood that the County's policy directed that deputies "shall not" shoot at a moving vehicle, and that after the April 2021 shooting of Barber, the verbiage of the policy changed from "shall not" to "generally." | "Exhibit 1" (Alfred Depo) at 11:9-13:6. | **Objection.** Plaintiff is barred from using the change in the policy as evidence of the Defendants' liability (FRE 407.) |
| 132 | Deputy Alfred's interview in this case was not conducted until approximately two weeks after the shooting. | "Exhibit 1" (Alfred Depo) at 6:16-25. | Undisputed. |

DATED:  October 30, 2025          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ Kayleigh Andersen
Eugene R. Ramirez
Kayleigh A. Andersen
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO

77