Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date: 1/26/26 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED (collectively herein after as "Defendants") – hereby submit the following Memorandum of Contentions of Fact and Law, pursuant to Federal Rule of Civil Procedure 16; United States District Court, Central District of California Local Rule 16-4 *et seq*.; and the applicable Orders of the Court.

///

///

///

---

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

DATED: December 11, 2025      Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Kayleigh Andersen_____
  Eugene R. Ramirez
  Kayleigh A. Andersen
  Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## 1. OVERVIEW OF DEFENDANTS' FACT CONTENTIONS

On April 27, 2021, San Bernardino County Sheriff's Department Dispatch received an unknown problem call for service at 12015 White Avenue in Adelanto. The reporting party, Maria Gallo, was the landlord, and a resident of the property. Gallo and her husband, Joseph Cocchi, lived at 12015 White Avenue. Gallo's tenants, Monique Granados and Steffon Barber lived in the rear residence, 12013 White Avenue. Both residences share a long narrow driveway on the east side of the property, which travels north to south.

At approximately 22:45 hours, Gallo and Cocchi arrived home from work in separate vehicles. Cocchi backed his vehicle into the driveway, while Gallo waited in the street. As Cocchi backed his vehicle, Barber stood in the driveway and blocked his vehicle from parking in the rear of the property. Barber struck Cocchi's vehicle with his hands, and attempted to open Cocchi's locked driver side door. As Gallo backed her vehicle into the driveway, Barber blocked her vehicle and also tried to enter her vehicle by pulling on the door handles. Barber yelled and demanded to be taken to an unknown apartment complex. Gallo and Cocchi were fearful Barber would harm them, so they drove away and called 911. They reported that Barber appeared to be under the influence of alcohol or a controlled substance, because of how he acted. Gallo and Cocchi also believed Barber was possibly armed because he reached into his pockets. They reported they were afraid for their safety.

At approximately 23:19, Deputy Christopher Alfred was the first to arrive on scene. Deputy Alfred contacted Gallo, who told him what happened. Deputy Alfred walked south onto the long dirt driveway of the residence to contact Barber. The narrow driveway was approximately 96 feet long, and slightly wider than the width of the average vehicle. The east side of the driveway was enclosed with wrought iron and chain link fencing, which varied in height from five to six feet, and no openings along the fence line. The west side of the driveway was enclosed by a chain link fence,

a residence wall, and a wooden fence approximately five feet high, with one gate opening.

Deputy Alfred contacted Barber approximately 70 feet south into the driveway. Deputy Alfred gave Barber verbal commands to display his hands and walk backward toward him, but Barber did not comply and yelled at Deputy Alfred to leave. Deputy Alfred ordered Barber not to enter his vehicle (a black 2003 Chevrolet Trail Blazer). Barber's vehicle faced south. Barber did not comply with Deputy Alfred's commands and entered the driver's seat of his vehicle. Deputy Alfred stood behind Barber's vehicle in the narrow driveway as he continued to give commands to Barber to stop and exit the vehicle. Barber failed to comply with any commands. Barber started the vehicle, put the vehicle in reverse, rapidly accelerated, and intentionally drove in reverse at Deputy Alfred. Due to the narrow driveway, and the height of the fencing, Deputy Alfred did not have a way to escape, did not have any available cover or concealment, and did not have any options other than to protect himself, resulting in a lethal force encounter.

Barber was arrested and booked for PC 245(c), assault with a deadly weapon on a peace officer. Barber was charged and convicted of assault with a deadly weapon on Deputy Alfred, and was recently sentenced to 14 years.

**2.    OVERVIEW OF DEFENDANTS' CONTENTIONS OF LAW**

Defendants' contentions of law (ultimate issue contentions) are as follows:

A.    The use of force by the defendant deputy was objectively reasonable from the perspective of a reasonable peace officer under the totality of the circumstances – so as to require judgment for all defendants for all of plaintiff's operative use of force claims (42 U.S. § 1983 excessive force, and California state law battery, negligence, and Bane Act violation claims).

