Eugene P. Ramirez (State Bar No. 134865)
  eugene.ramirez@manningkass.com
Kayleigh Andersen (State Bar No. 306442)
  kayleigh.andersen@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and DEPUTY
CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEFFON BARBER, an individual, | Case No. 5:22-cv-00625-KK-DTBx |
| Plaintiff, | *[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]* |
| v. | |
| COUNTY OF SAN BERNARDINO, a municipal entity, and DOES 1 through 10, inclusive, | **[MOTION IN LIMINE NO. 1]** |
| Defendant. | **NOTICE OF MOTION AND MOTION *IN LIMINE* BY DEFENDANTS TO EXCLUDE REFERENCE TO ANY PRIOR OR SUBSEQUENT INCIDENTS INVOLVING DEFENDANT DEPUTY, UNRELATED CLAIMS, AND UNRELATED INCIDENTS INVOLVING OTHER EMPLOYEES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Judge:   Hon. Kenly Kiva Kato<br>Date:   1/8/2026<br>Time:   10:30 a.m.<br>Crtrm.:  3, 3rd Floor |
| | Trial Date: 1/26/26 |

///

///

///

///

---

**DEFENDANTS' MOTION IN LIMINE NO. 1**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED (collectively herein after as "Defendants") will move *in limine* for an order to exclude all evidence of any other prior or subsequent incidents or investigations involving Defendant deputy and/or other San Bernardino County Sheriff's Department deputies or personnel which are unrelated to the subject incident.

This motion is made pursuant to Fed. R. Evid. 401 *et seq.*, 801 *et seq.*, and 1001 *et seq.*, on the grounds that such evidence is irrelevant and inadmissible hearsay and improper character evidence and that if the evidence were admitted, there is a danger that Defendants would be unfairly prejudiced, there would be confusion of issues, misleading of the jury, and the evidence would require undue consumption of time.

This motion is based on all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel which took place via telephone on December 4, 2025.

DATED: December 11, 2025          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:      /s/ Kayleigh Andersen
_____
Eugene R. Ramirez
Kayleigh A. Andersen
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO

MANNING | KASS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants respectfully move to exclude all evidence, argument, and/or testimony of any other prior or subsequent incidents or investigations involving Defendant Deputy Christopher Alfred and/or other San Bernardino County Sheriff's Department deputies or personnel which are unrelated to the subject incident.

Defendants move to exclude reference to any prior or subsequent use of force incidents or unrelated investigations involving Defendant Deputy Alfred on the grounds that such character evidence would be unfairly prejudicial and mislead the jury. Fed. R. Evid. 402, 403.

Lastly, Defendants move to exclude reference to any unrelated incidents, news or media reports involving any San Bernardino County Sheriff's Deputies that are not parties to this case pursuant to Fed. R. Evid. 401 *et seq*. and 802 on the grounds that testimony, evidence, or argument regarding the issues identified above would be irrelevant, unduly prejudicial, and confuse the issues in this matter. The Defendants' Motion for Summary Judgment ("MSJ") remains pending, and in-part requests dismissal of the Plaintiff's *Monell* claims. Therefore, should the Defendants' MSJ be granted as to the *Monell* claims for unconstitutional policy, custom, or practice of the San Bernardino County Sheriff's Department, the introduction of such evidence or any argument related to unrelated incidents is irrelevant and would be irrelevant and confuse the jury.

### II.   EVIDENCE THAT IS IRRELEVANT AND/OR UNDULY PREJUDICIAL IS NOT ADMISSIBLE.

Federal Rule of Evidence rule 402 provides that, "[i]rrelevant evidence is not admissible." Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  The evidence and argument discussed below is inadmissible

3

under both Rules 402 and 403.

