RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff STEFFON BARBER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>Assigned to:<br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE THE DISTRICT ATTORNEY'S CONCLUSIONS AND THE COUNTY OF SAN BERNARDINO'S FINDINGS**<br><br>Final PTC:   January 8, 2026<br>Time:          10:30 a.m.<br>Crtrm:         3, 3rd Floor<br>               3470 Twelfth Street<br>               Riverside, CA 92501-3801 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff hereby moves *in limine* for an order

excluding the following:

(1) Any evidence, testimony, argument, or reference at trial to the District

Attorney's conclusion that Deputy Christopher Alfred's use of deadly

force against Mr. Barber was justified, reasonable, and/or not criminal;

(2) Any evidence, testimony, argument, or reference at trial to the District Attorney's decision not to press charges against Deputy Alfred, including any reference (whether implicit or explicit) to the fact that the District Attorney reviewed the shooting incident;

(3) Any evidence, testimony, argument, or reference at trial to any findings by the County of San Bernardino that Deputy Alfred's use of deadly force against Mr. Barber was reasonable, justified, within policy, and/or did not require any discipline or retraining.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case.  This Motion is also made on the grounds that the District Attorneys' conclusions, including the District Attorney's report or letter, as well as the County's findings with respect to the shooting, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance**:  This Motion is made following a conference of counsel during which no resolution could be reached.

Dated: December 11, 2025        IVIE MCNEILL WYATT PURCELL & DIGGS

By: _s/ Rodney S. Diggs_
Rodney S. Diggs
Attorney for Plaintiff, Steffon Barber

Dated: December 11, 2025        LAW OFFICES OF DALE K. GALIPO

By: _s/ Renee V. Masongsong_
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, Steffon Barber

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By way of this Motion, Plaintiff seeks to exclude any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Deputy Alfred' use of deadly force against Plaintiff Steffon Barber was any of the following: (1) not criminal; (2) reasonable; and/or (3) justified.  Plaintiff further seeks to exclude any evidence, testimony, argument or reference at trial to the District Attorney's decision not to press charges against Deputy Alfred.  Also by way of this Motion, Plaintiff seeks to exclude evidence, testimony, argument, or reference at trial to the County of San Bernardino's findings (if any) that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified. Along these lines, Plaintiff also seeks to exclude any evidence or argument that Deputy Alfred was not disciplined or required to undergo any retraining relating to his conduct during the shooting incident.

This Motion *in Limine* is based on several independent rationales.  First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time.  Further, such evidence would be unduly prejudicial to Plaintiff under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence.  Third, this Motion is also made on the grounds that the District Attorney's written conclusions and Public Information Release Memorandum, as well as the County's findings are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

//

//

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2

## II.    ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible.  Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant.  *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").  This includes the post-shooting findings of the County of San Bernardino, as well as the conclusions of the District Attorney.  At trial, the jury must determine whether Deputy Alfred used unreasonable force and was negligent when he shot Mr. Barber.  To determine whether the shooting was lawful, the jury will be asked to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Barber] posed an immediate threat to the safety of [Deputy Alfred] or others."  Ninth Circuit Manual of Model Jury Instructions, No. 9.25.

What the County investigators and/or the District Attorney purport to determine or conclude *ex post facto* about the reasonableness of the shooting does not bear on any disputed fact or on any element of any claim or defense in this case.  Indeed, the subsequent findings of the County, as well as the subsequent conclusions of the District Attorney, are in no way probative of the factual circumstances confronting Deputy Alfred at the time of the shooting incident.  Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Barber's rights under federal and state law.  Because evidence of the County's findings and the District Attorney's conclusions are not probative of any fact of consequence to the determination of the action, this evidence should be excluded. This includes the County's decision not to discipline or retrain Deputy Alfred for his conduct during the shooting incident.

1    This evidence is also irrelevant to Plaintiff's *Monell* claim, which is framed as

2  a claim for Unconstitutional Custom, Practice and Policy.  Any findings that the

3  County determined the shooting to be "within policy," or the County's decision not

4  to discipline or retrain Deputy Alfred for his conduct during the incident, would be

5  relevant only to a *Monell* claim for Ratification of Deputy Alfred's April 27, 2021

6  shooting, and Plaintiff does not maintain a claim for Ratification.  To prove his

7  *Monell* Claim for Unconstitutional Custom, Practice and Policy, Plaintiff need only

8  show evidence of other unjustified shootings by County of San Bernardino deputies,

9  including the following cases cited in Plaintiff's opposition to Defendants' Motion

10  for Summary Judgment (Dkt. 101): *Archibald v. County of San Bernardino*, case

11  number 5-16-cv-1128; *Young v. County of San Bernardino, et al.*, case number 5:15-

12  CV-01102-JGB-SP; *V.R. v. County of San Bernardino*, case number 5:19-cv-01023-

13  JGB-SP.  "[A] custom or practice can be supported by evidence of repeated

14  constitutional violations." *Hunter v. Cty. of Sacramento*, 652 DF.3d 1225, 1236 (9th

