RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff STEFFON BARBER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>Assigned to:<br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE DRUG EVIDENCE**<br><br>Final PTC: January 8, 2026<br>Time:      10:30 a.m.<br>Crtrm:     3, 3rd Floor<br>           3470 Twelfth Street<br>           Riverside, CA 92501-3801 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff hereby moves *in limine* for an order excluding any evidence of Plaintiff Steffon Barber's drug use, including but not limited to: (1) any criminal history relating to drug use or drug offenses as explained in Plaintiff's Motion in Limine No. 1, including Mr. Barber's 2006 vehicle code violation for driving under the influence and his 2012 misdemeanor possession of controlled substance; (2) the April 28, 2021 Bio-Tox Laboratories Report (COSB

00129) indicating the presence of methamphetamine and benzodiazepines after the shooting; (3) any hearsay statements regarding Mr. Barber's drug use contained in any medical records or police reports; (4) any testimony by any party, including Defendants' retained experts Gary Vilke, M.D. and Phillip Sanchez, the neighbors (Maria Gallo and Joseph Cocchi), as well as Plaintiff Mr. Barber, regarding Mr. Barber's drug use; (5) the 911 call, which was not heard by Deputy Alfred, where the reporting party mentions that Mr. Barber appeared to be under the influence.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case. This Motion is also made on the grounds that any written reports containing this information are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**Statement of Local Rule 7-3 Compliance**: This Motion is made following a conference of counsel during which no resolution could be reached.

Dated: December 11, 2025                IVIE MCNEILL WYATT
                                        PURCELL & DIGGS

                                 By:    *s/ Rodney S. Diggs*
                                        Rodney S. Diggs
                                        Attorney for Plaintiff, Steffon Barber

Dated: December 11, 2025                LAW OFFICES OF DALE K. GALIPO

                                 By:    *s/ Renee V. Masongsong*
                                        Dale K. Galipo
                                        Renee V. Masongsong
                                        Attorneys for Plaintiff, Steffon Barber

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case arises out of the non-fatal shooting of Steffon Barber by San Bernardino Sheriff's Deputy Christopher Alfred.  The key issue in this case is whether Deputy Alfred's use of deadly force against Mr. Barber was excessive and unreasonable.  It is well settled that information unknown to the involved officers at the time of the shooting incident is irrelevant to the determination of whether a reasonable deputy in Alfred's position would have had an objectively reasonable belief that there was an immediate threat of death or serious bodily injury at the time of the shots.  Deputy Alfred testified at his deposition that at the time of the shooting, he had no information as to whether Mr. Barber was under the influence of drugs or alcohol.  (Alfred Depo., Dkt. 101-5 at pp. 31:23-25).  Nonetheless, Plaintiff anticipates that Defendants will attempt to introduce evidence of Mr. Barber's drug use at trial, including information that methamphetamine was present in his blood after the shooting.

Therefore, to avoid prejudice to Plaintiff and to streamline the evidence only to that which is relevant, Plaintiff seeks to exclude any evidence of, reference to, or argument regarding Plaintiff Steffon Barber's drug use, including but not limited to: (1) any criminal history relating to drug use or drug offenses as explained in Plaintiff's Motion in Limine No. 1, including Mr. Barber's 2006 vehicle code violation for driving under the influence and his 2012 misdemeanor possession of controlled substance; (2) the April 28, 2021 Bio-Tox Laboratories Report (COSB 00129) indicating the presence of methamphetamine and benzodiazepines at the time of the incident; (3) any hearsay statements regarding Mr. Barber's drug use contained in any medical records or police reports; (4) any testimony by any party, including Defendants' retained experts Gary Vilke, M.D. and Phillip Sanchez, the neighbors (Maria Gallo and Joseph Cocchi), as well as testimony Plaintiff Mr. Barber, regarding Mr. Barber's drug use; (5) the 911 call, which was not heard by

Deputy Alfred, where the reporting party mentions that Mr. Barber appeared to be under the influence.  This evidence has no bearing on whether the shooting was excessive and unreasonable and only serves to detract the jury from the key issue in the case and paint Mr. Barber as undeserving of redress for his serious physical injuries caused by the shooting.  Further, any argument that the drugs in Mr. Barber's system had caused Mr. Barber to act a certain way during the incident is purely speculative, as Defendants have not retained any expert to make any opinions about Mr. Barber's drug use.

Plaintiff seeks to exclude the foregoing evidence on the following grounds: First, this evidence is irrelevant pursuant to Federal Rules of Evidence ("FRE"), Rules 401 and 402, because this evidence is immaterial to the issues to be decided by the jury, as it was unknown to Deputy Alfred at the time of the shooting. Second, this evidence should be excluded under FRE 403 on the grounds that it would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time.  Further, such evidence would be unduly prejudicial to Plaintiff under FRE 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence.  Third, this evidence constitutes improper character evidence under FRE 404.  Finally, any reports containing this evidence constitute hearsay for which there is no exception under FRE 801, 802.

