RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff STEFFON BARBER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>Assigned to:<br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Final Pretrial Conference</u><br>Date: 01/08/2026<br>Time: 10:30 A.M.<br>Place: Courtroom 3, 3rd Floor<br><br><u>Trial</u><br>Date: 01/26/2026<br>Time: 8:30 A.M.<br>Place: Courtroom 3, 3rd Floor |

Pursuant to Local Rule 16-4 and this Court's Civil Trial Order [Dkt. 39], Plaintiff hereby submits the following Memorandum of Contentions of Fact and Law.

I. **INTRODUCTION**

This civil rights and state tort lawsuit arises out of the non-fatal shooting of Steffon Barber by County of San Bernardino Sheriff's Department Deputy Christopher Alfred on April 27, 2021. Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Christopher Alfred and the County of San Bernardino as described in detail below.

Plaintiff briefly recites the facts as follows, and as more thoroughly discussed in Plaintiff's opposition to Defendants' Motion for Summary Judgment (Dkt. Nos. 101, 10-1). On April 27, 2021, at approximately 11:12 p.m., the San Bernardino County Sheriff's Department Dispatch received a 911 call from Mr. Barber's neighbor, who reported that Mr. Barber was acting erratically in their shared driveway in Adelanto, California. Deputy Christopher Alfred responded to the call. Deputy Alfred had never seen Mr. Barber prior to this incident and had no specific information about him. At the time of the shooting, Deputy Alfred had no information that Mr. Barber had physically injured anyone. The reporting party did not report that they saw Mr. Barber with a weapon or that Mr. Barber said he had a weapon. Deputy Alfred never saw a gun or other weapon on Mr. Barber or in Mr. Barber's vehicle. Deputy Alfred had no information that Mr. Barber was under the influence of drugs or alcohol. Deputy Alfred knew that Mr. Barber was in his own driveway.

Mr. Barber did not know that Deputy Alfred was law enforcement, and when he heard Deputy Alfred's voice, he thought it was his neighbor speaking. Mr. Barber's vehicle began moving slowly in reverse. The surface of the driveway was loose dirt and gravel, such that Mr. Barber's vehicle did not immediately gain traction. Deputy Alfred fired six shots through the open rear hatch of the vehicle within approximately 2.5 seconds. Expert analysis establishes that the vehicle's maximum speed during the shooting sequence was approximately 3.4 miles per hour—equivalent to normal

human walking pace. When Deputy Alfred fired his first shot, Mr. Barber's vehicle was either not in motion or was moving at a slow speed of under one mile per hour. At the time of the first shot, Mr. Barber's vehicle had moved backwards less than one foot. At the time of the second shot, Mr. Barber's vehicle still had not moved backwards more than one foot. At the time of the shooting, it was not the case that any person was about to be run over by Mr. Barber's vehicle with no opportunity to get out of the way. Alfred had ample time and room to move out of the path of Mr. Barber's vehicle.

Mr. Barber was struck by a bullet to the head, causing a serious gunshot wound with comminuted skull fracture, traumatic subarachnoid hemorrhage, and traumatic encephalopathy. After the shooting, Mr. Barber was airlifted to Arrowhead Regional Medical Center, where he underwent emergency brain surgery. He survived but sustained permanent, life-altering injuries including left-sided weakness and cognitive deficits, leaving him wheelchair-bound.

## II. **PLAINTIFF'S CLAIMS (16-4.1)**

### (a) A Summary Statement of the Claims Plaintiff has Plead and Plans to Pursue

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**

  Plaintiff contends that Defendant Christopher Alfred used excessive force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. The shooting also violated basic police training with respect to shooting at vehicles and their drivers. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. §

1988 on this claim.

- **Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**

    Plaintiff brings this claim against Defendant County of San Bernardino for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff contends that the County of San Bernardino maintained unconstitutional policies, customs, and practices, including inadequate training of deputies regarding the use of deadly force, use of force against vehicles and their drivers, and de-escalation techniques. The County's failure to adequately train its deputies in these critical areas amounts to deliberate indifference to the constitutional rights of persons with whom deputies come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989). Plaintiff also seeks compensatory damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 3: Battery by a Peace Officer (Deadly Force)**

    Plaintiff contends that Defendant Christopher Alfred, while acting in the course and scope of his employment as a County of San Bernardino police officer, used unreasonable deadly force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov.

Code §§815.2(a) on this claim.

- **Claim 4: Negligent Use of Deadly Force by a Peace Officer**

    Plaintiff contends that Defendant Christopher Alfred, while acting in the course and scope of his employment as a County of San Bernardino police officer, was negligent in using deadly force and in his pre-shooting tactics. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 5: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

    Plaintiff contends that Defendant Christopher Alfred deprived him of his constitutional rights when he used excessive force. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages against Deputy Alfred, costs, and statutory attorneys' fees, including a multiplier pursuant to Cal. Civ. Code §52 et seq., under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 6: Intentional Infliction of Emotional Distress**

    Plaintiff Steffon Barber contends that Defendant Christopher Alfred's

shooting was extreme and outrageous and taken with the intent of causing, or reckless disregard of the probability of causing him, emotional distress, and Plaintiff Steffon Barber did suffer severe and extreme emotional distress as a result of Christopher Alfred's shots fired upon him. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages against Deputy Alfred, costs, and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

**(b) Elements Required to Establish Plaintiff's Claims**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
    1. Defendant Christopher Alfred acted under color of law;
    2. Defendant Christopher Alfred used excessive force against Plaintiff Steffon Barber;
    3. The excessive force was a cause of injury, damage, or harm to Plaintiff Steffon Barber.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Ed., Sept. 2025 update); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

- **Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**
    1. The acts of Deputy Alfred deprived Steffon Barber of his constitutional rights;
    2. Deputy Alfred acted under color of state law;
    3. Deputy Alfred acted pursuant to a policy or longstanding practice or

custom of Defendant County of San Bernardino;

4. The County of San Bernardino's policy or widespread or longstanding custom or practice caused the deprivation of Steffon Barber's rights; that is, Defendant County's policy or widespread or longstanding custom or practice is so closely related to the deprivation of Steffon Barber's rights as to be the moving force that caused the ultimate injury.

