Eugene P. Ramirez, Esq. (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh A. Andersen (State Bar No. 306442)
  *Kayleigh.Andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and
CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>       Plaintiff,<br><br>      v.<br><br>COUNTY OF SAN BERNARDINO<br>and CHRISTOPHER ALFRED,<br><br>      Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>*[Assigned to the Honorable District Judge Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DRUG EVIDENCE**<br><br>Judge:  Hon. Kenly Kiya Kato<br>Date:    January 8, 2026<br>Time:   10:30 a.m. |

     Defendants COUNTY OF SAN BERNARDINO and CHRISTOPHER

ALFRED ("Defendants") hereby submit the following Opposition to Plaintiff's

Motion *in Limine* No. 3 to Exclude Drug Evidence.

///

///

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    **I.    EVIDENCE REGARDING PLAINTIFF'S DRUG USE AND**
3    **OFFENSES ARE RELEVANT TO PLAINTIFF'S INTENT, MOTIVE,**
4    **AND/OR STATE OF MIND.**

5    "Evidence is relevant if . . . it has any tendency to make a fact more or less
6    probable than it would be without the evidence." Fed. R. Evid. 401. If certain
7    evidence impacts the need to use force or the level of force to use, then it is relevant
8    and should be introduced at trial. See *Grismore v. City of Bakersfield*, 2019 U.S.
9    Dist. LEXIS 73507 at *24 (E.D. Cal. Jan. 14, 2019) (holding that evidence of any
10    marijuana or alcohol use on the date of an incident could be introduced if defendant
11    could demonstrate it "impacted the need to use force or the level of force to use").

12    Courts may permit the introduction of information unknown to an officer at
13    the time of the shooting. See *Graham v. Connor*, 490 U.S. 386, 399 n.12 (1989) (in
14    evaluating an officer's credibility in his account of the circumstances giving rise to
15    the use of force, the trier of fact may consider evidence of "the officer's objective
16    'good faith' — that is, whether he could reasonably have believed that the force
17    used did not violate the Fourth Amendment" regarding the application of qualified
18    immunity). "In a case . . . where what the officer perceived just prior to the use of
19    force is in dispute, evidence that may support one version of events over another is
20    relevant and admissible." *Boyd v. City & Cnty. of San Francisco*, 576 F.3d, 939, 944
21    (9th Cir. 2009). In *Boyd*, the Ninth Circuit held that it was not error for the district
22    court to admit evidence that the decedent had been on drugs at the time of the
23    incident because it was "highly probative" of the decedent's conduct and, in
24    particular, his erratic behavior during the incident. *Id.* at 949.

25    Here, Plaintiff argues that Defendant Deputy Alfred had no information as to
26    whether Plaintiff was intoxicated and admittedly did not use deadly force because
27    the Defendant Deputy thought drugs may have been used.

28    However, Plaintiff seeks to exclude evidence that is probative of Plaintiff's

2

intent, motive, and state of mind in complying with the Defendant Deputy's commands during the incident. Specifically, this evidence has a tendency to make a fact of consequence more or less probable.

In this case, the reporting parties, Maria Gallo and Joseph Cocchi, stated that Plaintiff appeared to be under the influence of drugs or alcohol. This information conveyed to law enforcement personnel regarding Plaintiff's potential intoxication was later confirmed and corroborated by the Bio-Tox Laboratories report, which indicated the presence of methamphetamine and benzodiazepines. Notably, Plaintiff's criminal record includes two other drug- and alcohol-related convictions, including misdemeanor possession of a controlled substance and driving under the influence of alcohol/drugs.

Thus, evidence of Plaintiff's drug use and offenses is relevant to show Plaintiff's intent, motive, and plan during the incident. Even if such intent, motive, or plan facts were unknown to the involved deputy, such evidence has a tendency in reason to make it more likely that Plaintiff posed an immediate threat to the safety of the Defendant Deputy and others. Further, Plaintiff's intoxication has a tendency in reason to have impacted and/or removed his inhibitions and willingness to comply with law enforcement's commands during the incident.

## II.  EVIDENCE REGARDING PLAINTIFF'S DRUG USE AND OFFENSES ARE RELEVANT TO PLAINTIFF'S CLAIM FOR DAMAGES.

The evidence sought to be excluded is also directly relevant to issues which Plaintiff has placed in issue — namely, the amount of damages to which he is entitled. Clearly, whether a party has used drugs or has a criminal history is relevant in calculating lost earnings and loss of earnings capacity.

