**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: RDiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile: (213) 489-0552

**LAW OFFICES OF DALE K. GALIPO**
**Dale K. Galipo, Esq. (SBN 144074)**
dalekgalipo@yahoo.com
**Renee V. Masongsong, Esq. (SBN 281819)**
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiff, **STEFFON BARBER**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER,<br><br>        *Plaintiff,*<br><br>v.<br><br>COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED,<br><br>        *Defendants.* | Case No. 5:22-cv-00625-KK-DTBx<br><br>[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO ANY PRIOR OR SUBSEQUENT INCIDENTS INVOLVING DEFENDANT DEPUTY, UNRELATED CLAIMS, AND UNRELATED INCIDENTS INVOLVING OTHER EMPLOYEES; DECLARATION OF RODNEY S. DIGGS** |

Plaintiff STEFFON BARBER ("Plaintiff") submits the following Opposition to Defendants COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED's ("Defendants") Motion in Limine No. 1.: (1) prior incidents involving Deputy Alfred, (2) subsequent incidents involving Deputy Alfred, (3) incidents involving other SBCSD deputies, and (4) investigations of such incidents. [Dkt 107, at 3].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

On April 27, 2021, Deputy Christopher Alfred responded to a 911 call at 12013 White Avenue in Adelanto, California. Deputy Alfred shot Plaintiff Steffon Barber six times through the open rear hatch of Barber's vehicle while it was moving slowly in reverse at approximately 2-3 mph. Deputy Alfred struck Barber in the back of the head, causing permanent disability. Barber is now permanently wheelchair bound. Plaintiff claims that Deputy Alfred's use of deadly force was objectively unreasonable under the Fourth Amendment. Plaintiff further claims that the County of San Bernardino maintains unconstitutional policies, practices, and customs regarding use of force, particularly shooting at moving vehicles, and fails to adequately train deputies in de-escalation and crisis intervention.

As a result, Plaintiff hired Expert Witness Scott DeFoe, who has over 28 years of experience and knowledge of police officers' procedures and practices, and the rules governing standard responses, use of force, and an understanding of the perspectives officers must employ in events such as the instant case. Mr. DeFoe has opined that Deputy Alfred violated San Bernardino County Sheriff's Department Policy 3.608 regarding shooting at moving vehicles and violated POST training standards. (***Declaration of Rodney S. Diggs, Exhibit A, DeFoe's Rule 26 Expert Report***).

## II. Defendants' Motion Violates the Court's Scheduling Order Because It Is an Improper Compound Motion

Defendants' motion *in limine* to exclude evidence of other incidents involving Deputy Alfred and San Bernardino County Sheriff's Department personnel is procedurally improper and substantively meritless. This Court should deny the motion on two independent grounds.

First, Defendants' motion violates this Court's Civil Trial Scheduling Order (Dkt. 47), which expressly provides that "[m]otions *in limine* shall not be compound, i.e., each motion shall address only one item of evidence or witness." Defendants' motion seeks to exclude multiple categories of evidence in a single motion: (1) prior incidents involving Deputy Alfred, (2) subsequent incidents involving Deputy Alfred, (3) incidents involving other SBCSD deputies, and (4) investigations of such incidents. This improper compound motion circumvents the Court's five-motion limit and deprives Plaintiff of the opportunity to properly respond to distinct evidentiary issues. Defendants cannot be permitted to make an end-run around the Court's scheduling requirements by packaging multiple evidentiary exclusions into one omnibus motion.

Second, even if the motion were procedurally proper, the evidence Defendants seek to exclude is highly relevant and admissible for multiple purposes. The evidence is directly relevant to Plaintiff's Monell claim against the County, which alleges an unconstitutional custom, practice, and policy of excessive force and inadequate training. Evidence of other incidents involving Deputy Alfred and SBCSD personnel is probative of the County's knowledge of constitutional violations, demonstrates a pattern or practice of excessive force, and establishes the County's deliberate indifference to the need for proper training and supervision. Such evidence is admissible under *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1236

(9th Cir. 2011), which recognizes that "[a] custom or practice can be supported by evidence of repeated constitutional violations."

