Eugene P. Ramirez, Esq. (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh A. Andersen (State Bar No. 306442)
  *Kayleigh.Andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>                Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>*[Assigned to the Honorable District Judge Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS' NOTICE OF ERRATA RE: EXHIBIT A TO OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF, ARGUMENT REGARDING, OR REFERENCES TO PLAINTIFF STEFFON BARBER'S CRIMINAL RECORD AND PRIOR BAD ACTS; DECLARATION OF KAYLEIGH A. ANDERSEN**<br><br>Judge: Hon. Kenly Kiya Kato<br>Date:  January 8, 2026<br>Time:  10:30 a.m. |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Defendants COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED attached incorrect exhibit A to the Opposition to Plaintiff's Motion in Limine No. 1 to Exclude Evidence of Argument Regarding, or references to Plaintiff Steffon Barber's Criminal Record and Prior Bad Acts: Declaration of Kayleigh A.

---

**DEFENDANTS' NOTICE OF ERRATA**

1  Andersen.

2      Attached it the CORRECT exhibit A to the Opposition to Plaintiff's Motion
3  in Limine No. 1 to Exclude Evidence of Argument Regarding, or references to
4  Plaintiff Steffon Barber's Criminal Record and Prior Bad Acts: Declaration of
5  Kayleigh A. Andersen.

6  DATED:  December 19, 2025  **MANNING & KASS**
7                                          **ELLROD, RAMIREZ, TRESTER LLP**

                                 By:      /s/ Kayleigh A. Andersen
                                      Eugene P. Ramirez, Esq.
                                      Kayleigh A. Andersen, Esq.
                                      Attorneys for Defendants, COUNTY OF
                                      SAN BERNARDINO and
                                      CHRISTOPHER ALFRED

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

STEFFON BARBER, an          )
individual,                 )
                            )
        Plaintiff,          )
                            )
        vs.                 ) Case No.
                            ) 5:22-cv-00625-KK-SHK
COUNTY OF SAN BERNARDINO,   )
a municipal entity, and     )
DOES 1 THROUGH 10,          )
inclusive,                  )
                            )
        Defendant.          )
_____)

REMOTE DEPOSITION OF

STEFFON TODD BARBER

APPEARING REMOTELY VIA ZOOM

SEPTEMBER 9, 2025

Reported by:
F. ELOIS DUNCAN
CSR NO. 4066
Job No. 13309719



THE SULLIVAN GROUP OF COURT REPORTERS
AN ESQUIRE DEPOSITION SOLUTIONS COMPANY

```
 1   period talking about before 2014; is that fair?              9:30AM
 2        A    Yes, ma'am.
 3        Q    Okay.
 4             Other than this current lawsuit, have you ever
 5   been a party to a lawsuit before?                            9:30AM
 6        A    No.
 7        Q    Prior to this incident, have you ever been
 8   convicted of a felony?
 9        A    Yes.
10        Q    Okay.                                              9:31AM
11             How many times?
12        A    I can't -- I can't recall.  More than once.
13        Q    Okay.
14             Do you recall an incident in December of 2017
15   that led to a four-year probation term?                      9:31AM
16        MR. DIGGS:  Well, objection to the extent it's not a
17   conviction in discussing probation, as it's not
18   admissible.
19             But you can answer if you recall.
20        THE WITNESS:  I really don't recall.                    9:31AM
21   BY MS. ANDERSEN:
22        Q    Do you recall at the time of this incident that
23   you were on felony probation?
24        MR. DIGGS:  Same objection; lacks foundation.
25   //                                                           9:31AM
```

```
 1   BY MS. ANDERSEN:                                                    9:31AM
 2        Q    You can answer, Mr. Barber.
 3        A    I can recall being on probation.
 4        Q    Do you recall pleading guilty to a felony child
 5   abuse that led to the four-year probation term?                     9:32AM
 6        MR. DIGGS:  Objection; vague as to scope and time;
 7   lacks foundation.
 8             You can answer.
 9        THE WITNESS:  Yeah.  Yeah, I do.
10   BY MS. ANDERSEN:                                                    9:32AM
11        Q    Okay.
12             Was that on your -- your daughter?
13        A    Yes.
14        Q    Okay.
15             And that was the probation, the felony probation          9:32AM
16   that you were on at the time of this incident with the
17   deputy; is that correct?
18        A    No.
19        Q    It wasn't?  Was it a different felony probation?
20        A    It was a different felony probation.                      9:32AM
21        Q    Okay.
22             What was that felony probation for that you were
23   on at the time of this incident?
24        A    It was an assault, I believe.  Assault on an
25   officer if I remember correctly.                                    9:33AM
```

