UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>Assigned to:<br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Final Pretrial Conference<br>Date: 01/08/2026<br>Time: 10:30 A.M.<br>Place: Courtroom 3, 3rd Floor<br><br>Trial<br>Date: 01/26/2026<br>Time: 8:30 A.M.<br>Place: Courtroom 3, 3rd Floor |
|---|---|

# **TABLE OF CONTENTS**

1. THE PARTIES AND PLEADINGS ........................................................... 3
2. JURISDICTION .......................................................................................... 3
3. TRIAL DURATION ................................................................................... 3
4. JURY TRIAL .............................................................................................. 3
5. ADMITTED FACTS ................................................................................... 4
6. STIPULATED FACTS ................................................................................ 4
7. PARTIES' CLAIMS AND DEFENSES .................................................... 4
8. REMAINING TRIABLE ISSUES ............................................................ 13
9. DISCOVERY ............................................................................................ 13
10. DISCLOSURES AND EXHIBIT LIST .................................................... 14
11. WITNESS LISTS ...................................................................................... 14
12. MOTIONS IN LIMINE ............................................................................. 14
13. OTHER PRETRIAL MOTIONS .............................................................. 15
14. BIFURCATION ........................................................................................ 15
15. ADMISSIONS ........................................................................................... 16

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS**

    The Plaintiff is Steffon Barber.

    The Defendants are the County of San Bernardino and Deputy Christopher Alfred.

    Each of these parties has been served and has appeared. The pleadings which raise the issues are: Plaintiff's Second Amended Complaint (ECF No. 72) and Defendants' Answer to Plaintiff's Second Amended Complaint (ECF No. 78).

2. **JURISDICTION**

    It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), as those claims arise out of the same occurrence as Plaintiff's claim for excessive force under 42 U.S.C. § 1983 and the Fourth Amendment. Venue is proper in this Court under 28 U.S.C. § 1441(a) and 1446.

3. **TRIAL DURATION**

    The trial is estimated to take 6-7 court days.

4. **JURY TRIAL**

    The trial is to be a jury trial.

    Plaintiff and Defendants shall serve and file one set of agreed-upon jury instructions, one set of disputed, redlined jury instructions, and their proposed verdict forms no later than December 25, 2025. (ECF No. 47).

5. **ADMITTED FACTS**

The following facts are admitted and require no proof:

1. This incident occurred on April 27, 2021.
2. Defendant Christopher Alfred is and was an employee of the County of San Bernardino, specifically employed as a sheriff's deputy for the County of San Bernardino Sheriff's Department.
3. At the time of this incident, Defendant Christopher Alfred was acting in the course and scope of his employment with the County of San Bernardino.
4. At the time of this incident, Defendant Christopher Alfred was acting under color of law.
5. Deputy Christopher Alfred fired six shots during this incident.
6. One of Deputy Alfred's shots struck Mr. Barber in the head.

6. **STIPULATED FACTS**

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts."

7. **PARTIES' CLAIMS AND DEFENSES**

**Plaintiff's Claims:**

a. **Plaintiff plans to pursue the following claims against Defendants:**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
  Plaintiff contends that Defendant Christopher Alfred used excessive force when he shot him at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. The shooting also violated basic police training with respect to shooting at vehicles and their drivers. Plaintiff Steffon Barber brings this claim against Defendant Deputy Christopher Alfred. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical

and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**

Plaintiff brings this claim against Defendant County of San Bernardino for municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff contends that the County of San Bernardino maintained unconstitutional policies, customs, and practices, including inadequate training of deputies regarding the use of deadly force, shooting at vehicles and their drivers, and de-escalation techniques. The County's failure to adequately train its deputies in these critical areas amounts to deliberate indifference to the constitutional rights of persons with whom deputies come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989). Plaintiff also seeks compensatory damages, costs, and statutory attorneys' fees under 42 U.S.C. § 1988 on this claim.

