1  Eugene P. Ramirez (State Bar No. 134865)
     *eugene.ramirez@manningkass.com*
2  Kayleigh Andersen (State Bar No. 306442)
     *kayleigh.andersen@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants, COUNTY OF
7  SAN BERNARDINO and DEPUTY
   CHRISTOPHER ALFRED
8
9  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo (SBN 144074)
   dalekgalipo@yahoo.com
10 Renee V. Masongsong (SBN 281819)
   rvalentine@galipolaw.com
11 21800 Burbank Blvd., Ste. 310
   Woodland Hills, CA 91367
12 Tel:   (818) 347-3333
   Fax:   (818) 347-4118
13
14 RODNEY S. DIGGS, Esq. (SBN 274459)
   Email: RDiggs@imwlaw.com
15 **IVIE MCNEILL WYATT PURCELL & DIGGS**
   444 South Flower Street, Suite 3200
16 Los Angeles, California 90071
   Tel:   (213) 489-0028
17 Fax:   (213) 489-0552
18 Attorneys for Plaintiff, STEFFON BARBER
19          **UNITED STATES DISTRICT COURT**
20    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
21
22 STEFFON BARBER, an individual,          Case No. 5:22-cv-00625-KK-DTBx
23          Plaintiff,                     *[District Judge, Kenly Kiya Kato,*
                                           *Magistrate Judge, David T. Bristow]*
24          v.
25 COUNTY OF SAN BERNARDINO               **JOINT [PROPOSED] AGREED-**
   and DEPUTY CHRISTOPHER                 **UPON JURY INSTRUCTIONS**
26 ALFRED,
                                          Trial Date: 1/26/26
27          Defendants
28

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, Plaintiff STEFFON BARBER and Defendants COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED (collectively herein after as "Defendants") hereby submit the following Proposed Agreed-Upon Jury Instructions to be provided to the jury at the time of trial, pursuant to Federal Rules of Civil Procedure 16 and 51; United States District Court, Central District of California Local Rules 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, 51-1, 51-2, 51-3 and 51-4 (as applicable); and the applicable Orders of the Court.

The Parties reserve the right to amend these [Proposed] Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders of the Court.

DATED:  December 23, 2025          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:  _____/s/ Kayleigh Andersen_____
        Eugene R. Ramirez
        Kayleigh A. Andersen
        Attorneys for Defendants, COUNTY OF
        SAN BERNARDINO and DEPUTY
        CHRISTOPHER ALFRED

Dated: December 23, 2025          LAW OFFICES OF DALE K. GALIPO


By_____*/s/ Dale K. Galipo*_____
        Dale K. Galipo
        Renee V. Masongsong
        Attorneys for Plaintiff, Steffon Barber

1

Dated: December 23, 2025

IVIE MCNEILL WYATT
PURCELL & DIGGS

2

3

By:   *s/ Rodney S. Diggs*

4

Rodney S. Diggs
Attorney for Plaintiff, Steffon Barber

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Claims and Defenses | Ninth Cir. 1.5 | 1 |
| 2. | Duty of Jury | Ninth Cir. 1.3 | 2 |
| 3. | Outline of Trial | Ninth Cir. 1.21 | 3 |
| 4. | Preponderance of the Evidence | Ninth Cir. 1.6 | 4 |
| 5. | What is Evidence | Ninth Cir. 1.9 | 5 |
| 6. | What is Not Evidence | Ninth Cir. 1.10 | 6 |
| 7. | Direct and Circumstantial Evidence | Ninth Cir. 1.12 | 7 |
| 8. | Ruling on Objections | Ninth Cir. 1.13 | 8 |
| 9. | Bench Conferences and Recesses | Ninth Cir. 1.20 | 9 |
| 10. | Credibility of Witnesses | Ninth Cir. 1.14 | 10 |
| 11. | Expert Opinion | Ninth Cir. 2.13 | 12 |
| 12. | Transcript of Tape Recording | Ninth Cir. 2.5 | 13 |
| 13. | Evidence in Electronic Format | Ninth Cir. 2.16 | 14 |
| 14 | Stipulations of Fact | Ninth Cir. 2.2 | 16 |
| 15. | Intentional Infliction of Emotional Distress – Essential Factual Elements | CACI 1600 | 17 |
| 16. | Causation | Judicial Council of Cal., Civil Jury Instructions (CACI) 430 | 18 |
| 17. | Vicarious Liability – Legal Relationship Not Disputed | CACI 3703 | 19 |
| 18 | Introductory Instruction | Ninth Cir. 9.1 | 20 |
| 19. | Elements and Burden of Proof | Ninth Cir. 9.3 | 21 |
| 20. | Damages – Proof | Ninth Cir. 5.1,5.2, CACI 3950A | 22 |
| 21. | Local Governing Body Defendants Based on Unconstitutional Custom, Practice, and Policy | Ninth Cir. 9.5, 9.8 | 24 |
| 22. | Conduct of the Jury | Ninth Cir. 1.15 | 26 |
| 23. | Duty to Deliberate | Ninth Cir. 3.1 | 28 |
| 24. | No Transcript Available to Jury | Ninth Cir. 1.17 | 29 |
| 25. | Taking Notes (Juror Notes) | Ninth Cir. 1.18 | 30 |
| 26. | Communication with the Court | Ninth Cir. 3.3 | 31 |
| 27. | Return of Verdict | Ninth Cir. 3.5 | 32 |

