RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiff STEFFON BARBER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>Assigned to:<br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**JOINT PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br><u>Final Pretrial Conference</u><br>Date: 01/08/2026<br>Time: 10:30 A.M.<br>Place: Courtroom 3, 3rd Floor<br><br><u>Trial</u><br>Date: 01/26/2026<br>Time: 8:30 A.M.<br>Place: Courtroom 3, 3rd Floor |

1    Pursuant to Local Rule 16-4 and this Court's Civil Trial Order [Dkt. 39], The
2    Parties hereby submit their Joint Proposed Disputed Jury Instructions. The Parties have
3    redlined the competing instructions where feasible. The Parties reserve the right to
4    amend these [Proposed] Jury Instructions, subject to any objections, motions *in limine*,
5    and applicable Orders of the Court.

6
7    Respectfully submitted,

8
9    Dated: December 23, 2025          LAW OFFICES OF DALE K. GALIPO

10
11                                     By_____/s/ Dale K. Galipo_____
12                                       Dale K. Galipo
                                         Renee V. Masongsong
13                                       Attorneys for Plaintiff, Steffon Barber

14    Dated: December 23, 2025          IVIE MCNEILL WYATT
15                                      PURCELL & DIGGS

16                                     By:  s/ Rodney S. Diggs_____
17                                       Rodney S. Diggs
18                                       Attorney for Plaintiff, Steffon Barber

19    DATED:  December 23, 2025         **MANNING & KASS**
20                                      **ELLROD, RAMIREZ, TRESTER LLP**

21

22
23                                     By:  _____/s/ Kayleigh Andersen_____
24                                       Eugene R. Ramirez
                                         Kayleigh A. Andersen
25                                       Attorneys for Defendants, COUNTY OF
26                                       SAN BERNARDINO and DEPUTY
                                         CHRISTOPHER ALFRED
27

28

**ii**

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Evidence for Limited Purpose | Ninth Cir. 1.11 | 1 |
| 2. | Limiting Instruction re Evidence of Suspect Intent, Motive, or Plan Evidence Unknown to Officer During Incident | *Boyd v. City & County of San Francisco*, 576 F.3d 938, 941-942 (9th Cir. 2009); *Estate of Chum v. City of Los Angeles*, 2014 U.S. App. LEXIS 19743, *2 (9th Cir. 2014); *Mendoza v. Gates*, 19 Fed. Appx. 514, 518-520 (9th Cir. 2001); *Casey v. Markgraf* (In re A.D.), 636 F.3d 555, 560 n. 2 (9th Cir. 2011); Fed. R. Evid. 401-402, 404 | 4 |
| 3. | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | Ninth Cir. 9.25 | 9 |
| 4. | Standard for California Law Claims re Reasonableness Related to a Seizure is Governed by the U.S. Fourth Amendment | *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. County of Los Angeles,* 47 Cal.App.4th 334, 349-350 (1996); *Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1272-1273 (2009); *Lopez v. City of Los Angeles*, 196 Cal.App.4th 675, | 15 |

iii

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

| | | | 690-692 (2011); see also Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. County of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Hayes v. County of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI 1300, 1301 | |
|---|---|---|---|---|
| 5. | Battery (Per Plaintiff: by Peace Officer (Deadly Force) | CACI 1305, 1305B | 19 |
| 6. | Negligent Use of Deadly Force by Peace Officer – Essential Factual Elements | CACI 441 | 26 |
| 7. | Negligence – "Reasonableness" | *Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013) | 32 |
| 8. | Reasonableness Under California Law | *Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013) | 35 |
| 9. | Reasonableness and Split-Second Judgments | *Graham v. Connor*, 490 U.S. 386, 396-397 (1989); *accord Wilkinson v. Torres*, 610 F.3d 546, 550-551 (9th Cir. 2010). | 38 |

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

| 10. | Comparative Negligence of Plaintiff | CACI 401, 405 | 41 |
| 11. | Causation – Multiple Cases | CACI 431 | 46 |
| 12. | Bane Act | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 48 |
| 13. | Damages – Mitigation | Ninth Cir. 5.3 | 52 |
| 14 | Damages if No Liability | CACI 3900 | 55 |
| 15. | Jurors Not to Consider Attorney Feed and Court Costs | CACI 3964 | 58 |
| 16. | Punitive Damages – Predicate – Federal Claims | Ninth Cir. 5.5 | 61 |
| 17. | Punitive Damages – Individual Defendants – Bifurcated Trial (First Phase) | CACI 3941 | 66 |
| 18 | Punitive Damages – Calculation | CACI 3942, Ninth Cir. 5.5 | 69 |

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

## DISPUTED JURY INSTRUCTION NO. 1.: EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.11.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION 1: EVIDENCE FOR LIMITED PURPOSE**

Plaintiff does not believe this instruction is necessary at this time.    Plaintiff's Motions in Limine seek to exclude certain evidence entirely.  At this time Plaintiff does not anticipate any evidence coming in for a limited purpose.

1  ## **DEFENDANTS' ARGUMENT RE: EVIDENCE FOR LIMITED PURPOSE**

2      Defendants, by way of opposing Plaintiff's Motions *in Limine* to exclude

3  certain evidence have requested that such evidence be admissible for a limited

4  purpose. therefore, based upon the rulings on the Motions *in Limine*, the instruction is

5  proper and necessary.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION 2.: LIMITING INSTRUCTION RE EVIDENCE OF SUSPECT INTENT, MOTIVE, OR PLAN EVIDENCE UNKNOWN TO OFFICER DURING INCIDENT

You are permitted to consider evidence of facts showing a suspect's intent, motive, or plan during an incident, even if such suspect intent-motive-plan facts were unknown to the peace officer at the time of the incident, where the offering party contends that such suspect intent-motive-plan facts corroborate (increase the likelihood of the existence of) facts that were actually observed and relied upon by that officer in that defendant officer's decision to use force during the incident.

Although an officer may not rely upon facts acquired after the incident to justify a use of force – for example, an officer may not contend that the officer considered facts acquired after the incident as though such facts were known to the officer during the incident itself – you are permitted to consider evidence showing a suspect's intent, motive, or plan during the incident where such suspect intent-motive-plan makes it more likely that the suspect acted during the incident consistently with the manner of suspect action observed and described by a peace officer or other witnesses.

