**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
**IVIE MCNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

Attorneys for Plaintiff, STEFFON BARBER

Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>              Defendants. | Case No. 5:22-cv-00625-KK-DTB<br><br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**COMPETING VERDICT FORMS**<br><br>Final PTC:  January 8, 2026<br>Time:          10:30 a.m.<br>Crtrm:        3, 3rd Floor<br>                   3470 Twelfth Street<br>                   Riverside, CA 92501-3801 |

**TO THE HONORABLE COURT:**

Pursuant to Local Rule 16-5 and this Court's Civil Trial Scheduling Order (Dkt. 47), Plaintiff Steffon Barber and Defendants, County of San Bernardino and Christopher Alfred, through their counsel of record, hereby submit these Joint Competing Verdict Forms for the January 26, 2026 trial.

Dated: December 23, 2025       MANNING & KASS
                                 ELLROD, RAMIREZ, TRESTER LLP

                               By:  *s/ Kayleigh A. Andersen*
                                 Eugene P. Ramirez
                                 Kayleigh A. Andersen
                                 Attorneys for Defendants, County of San Bernardino and

Dated: December 23, 2025       IVIE MCNEILL WYATT
                                 PURCELL & DIGGS

                               By:  *s/ Rodney S. Diggs*
                                   Rodney S. Diggs
                                   Attorney for Plaintiff, Steffon Barber

Dated: December 23, 2025       LAW OFFICES OF DALE K. GALIPO

                               By:  *s/ Renee V. Masongsong*
                                   Dale K. Galipo
                                   Renee V. Masongsong
                                 Attorneys for Plaintiff, Steffon Barber

1

## PLAINTIFF'S PROPOSED VERDICT FORM

2

3    We, the jury in the above-entitled action, find the following:

4

5    ## FOURTH AMENDMENT CLAIM

6

7    **QUESTION 1:** Did Deputy Alfred use excessive force against Steffon Barber?

8

9                                            _____ YES        _____ NO

10

11    *If you answered "yes" to Question 1, please answer question 2. If you answered*
12    *"no" to Question 1, please proceed to Question 3.*

13

14

15    **QUESTION 2:** Was the use of excessive force against Steffon Barber by Deputy
16    Alfred a cause of harm, injury, or damage to Steffon Barber?

17

18                                            _____ YES        _____ NO

19

20    *Please proceed to the next Question.*

21

22

23

24    ## BATTERY CLAIM

25

26    **QUESTION 3:** Did Deputy Alfred use unreasonable deadly force against Steffon
    Barber?

27

28

_____ YES        _____ NO

*If you answered "yes" to Question 3, please answer question 4. If you answered "no" to Question 3, please proceed to Question 5.*

**QUESTION 4:** Was the use of unreasonable deadly force by Deputy Alfred a cause of harm, injury, or damage to Steffon Barber?

_____ YES _____ NO

*Please proceed to the next Question.*

## **NEGLIGENCE CLAIM**

**QUESTION 5:** Was Deputy Alfred negligent toward Steffon Barber?

_____ YES        _____ NO

*If you answered "yes" to Question 5, please proceed to Question 6.  If you answered "no" to Question 5, please proceed to Question 10.*

**QUESTION 6:** Was the negligence of Deputy Alfred a cause of harm, injury, or damage to Steffon Barber?

_____ YES        _____ NO

*If you answered "yes" to Question 6, please proceed to Question 7.  If you answered "no" to Question 6, please proceed to Question 10.*

**QUESTION 7:** Was Steffon Barber negligent?

_____ YES         _____ NO

*If you answered "Yes" to Question 7, please answer Question 8. If you answered "No" to Question 7, please proceed to Question 10.*

**QUESTION 8:** Was Steffon Barber's negligence a cause of his harm, injury, or damage?

_____ YES         _____ NO

*If you answered "Yes" to Question 8, please answer Question 9. If you answered "No" to Question 8, please proceed to Question 10.*

**QUESTION 9:** What percentage of negligence that was a cause of Steffon Barber's harm, injury, or damage, you assign to Deputy Alfred, and what percentage of negligence that was a cause of Steffon Barber's harm, injury, or damage, do you assign to Steffon Barber, if any?  (Your total should equal 100%)

Christopher Alfred                          _____ %

Steffon Barber                              _____ %

*If you answered "Yes" to Question 1 (Excessive Force Claim), please answer Question 10. If you answered "No" to Question 1, please proceed to Question 11.*

**QUESTION 10:** Did Deputy Alfred violate the Bane Act when he used deadly force against Steffon Barber?

_____ YES        _____ NO

*Please proceed to the next Question.*

**QUESTION 11:** Did Deputy Alfred intentionally cause Steffon Barber emotional distress when he used deadly force against him, which can be shown by Deputy Alfred acting with reckless disregard of the probability that Steffon Barber would suffer emotional distress?

