Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
 *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT**<br><br>*Filed Concurrently with [Proposed] Order*<br><br>Judge: Hon. Kenly Kiya Kato<br>Crtrm.: 3; 3rd Floor<br><br>PTC: 1/8/2026<br>Trial: 1/26/26 |

1
**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT**

**TO THE COURT AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Central District of California Local Rules 7-19, 7-19.1, and 7-19.2, the Court's Civil Standing Order, and this Court's Procedures, Defendants COUNTY OF SAN BERNARDINO ("the County") and DEPUTY CHRISTOPHER ALFRED ("Deputy Alfred") (collectively, "the Defendants") hereby move the Court *ex parte* for an order to stay proceedings pending the resolution of Defendants' interlocutory appeal of the Order denying Defendants' Motion for Summary Judgment.

The application is made on the following grounds:

*Ex parte* relief is warranted because Defendants will be irreparably harmed but for *ex parte* relief and because Defendants are without fault in creating the need for *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Without the requested stay, Defendants will suffer harm in the form of wasted costs and fees by proceeding to trial that will prove to be unnecessary should the Ninth Circuit grant the Defendants appeal. In addition, Defendants are without fault in creating the need for *ex parte* relief because the need for immediate relief results from the existing schedule and not from any conduct on the part of the Defendants.

The Court should also order a stay of proceedings because absent a certification that the Defendants' appeal is frivolous (which it is not), Defendants' interlocutory appeal divests the district court of jurisdiction to proceed with trial on qualified immunity and related federal claims (*Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) ; and the orderly course of justice, including efficiency and preservation of party and court resources, as well as the hardship on both parties and the court, far outweigh any "potential damage … from granting the stay" (*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).)

This *ex parte* application for a stay of the proceedings is based on this notice, all pleadings, papers, and records in this action, the attached memorandum of points and authorities, and the attached declaration of Kayleigh Andersen.

Pursuant to Local Rules of Court 7-19.1, on December 30, 2025, counsel for Defendants notified counsels for Plaintiff of their intention of filing this *Ex Parte* Application and counsels for Plaintiff indicated they would be opposing this *Ex Parte* Application. [Andersen Declaration, ¶ 3.]

NOTICE OF COURT ORDER RE *EX PARTES* & OPPOSITIONS: PLEASE TAKE FURTHER NOTICE that, pursuant to the Court's Procedures and Schedules available at www.cacd.uscourts.gov: (1) *ex partes* will be decided on the papers and are not usually set for hearing [*id*.]; and (2) opposition papers, if any, are due **24 hours** after the *ex parte* has been served [*id*.].

PARTIES & COUNSEL. The following information is provided pursuant to C.D. Cal. L.R. 7-19.

The contact information for plaintiff's counsel is as follows:

Rodney S. Diggs, Esq.
Darryl Meigs, Esq.
IVIE McNEILL WYATT PURCELL & DIGGS
444 S. Flower St., 32nd Floor
Los Angeles, CA 90071
Tel: (213) 489-0028
Fax: (213) 489-0552
Email: RDiggs@imwlaw.com
Email: afeather@imwlaw.com
AWilliams@imwlaw.com
LMetoyer@imwlaw.com

Dale K. Galipo, Esq.
The Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Email: dalekgalipo@yahoo.com
rvalentine@galipolaw.com
amonguia@galipolaw.com
sanderson@galipolaw.com

Defendant's counsel's contact information is as follows:

Eugene P. Ramirez
Kayleigh Andersen
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Email: eugene.ramirez@manningkass.com
kayleigh.andersen@manningkass.com
angela.brunson@manningkass.com
delia.flores@manningkass.com
*Attorneys for Defendants County of San Bernardino and Deputy Christopher Alfred*

DATED: December 31, 2025            Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ Kayleigh Andersen
       Eugene P. Ramirez
       Kayleigh Andersen
       Attorneys for Defendants, COUNTY OF
       SAN BERNARDINO and DEPUTY
       CHRISTOPHER ALFRED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendants County of Riverside ("the County") and Deputy Christopher Alfred ("Deputy Alfred") (collectively, "the Defendants") respectfully request, via *ex parte* application, a stay of proceedings pending the resolution of their interlocutory appeal on the Court's Order denying the Defendants' Motion for Summary Judgment. [Dkt. 146]. *Ex parte* relief is warranted because Defendants will be irreparably harmed but for *ex parte* relief and because Defendants are without fault in creating the need for *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Without the requested stay, Defendants will suffer harm in the form of wasted costs and fees by proceeding to trial that will prove to be unnecessary should the Ninth Circuit grant the Defendants appeal. In addition, Defendants are without fault in creating the need for *ex parte* relief because the need for immediate relief results from the existing schedule and not from any conduct on the part of the Defendants.