B.    Defendant County of San Bernardino did not have or maintain an unconstitutional custom, policy, or practice with regard to violating civil

|   |   |
|---|---|
|   | rights that was the moving force of any injury to plaintiff, so as to require judgment for any potential 42 U.S.C. § 1983 *Monell* claim. |
| C. | The defendant deputy did not act with malice, oppression, or in reckless disregard of plaintiff's rights so as to warrant punitive-exemplary damages. |
| D. | The defendant deputy did not act with the specific intent to violate the plaintiff's Fourth Amendment rights to be free from unreasonable seizures, so as to require judgment for plaintiff's *Bane Act* claim. |
| E. | The defendant deputy's use of force did not rise to the level of extreme and outrageous conduct, as the same was objectively reasonable under the totality of the circumstances, so as to require judgment for plaintiff's intentional infliction of emotional distress claim. |
| F. | Defendant County of San Bernardino is entitled to judgment for each of plaintiff's state law claims, as Deputy Alfred is not liable and there is no basis for respondeat superior liability against the County pursuant to Cal. Gov. Code § 815.2(a). |
| G. | The defendant deputy is entitled to qualified immunity on all federal claims as the law was not clearly established at the time of this incident. |

## 3. CLAIMS AND DEFENSES (L.R. 16-4.1)

### A. Plaintiff's Operative Claims

In light of the pertinent pleadings, the following are the operative claims at issue (plaintiffs are pursuing the following claims against the following defendants):

**First Claim for Relief:** A claim for Violation of 42 U.S.C. section 1983: Excessive Force against Defendant Alfred.

**Second Claim for Relief:** A claim for Violation of 42 U.S.C. section 1983: Municipal Liability – Unconstitutional Policy, Practice, or Custom against Defendant County.

**Third Claim for Relief:** A claim for Battery by Peace Officer against All

1  Defendants.

2  **Fourth Claim for Relief:** A claim for Negligence against All Defendants.

3  **Fifth Claim for Relief:** A claim for Violation of the Bane Act, pursuant to Cal.
4  Civil Code section 52.1 against All Defendants.

5  **Sixth Claim for Relief:** A claim for Intentional Infliction of Emotional
6  Distress against All Defendants.

7  **Prayer:** A claim for Punitive Damages by plaintiff against Defendant Alfred.

8  **B.     Elements Required to Establish Plaintiff's Operative Claims.**

9  In addition to other pertinent instructions on the operative law as may be
10 proffered to the Court by one or more of the parties, the following are the essential
11 elements for proving plaintiff's operative claims by a preponderance of the evidence:

12 **Plaintiff's Excessive Force Claim (First Claim for Relief).**

13 1.   That under the totality of the circumstances from the perspective of a
14      reasonable police officer, while acting under color of law within the
15      course and scope of his duties as sworn deputies employed by the County
16      of San Bernardino, San Bernardino County Sheriff's Deputy Alfred used
17      unreasonable/excessive force against Plaintiff; and

18 2.   That such unreasonable/excessive force caused Plaintiff's actionable
19      harm.

20 **Plaintiff's *Monell* Liability Claim (Second Claim for Relief).**

21 If a constitutional violation is found to have occurred during the incident,

22 1.   That defendant Deputy Alfred acted according to an expressly adopted
23      policy and/or a widespread or longstanding practice or custom of
24      defendant County of San Bernardino re excessive use of force; and

25 2.   That defendant County of San Bernardino's expressly adopted policy
26      and/or widespread or longstanding practice or custom caused the
27      deprivation of plaintiff's rights; that is, the County of San Bernardino's
28      official policy or widespread or longstanding practice or custom is so

closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**Plaintiff's Battery by Peace Officer Claim (Third Claim for Relief).**

1. That defendant Deputy Alfred touched Plaintiff or caused him to be touched;
2. That defendant Deputy Alfred used unreasonable force to arrest, and/or to overcome the resistance of Plaintiff;
3. That Plaintiff did not consent to the use of that force;
4. That Plaintiff was harmed; and
5. That defendants Deputy Alfred's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

**Plaintiff's Negligence Claim (Fourth Claim for Relief).**

To establish a claim for negligence in use of force, plaintiffs must prove all of the following by a preponderance of the evidence:

1. That Deputy Alfred negligent in using force on Plaintiff; and
2. That the negligence of Deputy Alfred regarding use of force was a substantial factor in causing harm to Plaintiff.