## III.    THE COURT SHOULD EXCLUDE ANY EVIDENCE RELATING TO OTHER LITIGATION INVOLVING DEFENDANTS.

The Court should exclude all evidence or reference by plaintiff or plaintiff's attorneys or witnesses to other lawsuits or litigation involving the defendants, or Defendant County's deputies, as irrelevant and unduly prejudicial. Evidence relating to prior or pending lawsuits against the County of San Bernardino or any of its deputies should not be admitted at trial. Such evidence would not be relevant to any issue for trial on any of the operative claims, and the introduction of such evidence would be unduly prejudicial to defendants – particularly in that the jury might believe that the County's deputies acted improperly simply because other plaintiffs have filed lawsuits against them or the County or the County's other deputies. *See. e.g., Edwards v. Desfosses*, 2016 U.S. Dist. LEXIS 34168, *10 (E.D. Cal. Mar. 15, 2016) (granting Defendants' motion in limine to exclude evidence that they were involved in other lawsuits or incidents alleging deliberate indifference or excessive force because, "[i]n general, evidence of prior bad acts is inadmissible to establish a defendant's propensity to commit the wrongful act in question under Federal Rule of Evidence 404"). The introduction of such evidence would also amount to an unnecessary consumption of time and risks confusing the jury.  Accordingly, the Court should exclude all such evidence and reference from trial.

## IV.    ANY REFERENCE TO UNRELATED INCIDENTS SHOULD BE EXCLUDED.

Any evidence of prior or subsequent incidents or investigations involving the Defendant Deputy Christopher Alfred and/or other San Bernardino County Sheriff's Department personnel would undoubtedly confuse the issues before the jury and be unduly prejudicial.

Federal Rules of Evidence Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Along these lines, courts have observed that:

> [E]ven if one should assume arguendo that there was a reason why this evidence was admissible under Rule 404, it still should be excluded under Rule 403 of the Federal Rules of Evidence.... The least clear of these reasons is discussed in the Committee Notes: 'Unfair prejudice' [–] within its context [undue prejudice] means an undue tendency to suggest decision on an improper basis, commonly though not necessarily an emotional one.' The balancing required under Rule 403 is left to the discretion of the trial judge and is not to be overturned unless there is an abuse of discretion. *Cohn*, 655 F.2d at 194 (citations and quotations omitted).

Particularly where a proponent seeks to offer other acts/wrongs evidence, Rule 403's protection against undue prejudice will require at a minimum that "the two acts must be significantly similar with respect to the issue in which the extrinsic act is addressed, and there must be evidence showing that the extrinsic act in fact occurred and the person accused of committing the act in fact did so." *Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 403 (5th Cir. 1980). "Even if the extrinsic act is found to be relevant, however, substantial doubt as to its similarity and as to whether defendant committed the act will necessarily dilute its probative value for purposes of the balancing . . . . As in all balancing under Rule 403, the district court may exercise its sound discretion in deciding whether to admit the evidence." *Smith*, 633 F.2d at 403 (affirming exclusion of purported pattern evidence of other fires against insured's other buildings in a case where the insurer alleged arson by the insured). In sum, under controlling law, evidence relating to non-incident law enforcement actions, including evidence of use of force against other people by the Defendant deputy, if any, prior to or subsequent to the incident at issue in this case is not probative on the issue of whether his use of force against Plaintiff on this occasion was reasonable.

Therefore, the Court should exclude all evidence of prior or subsequent incidents or investigations involving the Defendant Deputy Christopher Alfred and/or other San Bernardino County Sheriff's Department personnel, if any, on the

DEFENDANTS' MOTION IN LIMINE NO. 1

ground that such matters would undoubtedly confuse the issues before the jury and create a trial within a trial regarding other alleged bad acts and would result in an exceptional consumption of time trying incidents that did not involve Plaintiff.

**V.    CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court exclude all evidence of any other prior or subsequent incidents or investigations involving Defendant Deputy Christopher Alfred and/or other San Bernardino County Sheriff's Department deputies or personnel which are unrelated to the subject incident.

DATED:  December 11, 2025            Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ Kayleigh Andersen
Eugene R. Ramirez
Kayleigh A. Andersen
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO

**DEFENDANTS' MOTION IN LIMINE NO. 1**