15  Cir. 2011).

16    Plaintiff's *Monell* claim asserts in part that the County of San Bernardino has

17  an unconstitutional custom, practice, and policy of failing to adequately train its

18  sheriff's deputies with respect to the use of deadly force. Plaintiff may thus further

19  support his *Monell* claim by presenting evidence of Deputy Alfred's training,

20  including that Alfred's deposition testimony reveals fundamental gaps in basic

21  constitutional training. Alfred testified at deposition that he was not trained on core

22  constitutional principles, including not having been trained that deadly force should

23  only be used where there is an immediate threat of death or serious bodily injury,

24  not trained to give a verbal warning before using deadly force, where feasible, and

25  not trained that deadly force should only be used where there are no reasonable

26  alternative measures. (Alfred Depo. at Dkt. 101-5, pp. 11:9-13:6, 89:23-90:9).

27  Instead, Alfred testified he was only trained on vague "totality of circumstances"

28  standards without concrete constitutional guardrails. This testimony demonstrates

-3-

1   that the County's training program systematically failed to train on basic Fourth

2   Amendment standards, creating a blueprint for constitutional violations.

3        The District Attorney's conclusions are also irrelevant to Plaintiff's *Monell*

4   claim.  Plaintiff's *Monell* claim asserts that the County of San Bernardino has an

5   unconstitutional custom, practice, and policy.  Obviously, this claim is not asserted

6   against the District Attorney, and the District Attorney's office is a separate entity

7   from the San Bernardino County Sheriff's Department.  Unlike the Sheriff's

8   Department, the District Attorney's office bases its findings and conclusions on

9   criminal standards, which are not applicable to Plaintiff's civil claims.  The District

10  Attorney's findings and conclusions, including the District Attorney's decision not

11  to prosecute Deputy Alfred, have no bearing on whether the County of San

12  Bernardino maintained an unconstitutional custom, practice, and policy of failing to

13  adequately train its deputies and fostering an environment where deputies use

14  excessive force.

15       **B. This Evidence Is Unduly Prejudicial and Should be Excluded Under**

16       **Federal Rules of Evidence, Rule 403.**

17       Even if the foregoing evidence had some speculative probative value, which

18  Plaintiff contends it does not, it should be excluded under Federal Rules of

19  Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of

20  confusing the jury, and would cause undue delay and waste of time.  The danger

21  presented by these administrative "findings" and "conclusions" is that they usurp the

22  jury's role to independently weigh the evidence and reach its own conclusion based

23  on the facts and the law.  The jury should decide the case based on its own

24  evaluation of the evidence presented, and not based on what some authority figure

25  has supposedly already decided.  The danger presented by this kind of testimony is

26  acute.  Determining the reasonableness of Deputy Alfred's actions is a task for the

27  jury, and there is a significant risk that the jury might give undue deference to the

28  findings of the County, as well as the conclusions of the District Attorney.  On the

-4-

basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the evidence presented at trial and the law and the jury instructions, and instead decide that the shooting of Mr. Barber was justified simply because an authority figure already purported to have determined that the shooting was justified.  The jury might feel bound to abide by the conclusions of the District Attorney and/or the findings of the County rather than reaching its own independent conclusions based on all of the evidence.

Moreover, the District Attorney's office makes a finding with an eye toward criminal prosecution.  This review and determination is based on a criminal "beyond a reasonable doubt" standard, as opposed to the civil "preponderance of the evidence" standard that is applicable in this case.  Therefore, informing the jury that the District Attorney reviewed this shooting and opted not to criminally prosecute Deputy Alfred will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability.  In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against Deputy Alfred.  When balanced against the substantial risk that the District Attorney's conclusions or the findings of the County may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. This Evidence Is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's determination—including the District Attorney's October 31, 2022 "Public Information Release Memorandum" and the County's findings—that the shooting was "justified," "within policy," "lawful," and/or "not criminal" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802.  "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated.

Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the County's findings and District Attorney's conclusions themselves are hearsay if offered at trial to prove that Deputy Alfred's conduct was reasonable. If documentation of the findings and/or conclusions are proffered at trial, such as the District Attorney's report or letter, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting, the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the District Attorney's report and the County's internal investigation reports contain a host of inadmissible evidence that this Court may order excluded based on Plaintiff's other motions *in limine*. Accordingly, Plaintiff contends that such written determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

## III.    CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding these post-shooting findings.

Dated: December 11, 2025

IVIE MCNEILL WYATT
PURCELL & DIGGS

By:  *s/ Rodney S. Diggs*
Rodney S. Diggs
Attorney for Plaintiff, Steffon Barber

Dated: December 11, 2025

LAW OFFICES OF DALE K. GALIPO

By:  *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, Steffon Barber