II.   ARGUMENT

    **A. This Evidence Is Irrelevant and Should be Excluded Under FRE 402.**

FRE 402 states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 (4th Cir. 2011) (noting district court's decision that the plaintiff's "criminal history and possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these

facts 'at the time' they allegedly beat [the plaintiff]"); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

     Evidence of Mr. Barber's drug use is irrelevant to whether it was objectively reasonable for Deputy Alfred to use deadly force against Mr. Barber. The jury must evaluate the decision to use deadly force based on what a reasonable officer at the time would have perceived. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Use of subsequent test results is the very essence of "20/20 hindsight" vision. Deputy Alfred testified at his deposition that at the time of the shooting, he had no information that Mr. Barber was under the influence of drugs or alcohol. (Alfred Depo., Dkt. 101-5 at pp. 31:23-25). Obviously, Deputy Alfred could not have known the results of the toxicology screening at the time of the shooting. The post-shooting drug evidence also does not help to resolve any disputed factual issue. The central dispute in this case is whether, as defendants contend, Mr. Barber's vehicle posed an immediate threat of death or serious bodily injury to Deputy Alfred at the time of the shooting, or, as Plaintiff contends, Deputy Alfred was not about to be struck by Mr. Barber's vehicle and Deputy Alfred had time and room to move out of the vehicle's path rather than shooting. The jury will weigh the evidence presented at trial to determine which factual scenario is true. Mr. Barber's drug use does not help resolve this dispute. Deputy Alfred does not claim to have shot Mr. Barber because he thought he was under the influence. Deputy Alfred did not hear the 911 call where the reporting party indicating that Mr. Barber may appear to be under the influence.

     Further, no party has retained any expert to examine the level of methamphetamine or any other drug in Mr. Barber's system, or to discuss the impact of Mr. Barber's drug use on his conduct during the incident. Therefore, any

argument that Deputy Alfred's version of the events is more likely to be true because Mr. Barber had some level of drugs in his system, or that Mr. Barber acted a certain way because he used drugs prior to the incident, is purely speculative.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under FRE 403.

It is axiomatic that evidence of drug or alcohol use has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, is nil. Accordingly, this evidence should be excluded under FRE 403. FRE 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Evidence of drug use can only serve to unjustly inflame a jury's passions and prejudices against Mr. Barber and is highly likely to mislead the jury into reaching a verdict that reflects its consideration of Mr. Barber's drug use to justify the use of force or limit Mr. Barber's damages on an improper basis. *See Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under FRE 403 and stating, "In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society"); *Kunz v. DeFelice*, 538 F.3d 667, 676-77

(7th Cir. 2008) (affirming district court's ruling that barred "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff on October 22, 2011 would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler v. City of Fresno*, 2008 WL 2954179, at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial because not known by Defendants); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of heroin . . . are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness.").

Admission of drug evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Refuting the inferences that Defendants may attempt to raise regarding Mr. Barber's drug use will necessitate a mini-trial on collateral issues.

### C. This Evidence Constitutes Impermissible Character Evidence Under FRE 404

FRE 404(a) provides that "Evidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Under FRE 404, evidence of drug use cannot be used to show Mr. Barber's character or that he acted or would have acted in conformity with

any negative character trait in the future. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ."). Lurking behind Defendants' anticipated argument about Mr. Barber's drug use is an impermissible inference about his character—that people who use drugs are bad, Mr. Barber had methamphetamines in his system at the time of the shooting and previously was previously convicted of drug offenses, therefore he is a bad person, and he must have been attempting to reverse his vehicle into Deputy Alfred. Because evidence of drug use requires an inference of Mr. Barber's character to make it relevant, it should alternatively be excluded on this ground. Moreover, Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Accordingly, this evidence should alternatively be excluded under Rule 404.

### D. This Evidence Is Hearsay Under FRE 801 and 802.

Finally, any reports containing this information, including the Bio-Tox Laboratory reports, the District Attorney's Memorandum, defense experts Phillip Sanchez's and Gary Vilke's Rule 26 Reports, police reports, and Mr. Barber's medical records, constitute hearsay under FRE 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Accordingly, any documents containing information regarding Mr. Barber's drug use would be hearsay and should also be excluded on this ground.

//

## III. CONCLUSION

For the reasons stated above, this Court should grant Plaintiff's instant Motion *in Limine* and issue an order excluding any evidence of Mr. Barber's drug use in any form.

Dated: December 11, 2025          IVIE MCNEILL WYATT
                                  PURCELL & DIGGS

                         By:  *s/ Rodney S. Diggs*
                              Rodney S. Diggs
                              Attorney for Plaintiff, Steffon Barber


Dated: December 11, 2025          LAW OFFICES OF DALE K. GALIPO

                         By:  *s/ Renee V. Masongsong*
                              Dale K. Galipo
                              Renee V. Masongsong
                              Attorneys for Plaintiff, Steffon Barber