See *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); Ninth Circuit Model Jury Instructions, Instruction 9.5—Section 1983 Claim Against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof.

- **Claim 3: Battery by a Peace Officer (Deadly Force)**
    1. Defendant Christopher Alfred used deadly force against Plaintiff Steffon Barber;
    2. Defendant Christopher Alfred's use of deadly force was not necessary to defend human life;
    3. Steffon Barber was injured;
    4. Defendant Christopher Alfred's use of deadly force was a cause of injury to Plaintiff Steffon Barber.

*See* CACI 1305B (2025 Ed.).

- **Claim 4: Negligent Use of Deadly Force by a Peace Officer**
    1. Defendant Christopher Alfred used deadly force against Plaintiff Steffon Barber;
    2. Defendant Christopher Alfred's use of deadly force was not necessary to defend human life;
    3. Steffon Barber was injured;
    4. Defendant Christopher Alfred's use of deadly force was a cause of

injury to Plaintiff Steffon Barber.

CACI 441 (2025 Ed.); *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).

- **Claim 5: Violation of Bane Act (Cal. Civ. Code § 52.1)**
    1. Defendant Christopher Alfred used excessive force against Plaintiff Steffon Barber;
    2. Defendant Christopher Alfred intended to violate Plaintiff Steffon Barber's rights, demonstrated by Defendant Christopher Alfred acting with reckless disregard for Plaintiff Steffon Barber's right to be free from excessive force;
    3. The use of excessive force was a cause of injury, damage, or harm to Plaintiff Steffon Barber.

*See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

- **Claim 6: Intentional Infliction of Emotional Distress**
    1. Deputy Alfred engaged in extreme and outrageous conduct when he shot Steffon Barber;
    2. Deputy Alfred acted with reckless disregard of the probability that Steffon Barber would suffer emotional distress;
    3. Steffon Barber suffered severe emotional distress;
    4. Deputy Alfred's extreme and outrageous conduct caused Steffon Barber's severe emotional distress.

CACI No. 1600—Intentional Infliction of Emotional Distress; *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

**(c) Brief Description of the Key Evidence in Support of Each of the Claims**

1. Testimony by the following individuals:
    a. Steffon Barber (Plaintiff)

8

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

      b. Deputy Christopher Alfred (Defendant)

      c. Scott A. DeFoe (Plaintiff's police practices expert)

      d. Robert Morales, MSME (Plaintiff's accident reconstruction expert)

      e. Dr. Bennet Omalu, MD (Plaintiff's medical causation expert)

      f. Dr. Amy Magnusson (Plaintiff's medical/rehabilitation expert)

      g. Firefighter/Paramedic Ryan Murphy (SBCFD)

      h. Engineer/Paramedic Ryan Gilford (SBCFD)

      i. Fire Captain Daniel Tellez (SBCFD)

      j. Detective Edward Hernandez (SBCSD)

      k. Plaintiff Steffon Barber's treating physicians

2. Deputy Alfred's belt recording

3. Initial interview by Deputy Alfred, with transcript

4. Scene Photographs

5. Demonstratives/Power Point presentation by Robert Morales

6. Photographs of Plaintiff Steffon Barber's injuries caused by the shooting

7. Medical records from Arrowhead Regional Medical Center

*The following additional evidence is applicable to Plaintiff's Monell Claim:*

8. Materials regarding the following prior cases against the County of San Bernardino:

      a. *Archibald v. County of San Bernardino*, case number 5-16-cv-1128

      b. *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x)

      c. *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP

      d. *V.R. v. County of San Bernardino*, case number 5:19-cv-01023-JGB-SP

### III. BIFURCATION OF ISSUES (16-4.3)

The Parties have agreed to bifurcate the amount of punitive damages, if any, into a separate phase of trial. Defendants' motion to trifurcate the trial, including severing the *Monell* claim into a separate phase of trial, is currently pending.

### IV. JURY TRIAL (16-4.4)

All of Plaintiff's claims are triable to a jury as a matter of right, and a timely jury demand has been made by all parties.

### V. ATTORNEYS' FEES (16-4.5)

Plaintiff claims attorneys' fees for all eligible claims that will be tried in this case. Each of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 is eligible for attorneys' fees under 42 U.S.C. § 1988. Plaintiff's Bane Act claim is eligible for attorneys' fees under Cal. Civ. Code § 52 et seq.

### VI. ABANDONMENT OF ISSUES (16-4.6)

Plaintiff does not abandon any issues or claims at this time.

DATED: December 18, 2025	LAW OFFICES OF DALE K. GALIPO

By  */s/ Dale K. Galipo*
	Dale K. Galipo
	Renee V. Masongsong
	Attorneys for Plaintiffs

Dated: December 18, 2025	IVIE MCNEILL WYATT PURCELL & DIGGS

By:  *s/ Rodney S. Diggs*
	Rodney S. Diggs
	Attorney for Plaintiff, Steffon Barber