In *Estate of Casillas*, the Court found that Casillas's criminal and incarceration history, his prior drug usage, and the toxicology screen at autopsy were not excludable in that they were relevant to the damages elements of plaintiffs'

claims. *Estate of Casillas*, 2019 U.S. Dist. LEXIS 23710, *8-11 (E.D. Cal. Feb. 13, 2019) (citing *N.W. v. City of Long Beach*, 2016 U.S. Dist. LEXIS 194469, *13-14 (C.D. Cal. June 7, 2016) (evidence of the presence of marijuana in decedent's system and drug-use history deemed "relevant to the determination of noneconomic damages as recognized in California; as it goes to his life expectancy, health, habits, activities, lifestyle, and occupation"; decedent's criminal record deemed relevant to future earnings; and decedent's history of incarceration deemed relevant to the amount of time "plaintiffs and decedent have spent…apart"); *Knudsen v. Welsh*, 872 F.2d 428 (9th Cir. 1989) (holding that prior bad acts were "properly introduced for the purpose of proving damages"); *Castro v. Cnty. of L.A.,* 2015 U.S. Dist. LEXIS 103945, *11 (C.D. Cal. Aug. 3, 2015) (denying motion *in limine* to exclude decedent's drug use history because of its relevance to the issue of damages for plaintiffs' § 1983 and wrongful death claims).

Similar to the plaintiffs in *Estate of Casillas*, Plaintiff seeks economic and noneconomic damages. Thus, Plaintiff's drug use and offenses are relevant and admissible to the issue of damages in this case.

III.    **THE PROBATIVE VALUE OF THE EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IS NOT OUTWEIGHED BY A DANGER OF PREJUDICE.**

FRE 403 articulates the judicial power to exclude relevant evidence because of prejudicial dangers or considerations. Relevant evidence may be excluded under FRE 403 only if its probative value is substantially outweighed by one or more of the articulated dangers or consideration. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. FRE 403 favors admissibility, which concomitantly providing the means of keeping distracting evidence out of the trial.

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Plaintiffs improperly assert that the evidence they seek to exclude lacks probative value and is unduly prejudicial, but, as demonstrated above, such evidence is clearly relevant and has probative value. Evidence of Plaintiff's intoxication and

4

drug use prior to and during the incident is relevant to explain his intent, motive, and state of mind during the incident and to determine the amount of Plaintiff's damages. Such probative value is not outweighed by a danger of prejudice because the Court can give the jury a limiting instruction regarding the proper use of such evidence.

The decision to admit potentially prejudicial evidence under Federal Rules of Evidence 403 is "'committed to the sound discretion of the trial court.'" *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998) (quoting *United States v. McDonald*, 576 F.2d 1350, 1356 (9th Cir. 1978)). "Proof that evidence was prejudicial to one party is insufficient to establish that the prejudice was unfair, or that the trial court abused its discretion in weighing that prejudice against the evidence's probative value." *Id.* at 1009. Here, it would be unduly prejudicial to defendants *not* to admit this evidence because it is directly relevant to Plaintiff's damages claims.

In fact, Plaintiff's retained police practices expert Scott DeFoe opined that Plaintiff was experiencing a mental health crisis to explain Plaintiff's behavior during the incident. (Andersen Decl., Ex. B at p. 20, Opinion 7). However, he failed to support this opinion with any actual admissible evidence. It is anticipated that Plaintiff, his witnesses, and his experts will attempt to opine that Plaintiff had a mental health crisis (without any factual basis), as opposed to the actual evidence supporting the methamphetamine intoxication at the time of this incident to explain his behavior. Defendants will be prejudiced should they not be able to oppose the unsupported claim that Plaintiff was experiencing a mental health crisis.

Plaintiff fails to demonstrate that his reasons for exclusion substantially outweigh the probative value of the evidence. Instead, Defendants will be prejudiced should Defendants not be able to introduce by way of testimony or evidence the Plaintiff's substance use, including the Bio-Tox laboratory results, Plaintiff's own testimony of methamphetamine use, and the witnesses' and/or experts' testimony

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

1  regarding methamphetamine use. Therefore, Plaintiff's motion should be denied.

2  **IV.    DEFENDANTS ARE NOT SEEKING TO INCLUDE ANY OF THIS**

3  **EVIDENCE AS CHARACTER EVIDENCE.**

4      Defendants are not seeking to introduce any of this evidence as character

5  evidence. Thus, exclusion pursuant to Federal Rules of Evidence 404 is improper.

6  The Ninth Circuit has relied upon *Graham* for the proposition that "a factfinder may

7  consider outside evidence 'in assessing the credibility of an officer's account of the

8  circumstances that prompted the use of force." *Boyd v. City & County of San*

9  *Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S.

10  386, 399 n.12 (1989)).

11      Here, Plaintiff's drug use prior to and during the incident is relevant and

12  admissible to show his intent, motive, and plan during the incident. Even if such

13  intent, motive, or plan facts were unknown to the involved deputy, such evidence

14  has a tendency in reason to make it more likely that Plaintiff would display repeated

15  non-compliance and resist the Defendant Deputy in his lawful duties, and that he

16  posed an immediate threat to the safety of Defendant Deputy Alfred. *See* Fed. R.

17  Evid. 404(b); *Boyd*, 576 F.3d at 944 ("In a case such as this, where what the officer

18  perceived just prior to the use of force is in dispute, evidence that may support one

19  version of events over another is relevant and admissible").