Additionally, the evidence Defendants seek to exclude may be relevant to questioning during voir dire to determine whether potential jurors are aware of other incidents involving the County of San Bernardino, and during examination of the Parties' police practices expert to establish the number of cases either expert has handled involving the County of San Bernardino.

Moreover, evidence of Deputy Alfred's prior use of force incidents is admissible under Federal Rule of Evidence 404(b) for non-propensity purposes, including to show intent, knowledge, absence of mistake, and lack of accident. Such evidence is particularly relevant where, as here, Deputy Alfred claims his use of deadly force was justified based on his perception of an immediate threat. Evidence that Deputy Alfred has a history of using excessive force in similar circumstances is probative of his state of mind and his departure from proper training and protocols.

It is critical for the jury to understand that Deputy Alfred's shooting of Mr. Barber was not an isolated incident, but rather part of a broader pattern of constitutional violations by SBCSD deputies that the County failed to prevent through adequate policies, training, and supervision. Plaintiff must be permitted to present evidence establishing the County's knowledge of repeated excessive force incidents and its deliberate indifference to the obvious need for better training.

Accordingly, the Court should deny Defendants' motion on this procedural ground alone, without prejudice to Defendants filing separate, compliant motions addressing discrete evidence items, if they have motions remaining within their five-motion limit. Defendants' attempt to make an end-run around the Court's scheduling order should not be rewarded.

### III. Evidence of Other Incidents Involving San Bernardino County Sheriff's Department Deputies Is Admissible to Prove Plaintiff's Monell Claim

Plaintiff's Monell claim against the County of San Bernardino requires proof that the County's policy, custom, or practice caused the constitutional violation that Plaintiff suffered. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). To establish a pattern or custom, Plaintiff must show sufficiently similar prior incidents to demonstrate the County's deliberate indifference to the need for training, supervision, or policy changes. The evidence of other excessive force incidents involving San Bernardino County Sheriff's Department deputies is directly relevant and admissible to prove critical elements of Plaintiff's Monell claim.

The evidence of other incidents is relevant to prove that: (1) the County had notice of a need to train and supervise deputies on the use of deadly force, de-escalation techniques, and responding to individuals in crisis; (2) the County was deliberately indifferent to that need by failing to implement adequate training, supervision, or policy changes despite knowledge of a pattern of similar constitutional violations; (3) the County had a custom of ratifying excessive force by determining that objectively unreasonable uses of force were "within policy" and failing to discipline deputies who violated constitutional rights; and (4) the County's failures were the moving force that caused Deputy Alfred's violation of Plaintiff Barber's Fourth Amendment rights.

The prior incidents Plaintiff seeks to introduce involved similar fact patterns of San Bernardino County Sheriff's Department deputies using excessive force against individuals who did not pose an immediate threat of death or serious bodily injury. In *Archibald v. County of San Bernardino*, case number 5:16-cv-1128, a jury awarded $33.5 million in a case involving excessive use of deadly force by County deputies. The jury found that County Deputy Woods used deadly force against an

unarmed decedent who posed no immediate threat. Significantly, the County accepted *Woods*' version of the shooting and found it was "within policy," yet Woods continued to work as a county deputy and later shot another civilian, Ryan Martinez, on January 14, 2018, under similar circumstances—without giving commands, without warning, and when there was no immediate threat of serious bodily injury to anyone. This pattern of ratification followed by repeated violations directly demonstrates the County's deliberate indifference and custom of approving unconstitutional conduct.

In *Young v. County of San Bernardino*, case number 5:15-cv-01102, a jury in 2016 found that the 2014 shooting of Keivon Young by a County deputy was excessive and unreasonable and awarded a high six-figure verdict. In *V.R. v. County of San Bernardino*, case number 5:19-cv-01023, a unanimous jury found in April 2022, that the shooting of Juan Ramos by a County deputy was excessive and unreasonable and violated the Bane Act. These incidents put the County on notice that its training and supervision practices were inadequate and that deputies repeatedly used excessive force in similar circumstances. The pattern of jury verdicts, settlements, and ongoing incidents demonstrates that the County was aware of the risk but failed to take corrective action.