| | | |
|---|---|---|
| 1 | Q   Okay. | 9:33AM |
| 2 | Do you recall the date of the incident that led | |
| 3 | to that conviction and probation? | |
| 4 | A   No. | |
| 5 | Q   Okay. | 9:33AM |
| 6 | Let's see -- how many times had you been | |
| 7 | arrested by the San Bernardino County Sheriff's Department | |
| 8 | prior to this incident? | |
| 9 | MR. DIGGS:   Again, objection -- hold on -- hold on. | |
| 10 | Objection; that's not likely to lead to the admissibility | 9:33AM |
| 11 | of the evidence to the extent you're just asking about | |
| 12 | arrest and not felony. | |
| 13 | But you may answer. | |
| 14 | THE WITNESS:   Too many to remember. | |
| 15 | BY MS. ANDERSEN: | 9:33AM |
| 16 | Q   Would you say it was more than five times you | |
| 17 | have been arrested by the San Bernardino County Sheriff's | |
| 18 | Department prior to this incident? | |
| 19 | MR. DIGGS:   Same objections; calls for speculation. | |
| 20 | THE WITNESS:   It seems like every time they came | 9:34AM |
| 21 | out, whether I called or the neighbor called -- seems like | |
| 22 | whenever they were in the area, the neighbor called or | |
| 23 | anybody called, whenever the police came out, I went to | |
| 24 | jail for anything.  That's what it seems like.  I don't | |
| 25 | know if that's an answer or not. | 9:34AM |

```
 1   BY MS. ANDERSEN:                                              9:34AM
 2        Q    Okay.
 3             And do you recall an arrest by the San
 4   Bernardino County Sheriff's Department on April 7th of
 5   2021?  So about 20 days before this incident.                 9:35AM
 6             MR. DIGGS:  Objection; that is not likely to lead to
 7   the admissibility of admissible evidence.
 8             But go ahead.
 9             THE WITNESS:  That's what -- that's what I just
10   mentioned.  That's what I just mentioned now of the           9:35AM
11   assault.
12   BY MS. ANDERSEN:
13        Q    Assault on a deputy; is that correct?
14        A    Yes.
15        Q    Okay.                                               9:35AM
16             Do you recall what the terms of your felony
17   probation were at the time you had contact with the deputy
18   on April 27th, 2021?
19        A    Can you say that -- can you say the --
20        Q    Yeah.                                               9:35AM
21             Do you recall the terms?  Like, the court reads
22   your terms.  You have a paper that tells you what your
23   felony conditions are?
24        A    The felony conditions, yeah.
25        Q    Okay.                                               9:36AM
```

```
 1              And do you recall one of them being consent to       9:36AM
 2    law enforcement searches?
 3         A    Yeah, I never refused law enforcement searches.
 4    The officer --
 5              MR. DIGGS:  No, no, no.  There's no question,        9:36AM
 6    Mr. Barber.
 7    BY MS. ANDERSEN:
 8         Q    Thank you.
 9              I am asking specific questions.  Just do your
10    best to answer my questions and this process will be a lot    9:36AM
11    smoother so we're not all talking all over each other,
12    okay?
13         A    Yeah.
14         Q    Okay.
15              As a result of this incident on April 27th of       9:36AM
16    2021, you were found guilty of assault with a deadly
17    weapon by a jury; is that correct?
18         A    Can you repeat the question.
19         Q    Of course.
20              As a result of this incident on April 27th of       9:36AM
21    2021, the incident we're here to discuss, you were found
22    guilty of assault with a deadly weapon by a jury; correct?
23         A    Yes, ma'am.
24         Q    Okay.
25              And in that case the deputy, Deputy Alfred, was     9:37AM
```

```
 1   the victim of the assault; correct?                          9:37AM
 2        A    Yes.
 3        Q    Was that a yes?  I'm sorry.
 4        A    Yes.
 5        Q    Okay.                                              9:37AM
 6             And as part of this criminal case arising from
 7   the incident, you were also found to be in violation of
 8   your probation terms; is that correct?
 9        A    Yes.
10        Q    And that was because you failed to submit to the  9:37AM
11   law enforcement contact; is that correct?
12             MR. DIGGS:  Objection; calls for a legal conclusion.
13             THE WITNESS:  No.  That was because -- because of
14   the assault -- the assault in my terms and conditions, I
15   believe.  I never knew it was an officer.  So I don't       9:37AM
16   think that violated my terms and conditions.  I think they
17   were actually assault --
18   BY MS. ANDERSEN:
19        Q    Were you present for the sentencing?
20        A    Yes.                                              9:38AM
21        Q    Okay.
22             Do you recall the court during sentencing saying
23   that he, by a preponderance of the evidence, found that
24   you knew Deputy Alfred was a deputy?
25        A    No.  He said that he -- he believes that I --     9:38AM
```