- **Claim 3: Battery by a Peace Officer (Deadly Force)**

Plaintiff contends that Defendant Christopher Alfred, while acting in the course and scope of his employment as a County of San Bernardino police officer, used unreasonable deadly force when he shot Plaintiff at a time when Plaintiff posed no immediate threat of death or serious bodily injury to any person. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs

of future medical care, treatment, and services. Plaintiff also seeks punitive damages, costs, and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 4: Negligent Use of Deadly Force by a Peace Officer**

    Plaintiff contends that Defendant Christopher Alfred, while acting in the course and scope of his employment as a County of San Bernardino police officer, was negligent in using deadly force and in his pre-shooting tactics. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks costs and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

- **Claim 5: Violation of the Bane Act (Cal. Civ. Code § 52.1)**

    Plaintiff contends that Defendant Christopher Alfred deprived him of his constitutional rights when he used excessive deadly force against him. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages against Deputy Alfred, costs, and statutory attorneys' fees, including a multiplier pursuant to Cal. Civ. Code §52 et seq., under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code

§§815.2(a) on this claim.

- **Claim 6: Intentional Infliction of Emotional Distress**

    Plaintiff contends that Defendant Christopher Alfred's shooting was extreme and outrageous and taken with the intent of causing, or reckless disregard of the probability of causing him, emotional distress, and Plaintiff Steffon Barber did suffer severe and extreme emotional distress as a result of Christopher Alfred's shots fired upon him. Plaintiff Steffon Barber brings this claim against Defendant Christopher Alfred and the County of San Bernardino. Plaintiff seeks compensatory damages for his injuries, including for his disability, impairment, disfigurement, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation, as well as costs of future medical care, treatment, and services. Plaintiff also seeks punitive damages against Deputy Alfred, costs, and statutory attorneys' fees under this claim. The County of San Bernardino is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) on this claim.

b. **Elements Required to Establish Plaintiff's Claims**

- **Claim 1: Excessive Force (Fourth Amendment; 42 U.S.C. § 1983)**
    1. Defendant Christopher Alfred acted under color of law (stipulated);
    2. Defendant Christopher Alfred used excessive force against Plaintiff Steffon Barber;
    3. The excessive force was a cause of injury, damage, or harm to Plaintiff Steffon Barber.

    *See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.25 (2017 Ed., Sept. 2025 update); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

- **Claim 2: Unconstitutional Custom, Practice, and Policy (*Monell*; 42 U.S.C. § 1983)**
    1. The acts of Deputy Alfred deprived Steffon Barber of his

7

constitutional right to be free from excessive force;

2. Deputy Alfred acted under color of state law;

3. Deputy Alfred acted pursuant to a policy or longstanding practice or custom of Defendant County of San Bernardino;

4. The County of San Bernardino's policy or widespread or longstanding custom or practice, including a failure to train, caused the deprivation of Steffon Barber's rights; that is, Defendant County's policy or widespread or longstanding custom or practice, including a failure to train, is so closely related to the deprivation of Steffon Barber's rights as to be the moving force that caused the ultimate injury.

*See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); Ninth Circuit Model Jury Instructions, Instruction 9.5—Section 1983 Claim Against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof.

- **Claim 3: Battery by a Peace Officer (Deadly Force)**

  1. Defendant Christopher Alfred used deadly force against Plaintiff Steffon Barber;
  2. Defendant Christopher Alfred's use of deadly force was not necessary to defend human life;
  3. Steffon Barber was injured;
  4. Defendant Christopher Alfred's use of deadly force was a cause of injury to Plaintiff Steffon Barber.

*See* CACI 1305B (2025 Ed.).

- **Claim 4: Negligent Use of Deadly Force by a Peace Officer**

  1. Defendant Christopher Alfred used deadly force against Plaintiff Steffon Barber;

   2. Defendant Christopher Alfred's use of deadly force was negligent;
   3. Steffon Barber was injured;
   4. Defendant Christopher Alfred's use of deadly force was a cause of injury to Plaintiff Steffon Barber.

CACI 441 (2025 Ed.); *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).

- **Claim 5: Violation of Bane Act (Cal. Civ. Code § 52.1)**
   1. Defendant Christopher Alfred used excessive force against Plaintiff Steffon Barber;
   2. Defendant Christopher Alfred intended to violate Plaintiff Steffon Barber's rights, demonstrated by Defendant Christopher Alfred acting with reckless disregard for Plaintiff Steffon Barber's constitutional right to be free from excessive force;
   3. The use of excessive force was a cause of injury, damage, or harm to Plaintiff Steffon Barber.