iv

## JURY INSTRUCTION NO. 1.: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the position of the parties:

This case arises from the shooting of Steffon Barber by County of San Bernardino Sheriff's Department Deputy Christopher Alfred on April 27, 2021. The Plaintiff in this case is Steffon Barber. The Defendants are the County of San Bernardino and Deputy Alfred.  Plaintiff contends that Deputy Alfred used excessive and unreasonable deadly force, was negligent in his conduct with Mr. Barber, and acted with reckless disregard for Mr. Barber's constitutional right to be free from excessive force. Plaintiff seeks damages to the extent permitted by law.

The defendants deny these claims and contend that Deputy Alfred's use of force was reasonable under the circumstances.

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.5.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 2.: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions (2017), § 1.3.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 3.: OUTLINE OF TRIAL

Trials proceed in the following way:

First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.21.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

# JURY INSTRUCTION NO. 4.: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.6.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 5.: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits that are admitted into evidence;

3.   any facts to which the lawyers have agreed; and

4.   any facts that I may instruct you to accept as proved.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.9.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 6.: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.10.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 7.: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), §1.12.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **JURY INSTRUCTION NO. 8.: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

## **AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.13.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**JOINT AGREED-UPON [PROPOSED] JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 9.: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.20.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 10.: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**JOINT AGREED-UPON [PROPOSED] JURY INSTRUCTIONS**

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**<u>AUTHORITY</u>**

**<u>SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.14.</u>**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 11.: EXPERT OPINION

You have heard testimony from expert witnesses in this case, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering a witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 2.13.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

1    **JURY INSTRUCTION NO. 12.: TRANSCRIPT OF TAPE RECORDING**

2

3    During this case, you may [are about to listen] [have listened] to a recording

4    that has been received in evidence. Please listen to it very carefully. Each of you may

5    be [has been] [was] given a transcript of the recording to help you identify speakers

6    and as a guide to help you listen to the recording. However, bear in mind that the

7    recording is the evidence, not the transcript. If you [hear] [heard] something different

8    from what [appears] [appeared] in the transcript, what you heard is controlling. After

9    the recording has been played, the transcript will be taken from you.

10

11    **AUTHORITY**

12    **SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017),**

13    **§ 2.5.**

14    TO BE GIVEN _____

15    GIVEN AS MODIFIED _____

16    WITHDRAWN _____

17    REFUSED _____

18

19

20

21

22

23

24

25

26

27

28

1    **JURY INSTRUCTION NO. 13.: EVIDENCE IN ELECTRONIC FORMAT**

2

3    Those exhibits received in evidence that are capable of being displayed

4    electronically will be provided to you in that form, and you will be able to view them

5    in the jury room. A computer, projector, printer and accessory equipment will be

6    available to you in the jury room.

7    A court technician will show you how to operate the computer and other

8    equipment; how to locate and view the exhibits on the computer; and how to print the

9    exhibits. You will also be provided with a paper list of all exhibits received in

10   evidence. You may request a paper copy of any exhibit received in evidence by

11   sending a note through the [clerk] [bailiff]. If you need additional equipment or

12   supplies or if you have questions about how to operate the computer or other

13   equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or

14   by one or more members of the jury. Do not refer to or discuss any exhibit you were

15   attempting to view.

16   If a technical problem or question requires hands-on maintenance or

17   instruction, a court technician may enter the jury room with [the clerk] [the bailiff]

18   present for the sole purpose of assuring that the only matter that is discussed is the

19   technical problem. When the court technician or any nonjuror is in the jury room, the

20   jury shall not deliberate. No juror may say anything to the court technician or any

21   nonjuror other than to describe the technical problem or to seek information about

22   operation of the equipment. Do not discuss any exhibit or any aspect of the case.

23   The sole purpose of providing the computer in the jury room is to enable jurors

24   to view the exhibits received in evidence in this case. You may not use the computer

25   for any other purpose. At my direction, technicians have taken steps to ensure that the

26   computer does not permit access to the Internet or to any "outside" website, database,

27   directory, game, or other material. Do not attempt to alter the computer to obtain

28   access to such materials. If you discover that the computer provides or allows access

to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

## **AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 2.16.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 14.: STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1. At all times during the incident, Defendant Deputy Christopher Alfred was acting under color of state law.

2. At all times during the incident, the Defendant Deputy Christopher Alfred was acting within the scope and course of his employment with the County of San Bernardino.