**SOURCE: SPECIAL:** *Boyd v. City & County of San Francisco*, 576 F.3d 938, 941-942 (9th Cir. 2009); *Estate of Chum v. City of Los Angeles*, 2014 U.S. App. LEXIS 19743, *2 (9th Cir. 2014); *Mendoza v. Gates*, 19 Fed. Appx. 514, 518-520 (9th Cir. 2001); *Casey v. Markgraf (In re A.D.)*, 636 F.3d 555, 560 n. 2 (9th Cir. 2011); Fed. R. Evid. 401-402, 404.

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**4**

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION 2: LIMITING INSTRUCTION RE EVIDENCE OF SUSPECT INTENT, MOTIVE, OR PLAN EVIDENCE UNKNOWN TO OFFICER DURING INCIDENT**

This instruction proposed by Defendants is argumentative and is not based on any model instruction. CACI 441, CACI 1305B, and the Ninth Circuit Model Jury Instruction on Excessive Force (9.25) adequately instruct the jury on Plaintiff's substantive claims. No special instruction is needed.  Defendants' proposed instruction is also argumentative and invades the province of the jury by purporting to instruct them that Plaintiff Steffon Barber had some sort of plan, motive or intent when he reversed his vehicle, which is not supported by the evidence.

## DEFENDANTS' ARGUMENT RE: LIMITING INSTRUCTION RE EVIDENCE OF SUSPECT INTENT, MOTIVE, OR PLAN EVIDENCE UNKNOWN TO OFFICER DURING INCIDENT

Defendants, by way of opposing Plaintiff's Motions *in Limine* to exclude certain evidence have requested that such evidence be admissible for a limited purpose of evidence of Plaintiff's intent, motive, or plan. therefore, based upon the rulings on the Motions *in Limine*, the instruction is proper and necessary.

This instruction contains an accurate statement of the law and is necessary to explain the legal parameters regarding key information and, more specifically, Romero's actions, that may have been learned after the incident by defendant deputy. "In a case . . . where what the officer perceived just prior to the use of force is in disputed, evidence that may support one version of events over another is relevant and admissible." *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 948-949 (9th Cir. 2009).

In *Boyd*, the suspect had attempted to kidnap two separate girls at gunpoint: each of the girls resisted and the second girl called the police. *See Boyd*, 576 F.3d at 941-942. Local police then pursued; and during the high-speed pursuit, suspect Boyd fired out of his vehicle at the officers. *Id*. When Boyd finally stopped his car, officers surrounded the car and, at gunpoint, ordered the suspect to get out of the car, show his hands, and get down on the ground. *Id*. Suspect Boyd, who had prosthetic lower legs, initially got out of the car with his hands up, but then – instead of getting down on the ground – he walked toward the officers, then walked back to the car, sat on the dash, and reached inside the vehicle with his hands momentarily out of view. *Id*. Believing that Boyd might be reaching for a weapon, the defendant officer fired on Boyd, killing him. *Id*. Boyd's family sued the city and officer for excessive force, claiming that Boyd had been trying to surrender when he was shot, and that his hesitancy to get down on the ground had been innocuous due to mobility limitations arising from his prosthetic

1   legs. *Id*. The family thus disputed that the final vehicle-gun-reach occurred (*i.e.*, they

2   argued there was no threat). *Id*.

3          In response, at trial and over the Boyd family's objections, the trial court admitted

4   defendants' evidence to support a defense theory that Boyd had engaged in the

5   provocative actions at issue in an effort to commit suicide-by-cop – even though none

6   of the disputed evidence constituted facts known to the involved officers *during* the

7   incident. *Id*. Specifically, the defendants attacked the Boyd contention about lack of

8   mobility due to prosthetics by putting on evidence that just three days before the

9   shooting, Boyd had been arrested for reckless driving and, when ordered out of the car

10  and onto the ground by those prior-incident officers, Boyd had complied and got down

11  on the ground without assistance or issue. *Id*. at 942-945.

12         On review, notwithstanding the Boyd family's contentions that such evidence was

13  irrelevant (under Fed. R. Evid. 401) and unfairly prejudicial (under Fed. R. Evid. 403),

14  the Ninth Circuit *Boyd* Court affirmed the admission of evidence of pre-incident and

15  incident facts, even though they were unknown to the involved officers during the

16  incident. In doing so, the *Boyd* Court held that such evidence was admissible because

17  such unknown-to-the-officer evidence showed that Boyd had a motive, intent, and plan

18  *during* the incident that was the result of events that had occurred *before* the incident

19  encounter with defendant officers. *See id*. And that the existence of such motive, intent,

20  and plan (in the *Boyd* case, suicide-by-cop) made it more likely that Boyd acted in the

21  threatening, deliberately non-compliant manner *during* the incident as described by the

22  defendant officer. *See id*.

23         Thus, this instruction is essential to explain the defendant deputy's observations

24  of Barber's conduct and behavior before and during the use of force incident,

25  specifically Barber's criminal history of interacting with law enforcement and that

26  Barber had intent, motive, and a plan to harm the deputy due to being on probation

27  and likely going to prison, and that any information learned after the fact by deputy

28

**7**

1    that supports his observations can be used for the limited purpose explained in the

2    instruction.

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

**DISPUTED JURY INSTRUCTION NO. 3: PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE**

**DEFENDANTS' VERSION OF PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself or others, and/or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that defendant DEPUTY CHRISTOPHER ALFRED used excessive force on STEFFON BARBER during the incident at issue in this case.

Under the Fourth Amendment, a peace officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is  not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)    whether the Plaintiff posed an immediate threat to the safety of the officer or to others;

(2)    the nature of the crime or other circumstances known to the officer at the time force was applied;

(3)    whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

**9**

(4)     the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the relationship between the need for the use of force and the amount of force used;

(6)     the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(7)     any effort made by the officer to temper or to limit the amount of force; and

(8)     the severity of the security problem at issue.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable peace officer would conclude there is a fair probability that the Plaintiff has committed or was committing a crime.

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.25 (as modified); *Mattos v. Agarano*, 661 F.3d 433, 441-442 (9th Cir. 2011) (prioritizing the factors of *Graham v. Connor*, 490 U.S. 386 (1989)).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

1

2

3

## PLAINTIFF'S VERSION OF PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE

4      In general, a seizure of a person is unreasonable under the Fourth Amendment

5   if a police officer or sheriff's deputy uses excessive force in making a lawful arrest, in

6   defending himself or others, and/or in attempting to stop a fleeing or escaping suspect.