_____ YES        _____ NO

*Please proceed to the next Question.*

**QUESTION 12:** Did the County of San Bernardino maintain an unconstitutional custom, policy, and/or practice, including a failure to train, with respect to the use of force?

_____ YES        _____ NO

*If you answered "Yes" to both Questions 1 and 12, please answer Question 13. If you answered "No" to either Question 1 or Question 12, please proceed to Question 14.*

**QUESTION 13:** Was the County of San Bernardino's maintenance of an unconstitutional custom, policy, and/or practice, including a failure to train, with respect to the use of force a moving force behind the injury, damage, or harm to Steffon Barber?

_____ YES        _____ NO

*Please proceed to the next Question.*

**QUESTION 14:** What are Steffon Barber's damages?

Past Pain and Suffering and Emotional Distress        $_____

Future Pain and Suffering and Emotional Distress        $_____

Future Economic Loss                                    $_____

*Please proceed to the next Question.*

**QUESTION 15:** Did Defendant Christopher Alfred act with malice, oppression or in reckless disregard for Steffon Barber's constitutional right to be free from excessive force?

_____ YES        _____ NO

*Please sign and date the verdict form and return it to the Court*

Dated: _____        _____

Jury Foreperson

1

## **DEFENDANTS' PROPOSED VERDICT FORM**

2

3

## **VERDICT FORM**

4    We, the jury, being first empaneled and sworn, do find our verdict as

5    follows:

6

7

## **PHASE 1**

8    **ISSUE 1:    Use of Force (§ 1983 Excessive Force and Battery).**

9    1.    Did Plaintiff prove by a preponderance of the evidence that DEPUTY

10    CHRISTOPHER ALFRED used excessive or unreasonable force against STEFFON

11    BARBER during the incident?

12

13                    YES _____        NO _____

14

15    If you answered "Yes" to this question, proceed to Question No. 2.

16    If you answered "No" to this question, proceed to Question No. 3

17    (Issue 2).

18

19    2.    By a preponderance of the evidence, was the use of excessive or

20    unreasonable force a cause of injury, damage, loss, or harm to plaintiff STEFFON

21    BARBER?

22

23                    YES _____        NO _____

24

25    Proceed to Question No. 3 (Issue 2).

26

27

28

-8-

**ISSUE 2:**    **Negligence Clam.**

3.    Did Plaintiff prove by a preponderance of the evidence that DEPUTY CHRISTOPHER ALFRED was negligent in his use of deadly force?

YES _____    NO _____

If you answered "Yes" to this question, proceed to Question No. 4.

If you answered "No" to this question, <u>Skip Question Nos. 4, 5, and 6,</u> and proceed to Question No. 6 (Issue 3).

4.    By a preponderance of the evidence, was DEPUTY CHRISTOPHER ALFRED's negligence a substantial factor in causing harm to Plaintiff STEFFON BARBER?

YES _____    NO _____

If you answered "Yes" to this question, proceed to Question No. 5 (Issue 3).

If you answered "No" to this question, <u>Skip Question Nos. 5 and 6,</u> and proceed to Question No. 7 (Issue 4).

**ISSUE 3:**    **Comparative Fault.**

5.    Was STEFFON BARBER negligent in the incident events?

YES _____    NO _____

If you answered "Yes" to this question, proceed to Question No. 6.

COMPETING VERDICT FORMS

If you answered "No" to this question, <u>Skip Question No. 6</u>, and proceed to Question No. 7.

6.    If your answer to Question No. 5 was a "Yes," what percentage of responsibility for STEFFON BARBER'S injury, damage, loss, or harm do you assign to the negligent conduct, if any, of the following persons?

| | |
|---|---|
| Plaintiff STEFFON BARBER | _____% |
| Defendant CHRISTOPHER ALFRED | _____% |
| *TOTAL* | **100**% |

Proceed to Question No. 7 (Issue 4).