The Court should order a stay of proceedings because absent a certification that the Defendants' appeal is frivolous (which it is not), Defendants' interlocutory appeal divests the district court of jurisdiction to proceed with trial on qualified immunity and related federal claims. The Defendants' filing of the notice of appeal on the issue of qualified immunity divests the district court of jurisdiction until the appeal is resolved. *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). The Court's holding that even viewing the evidence in light most favorable to Plaintiff, Deputy Alfred's conduct did not violate the Fourth Amendment, and in any event, did not violate clearly established law, is a legal question properly heard on interlocutory appeal. *A. K. H by & through Landeros v. City of Tustin,* 837 F.3d 1005 (9th Cir. 2016);

In addition, the Court should also exercise its discretion to stay the proceedings pending the resolution of the interlocutory appeal. *Lockyer v. Mirant*

*Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The "orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law" weighs heavily in favor of a stay to avoid duplicative litigation and judicial review, minimize risks of inconsistent results, and promote the fair and efficient administration of justice. The hardship and inequity to both parties and the Court is great should a stay not be granted because both Plaintiff and Defendant would have to litigate claims simultaneously in both this Court as well as the Ninth Circuit; both parties would have expend time and expenses litigating issues that may be invalidated by the Ninth Circuit's decision; and judicial resources would also be wasted. In comparison, the relative harm to Plaintiff from a temporary delay is minimal.

## II.    RELEVANT PROCEDURAL HISTORY

On June 6, 2025, Plaintiff filed his Second Amended Complaint alleging six causes of action: (1) Violation of Civil Rights Based on Excessive Use of Force (42 U.S.C. § 1983); (2) Violation of Civil Rights Based on Unconstitutional Policy, Practice or Custom (42 U.S.C. § 1983); (3) Battery (Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civil Code § 43); (4) Negligence (Cal. Gov't Code §§ 815.2(a), 820(a)); (5) Violation of the Bane Act (Cal Civ. Code § 51.7); and (6) Intentional Infliction of Emotional Distress. [Dkt. 72].

In its August 4, 2025 Order Re Stipulation and Joint Requests for an Order Continuing Court's Scheduling Order Deadlines, this Court set the pre-trial and trial dates in this case as follows: January 8, 2026 Final Pre-Trial Conference and January 26, 2026 Jury Trial. [Dkt. 86.]

On December 22, 2025, this Court issued its Order Denying the Defendants' Motion for Summary Judgment. [Dkt. No. 132.]  Specifically, this Court held that "to the extent Defendants seek to exclude the remainder of [Robert Morales's declaration other than the objective evidence where the shell cases were located], the objection is **OVERRULED.**" [Dkt. 132, p. 8 (emphasis in original)]. In

1  addition, this Court held that "genuine disputes of material fact exist as to whether
2  Deputy Alfred violated the Fourth Amendment" (Dkt. 132, p. 13); "viewing the
3  evidence most favorably to Plaintiff, a jury could find Deputy Alfred acted
4  unreasonably" (*id.* at p. 17);and that "his use of deadly force, viewed most favorably
5  to Plaintiff, violated clearly established law" (*id.* at p. 18) and accordingly, "Deputy
6  Alfred is not entitled to qualified immunity" (*id.*).

7        In its December 30, 2025 Scheduling Notice, the Court ordered the parties to
8  file by no later than 12:00 p.m. on January 5, 2026 a separate Stipulation of Facts
9  (1) file a separate Stipulation of Facts identifying the uncontested facts, and (2)
10 notify the Court as to whether future settlement discussion are anticipated in light of
11 the Court's December 22, 2025 Order denying Defendants' Motion for Summary
12 Judgment. [Dkt. 145.]