**Plaintiff's Claim for Violation of the Bane Act – Cal. Civ. Code § 52.1 (Fifth Claim for Relief).**

1. That Deputy Alfred interfered with or attempted to interfere with Plaintiff's constitutional right to be free from unreasonable seizures, including unreasonable force, by threatening or committing violent acts;
2. That Deputy Alfred acted with the particular purpose of depriving Plaintiff of his enjoyment of the interests protected by that right;
3. That Plaintiff was harmed; and
4. That the conduct of Deputy Alfred was a substantial factor in causing Plaintiff's harm.

**Plaintiff's Claim for Intentional Infliction of Emotional Distress (Sixth**

**Claim for Relief).**

1. That Deputy Alfred's conduct was outrageous;
2. That Deputy Alfred intended to cause Plaintiff emotional distress;
3. That Plaintiff suffered severe emotional distress; and
4. That Deputy Alfred's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

**Plaintiff's Punitive Damages Claim**

1. That Deputy Alfred's conduct during the incident was malicious, oppressive, and/or with reckless disregard for the rights of Plaintiff.

**C.  Operative Affirmative Defenses of Defendants and Elements of Proof.**

As to the defenses asserted by Defendants which require affirmative proof by Defendants, the elements of such affirmative defenses are summarized herein below. The supporting evidence will be drawn from Defendants' witnesses to support Defendants' contentions of fact (see above). Nothing herein shall be construed as any withdrawal of Defendants' defenses which do not require affirmative proof by Defendants.

**Waiver, Estoppel, Unclean Hands (Second Affirmative Defense)**

Plaintiff's action is barred by reason of conduct, actions and inactions of plaintiff which amounts to and constitutes a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

**Failure to Mitigate Damages (Third Affirmative Defense)**

Plaintiff had a duty to use reasonable efforts to mitigate damages. To prove a failure to avoid or reduce damages, defendants must prove by a preponderance of the evidence: (1) that Plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated with reasonable efforts.

### Comparative Negligence (Fourth Affirmative Defense)

Plaintiff had a duty to use reasonable efforts to care for his own safety: a duty they breached by pointing a gun at a law enforcement officer. To prove plaintiff's comparative negligence, defendants must prove by a preponderance of the evidence: (1) that Plaintiff was negligent (ordinary negligence); and (2) that Plaintiff's negligence was a substantial factor cause of his own harm.  (The amount of any damages awarded to plaintiff would then be reduced by the court by the percentage of fault apportioned to Plaintiff for his own injuries.)

### Qualified Immunity (Sixth Affirmative Defense)

Under the doctrine of qualified immunity, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014).  The qualified immunity analysis consists of two prongs: (1) whether the facts the plaintiff alleges make out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020).

### Assumption of the Risk (Seventh Affirmative Defense)

Plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks associated with such danger, and (3) voluntarily exposed himself to those risks.

### Reservation of Defenses

Because the operative Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.  The assertion of any

of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiff's claims, or elements thereof.

**Key Evidence to be Relied Upon by Defendants to Support their Affirmative Defenses.**

Defendants anticipate offering testimonial evidence from the Defendant deputy, San Bernardino County Sheriff's Department personnel, Defendants' experts, and possibly from plaintiff and/or plaintiff's witnesses/experts, as well as related incident recordings and records, to support their comparative liability defense and qualified immunity defense. Defendants anticipate offering testimonial evidence from expert witnesses, Plaintiff and/or Plaintiff's witnesses to support their mitigation defense.