20      Thus, the subject evidence cannot be excluded on the grounds that it is

21  impermissible character evidence under Federal Rules of Evidence 404.

22  **V.    THE EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IS**

23  **ADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE 803.**

24      Plaintiff seeks to exclude any reports pertaining to Plaintiff's drug use,

25  including police reports, the District Attorney's memorandum, the Bio-Tox

26  Laboratory reports, Plaintiff's medical records, and defense experts' Rule 26

27  reports, under Federal Rules of Evidence 801 and 802.

28      Under Federal Rules of Evidence 803(8), "a record or statement of a public

office" — such as police records and the District Attorney's memorandum — is an exception to the hearsay rule and thereby admissible if it "sets out . . . factual findings from a legally authorized investigation". *See* Fed. R. Evid. 803(8)(A)(iii). These records were created by law enforcement officers and prosecutorial agencies in the regular course of their official duties and document matters observed and factual findings resulting from an investigation or other official duty, and are thereby admissible.

Plaintiff's toxicology report and medical records are also admissible under Federal Rules of Evidence 803(4) and (6). This evidence is admissible as business records because they were made at or near the time of the events by personnel with knowledge, kept in the course of regularly conducted medical and laboratory activities, and maintained as a part of routine practices. *See* Fed. R. Evid. 803(6). Further, statements in the medical records concerning substance use and history are admissible as they were "made for — and [are] reasonably pertinent to — medical diagnosis and treatment". *See* Fed. R. Evid. 803(4)(A). The toxicology and medical records are highly probative of Plaintiff's intent, motive, and state of mind, as well as damages. Their probative value is grounded in objective measurements and clinical observations that are central to a jury's evaluation.

Finally, defense experts' Rule 26 reports are admissible under Federal Rules of Evidence 703 as expert witnesses may base their opinions on facts and data — including eyewitness statements, police reports, toxicology results, and medical records — that experts in their field "would reasonably rely on . . . in forming an opinion on the subject", regardless of those facts and data's admissibility. *See* Fed. R. Evid. 703. To the extent any portion of the underlying materials is deemed inadmissible, the Court may permit disclosure of such facts or data to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

Defendant's expert Phillip Sanchez incorporated the toxicology results

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

demonstrating Plaintiff's methamphetamine intoxication as part of his opinions in this case as to the Plaintiff's bizarre actions and behavior in this case and Deputy Alfred's conduct in response to the threat posed by Plaintiff. Such was included in his expert report timely disclosed in this case. (Andersen Decl., Ex. A).

Plaintiff's "hearsay within hearsay" objection does not warrant exclusion of the records in their entirety. Federal Rules of Evidence 805 permits admission where each layer of hearsay falls within an exception. Here, the records themselves are admissible under Federal Rules of Evidence 803. Any embedded statements by third parties can be admitted if they independently satisfy an applicable exception or may be disregarded without undermining the admissibility of the records themselves. To the extent the Court identifies particular embedded statements that do not fall within a hearsay exception, it may "restrict the evidence to its proper scope" and redact those statements, ensuring that only those portions of the records satisfying a hearsay exception under Federal Rules of Evidence 803 are introduced. *See* Fed. R. Evid. 105.

Because the evidence Plaintiff seeks to exclude qualifies as an exception to the hearsay rule under Federal Rules of Evidence 803, and because any hearsay-within-hearsay concerns can be resolved through limited redactions, Plaintiff's motion *in limine* should be denied. The evidence Plaintiff seeks to exclude evidence that directly affects material issues, including Plaintiff's motive, intent, and state of mind, and Plaintiff's claim for damages. Their probative value is not outweighed by any danger of unfair prejudice, particularly where the Court can issue limiting instructions.

## VI.    CONCLUSION

Based on the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion *in Limine* No. 3 to Exclude Drug Evidence.

///

///

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

DATED:  December 18, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Kayleigh A. Andersen_____
Eugene P. Ramirez, Esq.
Kayleigh A. Andersen, Esq.
Attorneys for Defendants, COUNTY OF
SAN BERNARDINO and
CHRISTOPHER ALFRED

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3**

## <u>DECLARATION OF KAYLEIGH ANDERSEN</u>

I, Kayleigh Andersen, declare as follows:

1.      I am an attorney at law duly authorized to practice before all the courts of the State of California and in all of the United States District Courts within the Central District of California. I am a partner in the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record herein for Defendants COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED (collectively "Defendants"). If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this declaration, except as to those matters that are stated on information and belief herein.

2.      Attached hereto as **Exhibit A**, is a true and correct copy of the Rule 26 expert report of Phillip Sanchez, which was served with the Defendants' expert disclosures on or about October 31, 2025.

3.      Attached hereto as **Exhibit B**, is a true and correct copy of the Rule 26 expert report of Scott DeFoe, which was served with the Plaintiff's expert disclosures on or about October 31, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 18, 2025 at Los Angeles, California.

*/s/ Kayleigh Andersen*
Kayleigh Andersen

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3**