This evidence is not being offered to prove Deputy Alfred's character or propensity to act in conformity with prior bad acts under Federal Rule of Evidence 404(a). Rather, it is offered for the permissible purposes enumerated in Federal Rule of Evidence 404(b)(2), including proving notice, intent, plan, and absence of mistake. The evidence shows that the County had notice of a pattern of deputies using excessive force in circumstances where individuals did not pose an immediate threat, yet the County failed to implement adequate training on de-escalation, use of cover and distance, verbal warnings before deadly force, and tactical responses to

moving vehicles. The County's pattern of ratifying these incidents by finding them "within policy" further demonstrates deliberate indifference.

Plaintiff's police practices expert, Scott DeFoe, will testify that Deputy Alfred's actions violated basic law enforcement training standards, including failing to use time, distance, and cover; failing to give verbal warnings before using deadly force; failing to identify himself as a law enforcement officer; and violating the County's own policy regarding shooting at moving vehicles. DeFoe will further testify that the County failed to properly train Deputy Alfred on these critical subjects and ratified Alfred's conduct by determining it was "within policy." The prior incidents are directly relevant to support DeFoe's opinions by showing that the County had notice of similar training failures in past cases yet failed to implement necessary reforms.

Without evidence of the prior incidents, Plaintiff cannot meet his burden of proof on the Monell claim. The County would effectively be shielded from liability despite a clear pattern of constitutional violations resulting from inadequate training and supervision. The evidence of other incidents is essential to demonstrate that Deputy Alfred's use of excessive force was not an isolated incident but rather the predictable result of systemic failures by the County. The pattern of similar incidents, followed by the County's consistent failure to discipline deputies or implement training reforms, establishes the deliberate indifference necessary to support municipal liability under Monell.

**IV.   The Probative Value of the Evidence Substantially Outweighs Any Risk of Unfair Prejudice Under Federal Rule of Evidence 403**

The evidence of other incidents involving San Bernardino County Sheriff's Department deputies is highly probative because it is essential to proving the Monell claim and demonstrates the County's knowledge and deliberate indifference. This evidence directly proves material facts that are elements of the Monell claim: that

the County had notice of a pattern of excessive force incidents arising from inadequate training and supervision, that the County failed to take corrective action despite this notice, and that the County's deliberate indifference was the moving force behind Deputy Alfred's constitutional violation. The probative value of this evidence is substantial and goes to the heart of Plaintiff's municipal liability claim against the County.

Any risk of prejudice can be effectively mitigated through limiting instructions to the jury. The Court can instruct the jury that evidence of other incidents is admitted solely for the purpose of evaluating the County's training, supervision, and customs, and not for the purpose of showing that Deputy Alfred has a propensity to use excessive force or that he acted in conformity with any alleged bad character. Such limiting instructions are routinely used to address potential prejudice while allowing admission of highly probative evidence. The jury is presumed to follow the Court's instructions, and there is no reason to believe that a properly instructed jury would misuse the evidence of other incidents.

Moreover, the evidence of other incidents is not being offered to inflame the jury or to suggest that Deputy Alfred is a "bad person." Rather, it is offered to prove specific legal elements of municipal liability—namely, that the County had notice of a pattern of similar constitutional violations and failed to adequately respond through training, supervision, or policy changes. The evidence will be presented in a professional manner through expert testimony, case records, and jury verdicts that objectively demonstrate the pattern of incidents and the County's response. There is nothing inherently inflammatory about evidence showing that the County faced similar lawsuits in the past, particularly when that evidence is necessary to prove an essential element of Plaintiff's claim.

Courts recognize that evidence of prior similar incidents is often necessary to establish the pattern required for Monell liability. The Ninth Circuit in *Henry v.*

*Shasta County* held that "post-event evidence is not only admissible for purposes of proving existence of municipal defendant's policy or custom to violate federal rights, in § 1983 action, but is highly probative with respect to that inquiry" (*Henry v. County of Shasta*, 132 F.3d 512 (1997)). The Ninth Circuit has consistently held that excluding such evidence would improperly shield municipalities from liability for systemic failures that cause constitutional violations. The evidence in this case fits squarely within the well-established framework for admitting evidence of prior incidents in Monell claims. The County's prior settlements, jury verdicts, and ongoing pattern of similar incidents are precisely the type of evidence that must be admitted allowing Plaintiff to prove municipal liability.