*See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

- **Claim 6: Intentional Infliction of Emotional Distress**
   1. Deputy Alfred engaged in extreme and outrageous conduct when he shot Steffon Barber;
   2. Deputy Alfred acted with reckless disregard of the probability that Steffon Barber would suffer emotional distress;
   3. Steffon Barber suffered severe emotional distress;
   4. Deputy Alfred's extreme and outrageous conduct caused Steffon Barber's severe emotional distress.

CACI No. 1600—Intentional Infliction of Emotional Distress; *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

### c. Brief Description of the Key Evidence in Support of Each of the Claims

*The following evidence is applicable to each of Plaintiff's claims:*

1. Testimony by the following individuals:
   a. Steffon Barber (Plaintiff)
   b. Deputy Christopher Alfred (Defendant)
   c. Scott A. DeFoe (Plaintiff's police practices expert)
   d. Robert Morales, MSME (Plaintiff's accident reconstruction expert)
   e. Dr. Bennet Omalu, MD (Plaintiff's medical expert)
   f. Dr. Amy Magnusson (Plaintiff's medical/rehabilitation expert)
   g. Firefighter/Paramedic Ryan Murphy (SBCFD)
   h. Engineer/Paramedic Ryan Gilford (SBCFD)
   i. Fire Captain Daniel Tellez (SBCFD)
   j. Plaintiff Steffon Barber's treating physicians
   k. Plaintiff's treating physicians
2. Deputy Alfred's belt recording
3. Initial interview by Deputy Alfred, with transcript
4. Scene Photographs
5. Demonstratives/Power Point presentation by Robert Morales
6. Photographs of Plaintiff Steffon Barber's injuries caused by the shooting
7. Medical records from Arrowhead Regional Medical Center

*The following additional evidence is applicable to Plaintiff's Monell Claim:*

8. Materials regarding the following prior cases against the County of San Bernardino:
   a. *Archibald v. County of San Bernardino*, case number 5-16-cv-1128
   b. *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x)
   c. *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP

    d. *V.R. v. County of San Bernardino*, case number 5:19-cv-01023-JGB-SP

**Defendants' Contentions RE: Plaintiff's Claims:**

  Defendant Alfred's use of deadly force was objectively reasonable under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386 (1989). Any deputy in Defendant Alfred's position would reasonably conclude that Plaintiff posed an imminent threat of death or serious bodily injury. Defendant Alfred was required to make a split-second judgment in this "tense, uncertain, and rapidly evolving" situation. Under these facts, the force was reasonable.

  Defendant Alfred did not interfere with Plaintiff's legal rights by the use of threats, intimidation, or coercion. Defendant Alfred's actions were entirely reasonable as his sole intention in using force was to protect himself from the Plaintiff who posed an imminent threat of death or serious bodily injury.

  Defendants deny that the County of San Bernardino is vicarious liable. Defendants also deny that the County of San Bernardino maintained an unconstitutional policy, custom, or practice.

  Defendants deny the nature and extent of plaintiff's claimed damages and deny any and all liability.

**Defendants' Affirmative Defenses:**

 a. **Defendants plan to pursue the following affirmative defenses:**
- <u>Defense 1:</u> **Waiver, Estoppel, Unclean Hands**
- <u>Defense 2:</u> **Failure to Mitigate Damages**
- <u>Defense 3:</u> **Comparative Negligence**
- <u>Defense 4:</u> **Qualified Immunity**
- <u>Defense 5:</u> **Assumption of the Risk**

 b. **The elements required to establish Defendants' affirmative defenses are:**
- <u>Defense 1:</u> Plaintiff's action is barred by reason of conduct, actions and inactions of plaintiff which amounts to and constitutes a waiver of any

right plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

- Defense 2: Plaintiff had a duty to use reasonable efforts to mitigate damages. To prove a failure to avoid or reduce damages, defendants must prove by a preponderance of the evidence: (1) that Plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated with reasonable efforts.
- Defense 3: Plaintiff had a duty to use reasonable efforts to care for his own safety. To prove plaintiff's comparative negligence, defendants must prove by a preponderance of the evidence: (1) that Plaintiff was negligent (ordinary negligence); and (2) that Plaintiff's negligence was a substantial factor cause of his own harm.  (The amount of any damages awarded to plaintiff would then be reduced by the court by the percentage of fault apportioned to Plaintiff for his own injuries.)
- Defense 4: Under the doctrine of qualified immunity, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014).  The qualified immunity analysis consists of two prongs: (1) whether the facts the plaintiff alleges make out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020).