3. Defendant Deputy Christopher Alfred fired six shots during this incident.

4. Plaintiff Steffon Barber was struck in the head by one of Defendant Deputy Christopher Alfred's shots.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 2.2.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

# JURY INSTRUCTION NO. 15: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL FACTUAL ELEMENTS

Plaintiff Steffon Barber claims that Defendant Christopher Alfred's conduct caused him to suffer severe emotional distress. To establish this claim, Plaintiff Steffon Barber must prove all of the following:

1. That Defendant Christopher Alfred's conduct was outrageous;

2. That Defendant Christopher Alfred acted with reckless disregard of the probability that Steffon Barber would suffer emotional distress;

3. That Plaintiff Steffon Barber suffered severe emotional distress; and

4. That Deputy Christopher Alfred's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

**SOURCE:** CACI 1600 (2025 Ed.).

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## <u>JURY INSTRUCTION NO. 16: CAUSATION (CALIFORNIA LAW
CLAIMS)</u>

In order to establish liability [for Plaintiff's California law claims], as explained in the foregoing instructions, the plaintiffs must prove by a preponderance of the evidence that the conduct of Defendant Deputy Christopher Alfred was a substantial factor in causing Plaintiff's harm/injuries.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

## <u>AUTHORITY</u>
**<u>SOURCE: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 430
(modified to clarify applicability only to state-law claims).</u>**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **PLAINTIFF'S DISPUTED PROPOSED INSTRUCTION NO. 17:**
## **VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED**

This instruction applies only to Plaintiff's claims arising under California state law.

In this case, Deputy Christopher Alfred is an employee of the County of San Bernardino.

Where Deputy Christopher Alfred was acting within the scope of his employment when the incident occurred, then the County of San Bernardino is responsible for any harm caused by Deputy Christopher Alfred's wrongful conduct.

The parties have stipulated that Deputy Christopher Alfred was acting within the scope of his employment during this incident.

**SOURCE: CACI 3703, (2025 Ed.).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 18: SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings his claim for violations of his constitutional rights under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.1.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## JURY INSTRUCTION NO. 19: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against Defendant Deputy Christopher Alfred, Plaintiff Steffon Barber must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Deputy Christopher Alfred acted under color of state law; and

2.      The acts of Defendant Deputy Christopher Alfred deprived Plaintiff Steffon Barber of his particular rights under the United States Constitution as explained in later instructions.

The Parties have stipulated that Defendant Deputy Christopher Alfred was acting under color of law at the time of the incident.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements Plaintiff is required to prove under the instructions I am about to review with you, your verdict should be for the Plaintiff on the Plaintiff's § 1983 claim.

If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants on Plaintiff's § 1983 claim.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.3.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

21

## JURY INSTRUCTION NO. 20: DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

You should consider the following:

1.      The nature and extent of the injuries;

2.      The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3.      The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4.      The reasonable value of necessary medical and psychological care, treatment, and services received to the present time; and

5.      The reasonable value of necessary medical and psychological care, treatment, and services that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

///

///

///

**JOINT AGREED-UPON [PROPOSED] JURY INSTRUCTIONS**

## **AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017),**

**§§ 5.1, 5.2; CACI 3905A (2021).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

# JURY INSTRUCTION NO. 21: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON UNCONSTITUTIONAL CUSTOM, PRACTICE AND POLICY

To prevail on Plaintiff's § 1983 claim against the County of San Bernardino alleging liability based on an official policy, practice, or custom, Steffon Barber mustprove each of the following elements by a preponderance of the evidence:

First, Deputy Alfred acted under color of state law. The Parties have stipulated that Deputy Alfred acted under color of state law.

Second, the acts of Deputy Alfred deprived Mr. Barber of particular rights under the United States Constitution as explained in previous instructions;

Third, Deputy Alfred acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the County of San Bernardino, including a longstanding practice or custom of failing to adequately train its deputies as follows:

- the training policies of the County of San Bernardino were not adequate to train its deputies to handle the usual and recurring situations with which they must deal;

- the County of San Bernardino was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately.

Fourth, the County of San Bernardino's official policy or widespread or longstanding practice or custom caused the deprivation of Mr. Barber's rights by Deputy Alfred; that is, the County of San Bernardino's official policy or widespread or longstanding practice or custom, including that of failing to adequately train its deputies, is so closely related to the deprivation of Mr. Barber's rights as to be the moving force that caused the ultimate injury.

24

1

## **<u>AUTHORITY</u>**

2 **<u>SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017),</u>**

3 **<u>§§ 9.5, 9.8.</u>**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 22: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn

**JOINT AGREED-UPON [PROPOSED] JURY INSTRUCTIONS**

about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## **AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.15.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

///

## JURY INSTRUCTION NO. 23: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 3.1.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**JOINT AGREED-UPON [PROPOSED] JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 24: NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.17.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **JURY INSTRUCTION NO. 25: TAKING NOTES (JUROR NOTES)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## **AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.18.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**JOINT AGREED-UPON [PROPOSED] JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 26: COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**AUTHORITY**

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 3.3.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

31

## JURY INSTRUCTION NO. 27: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

## AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 3.5 (modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____