7   Therefore, in order to prove an unreasonable seizure in this case, ~~the plaintiffs~~

8   Plaintiff Steffon Barber must prove by a preponderance of the evidence that

9   Defendant Deputy Christopher Alfred used excessive force when he shot Plaintiff

10  Steffon Barber ~~on STEFFON BARBER during the incident at issue in this case~~.

11      Under the Fourth Amendment, a peace officer may use only such force as is

12  "objectively reasonable" under all of the circumstances. You must judge the

13  reasonableness of a particular use of force from the perspective of a reasonable officer

14  on the scene and not with the 20/20 vision of hindsight. Although the facts known to

15  the officer are relevant to your inquiry, an officer's subjective intent or motive is  not

16  relevant to your inquiry.

17      In determining whether Deputy Christopher Alfred ~~the officer~~ used excessive

18  force in this case, consider all of the circumstances known to Deputy Alfred, ~~the~~

19  ~~officer on the scene~~ including:

20      (1)    the nature of the crime or other circumstances known to Deputy Alfred

21          ~~the officer~~ at the time of the shooting ~~force was applied~~;

22      (2)    whether Mr. Barber ~~the Plaintiff~~ posed an immediate threat ~~to the safety~~

23          ~~of the officer~~ of death or serious bodily injury to Deputy Alfred or to

24          others;

25      (3)    whether Mr. Barber ~~the Plaintiff~~ was actively resisting arrest or

26          attempting to evade arrest by flight;

27

28

**11**

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

(4)    the amount of time Deputy Alfred the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)    the relationship between the need for the use of force and the amount of force used;

(6)    the extent of Mr. Barber's injury;

(7)    any effort made by Deputy Alfred the officer to temper or to limit the amount of force;

(8)    the severity of the security problem at issue;

(9)    the availability of alternative methods;

(10)    the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(11)    whether it was practical for Deputy Alfred to give a warning of the imminent use of force, and whether such warning was given;

(12)    whether a reasonable officer would have or should have accurately perceived a mistaken fact.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable peace officer would conclude there is a fair probability that the Plaintiff has committed or was committing a crime.

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 9.25 (as modified).**

## PLAINTIFF'S ARGUMENT RE: FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE

The primary dispute between the Parties on this instruction is Plaintiff's appropriate modification to element No. 2. Where the use of deadly force is considered, the appropriate standard is whether the decedent posed an *immediate threat of death or serious bodily injury* to any person at the time of the shooting.  Plaintiff has made this key modification to the model instruction in Plaintiff's proposed version of this instruction.  Defendants' version proposes the language "threat to safety," which does not apply to this case, where deadly force was used. *See, e.g.*, *Graham v. Connor*, 490 U.S 386, 396 (1989). Further, Defendants' version of this instruction excludes several relevant factors articulated in the model instruction.

## **DEFENDANTS' ARGUMENT RE: FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON — EXCESSIVE FORCE**

Defendants do not agree with the addition of elements 6, 7, 10, 11, and 12 in Plaintiff's proposed version of this Instruction. These elements do not relate to the underlying facts of this case nor the required elements of Plaintiff's claims.

1

2

3

4

5

**DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION NO. 4:**
**STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING**
**REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE**
**U.S. FOURTH AMENDMENT**

6

7

8

9

10

11

12

Under California law, where a peace officer's seizure (including a use of force) is found to be objectively reasonable under the federal Fourth Amendment standard – namely, where from the perspective of a reasonable police officer, the defendant officer's use of force is objectively reasonable under the totality of the circumstances – that officer's seizure/use of force is also reasonable under California law, including California law claims for battery/excessive force, assault, and/or negligence in force or pre-force tactics.

13

14

15

16

If you find that a defendant officer's seizure/use of force is objectively reasonable under the federal Fourth Amendment standard, you must find that defendant officer's seizure/use of force to be objectively reasonable in evaluating plaintiff's California law claims related to a seizure (including a use of force).

17

18

19

20

21

22

23

24

25

26

**SOURCE:** **SPECIAL:** *Hayes v. County of San Diego*, **57 Cal.4th 622, 637-639 (2013);** *Yount v. City of Sacramento*, **43 Cal.4th 885, 902 (2008);** *Martinez v. County of Los Angeles*, **47 Cal.App.4th 334, 349-350 (1996);** *Edson v. City of Anaheim*, **63 Cal.App.4th 1269, 1272-1273 (2009);** *Lopez v. City of Los Angeles*, **196 Cal.App.4th 675, 690-692 (2011);** *see also* **Cal. Gov. Code §§ 815.2, 820, 820.2, 820.4, 820.8, 821;** *Munoz v. City of Union City*, **120 Cal.App.4th 1077, 1101-1103 (2004);** *Brown v. Ransweiler*, **171 Cal.App.4th 516, 525 (2009);** *Young v. County of Los Angeles*, **655 F.3d 1156, 1170 (9th Cir. 2011);** *Hayes v. County of San Diego*, **736 F.3d 1223, 1232 (9th Cir. 2013); CACI no. 1300, 1301.**

27

28

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

### PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION 4: STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH AMENDMENT

This instruction proposed by Defendants is not based on any model instruction and is not an accurate statement of the law. CACI 441 adequately instructs the jury on Plaintiff's negligence claim, and CACI 1305B adequately instructs the jury on Plaintiff's battery claim. CACI 441 and CACI 1305B contain different language from the Ninth Circuit model jury instruction on Excessive Force (No. 9.25). For example, the Ninth Circuit instruction on Excessive Force contains the language "threat to safety," whereas CACI 1305B contains the language "imminent threat of death or serious bodily injury." Both CACI 441 and 1305B also use the language "necessary to defend human life." CACI 1305B also contains the following language that is not part of the Ninth Circuit instruction on Excessive Force:

> A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

CACI 441 also takes into consideration the officer's pre-shooting negligent tactics, which is not contained in the Ninth Circuit instruction on Excessive Force, as follows:

> In determining whether Defendant Christopher Alfred's use of deadly force was necessary in defense of human life, you must consider Defendant Christopher Alfred's tactical conduct and decisions before using deadly force on Steffon Barber and whether Defendant Christopher Alfred used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

Defendants' special instruction therefore should not be given.