**ISSUE 4:**    **<u>Bane Act (Civil Code § 52.1) Claim.</u>**

7.    Did Plaintiff prove by a preponderance of the evidence that DEPUTY CHRISTOPHER ALFRED acted with the particular purpose of interfering with STEFFON BARBER'S constitutional right to be free from unreasonable seizures, including unreasonable force, by threatening or committing violent acts?

YES _____    NO _____

If you answered "Yes" to this question, proceed to Question No. 8.

If you answered "No" to this question, <u>Skip Question Nos. 8 and 9</u>, and proceed to Question No. 10 (Issue 5).

8.    Did Plaintiff prove by a preponderance of the evidence that STEFFON BARBER reasonably believed that if he exercised his right to be free from

unreasonable seizures, including unreasonable force, DEPUTY CHRISTOPHER ALFRED would commit violence against him?

YES _____    NO _____

If you answered "Yes" to this question, proceed to Question No. 9.

If you answered "No" to this question, <u>Skip Question No. 9</u>, and proceed to Question No. 10 (Issue 5).

9.    Did Plaintiff prove by preponderance of the evidence that the conduct of DEPUTY CHRISTOPHER ALFRED was a substantial factor in causing harm to STEFFON BARBER?

YES _____    NO _____

Proceed to Question No. 10 (Issue 5).

**ISSUE 5:**    **Intentional Infliction of Emotional Claim.**

10.    During the Incident, was the conduct of DEPUTY CHRISTOPHER ALFRED outrageous?

YES _____    NO _____

If you answered "Yes" to this question, proceed to Question No. 11.

If you answered "No" to this question, <u>Skip Question Nos. 11, 12, and 13</u>, and proceed to Question No. 14 (Issue 6).

COMPETING VERDICT FORMS

11.    Did DEPUTY CHRISTOPHER ALFRED act with the intention of causing STEFFON BARBER extreme emotional distress?

YES _____        NO _____

If you answered "Yes" to this question for any defendant, proceed to Question No. 12.

If you answered "No" to this question for all Defendants, <u>Skip Question Nos. 12 and 13</u>, and proceed to Question No. 12 (Issue 5).

12.    Did STEFFON BARBER suffer severe emotional distress as a result of the incident?

YES _____        NO _____

If you answered "Yes" to this question, proceed to Question No. 13.

If you answered "No" to this question, <u>Skip Question No. 13</u>, and proceed to Question No. 14 (Issue 6).

13.    Was the conduct of DEPUTY CHRISTOPHER ALFRED a substantial factor in causing STEFFON BARBER's severe emotional distress?

YES _____        NO _____

Proceed to Question No. 14 (Issue 6).

**ISSUE 6:    Damages.**

14.    If your answer to Question Nos. 1 <u>and</u> 2, *or* Question Nos. 3 <u>and</u> 4, *or* Question Nos. 7, 8 <u>and</u> 9, *or* Question Nos. 10,11, 12, <u>and</u> 13 was "Yes," what

amount of damages, if any, do you find that Plaintiff sustained as a result of the actions of DEPUTY CHRISTOPHER ALFRED?

$_____

If you awarded any amount of damages for Question No. 14, proceed to Question No. 15 (Issue 7).

If your answers to Question No. 10 *and* Question Nos. 1 <u>and</u> 2, *or* Question Nos. 7, 8 <u>and</u> 9, *or* Question Nos. 10, 11, 12, <u>and</u> 13 was "No," <u>Skip Question No. 15</u>, **answer no more questions on this Verdict Form**, and have the presiding juror sign and date this form in the space provided at the end.

**ISSUE 7:     PUNITIVE DAMAGES – PREDICATE.**

15.     If your answer to Question Nos. 1 <u>and</u> 2, *or* Question Nos. 7, 8 <u>and</u> 9, *or* Question Nos. 10, 11, 12, <u>and</u> 13 was "Yes," was the conduct of DEPUTY CHRISTOPHER ALFRED malicious, oppressive, or in reckless disregard of Plaintiff's rights?

YES _____     NO _____

Please date and sign this Verdict Form in the space provided on the <u>next page</u>.

1    Please date, sign, and return this Verdict Form to the Court Clerk.

2

3        I hereby certify that this verdict is unanimous.

4

5    Dated: _____, 2026

6

7

8    Signed: _____

9                Presiding Juror (Foreperson)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PHASE 2**

2

3

## **ISSUE 1: PUNITIVE DAMAGES – CALCULATION.**

4

5

6      Please date and sign this Verdict Form in the space provided on the <u>next page</u>.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPETING VERDICT FORMS

Please date, sign, and return this Verdict Form to the Court Clerk.