13       On December 30, 2025, the Defendants filed their notice of appeal from the
14 Court's order on Defendant's motion for summary judgment. [Dkt. No. 146.]
15 Defendants seek an appeal of the Court's order denying Deputy Alfred qualified
16 immunity, which divests the district court of jurisdiction to proceed with trial.
17 *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). Defendants also seek to appeal the
18 order denying the Defendants objection to the admissibility of the Declaration of
19 Robert Morales with respect to this opinions other than the objective evidence of
20 whether the shell casings were located. *Daubert v. Merrell Dow Pharmaceuticals*,
21 509 U.S. 579 (1993). Because of a clerical error, the Defendants re-filed their notice
22 of appeal on December 31, 2025. [Dkt. No. 150].

23       Pursuant to Local Rules of Court 7-19.1, on December 30, 2025, counsel for
24 Defendants notified counsels for Plaintiff of their intention of filing this *Ex Parte*
25 Application and counsels for Plaintiff indicated they would be opposing.
26 Declaration of Kayleigh Andersen ("Andersen Declaration"), ¶ 3.]

27 **III.  *EX PARTE* RELIEF IS WARRANTED**

28       To obtain *ex parte* relief, a party must demonstrate that: (1) it will be

irreparably harmed but for *ex parte* relief; and (2) it is without fault in creating the need for *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex parte* relief is necessary because there is insufficient time to bring a motion pursuant to the regular notice timeline given that trial is scheduled to commence on January 26, 2026. Without *ex parte* relief, Defendants will suffer immediate and irreparable injury if required to seek relief through regular notice procedure and Defendants are without fault in creating the need for *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *Smith v. Cnty. of Los Angeles*, No. CV1110666GAFPJWX, 2012 WL 12965922, at *2 (C.D. Cal. Sept. 20, 2012) (defendant's ex parte relief granted to avoid costly discovery that may be rendered unnecessary and because the immediate relief results from the discovery and pre-trial schedule and not from any conduct on the part of Defendants); Fed. R. App. P. 32.1(a).

      First, Defendants will be irreparably harmed but for *ex parte* relief. Without the requested stay, Defendants will be required to participate in the imminent trial scheduled to commence on January 26, 2026 as well as the corresponding pre-trial proceedings. [Dkts. 86, 145.] However, should the Ninth Circuit grant the Defendants appeal, the trial would be rendered unnecessary. *Smith v. Cnty. of Los Angeles*, No. CV1110666GAFPJWX, 2012 WL 12965922, at *2 (C.D. Cal. Sept. 20, 2012); Fed. R. App. P. 32.1(a). Without relief, Defendants will be forced to expend unnecessary costs and fees at great prejudice. Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and employed by the court … to secure the just, speedy, and inexpensive determination of every action and proceeding.")

      Second, Defendants are without fault in creating the need for *ex parte* relief. The need for immediate relief results from the existing schedule: Pre-Trial Conference is scheduled for January 8, 2026 and the Trial is scheduled for January 26, 2026. *Smith v. Cnty. of Los Angeles*, No. CV1110666GAFPJWX, 2012 WL 12965922, at *2 (C.D. Cal. Sept. 20, 2012); Fed. R. App. P. 32.1(a). The Defendants

are not at fault given that they filed their Notice of Appeal with respect to the Order denying their Motion for Summary Judgment as soon as practicable. [*Compare* Dkt. 132 entered on December 22, 2025 with Dkt. 146, filed on December 30, 2025.]

## IV. THE DEFENDANTS' NOTICE OF APPEAL DIVESTS THE DISTRICT COURT OF JURISDICTION OVER BOTH OF PLAINTIFF'S FEDERAL CLAIMS (FIRST AND SECOND CAUSES OF ACTION)

"A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. Phelps,* 283 F.3d 1176, 1181 n.5 (9th Cir. 2002). "[T]he district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984), *cert. denied*, 469 U.S. 829 (1984). This rule, divesting the district court of jurisdiction, is not based on statutory provisions or the rules of civil procedure, but "is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *U.S. v. Claiborne*, 727 F. 2d 842, 850 (9th Cir. 1984).