## 4. OPERATIVE PLEADINGS

The operative pleadings which raise the issues are: (1) Plaintiff's Second Amended Complaint for Damages [Doc. 72], and (2) defendants' responsive pleadings thereto [*e.g.*, Docs. 75 and 78].

### A. Abandoned Claims

None.

## 5. JURY TRIAL

All parties have demanded a jury trial of this action [Doc. 72, 75, and 78]. Accordingly, this matter will be tried by a jury.

## 6. ADMITTED AND STIPULATED FACTS

### A. Admitted Facts.

The following facts are *admitted* by Defendants and require no proof:

1. Defendant Christopher Alfred was acting under color of law during any interaction such defendant had with Plaintiff on April 27, 2021, and was acting within the course and scope of his employment with the County of San Bernardino.

**B. Stipulated and Uncontroverted Facts.**

None.

## 7. EVIDENTIARY AND LEGAL ISSUES (L.R. 16.4-1(g)-(i))

**Third-Party Claims or Counterclaims:** None.

**Anticipated Evidentiary Issues**: The following law and motion matters and motions *in limine* ("MIL") are pending or contemplated.

1. Defendants' MIL No. 1 – Motion to Exclude Any Evidence of Unrelated Incidents
    a. Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:
        i. Actions or conduct of other deputies who are not parties to the case arising from other incidents.
        ii. Investigations and related records re Non-Incident uses of force/seizures or other Internal-Affairs type investigations, complaints, or training/discipline involving defendant deputy or any San Bernardino County Sheriff's Department deputies (if any) – including but not limited to any/all non-incident acts.
        iii. Officer Performance Evaluations
        iv. All specific factual details related to calls involving any of the defendant deputies where such calls occurred either before the incident or after the incident and did not involve Plaintiff
    b. Basis:
        i. Relevance – FRE 401-402
        ii. Improper Character Evidence (Bad Acts, etc.) – FRE 404-406;
        iii. Undue Prejudice, Undue Consumption of Time, and Confusion of the Issues - Fed. R. Evid. 403.
2. Defendants' MIL No. 2 – *Daubert* Motion to Exclude Plaintiff's Experts

Scott DeFoe and Robert Morales

    a.    Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

        i.    Opinion Testimony (or Reference Thereto) of Plaintiff's Expert DeFoe (police practices expert) on areas for which they lack qualification or adequate evidentiary support.

  b.  Basis:

        i.    *Daubert*: Lack of Foundation:

           1.    Lack of Qualifications: DeFoe lacks the requisite expertise on mental health issues, and any other opinions outside the expert's stated expertise. Morales lacks qualifications to testify as to fired cartridge casings.

           2.    Insufficient Evidentiary Support: DeFoe formed his opinions without review of the criminal case testimony, and ignored testimony and ignored eyewitness testimony, and audio that were contrary to his deposition/report-stated opinions. Morales ignored all statements of personnel on scene and formed opinions without any evidentiary support.

    3.    Defendants' MIL No. 3 – *Daubert* Motion to Exclude Plaintiff's Expert Dr. Amy Magnusson

    a.    Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

        i.    Opinion Testimony (or Reference Thereto) of Plaintiff's Experts on: (a) areas for which they lacks qualification or adequate evidentiary

support; and (b) any opinions which relate to irrelevant or impossible treatment recommendations due to Plaintiff's incarceration.

    b. Basis:

        i. *Daubert*: Lack of Foundation

            1. Lack of Qualifications: Plaintiff's expert lacks the requisite expertise and any opinions outside the expert's stated expertise must be excluded.

            2. Insufficient Evidentiary Support: Plaintiff's expert ignored testimony/statements that were contrary to their deposition/report-stated opinions; and Plaintiff's expert relied on non-scientific methodology to form opinions unsupported by the records or testimony/statements in this case.