The Court can fashion appropriate limiting instructions to ensure the jury understands the proper purpose of the evidence. For example, the Court can instruct the jury that: "Evidence of other incidents involving San Bernardino County Sheriff's Department deputies has been admitted solely for the limited purpose of determining whether the County had notice of a need for training or supervision and whether the County was deliberately indifferent to that need. You may not use this evidence to conclude that Deputy Alfred has a propensity to use excessive force or that he acted in conformity with any alleged pattern of behavior. You may consider this evidence only in evaluating the County's training, policies, and customs during the Monell phase of trial." Such an instruction would adequately protect against any risk of prejudice while allowing the jury to consider evidence that is essential to Plaintiff's Monell claim.

For all these reasons, the probative value of the evidence of other incidents substantially outweighs any risk of unfair prejudice. The evidence is essential to proving Plaintiff's Monell claim, will be presented in a separate phase of the trifurcated trial, and can be accompanied by limiting instructions to ensure it is used only for proper purposes. Excluding this evidence would effectively grant the

County immunity from liability for systemic failures that have resulted in a clear pattern of constitutional violations. The Court should deny Defendants' motion and allow Plaintiff to present this necessary evidence during the Monell phase of trial.

### V. Subsequent Incidents Are Relevant Under Rule 401

Subsequent incidents of officer misconduct are most clearly admissible when offered to establish municipal liability under Monell claims. In *Velazquez v. City of Long Beach*, the Ninth Circuit held that "evidence of prior citizen complaints and internal affairs incidents about police officer's use of force was admissible to establish municipal liability" because "jury might have been able reasonably to infer from prior complaints that city police department was aware that officer had previously used excessive force when making arrests, but had taken no steps to curb his propensity" (Velazquez v. City of Long Beach, 793 F.3d 1010 (2015)). Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact of consequences more or less probable. In § 1983 cases involving excessive force, unlawful detention, or constitutional violations, intent and objective reasonableness are often disputed. Subsequent seminal conduct may shed light on whether the officer's conduct in the instant case was accidental, mistaken, or instead a part of a boarder pattern of unconstitutional behavior.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion in Limine No. 1 should be denied. The evidence of other incidents involving San Bernardino County Sheriff's Department deputies is essential to proving Plaintiff's Monell claim against the County. This evidence is admissible under Federal Rule of Evidence 404(b) because it is not being offered for an improper character purpose, but rather to prove notice, deliberate indifference, and a pattern of similar constitutional violations arising from inadequate training and supervision.

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendants' Motion in Limine No. 1.

Dated: December 18, 2025

**IVIE McNEILL WYATT PURCELL & DIGGS**

By: /s/ Rodney S. Diggs
Rodney S. Diggs
Brandon Tanter
Attorneys for Plaintiff,
STEFFON BARBER

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ Renee V. Masongsong
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff,
STEFFON BARBER

# DECLARATION OF RODNEY S. DIGGS

I, Rodney S. Diggs, declare as follows:

1. I am a partner with Ivie McNeill Wyatt Purcell & Diggs APLC, attorneys for Plaintiff Steffon Barber. The following is within my own personal knowledge, and if called upon to testify I could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's retained police practices expert, Scott Defoe, Rule 26 Report, dated October 31, 2025.

3. In accordance with Local Rule 7-3, prior to the filing of the motion/opposition, on December 4, 2025, Defendants' counsel and Plaintiff's telephonically met and conferred regarding the issues presented in Defendants' meet and confer letter outlining the issues presented in this motion. Plaintiff's counsel stated that they had reviewed Defendants' correspondence and would oppose Defendants' forthcoming motion. Thus, the parties were unable to resolve the issues informally.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of December 2025, at Los Angeles, California.

       /s/ Rodney S. Diggs
       Declarant