- Defense 5: Plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks associated with such danger, and (3) voluntarily exposed himself to those risks.

## 8. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Defendant Christopher Alfred used excessive force against Plaintiff Steffon Barber under 42 U.S.C. 1983 and the Fourth Amendment.
2. Whether the Defendant Christopher Alfred used unreasonable deadly force under state law, constituting a battery.
3. Whether Defendant Christopher Alfred was negligent with respect to his conduct toward Plaintiff Steffon Barber during the incident, including the negligent use of deadly force and pre-shooting negligence.
4. Whether Defendant Christopher Alfred violated the Bane Act.
5. Whether Defendant Christopher Alfred engaged in extreme and outrageous conduct with the reckless disregard of the probability that Steffon Barber would suffer emotional distress, which did cause Steffon Barber severe emotional distress.
6. Whether the County of San Bernardino maintained an unconstitutional custom, policy, and practice with respect to the use of deadly force, including failing to adequately train its sheriff's deputies with respect to shooting at vehicles and their drivers.
7. Whether Plaintiff was comparatively negligent.
8. The nature and extent of Plaintiff's damages, if any.

## 9. DISCOVERY

Discovery is complete, with the exception of one expert deposition that the Parties agreed to reschedule due to the expert's unexpected engagement in trial.

### 10. DISCLOSURES AND EXHIBIT LIST

All disclosures required under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

### 11. WITNESS LISTS

The witness lists of the parties have been filed under separate cover as required by L.R. 16-5.

Only the witnesses identified on these lists will be permitted to testify (other than solely for impeachment).

### 12. MOTIONS IN LIMINE

The following motions *in limine* have been filed with the Court:

1. Plaintiff's Motion *in Limine* No. 1 to Exclude Steffon Barber's Criminal Record.
2. Plaintiff's Motion *in Limine* No. 2 to Exclude the District Attorney's Conclusions and the County's "In-Policy" Findings.
3. Plaintiff's Motion *in Limine* No. 3 to Exclude Drug Use.
4. Defendants' Motion *in Limine* No. 1 to Exclude Reference to Any Prior or Subsequent Incidents Involving Defendant Deputy, Unrelated Claims, and Unrelated Incidents Involving Other Employees.
5. Defendant's Motion *in Limine* No. 2 to Exclude Plaintiff's Experts Scott DeFoe and Robert Morales.
6. Defendant's Motion *in Limine* No. 3 to Exclude Plaintiff's Expert Dr. Amy Magnusson.

7. Defendant's Motion *in Limine* No. 4 to Exclude Plaintiff's Expert Dr. Bennet Omalu.

8. Defendant's Motion in Limine No. 5 to Trifurcate Trial into Three Phases: (1) Liability Phase, Compensatory Damages Calculation, and Punitive Damages Predicate; (2) Punitive Damages Calculation, if Necessary; and (3) *Monell* Liability.

No other motions *in limine* are pending or contemplated.

## 13. OTHER PRETRIAL MOTIONS

The parties have met and conferred on all potential motions other than motions *in limine*. No other motions are contemplated. Defendants' Motion for Summary Judgment is still pending.

## 14. BIFURCATION

Bifurcation of the following issues for trial is ordered: The Parties have agreed to bifurcate the amount of punitive damages, if any, into a separate phase of trial. Defendants have filed a Motion *in Limine* No. 5 to Trifurcate Trial into Three Phases: (1) Liability Phase, Compensatory Damages Calculation, and Punitive Damages Predicate; (2) Punitive Damages Calculation, if Necessary; and (3) *Monell* Liability.

/ / /

/ / /

/ / /

/ / /

**15.     ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS SO ORDERED.

Dated:
_____                    _____

KENLY KIYA KATO

United States District Judge