## **DEFENDANTS' ARGUMENT RE: STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS RELATED TO A SEIZURE IS GOVERNED BY THE U.S. FOURTH AMENDMENT**

This instruction contains an accurate statement of the proper legal standard for deciding plaintiff's force-based claims under California law. *See Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 637-639 (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre-seizure conduct under certain circumstances); *Martinez v. County of Los Angeles* (1996) 47 Cal.App.4th 334, 349-350 (citing Cal. Penal Code § 196 and holding that where officers used reasonable force under the Fourth Amendment standards, there could be no liability under comparable state-law torts); see also Cal. Penal Code § 196, Cal. Penal Code § 835a, and Cal. Penal Code § 836.5(b); *Edson v. City of Anaheim* (1998) 63 Cal.App.4th 1269, 1272-1273 (holding that the standard for reasonable force under state assault/battery law is the same as it is for federal excessive force cases); *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 525 (2009) (holding that an officer is immune from any state-law claim for negligence in "pre-shooting conduct" and tactical decisions associated with the use of force where the use of force itself is reasonable under the Fourth Amendment standard).

## PROPOSED DISPUTED JURY INSTRUCTION 5: BATTERY

## DEFENDANTS' VERSION: ELEMENTS OF BATTERY—UNREASONABLE FORCE CLAIM UNDER CALIFORNIA LAW

Under California law, Plaintiff claims that defendant DEPUTY CHRISTOPHER ALFRED harmed STEFFON BARBER by using unreasonable force to arrest him, prevent his escape, and/or overcome his resistance. To establish this claim, plaintiffs must prove all of the following:

1.    That defendant DEPUTY ALFRED intentionally touched Plaintiff or caused Plaintiff to be touched;

2.    That defendant DEPUTY ALFRED used unreasonable force to arrest, prevent the escape of, and/or to overcome the resistance of Plaintiff;

3.    That Plaintiff did not consent to the use of that force;

4.    That Plaintiff was harmed; and

5.    That defendant DEPUTY ALFRED'S use of unreasonable force was a substantial factor in causing Plaintiff's harm.

A law enforcement officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether defendant DEPUTY ALFRED used unreasonable force, you must determine the amount of force that would have appeared reasonable to an officer in DEPUTY ALFRED'S position under the same or similar circumstances. You should consider, among other factors, the following:

(a)    Whether Plaintiff reasonably appeared to pose an immediate threat to the safety of DEPUTY ALFRED or others;

(b)    The seriousness of the crime at issue; and

(c)    Whether Plaintiff was actively resisting arrest or attempting to evade arrest.

An officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

**SOURCE: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 1305 (2021) (as modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

## <u>PLAINTIFF'S VERSION OF BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS</u>

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Steffon Barber claims that Defendant Christopher Alfred unnecessarily used deadly force on him. To establish this claim, Plaintiff Steffon Barber must prove all of the following:

1.    That Defendant Christopher Alfred intentionally ~~touched~~ shot Plaintiff Steffon Barber;

2.    That Defendant Christopher Alfred used deadly force on Plaintiff Steffon Barber;

3.    That Defendant Christopher Alfred's use of deadly force was not necessary to defend human life;

4.    That Plaintiff Steffon Barber was harmed; and

5.    That Defendant Christopher Alfred's use of deadly force was a substantial factor in causing Plaintiff Steffon Barber's harm.

Defendant Christopher Alfred's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant Christopher Alfred at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Defendant Christopher Alfred or to another person or to apprehend a fleeing person for a felony, when all of the following conditions are present:

i.    The felony threatened or resulted in death or serious bodily injury to another;

ii.    Defendant Christopher Alfred reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

iii.     If practical under the circumstances, Defendant Christopher Alfred made
reasonable efforts to identify himself as a peace officer and to warn that
deadly force would be used, unless the officer had objectively reasonable
grounds to believe the person is aware of those facts.

"Deadly force" means any use of force that creates a substantial risk of causing
death or serious bodily injury, including, but not limited to, the discharge of a firearm.
A threat of death or serious bodily injury is "imminent" when, based on the totality of
the circumstances, a reasonable officer in the same situation would believe that a
person has the present ability, opportunity, and apparent intent to immediately cause
death or serious bodily injury to the peace officer or another person. An imminent
harm is not merely a fear of future harm, no matter how great the fear and no matter
how great the likelihood of the harm, but is one that, from appearances, must be
instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the
time, including the conduct of Defendant Christopher Alfred and Plaintiff Steffon
Barber leading up to the use of deadly force. In determining whether Defendant
Christopher Alfred's use of deadly force was necessary in defense of human life, you
must consider Defendant Christopher Alfred's tactical conduct and decisions before
using deadly force on Plaintiff Steffon Barber and whether Defendant Christopher
Alfred used other available resources and techniques as an alternative to deadly force,
if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to
retreat or stop because the person being arrested is resisting or threatening to resist.
Tactical repositioning or other deescalation tactics are not retreat. A peace officer does
not lose the right to self-defense by use of objectively reasonable force to effect the
arrest or to prevent escape or to overcome resistance. A peace officer does, however,
have a duty to use reasonable tactical repositioning or other deescalation tactics.

1  **<u>SOURCE</u>: CACI 1305B, Battery by Peace Officer (Deadly Force) – Essential
2  Factual Elements (2025 Ed.).**

## **PLAINTIFF'S STATEMENT OF DISPUTE RE: BATTERY BY PEACE OFFICER (DEADLY FORCE)**

Plaintiff's proposed version of the battery instruction closely models the current version of CACI 1305B. Defendants' proposed version of this instruction is outdated. Importantly, Defendants' proposed version of this instruction uses outdated language "threat to the safety" as opposed to the new language contained in the current version of CACI 1305B "necessary to defend against an imminent threat of death or serious bodily harm." A comparison of Defendants' proposed version of this instruction with the current version of CACI 1305B also shows that Defendants' proposed version of the instruction excludes several paragraphs that are applicable to this case.

## DEFENDANTS' RESPONSE RE: BATTERY BY PEACE OFFICER (DEADLY FORCE)

Plaintiff's proposed version of the battery instruction is from 2025, which is after the date of the incident, April 27, 2021. The law applicable in this case is what existed at the time of the Incident. Defendants' proposed instruction is an accurate statement of the law in 2021 and taken from CACI 1305B.

## PROPOSED DISPUTED JURY INSTRUCTION 6: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER - ESSENTIAL FACTUAL ELEMENTS

## DEFENDANTS' VERSION OF NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER - ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that DEPUTY CHRISTOPHER ALFRED was negligent in using deadly force to arrest, detain, or overcome the resistance of Plaintiff. To establish this claim, Plaintiff must prove all of the following:

1. That DEPUTY CHRISTOPHER ALFRED was a peace officer;

2. That DEPUTY CHRISTOPHER ALFRED used deadly force on Plaintiff;

3. That Plaintiff was harmed; and

4. That DEPUTY CHRISTOPHER ALFRED's negligence was a substantial factor in causing Plaintiff's harm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of DEPUTY CHRISTOPHER ALFRED and Plaintiff leading up to the use of deadly force. In determining whether DEPUTY CHRISTOPHER ALFRED's use of deadly force was necessary in defense of human life, you must consider DEPUTY CHRISTOPHER ALFRED's tactical

conduct and decisions before using deadly force on Plaintiff and whether DEPUTY CHRISTOPHER ALFRED used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest, detain, or overcome resistance.

**SOURCE: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 441 (2020).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

**<u>PLAINTIFF'S VERSION OF NEGLIGENT USE OF DEADLY FORCE BY
PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS</u>**

A peace officer may use deadly force only when necessary in defense of human life. Steffon Barber claims that Defendant Christopher Alfred was negligent in using deadly force to arrest or prevent escape of him.

To establish this claim, Plaintiff Steffon Barber must prove all of the following:

1.    That Defendant Christopher Alfred was a peace officer;

2.    That Defendant Christopher Alfred used deadly force on Steffon Barber;

3.    That Defendant Christopher Alfred's use of deadly force was not necessary to defend human life;

4.    That Steffon Barber was harmed; and

5.    That Defendant Christopher Alfred's use of deadly force was a substantial factor in causing Steffon Barber's harm.

Defendant Christopher Alfred's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant Christopher Alfred at the time, that deadly force was necessary either: to defend against an imminent threat of death or serious bodily injury to Defendant Christopher Alfred or another person; or to apprehend a fleeing person for a felony, when all of the following conditions are present:

i.    The felony threatened or resulted in death or serious bodily injury to another;

ii.    Defendant Christopher Alfred reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

iii.    Defendant Christopher Alfred made reasonable efforts to identify himself as a peace officer and to warn that deadly force may be

28

used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Defendant Christopher Alfred and Steffon Barber leading up to the use of deadly force. In determining whether Defendant Christopher Alfred's use of deadly force was necessary in defense of human life, you must consider Defendant Christopher Alfred's tactical conduct and decisions before using deadly force on Steffon Barber and whether Defendant Christopher Alfred used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest or prevent escape.

**SOURCE: CACI 441 (New November 2020, 2025 Ed.).**

---

## **PLAINTIFF'S STATEMENT OF DISPUTE RE: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER**

Plaintiff's proposed version of the instruction on Negligent Use of Deadly Force by Peace Officer closely models CACI 441. Importantly, Defendants' proposed version of this instruction omits the language "necessary to defend human life," as well as several factors/paragraphs that are applicable to this case.

## DEFENDANTS' RESPONSE RE: NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER

Plaintiff's proposed version of the negligent use of deadly force instruction is from 2025, which is after the date of the incident, April 27, 2021. The law applicable in this case is what existed at the time of the Incident. Defendants' proposed instruction is an accurate statement of the law in 2021 and taken from CACI 441.

## DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION NO. 7:
## NEGLIGENCE – "REASONABLENESS"

To evaluate whether the defendants were negligent under state law, the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

**SOURCE: SPECIAL:** *Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013):  In the pre-shooting negligence claim context, "as the nation's high court has observed, '[t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'  (*Graham v. Connor* (1989) 490 U.S. 386, 396.)"

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION RE: NEGLIGENCE – "REASONABLENESS"**

This instruction proposed by Defendants is not based on any model instruction. CACI 441 adequately instructs the jury on Plaintiff's negligence claim. No special instruction is needed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DEFENDANTS' RESPONSE RE: NEGLIGENCE –</u>**

**<u>"REASONABLENESS":</u>** This instruction contains an accurate statement of the law under *Graham v. Connor*, 490 U.S. 386, 396-397 (1989), and is necessary to explain the attendant circumstances under which officers are often required to make the decision to use force.

1
2

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 8: REASONABLENESS UNDER CALIFORNIA LAW

3

4      Under California law, where a peace officer's seizure/use of force is found to be
5   objectively reasonably under the federal Fourth Amendment standard, which I read to
6   you previously - namely, where from the perspective of a reasonable peace officer
7   Defendant DEPUTY CHRISTOPHER ALFRED's use of force is objectively
8   reasonable under California law, including California law claims for battery/excessive
9   force and negligence.

10      If you find that Defendant DEPUTY CHRISTOPHER ALFRED's seizure/use of
11   force is objectively reasonable under the federal Fourth Amendment standard, you must
12   find that Defendant DEPUTY CHRISTOPHER ALFRED's seizure/use of force to be
13   objectively reasonable in evaluating Plaintiff's California law claims related to a
14   seizure/use of force.

15

16   **SOURCE:** *Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013)

17

18   TO BE GIVEN _____

19   GIVEN AS MODIFIED _____

20   WITHDRAWN _____

21   REFUSED _____

22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION RE: REASONABLENESS UNDER CALIFORNIA LAW**

This instruction proposed by Defendants is not based on any model instruction and is not an accurate statement of the law. CACI 441 adequately instructs the jury on Plaintiff's negligence claim, and CACI 1305B adequately instructs the jury on Plaintiff's battery claim. CACI 441 and CACI 1305B contain different language from the Ninth Circuit model jury instruction on Excessive Force (No. 9.25). For example, the Ninth Circuit instruction on Excessive Force contains the language "threat to safety," whereas CACI 1305B contains the language "imminent threat of death or serious bodily injury." Both CACI 441 and 1305B also use the language "necessary to defend human life." CACI 1305B also contains the following language that is not part of the Ninth Circuit instruction on Excessive Force:

> A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

CACI 441 also takes into consideration the officer's pre-shooting negligent tactics, which is not contained in the Ninth Circuit instruction on Excessive Force, as follows:

> In determining whether Defendant Christopher Alfred's use of deadly force was necessary in defense of human life, you must consider Defendant Christopher Alfred's tactical conduct and decisions before using deadly force on Steffon Barber and whether Defendant Christopher Alfred used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

Defendants' special instruction therefore should not be given.

**<u>DEFENDANTS' RESPONSE RE: REASONABLENESS UNDER</u>**

**<u>CALIFORNIA LAW:</u>** This instruction contains an accurate statement of the proper legal standard for deciding plaintiff's force-based claims under California law.  *See Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 637-639 (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre-seizure conduct under certain circumstances); *Martinez  v. County of Los Angeles* (1996) 47 Cal.App.4th 334, 349-350 (citing Cal. Penal Code § 196 and holding that where officers used reasonable force under the Fourth Amendment standards, there could be no liability under comparable state-law torts); see also Cal. Penal Code § 196, Cal. Penal Code § 835a, and Cal. Penal Code § 836.5(b); *Edson v. City of Anaheim* (1998) 63 Cal.App.4th 1269, 1272-1273 (holding that the standard for reasonable force under state assault/battery law is the same as it is for federal excessive force cases); *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 525 (2009) (holding that an officer is immune from any state-law claim for negligence in "pre-shooting conduct" and tactical decisions associated with the use of force where the use of force itself is reasonable under the Fourth Amendment standard).

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 9:
## REASONABLENESS AND SPLIT-SECOND JUDGMENTS

In evaluating a seizure or use of force by a police officer, the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving.

**SOURCE: SPECIAL:** *Graham v. Connor*, **490 U.S. 386, 396-397 (1989);** *accord Wilkinson v. Torres*, **610 F.3d 546, 550-551 (9th Cir. 2010).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTION RE: REASONABLENESS AND SPLIT-SECOND JUDGMENTS**

This instruction proposed by Defendants is argumentative and is not based on any model instruction. CACI 441, CACI 1305B, and the Ninth Circuit Model Jury Instruction on Excessive Force (9.25) adequately instruct the jury on Plaintiff's substantive claims. No special instruction is needed.  Defendants' proposed instruction is also argumentative and invades the province of the jury by purporting to instruct them that Deputy Alfred had to make a split-second judgment and that the situation was tense and rapidly evolving, which are disputed issues for the jury to resolve.

**<u>DEFENDANTS' RESPONSE RE: REASONABLENESS AND SPLIT-
SECOND JUDGMENTS:</u>** This instruction contains an accurate statement of the law
under *Graham v. Connor*, 490 U.S. 386, 396-397 (1989), and is necessary to explain
the attendant circumstances under which officers are often required to make the
decision to use force.

1
2

## DISPUTED PROPOSED JURY INSTRUCTION NO. 10: COMPARATIVE NEGLIGENCE OF PLAINTIFF

3
4
5

## DEFENDANTS' VERSION OF COMPARATIVE NEGLIGENCE OF PLAINTIFF

6

7    Defendants claim that Plaintiff's own negligence contributed to his harm. To
8  succeed on this claim, defendants must prove both of the following by a preponderance
9  of the evidence:

10    1.    That plaintiff STEFFON BARBER was negligent; and

11    2.    That the negligence of plaintiff STEFFON BARBER was a substantial
12  factor in causing his harm.

13    If defendants prove the above, Plaintiff's damages on his California law claims
14  are reduced by your determination of the percentage of plaintiff STEFFON BARBER'S
15  responsibility.  I will calculate the actual reduction.

16    Ordinary Negligence is the failure to use reasonable care to prevent harm to
17  oneself or to others.

18    A person can be negligent by acting or by failing to act. A person is negligent if
19  he or she does something that a reasonably careful person would not do in the same
20  situation or fails to do something that a reasonably careful person would do in the same
21  situation.

22    You must decide how a reasonably careful person would have acted in STEFFON
23  BARBER'S situation.

24

25  **SOURCE: Judicial Council of Cal., Civil Jury Instructions ("CACI") nos. 401,**
26  **405 (2021).**

27
28

**41**

1   TO BE GIVEN _____

2   GIVEN AS MODIFIED _____

3   WITHDRAWN _____

4   REFUSED _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PLAINTIFF'S VERSION OF COMPARATIVE NEGLIGENCE OF PLAINTIFF**

Defendants claim that Plaintiff Steffon Barber's own negligence contributed to his harm. To succeed on this claim, Defendants must prove both of the following:

1. That Plaintiff Steffon Barber was negligent; and
2. That Plaintiff Steffon Barber's negligence was a substantial factor in causing his harm.

If Defendants prove the above, Plaintiff Steffon Barber's damages on his negligence claim only are reduced by your determination of the percentage of Plaintiff Steffon Barber's responsibility. I will calculate the actual reduction.


**SOURCE:** **CACI 405 (2025 Ed.).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **PLAINTIFF'S STATEMENT OF DISPUTE RE: COMPARATIVE NEGLIGENCE OF PLAINTIFF**

Defendants' language in their proposed instruction reading "If defendants prove the above, Plaintiff's damages on their California law claims are reduced by your determination of the percentage of plaintiff STEFFON BARBER'S responsibility" is a misstatement of the law." Plaintiff has claims for intentional torts (battery, IIED, and violation of the Bane Act) in this case, and California's comparative fault doctrine does not apply to intentional torts.  *See, e.g., Thomas v. Duggins Construction Co., Inc.*,  139 Cal. App. 4th 1105, 1108 (2006); *B.B. v. County of Los Angeles*, 10 Cal. 5th 1 (2020).  Additionally, Defendants' proposed version of the comparative negligence instruction is argumentative in that it improperly focuses only on Plaintiff's conduct in the paragraphs added from CACI 401.  If additional language is to be added, then it should address both Deputy Alfred's conduct and Steffon Barber's conduct.

## **DEFENDANTS' RESPONSE RE: COMPARATIVE NEGLIGENCE**

Plaintiff's proposed version of the comparative negligence instruction is from 2025, which is after the date of the incident, April 27, 2021. The law applicable in this case is what existed at the time of the Incident. Defendants' proposed instruction is an accurate statement of the law in 2021 and taken from CACI 401 and 405.

1

2

## PLAINTIFF'S DISPUTED PROPOSED JURY INSTRUCTION 11: CAUSATION—MULTIPLE CAUSES

3

4

5

6

7

A person's conduct may combine with another factor to cause harm. If you find that Defendant Christopher Alfred's conduct was a substantial factor in causing Plaintiff Steffon Barber's harm, then Defendant Christopher Alfred cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Plaintiff Steffon Barber's harm.

8

9

10

**SOURCE: CACI 431 (2025 Ed.).**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEFENDANTS' OBJECTION RE: CAUSATION—MULTIPLE CAUSES**

Plaintiff's proposed Causation instruction is from 2025, which is after the date of the incident, April 27, 2021. The law applicable in this case is what existed at the time of the Incident. This instruction is not necessary as to multiple causes of harm as Plaintiff has not identified any other causes of harm other than the injuries sustained as a result of the gunshot wound during the Incident.

## PROPOSED DISPUTED JURY INSTRUCTION 12: BANE ACT

## PLAINTIFF'S VERSION OF BANE ACT

Plaintiff claims that Defendant Christopher Alfred intentionally interfered with Steffon Barber's constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiff must prove:

1. Defendant Christopher Alfred used excessive force;

2. Defendant Christopher Alfred intended to violate Steffon Barber's constitutional rights, demonstrated by a reckless disregard for Steffon Barber's constitutional right to be free from excessive force; and

3. The excessive force resulted in harm, injury, or damage to Steffon Barber.

**SOURCE:** ***Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).**

# DEFENDANTS' VERSION OF BANE ACT– INTERFERENCE WITH CONSTITUTIONAL RIGHTS*

Plaintiff claims that Defendant Deputy Alfred intentionally interfered with, or attempted to interfere with, the civil rights of plaintiff by threats, intimidation, or coercion.

To establish this claim, plaintiff must prove all of the following:

1.    That by threats, intimidation or coercion, Deputy Alfred caused Mr. Barber to reasonably believe that if he exercised his right to be free from unreasonable seizure, Deputy Alfred would commit violence against him and that Deputy Alfred had the apparent ability to carry out the threats;

[OR]

1.    That Deputy Alfred acted violently against Mr. Barber to prevent him from exercising his right to be free from unreasonable seizures or to retaliate for having exercised his right to be free from unreasonable seizures;

2.    That Deputy Alfred intended to deprive Mr. Barber of the enjoyment of the interests protected by the right to be free from unreasonable seizures;

3.    That Mr. Barber was harmed; and

4.    That the conduct of Deputy Alfred was a substantial factor in causing Mr. Barber's harm.

**SOURCE: SPECIAL**: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3066 (as modified); Cal. Civ. Code § 52.1; *Cornell v. City & County of San Francisco*, 2017 Cal.App.LEXIS 1011, *58-60 (Cal. Ct. App. Nov. 16, 2017) (holding that, like federal analog 18 U.S.C. § 241, as opposed to 42 U.S.C. § 1983, Cal. Civ. Code § 52.1 requires proof of a police officer's "specific intent" to deprive the citizen of the claimed, clearly applicable right – including proof of malice or recklessness, but *not* negligence).

## **PLAINTIFF'S STATEMENT OF DISPUTE RE: BANE ACT**

Defendants' proposed instruction on the Bane Act ignores *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), which holds that "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Plaintiff submits that his version of the Bane Act instruction more accurately reflects the current state of the law.

## __DEFENDANTS' STATEMENT RE: BANE ACT__

Defendants proposed version of the Bane Act instruction is based on accurate statement of the law and CACI 3066 as of the date of the incident. Plaintiff's proposed instruction is missing the necessary CACI language for this claim.

# DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 13:
## DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.


**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 5.3.**


TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION RE: MITIGATION OF DAMAGES**

Plaintiff does not believe this instruction applies to this case. There is no evidence that Plaintiff could have done anything to mitigate his damages. Plaintiff has been incarcerated since the shooting incident. The Parties' proposed instruction regarding Comparative Fault (CACI 405) is sufficient to address any argument by Defendants that Plaintiff could have avoided being shot. Further, Plaintiff was taken into custody and incarcerated after the shooting. There is no evidence that Plaintiff could have mitigated his damages when he was incarcerated. Plaintiff has filed a motion in limine to exclude his criminal record. Providing this instruction to the jury may violate Plaintiff's desired ruling on that motion in limine.

## **<u>DEFENDANTS' RESPONSE RE: MITIGATION OF DAMAGES</u>**

Defendants propose the mitigation instruction because the evidence in this case demonstrates that Plaintiff has not been compliant with recommended treatment for the injuries he attributes to the Incident, including treatment recommended by his own experts. The instruction is a proper statement of the law and appropriate for this case.

## DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 14: NO DAMAGES IF NO LIABILITY

If you find that plaintiff failed  to prove by a preponderance of the evidence that any of the defendants violated Plaintiff's rights as claimed [in other words, if you find that none of the defendants are liable to the plaintiff], you must not award damages to plaintiff in this case.

**SOURCE: SPECIAL: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3900 (modified).**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

Case 5:22-cv-00625-KK-DTB    Document 136    Filed 12/23/25    Page 61 of 76   Page ID
#:1965

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PLAINTIFF'S OBJECTION TO DEFENDANTS' DISPUTED PROPOSED</u>**

**<u>JURY INSTRUCTION NO. 14: NO DAMAGES IF NO LIABILITY</u>**

Plaintiff does not believe that this instruction is necessary for this case. The special verdict form in this case will instruct the jury on which questions to answer. This instruction is argumentative and could prejudice Plaintiff by influencing the jury not to award damages.

**DEFENDANTS' RESPONSE RE NO DAMAGES IF NO LIABILITY INSTRUCTION:** This statement contains an accurate statement of the law, and will assist the trier of fact to make a decision that is supported by applicable law. The instruction advises the jury that money does not need to be awarded in this case if the jury finds no liability against any Defendant.

## <u>DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 15:</u>
## <u>JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS</u>

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**<u>SOURCE:</u> Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3964.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

## **PLAINTIFF'S OBJECTION TO DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION 15: JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

Plaintiff does not believe that this instruction is necessary for this case. The instruction on the measure and proof of damages will adequately instruct the jury on what damages to consider. This instruction is also argumentative and could prejudice Plaintiff by notifying the jury that there could be attorney fees and court costs.

1

2

**<u>DEFENDANTS' RESPONSE RE JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS:</u>** This statement contains an accurate statement of the law, and will assist the trier of fact to make a decision that is supported by applicable law. The instruction advises the jury that they are not to consider attorney's fees and costs on both sides. Only Defendants would be prejudiced if the jury were to consider Plaintiff's possible attorney's fees and costs when determining damages.

1
2
3

**DISPUTED PROPOSED JURY INSTRUCTION 16: PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS**

4
5

**DEFENDANTS' VERSION OF PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS**

6  Under federal law, if you find for the plaintiff on the Plaintiff's § 1983 claim for

7 violations of Plaintiff's constitutional rights, you may, but are not required to, award

8 punitive damages. The purposes of punitive damages are to punish a defendant and to

9 deter similar acts in the future.  Punitive damages may not be awarded to compensate a

10 plaintiffs.

11  The Plaintiff has the burden of proving by a preponderance of the evidence that

12 punitive damages should be awarded, and, if so, the amount of any such damages.

13  You may award punitive damages only if you find that the defendant's conduct

14 that harmed the plaintiff was malicious, oppressive or in reckless disregard of the

15 Plaintiff's rights.

16  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the

17 purpose of injuring the plaintiffs.

18  Conduct is in reckless disregard of the Plaintiff's rights if, under the

19 circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if

20 the defendant acts in the face of a perceived risk that his actions will violate the

21 Plaintiff's rights under federal law.

22  An act or omission is oppressive if the defendant injures or damages or otherwise

23 violates the rights of the plaintiffs with unnecessary harshness or severity, such as by

24 misusing or abusing authority or power or by taking advantage of some weakness or

25 disability or misfortune of the plaintiffs.

26  If you find that punitive damages are appropriate, you must use reason in setting

27 the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their

28 purposes but should not reflect bias, prejudice or sympathy toward any party.  In

considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiffs was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiffs in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiffs.

Punitive damages may  not  be awarded against defendant COUNTY OF SAN BERNARDINO.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 5.5.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PLAINTIFF'S VERSION OF PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS**

If you find for the plaintiff, you may, but are not required to, award punitive damages against Defendant Christopher Alfred. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Punitive damages may not be awarded against the County of San Bernardino.

**SOURCE:** Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit (2023), 5.5 (modified).

## **PLAINTIFF'S STATEMENT OF DISPUTE RE: PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS**

Plaintiff believes his proposed instruction on the predicate question for punitive damages is sufficient and more succinct.

**DEFENDANTS' RESPONSE RE PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS:** This statement contains an accurate statement of the law, and will assist the trier of fact to make a decision that is supported by applicable law. The instruction proposed by Defendants also matches what the law and instruction was as of the date of the incident in 2021, not the updated version in 2025.

1  **DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION NO. 17:**
2  **PUNITIVE DAMAGES – INDIVIDUAL DEFENDANTS – BIFURCATED**
3  **TRIAL (FIRST PHASE)**

4

5    If you decide that a defendant's conduct caused harm, you must decide whether
6  that conduct justifies an award of punitive damages. At this time, you must decide
7  whether Plaintiff has proved by clear and convincing evidence that defendant DEPUTY
8  CHRISTOPHER ALFRED engaged in that conduct with malice, oppression, or fraud.
9  The amount of punitive damages, if any, will be decided later.

10    "Malice" means that defendant DEPUTY CHRISTOPHER ALFRED acted with
11  intent to cause injury or that DEPUTY CHRISTOPHER ALFRED's conduct was
12  despicable and was done with a willful and knowing disregard of the rights or safety of
13  another. A person acts with knowing disregard when he or she is aware of the probable
14  dangerous consequences of his or her conduct and deliberately fails to avoid those
15  consequences.

16    "Oppression" means that the conduct of defendant DEPUTY CHRISTOPHER
17  ALFRED was despicable and subjected plaintiff to cruel and unjust hardship in
18  knowing disregard of his or her rights.

19    "Despicable conduct" is conduct that is so vile, base, or contemptible that it would
20  be looked down on and despised by reasonable people.

21    "Fraud" means that defendant DEPUTY CHRISTOPHER ALFRED
22  intentionally misrepresented or concealed a material fact and did so intending to harm
23  plaintiffs.

24

25  **SOURCE: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3941**
26  **(2021).**

27  TO BE GIVEN _____

28  GIVEN AS MODIFIED _____

**66**

WITHDRAWN _____

REFUSED _____

JOINT PROPOSED DISPUTED JURY INSTRUCTIONS

**DEFENDANTS' RESPONSE RE PUNITIVE DAMAGES – PREDICATE – FEDERAL CLAIMS:** This statement contains an accurate statement of the law, and will assist the trier of fact to make a decision that is supported by applicable law. The instruction proposed by Defendants also matches what the law and instruction was as of the date of the incident in 2021.

## **DEFENDANTS' DISPUTED PROPOSED JURY INSTRUCTION 18:**
## **PUNITIVE DAMAGES – CALCULATION  [*TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY*]**

You must now decide the amount, if any, that you should award plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)    How reprehensible was the conduct of defendant DEPUTY CHRISTOPHER ALFRED? In deciding how reprehensible the defendant's conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether that defendant disregarded the health or safety of others;

3.    Whether plaintiffs were financially weak or vulnerable and defendant DEPUTY CHRISTOPHER ALFRED knew such was financially weak or vulnerable and took advantage of them;

4.    Whether defendant DEPUTY CHRISTOPHER ALFRED'S conduct involved a pattern or practice; and

5.    Whether defendant DEPUTY CHRISTOPHER ALFRED acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm?

(c) In view of defendant DEPUTY CHRISTOPHER ALFRED'S  financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise

appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed defendant DEPUTY ALFRED'S ability to pay.

Punitive damages may not be used to punish a defendant for the impact of his or her alleged misconduct on persons other than plaintiffs.

**SOURCE**: Judicial Council of Cal., Civil Jury Instructions ("CACI") no. 3942 (2021); *see also* **Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 5.5.**

TO BE GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

REFUSED _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DEFENDANTS' RESPONSE RE PUNITIVE DAMAGES –</u>**
**<u>CALCULATION:</u>** This statement contains an accurate statement of the law, and will assist the trier of fact to make a decision that is supported by applicable law. The instruction proposed by Defendants also matches what the law and instruction was as of the date of the incident in 2021.