I hereby certify that this verdict is unanimous.

Dated: _____, 2026

Signed: _____
              Presiding Juror (Foreperson)

## **PHASE 3**

### **ISSUE 1: Monell Liability (42 § 1983) Claim**

1.    Did Defendant COUNTY OF SAN BERNARDINO (including its SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT) violate Steffon Barber's constitutional rights by maintaining an unconstitutional policy, custom, and practice?

YES _____        NO _____

Please date and sign this Verdict Form in the space provided on the <u>next page</u>.

COMPETING VERDICT FORMS

1

2        Please date, sign, and return this Verdict Form to the Court Clerk.

3

4            I hereby certify that this verdict is unanimous.

5

6        Dated: _____, 2026

7

8

9        Signed: _____

10                    Presiding Juror (Foreperson)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PLAINTIFF'S ARGUMENT IN SUPPORT OF PLAINTIFF'S VERDICT FORM**

Plaintiff contends that in this case and in light of the revised jury instruction CACI 1305B, there should be two separate questions on the verdict form for Fourth Amendment Excessive Force and Battery.

Plaintiff objects to the inclusion of "by a preponderance of the evidence" as it appears in the prefatory language and in Questions 1, 2, 3, 4, 7, 8, 9 of Defendants' proposed verdict form. It is unnecessary, as the jury will have already been separately instructed on the preponderance of the evidence standard before reviewing the verdict form.

Plaintiff also objects to inclusion of "substantial factor in causing" as it appears in Questions 4, 9, and 13 of Defendants' proposed verdict form. This is unnecessary, as the jury will have already been instructed regarding the applicability of the "substantial factor" standard to Plaintiff's state law claims.

Plaintiff objects to Question 4 of Defendants' proposed verdict form (Bane Act) for reasons explained in Plaintiff's explanation of disputes in the separately submitted Disputed Jury Instructions.  Plaintiff's proposed Bane Act jury instruction accurately and clearly reflects the legal requirements for the Bane Act claim. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018) ("it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'") (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993).

Likewise, Plaintiff objects to Defendants' Questions 10 and 11 regarding the IIED claim. Plaintiff's version of this question is based on language from CACI 1600: "That Defendant [Christopher Alfred] acted with reckless disregard of the

probability that [Steffon Barber] would suffer emotional distress," which is more accurate for this case, whereas Defendant's Question 11 indicates that only intention would satisfy this claim.

COMPETING VERDICT FORMS

1    **DEFENDANTS' ARGUMENT IN SUPPORT OF DEFENDANTS' VERDICT**

2    **FORM**

3        Defendants propose that any verdict form in this case consolidate questions

4    around issues with the same law/rule of decision – rather than having separate

5    questions for each claim/cause of action decided by the same standard of law – so as

6    to avoid unfair prejudice to Defendants, risk of a split-decision verdict with

7    conflicting outcomes (multiple bites at the same apple), and to avoid juror confusion

8    and undue consumption of time. Defendants' counsel is familiar with cases where

9    the jury was permitted to analyze the case by cause of action, instead of by issue,

10   resulting in an inconsistent verdict that raised an appealable issue.

11       Plaintiff's state law battery claim is evaluated under the same federal

12   reasonableness standard for Fourth Amendment excessive force cases, as set forth in

13   *Graham v. Connor*, 490 U.S. 386 (1989). *See also Hayes v. County of San Diego*, 57

14   Cal. 4th 622, 637-39 (2013) (adopting *Graham* reasonableness standard for seizure-

15   related negligence claims against officers but clarifying that scope of liability may

16   extend to pre-seizure conduct under certain circumstances); *Archibald v. Cty. of San*

17   *Bernardino*, 2018 U.S. Dist. LEXIS 171243, at *22 (C.D. Cal. Oct. 2, 2018)

18   (acknowledging that Plaintiffs' battery, negligence, and Bane Act claims are governed

19   by the same inquiry that governs their excessive force claims); *Martinez v. County of*

20   *Los Angeles*, 47 Cal. App. 4th 334, 349-50 (1996) (citing Cal. Penal Code § 196 and

21   holding that where officers used reasonable force under the Fourth Amendment

22   standards, there could be no liability under comparable state-law torts); *Edson v. City*

23   *of Anaheim*, 63 Cal. App. 4th 1269, 1272-73 (1998) (holding that the standard for

24   reasonable force under state assault/battery law is the same as it is for federal

25   excessive force cases); *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 525 (2009)

26   (holding that an officer is immune from any state-law claim for negligence in "pre-

27   shooting conduct" and tactical decisions associated with the use of force where the

28   use of force itself is reasonable under the Fourth Amendment standard); *Munoz v. City*

1   *of Union City*, 120 Cal. App. 4th 1077, 1101-03 (2004) (holding that as to a state-law
2   battery claim, whether the force was unreasonable must be decided under the Fourth
3   Amendment reasonableness standard).

4         Further, the California Supreme Court has held that "California's civil jury
5   instructions specifically direct the jury, in determining whether police officers used
6   unreasonable force for purposes of tort liability, to consider the same factors" that
7   federal courts use for Section 1983 excessive-force claims.  *Hernandez v. City of*
8   *Pomona*, 46 Cal. 4th 501, 514 (2009) (comparing CACI 1305 with federal court's
9   jury instruction on Section 1983 excessive-force claim).  Thus, to avoid jury
10  confusion, a single instruction should be given with regard to federal and state force-
11  based claims that are decided under the same standard.  *LePage v. Cty. of Napa*, 2019
12  U.S. Dist. LEXIS 167275, at *22-23 (N.D. Cal. Sep. 26, 2019); *cf. Estate of Casillas*
13  *v. City of Fresno*, 2019 U.S. Dist. LEXIS 111722, at *19 (E.D. Cal. July 2, 2019)
14  (combining excessive-force instruction and battery instruction and collecting cases in
15  support), *appeal docketed*, No. 19-16436 (9th Cir. filed July 22, 2019); *Dubose v. Cty.*
16  *of L.A.*, 2012 U.S. Dist. LEXIS 198279, at *1 (C.D. Cal. Mar. 22, 2012) ("The Court
17  finds that, to avoid confusion, it would be appropriate to instruct the jury that
18  'excessive force' for the purposes of proving a claim under § 1983 is the same as
19  'unreasonable force' for purposes of proving a claim for battery by a peace officer.")
20  (citing cases); *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1412-13 (2002)
21  ("[I]t appears unsound to distinguish between section 1983 and state law claims
22  arising from the same alleged misconduct. . . . To avoid jury confusion and to ease
23  judicial administration, it makes sense to require plaintiff to prove unreasonable force
24  on both claims.").

25        Because the same standard and analysis for excessive force claims applies to
26  federal civil rights claims under 42 U.S.C. § 1983 as well as Plaintiff's state law
27  claims for battery, if the jury finds defendants not liable for excessive force (namely,
28  if the jury finds the force was reasonable) under one of Plaintiff's force based

claims, it must likewise find the defendants not liable under all of Plaintiff's force based claims.  Conversely, if the jury finds defendants liable for excessive/unreasonable force under one of Plaintiff's force based claims, it must likewise find the defendants liable under all of Plaintiff's force based claims.

With respect to negligence, the *Hayes* case does not create a different rule of decision on reasonableness, but merely expands the scope of actionable conduct if the deputy's pre-force tactics are *Graham*-unreasonable. *Hayes* permits an officer's pre-force tactical negligence to, in effect, render the force unreasonable <u>only</u> if the officer's tactical conduct negligently provokes-causes the suspect to take the action that, in turn, prompts the officer to his use of force.  *Hayes*, 57 Cal. 4th at 623, 637-40.  Significantly, however, *Hayes* also clearly holds that the reasonableness of officer conduct (both pre-force tactics and the force itself) is to be evaluated under the federal *Graham* precepts: namely, that, from the perspective of a reasonable officer, adjudged by the information known to the officer at the time of the force/tactics at issue (and not with the 20/20 vision of hindsight), an officer's conduct is reasonable if, under the totality of the circumstances known to the officer at the time, the force appears to be needed to overcome a threat or resistance, prevent an escape, or effect an arrest.  *Id.*  As a result, if the pre-force tactical conduct is *Graham* reasonable, and the force itself is *Graham* reasonable, the issue of whether negligent tactical conduct provoked the suspect will never be reached.

Lastly, Defendants request that the burden of proof language remain in the verdict form as it is an accurate statement of the burden. And, the language regarding "substantial factor" is also directly taken from the jury instructions, and are instructive to the jury on the appropriate standard for each question.

COMPETING VERDICT FORMS