The denial of qualified immunity is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "[A] proper appeal from the denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial." *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Horton v. City of Santa Maria,* 915 F.3d 592, 603 n. 10 (9th Cir. 2019); *Gonzalez v. City of Alameda*, 21-CV-09733-DMR, 2023 WL 6851991, at *1 (N.D. Cal. Oct. 16, 2023). Certifying that an appeal is frivolous or waived is an exception to this rule; however in the absence of the certification, the district court is

1 automatically diverted of its authority to proceed with trial pending appeal.
2 *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018).

3     Here, the Defendants' appeal of the Court's order denying qualified immunity
4 to Deputy Alfred divests the Court of jurisdiction as to both of Plaintiff's federal
5 claims. As to the first cause of action, Defendants appeal the Court's denial of
6 qualified immunity to Deputy Alfred constitutes on constitutes a "legal question that
7 may be properly heard on an interlocutory appeal." *A. K. H by & through Landeros*
8 *v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016) (citing *Plumhoff v. Rickard*,
9 572 U.S. 765, 779 (2014).) In denying qualified immunity, the summary judgment
10 order both held that a genuine dispute of act existed as to whether Deputy Alfred
11 violated the Fourth Amendment; that viewing the evidence most favorably to
12 Plaintiff, a jury could find Deputy Alfred acted unreasonably; and that Deputy
13 Alfred was not entitled to qualified immunity because his use of deadly force,
14 viewed most favorably to Plaintiff, violated clearly established law. [Dkt. 132, p. 13,
15 17, 18]. Like the appellant in *A. K. H by & through Landeros v. City of Tustin,* here,
16 Defendants argue that even viewing the evidence in the light most favorable to the
17 Plaintiff, Deputy Alfred's conduct did not violate the Fourth Amendment, and, in
18 any event, did not violate clearly established law, and accordingly, a "legal issue"
19 has been raised that may be properly heard in an interlocutory appeal. *A. K. H by &*
20 *through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016); *see also*
21 *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

22     Moreover, there have been no motions to certify Defendants' appeal as
23 frivolous; nor can the Defendants' appeal be characterized as frivolous. Frivolity
24 requires a qualified immunity claim "that is unfounded, so baseless that it does not
25 invoke appellate jurisdiction and that a forfeited qualified immunity claim is one
26 that is untimely or dilatory". *Marks v. Clarke*, 102 F.3d 1012, 1017, n. 8 (9th Cir.
27 1996), *as amended on denial of reh'g* (Feb. 26, 1997) (internal quotation and
28 citation omitted). Further, "[e]ven a district court's belief that parties are unlikely to

prevail on appeal is insufficient alone to warrant certification of the appeal as frivolous." *Suzuki v. Cty. of Contra Costa*, No. 18-CV-06963-SI, 2019 WL 4674418 at *2 (N.D. Cal. Sept. 25, 2019) (granting stay pending appeal of the denial of qualified immunity); Fed. R. App. P. 32.1(a). Specifically, "an appeal from the denial of qualified immunity is not frivolous solely because the district court based its order on what it perceived to be clearly established law." *Id.*

In holding that Deputy Alfred violated clearly established law, the Court relied on, *inter alia*: *Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143 (9th Cir. 1996), *accord Villanueva*, 986 F.3d 1172; *Orn v. City of Tacoma,* 949 F.3d 1167, 1175 (9th Cir. 2020); *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). Defendants submit that those cases are factually distinct from the underlying incident and do not create "clearly established" law, as defined by *White v. Pauly*, 580 U.S. 73, 77-80 (2017) and other Supreme Court precedent.

Qualified immunity is a complex area of law, demonstrated by the ample appellate and Supreme Court jurisprudence concerning the topic. *See e.g. White*, *supra*, 551-552; *Richardson v. McKnight*, 521 U.S. 399, 408 (1997). Furthermore, the Ninth Circuit may review a denial of qualified immunity where a defendant argues that the facts, even when considered in the light most favorable to the plaintiff, show no constitutional violation, or no violation of a clearly established right. *Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017). This could occur because Defendant is appealing denial of qualified immunity, and qualified immunity consists of two prongs: "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (internal citation omitted).

As to the second cause of action, without an underlying constitutional violation, there can be no *Monell* violation. *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 742 (9th Cir. 2020) ("there can be no *Monell* claim based on excessive

7

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT

force without an underlying constitutional violation by the officers, the peace officer's conduct in violation of the Constitution here becomes the 'necessary logical condition' to formulate a *Monell* claim.") In other words, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the [constitutional violation] is quite beside the point." *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

## V. UNDER DISCRETIONARY STANDARDS, A STAY OF PROCEEDINGS IS APPROPRIATE PENDING THE RESOLUTION OF THE DEFENDANTS' INTERLOCUTORY APPEAL

The Ninth Circuit has explained that "[a] district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N Am. Co.,* 299 U.S. 248, 254-55 (1936).

In determining whether to issue a stay, the courts must weigh:

> (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554, 217 L. Ed. 2d 295 (2024) (internal citations omitted); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Pursuant to the standards set out in *Lockyer*, the Court should stay the proceedings in this action pending the resolution of the interlocutory appeal as to qualified immunity filed by Defendants because all three factors favor the issuance of

8

a stay. *See also Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992) (granting stay when party has filed notice of appeal from the denial of qualified immunity).

Factor three, "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law", weighs heavily in favor of a stay. *S.L. v. Cnty. of Riverside,* No. 5:24-CV-00249-CAS-SPX, 2025 WL 2652874, at *7 (C.D. Cal. Sept. 15, 2025) (D.J. Snyder); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). In *S.L. v. Cnty. of Riverside,* the Central District of California granted a stay of proceedings (which included pending the resolution of the defendants' interlocutory appeal of the court's order on summary judgment, which including qualified immunity and standing. No. 5:24-CV-00249-CAS-SPX, 2025 WL 2652874, at *7 (C.D. Cal. Sept. 15, 2025) ("it is appropriate to exercise its discretion to stay the proceedings to avoid duplicative litigation and judicial review, minimize risks of inconsistent results, and promote the fair and efficient administration of justice"). Specifically, the court noted that should the Ninth Circuit grant the Defendants' appeal, this court would receive considerable assistance in resolving the action from the Ninth Circuit's development of the record and assessment of common issues and the stay would minimize the risk of multiple trials and multiple appeals in the event the Ninth Circuit declines to grant qualified immunity for defendants. *Id.* Similarly, here, "the orderly course of justice" would be served by a stay in proceeding. *Id.*

Factor one, "possible damage … from granting the stay", also weighs in favor of the stay. Potential dangers include, i.e. danger of lost evidence or memory loss of witnesses. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024); *S.L. v. Cnty. of Riverside,* No. 5:24-CV-00249-CAS-SPX, 2025 WL 2652874, at *7 (C.D. Cal. Sept. 15, 2025). However, because discovery is closed and all motion cut-off dates have passed, and this matter is in pre-trial posture, ready for trial, there will be no damage or hardship by a stay. *Lessin v. Ford Motor Co.,* No. 19-CV-1082-AJB-AHG, 2025 WL 2898964, at *5 (S.D. Cal. Oct. 10, 2025). Furthermore,

9

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT

any harm resulting from the delay in the adjudication of Plaintiff's claim is minimized by the fact that the stay is temporary pending the appeal. *S.L. v. Cnty. of Riverside,* No. 5:24-CV-00249-CAS-SPX, 2025 WL 2652874, at *7 (C.D. Cal. Sept. 15, 2025).

Factor two, "the hardship or inequity which a party may suffer", also weighs in favor of the stay. In weighing this factor, the "question is whether the stay imposes a hardship on [parties] that outweighs the efficiencies to be gained by the stay." *In re PG&E Corp.*, 100 F.4th at 1087. Here, while Plaintiff may be moderately prejudiced by a delay in resolution of their claims, denying the stay would prejudice both Plaintiff and Defendants by forcing both parties to litigate claims simultaneously in both district court as well as the Ninth Circuit. *S.L. v. Cnty. of Riverside,* No. 5:24-CV-00249-CAS-SPX, 2025 WL 2652874, at *7 (C.D. Cal. Sept. 15, 2025). In addition, without the stay, hardship would be great as "both parties would be required to proceed, expending further time and expense to litigate issues that may be invalidated or otherwise impacted by the Ninth Circuit's and the Court of Appeal's forthcoming decisions." *Blain v. Liberty Mut. Fire Ins. Co.*, No. 22-CV-00970-AJB-MMP, 2025 WL 886966, at *23 (S.D. Cal. Mar. 21, 2025) (judicial efficiency and potential hardship outweigh the minimal potential damage to plaintiff). Finally, preservation of judicial and party resources warrant finding in favor of the stay. *Lessin v. Ford Motor Co.*, No. 19-CV-1082-AJB-AHG, 2025 WL 2898964, at *5 (S.D. Cal. Oct. 10, 2025)

## VI.   CONCLUSION

For these reasons, the Defendants' request that this Court grant its *Ex Parte* Application to stay the district court proceedings pending the resolution of Defendants' interlocutory appeal.

| | | |
|---|---|---|
| 1 | DATED:  December 31, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP** |
| 4 | | |
| 5 | | |
| 6 | | By:      /s/ Kayleigh Andersen |
| 7 | | Eugene P. Ramirez<br>Kayleigh Andersen |
| 8 | | Attorneys for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY |
| 9 | | CHRISTOPHER ALFRED |

11

## *Certificate of Compliance with 11-6.2*

The undersigned, counsel of record for Defendants COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED certifies that this brief contains 3,414 words, which complies with the word limit of L.R. 11-6.1.

DATED:  December 31, 2025        Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:  /s/ Kayleigh Andersen
Kayleigh Andersen
Attorneys for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# DECLARATION OF KAYLEIGH ANDERSEN

I, Kayleigh Andersen, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants County of San Bernardino ("the County") and Deputy Christopher Alfred ("Deputy Alfred") (together, "the Defendants"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Motion of Defendant County of San Bernardino and Deputy Christopher Alfred for an Order To Stay Proceedings Pending Appeal.

2. On December 30, 2025, the Defendants filed a Notice of Appeal of the Court's Order on the Defendants' Motion for Summary Judgment. [Dkt. 146].

3. Pursuant to Local Rules of Court 7-19.1, on December 30, 2025, counsel for Defendants notified counsels for Plaintiff of their intention of filing this *Ex Parte* Application and counsels for Plaintiff indicated they would be opposing this *Ex Parte* Application.

4. Because of a clerical error, on December 31, 2025, the Defendants re-filed their Notice of Appeal on the Court's Order on the Defendants' Motion for Summary Judgment. [Dkt. 150].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of December, 2025, at Los Angeles, California.

/s/ Kayleigh Andersen
Kayleigh Andersen

2
**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 695 Town Center Dr., Ste. 400, Costa Mesa, CA 92626.

On December 31, 2025, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dale K Galipo**
  dalekgalipo@yahoo.com, amonguia@galipolaw.com, blevine@galipolaw.com, CMayne@galipolaw.com, coopermayne@recap.email, dgilbert@galipolaw.com, evalenzuela@galipolaw.com, hlee@galipolaw.com, ldeleon@galipolaw.com, msincich@galipolaw.com, rvalentine@galipolaw.com, sanderson@galipolaw.com, slaurel@galipolaw.com

- **Darryl Avery Meigs , Sr**
  darryl@karnsandkarns.com

- **Eugene P Ramirez**
  Eugene.Ramirez@manningkass.com, delia.flores@manningkass.com

- **James A Bryant , II**
  james.bryant@thecalawgroup.com

- **Katherine Hwang**
  katherine.hwang@manningkass.com, Norma.Limon@manningkass.com

- **Kayleigh Ann Andersen**
  kayleigh.andersen@manningkass.com, delia.flores@manningkass.com, Katherine.Hwang@manningkass.com

- **Renee V Masongsong**
  rvalentine@galipolaw.com, amonguia@galipolaw.com,

---

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT

1  kslyapich@galipolaw.com

- **Richard T Copeland**
  rtc@conflict-solution.com

- **Rodney S. Diggs**
  rdiggs@imwlaw.com, afeather@imwlaw.com, awilliams@imwlaw.com, lmetoyer@imwlaw.com, taman@imwlaw.com, tmarieglover@imwlaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 31, 2025, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN IN SUPPORT**