4. Defendants' MIL No. 3 – *Daubert* Motion to Exclude Plaintiff's Expert Dr. Omalu

    a. Scope: An Order to exclude from trial any and all evidence, documents, records, recordings, testimony, statements, opinions, argument, and/or reference before the jury, and from admission into evidence, of:

        i. Opinion Testimony (or Reference Thereto) of Plaintiff's Expert Dr. Omalu on areas for which he lacks qualification or adequate evidentiary support.

    b. Basis:

        i. *Daubert*: Lack of Foundation

            1. Lack of Qualifications: Plaintiff's expert lacks the requisite expertise and any opinions outside the expert's stated expertise must be excluded.

            2. Insufficient Evidentiary Support: Plaintiff's expert relied on non-scientific methodology to form opinions unsupported by the

physical evidence or testimony/statements in this case.

5. Defendants' MIL No. 5 – Trifurcation of Trial Proceedings re Liability for Compensatory Damages and Punitive Damages Predicate from Punitive Damages Calculation from *Monell* Liability and *Monell* Damages Calculation

6. **Defendants' Objections to Untimely Disclosed Testimony/Evidence**

Defendants object to all witness testimony, statements, documentary, physical, or other evidence that plaintiff failed to timely or properly disclose prior to the operative discovery deadline(s). *See* Fed. R. Civ. P. 2626(a)(1)(A)(i)-(ii); Fed. R. Civ. P. 37(c); Fed. R. Evid. 403; *English v. D.C.*, 651 F.3d 1, 3 (D.C. Cir. 2011) (concluding that a Fed. R. Civ. P. 26 disclosure violation may subject the undisclosed evidence to Fed. R. Evid. 403 exclusion where the disclosure violation would otherwise affect the moving party's substantial rights at trial); *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (observing, in dicta, that unfair surprise at trial may be a basis for exclusion of witness testimony under Fed. R. Civ. P. 26 and 37 even where it is not a basis for Fed. R. Evid. 403 exclusion); *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (excluding a witness' testimony, even though the identity of the witness was revealed in documents produced by the proponent party, because the manner of the production was such that unusual labor would be required to avoid unfair surprise about the relevance-importance of the witness at trial); *Continental Lab. Prods., Inc. v. Medax Int'l*, 195 F.R.D. 675, 676 (S.D. Cal. 2000).

**Other Law and Motion Matters.** Defendants anticipate filing certain trial brief(s) with the Court on various evidentiary or other issues, including the following:

1. Trial Brief regarding the use of a verdict form set forth by issue rather than by claim.

It is anticipated that plaintiff will file briefs in opposition to the pleadings above that Defendants will file.

**8. BIFURCATION OF ISSUES FOR TRIAL (L.R. 16-4.3)**

Defendants seek trifurcation of the issues of liability re compensatory damages

14
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

and the factual foundation/predicate for an award of punitive damages (trial phase one) from the calculation of punitive damages against any individual defendant (if any) (trial phase two) from the issues of *Monell* liability and damages calculation (trial phase three).

**9. ATTORNEY'S FEES (L.R. 16-4.5)**

Defendants are entitled to attorneys' fees (and expert fees) for any judgment in Defendants' favor for any claim made by plaintiff pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b)-(c).

Plaintiff is claiming attorneys' fees pursuant to his 42 U.S.C. § 1983 claims. However, plaintiff is *not* entitled to recovery of attorneys' fees here because there is no liability.

**10. MISCELLANEOUS ISSUES**

**A. Electronics in the Courtroom.**

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, defendants are requesting that the Court issue an order authorizing the parties and/or their counsel to use certain trial presentation equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including: wireless communication devices such as smartphones (on vibrate or silent ring), laptops, tablet computers, and associated electronic equipment; and/or supporting carts, so as to facilitate efficient presentation and conduct of the trial – and provided that any voice-calls made by phone are made: (1) outside of the Courtroom while the jury is present; or (2) outside the presence of the jury; and (3) in a manner that is not disruptive to the operations of the Court.

///
///
///
///

DATED: December 11, 2025

Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Kayleigh Andersen
Eugene R. Ramirez
Kayleigh A. Andersen
Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW