**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
**IVIE MCNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

Attorneys for Plaintiff, STEFFON BARBER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants | Case No. 5:22-cv-00625-KK-DTB<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF RENEE V. MASONGSONG IN SUPPORT**<br><br>[Proposed Order; Declaration of Renee V. Masongsong and exhibits thereto *filed concurrently herewith*] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff hereby applies *ex parte*, pursuant to Local Rule 7-19 and the cases cited in Plaintiff's memorandum of points and authorities, for an order certifying Defendants' interlocutory appeal as frivolous and retaining jurisdiction over this case.

This motion is based on this *ex parte* application, the attached memorandum of points and authorities, the supporting declaration of Renee V. Masongsong filed concurrently herewith and exhibits thereto, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

An application may be made on an *ex parte* basis where the moving party is exposed to prejudice not attributable to lack of diligence on the part of the moving party. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Plaintiff will suffer prejudice if this case is stayed pending Defendants' unmeritorious appeal. This application is properly made on an *ex parte* basis because, on December 30, 2025, Defendants filed a notice of appeal from this Court's order denying summary judgment ("Notice of Appeal"), only approximately one week before the Court's final pretrial conference set for January 8, 2026. (Dkt. No. 146, 150). The trial of this matter is set for January 26, 2026, less than one month away, and this Court's ruling on Plaintiff's instant *ex parte* application may determine whether this case will proceed to trial as scheduled. Thus, there is not sufficient time for Plaintiff to file this as a regularly noticed motion. (Decl. of Renee V. Masongsong ("Masongsong Decl.) at ¶ 2).

For the reasons set forth in the attached memorandum of points and authorities, Defendants' interlocutory appeal should be certified as frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) gives this Court the authority to certify Defendants' appeal as frivolous and proceed with the trial. *See also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal.

2003) (explaining and applying *Chuman* certification process).

      Unless this Court certifies Defendants' Appeal as frivolous in accordance with Ninth Circuit and Supreme Court precedent, Defendants' unmeritorious appeal could result in a significant delay. The heavy weight of such potential prejudice justifies this *ex parte* application. There are multiple avenues of potential prejudice to Plaintiff from such a delay: memories fading; witnesses moving away; attorneys' fees mounting; and the time value of the delay in terms of Plaintiff's delayed remedies. This case arises from a shooting that took place almost five years ago, on April 27, 2021, and this case was already stayed for almost two and a half years, pending the conclusion of Plaintiff's criminal proceedings. Plaintiff submits that, for the reasons described herein, the proposed order filed concurrently herewith may be entered on an *ex parte* basis.

      This *ex parte* application complies with Local Rule 7-19's requirements. Defendants are represented by Kayleigh Andersen and Eugene Ramirez of Manning & Kass, 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017; (213) 624-6900; Kayleigh.Andersen@manningkass.com. On December 30, 2025, after Defendants' counsel filed their Notice of Appeal, Plaintiff's counsel informed Defendants' counsel that Plaintiff would be filing an ex parte application to deem the Appeal frivolous. Defendants' counsel stated that Defendants would oppose Plaintiff's ex parte application. Defendants take the position that the filing of their Notice of Appeal deprives this court of jurisdiction to take further action. Plaintiff's counsel also informed Defendants' counsel that Plaintiff would be opposing Defendants' ex parte application to stay the case. (Masongsong Decl. at ¶ 3).

      Plaintiff also provides notice herein that, pursuant to the Court's Procedures and Schedules available at www.cacd.uscourts.gov: (1) *ex partes* will be decided on the papers and are not usually set for hearing [*id*.]; and (2) opposition papers, if any, are due 24 hours after the *ex parte* has been served [*id*.].

Respectfully submitted,

DATED: December 31, 2025          LAW OFFICES OF DALE K. GALIPO

                                  By:      /s/ Renee V. Masongsong
                                       Dale K. Galipo
                                       Renee V. Masongsong
                                       Attorneys for Plaintiff


Dated: December 31, 2025          IVIE MCNEILL WYATT
                                  PURCELL & DIGGS

                                  By:  *s/ Rodney S. Diggs*
                                       Rodney S. Diggs
                                       Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

This civil rights and state tort lawsuit arises out of the shooting of Steffon Barber by County of San Bernardino Deputy Christopher Alfred on April 27, 2021. Plaintiff brings this action under 42 U.S.C. § 1983 and California state law against Defendants Deputy Alfred and the County of San Bernardino. Plaintiff filed his lawsuit on April 12, 2022. (Dkt. No. 1). On July 27, 2022, this action was stayed pending completion of Plaintiff's criminal case. (Dkt. No. 20). On December 19, 2024, this action was returned to active status. (Dkt. No. 43). On October 9, 2025, Defendants moved for summary judgment ("MSJ") on all of Plaintiff's claims, and Plaintiff timely opposed the Motion. (Dkt. Nos. 97, 101). On December 22, 2025, this Court denied Defendants' MSJ in its entirety. (Dkt. No. 132 ("MSJ Order")). On December 30, 2025, Defendants filed a Notice of Appeal to the Ninth Circuit Court of Appeals of this Court's Order denying summary judgment and denying qualified immunity ("Appeal"). (*See* Dkt. No. 146, 150 (Notice of Appeal)).

Plaintiff now applies *ex parte*, requesting that this Court certify Defendants' Appeal as frivolous, retain jurisdiction, and allow the case to proceed to trial as scheduled. The trial of this matter is currently set for January 26, 2026, and the pretrial conference is scheduled for January 8, 2026. This Court should deny any request by defendants to stay this case or vacate the trial date. As explained below and in Judge Cormac J. Carney's Order Granting Plaintiffs' Motion to Certify Appeal as Frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order, and a defendant may only appeal a court's denial of qualified immunity on the basis that his conduct did not violate clearly established law if the defendant assumes the plaintiff's version of the facts. *See* "Exhibit A" to Masongsong Decl. (2019 *Craig* Order); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *see also* "Exhibit B" to Masongsong Decl. (2022

Order by Judge Jesus Bernal Granting Plaintiffs' *Ex Parte* Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)).

  Here, Defendants do not assume Plaintiff Barber's version of the facts. Rather, in their MSJ, Defendants argued that no case decided prior to the shooting of Plaintiff Barber clearly established Barber's right to be free from excessive force under Defendants' version of the facts, and it is anticipated that they will continue to argue their version of the facts on Appeal. (Dkt. No. 97). In Plaintiff Barber's opposition to Defendants' MSJ, Plaintiff disputed Defendants' version of the facts and argued that cases decided prior to the shooting clearly established Barber's right to be free from excessive force under Plaintiff's version of the facts. (Dkt. No. 101). In its MSJ Order, this Court agreed that genuine disputes of material fact exist as to whether Deputy Alfred's use of force was reasonable. (Dkt. No. 132, ("MSJ Order") at p. 13). Some of these material factual disputes include: the locations of Plaintiff's vehicle and Deputy Alfred during the shooting; whether Deputy Alfred was moving or stationary at the time of the shooting; whether the situation was rapidly changing; whether Deputy Alfred could have simply stepped to the side rather than shooting; whether any urgency was of Deputy Alfred's own making. (*Id*. at pp. 5, 14, 17). This Court also concluded that Deputy Alfred's "use of deadly force, viewed most favorably to Plaintiff, violated clearly established law." (*Id*. at pp. 18-19). Which cases clearly establish Plaintiff's constitutional right depends on which set of facts are accepted as true. Therefore, to the extent that Defendants continue to refute Plaintiff's version of the facts, Defendants' Appeal does not raise a "purely legal" issue, and this Court should certify Defendants' Appeal as frivolous.

## II. LEGAL STANDARD

  "[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue. . . .' However, instant appeal is not available . . . when the district court determines that

1  factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*,
2  562 U.S. 180, 188 (2011).  In determining whether to stay proceedings pending
3  appeal of a denial of qualified immunity, district courts must weigh the interests of
4  the defendants claiming immunity from trial with the interest of the other litigants
5  and the judicial system. "During the appeal memories fade, attorneys' meters tick,
6  judges' schedules become chaotic (to the detriment of litigants in other cases).
7  Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d
8  1335, 1338–39 (7th Cir. 1989).

9      *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district
10 courts the right to certify an interlocutory appeal as frivolous. "Should the district
11 court find that the defendants' claim of qualified immunity is frivolous . . . the
12 district court may certify, in writing, that defendants have forfeited their right to
13 pretrial appeal, and may proceed with trial." *Id*; see also *California ex rel. Lockyer*
14 *v. Mirant Corp*., 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and
15 applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d 776,
16 790–92 (9th Cir. 2018). "An appeal is frivolous if the results are obvious, or the
17 arguments of error are wholly without merit."  *In re George*, 322 F.3d 586, 591 (9th
18 Cir. 2003) (quoting *Maisano v. Untied States*, 908 F.2d 408, 411 (9th Cir. 1990))
19 (discussing standard under 28 U.S.C § 1912 and Federal Rules of Appellate
20 Procedure 38). A qualified immunity claim may be frivolous if the claim is
21 "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks v.*
22 *Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at
23 1339); *Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115
24 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

26     //
27     //
28     //

## III. DISCUSSION

### A. This Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not an Immediately Appealable Order

Whether an appellate court hears an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial. *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014) (appellate court has jurisdiction to review order denying officers' summary judgment motion based on qualified immunity in section 1983 action where decedent killed in a high speed car chase and officer's contention that conduct did not violate Fourth Amendment raised legal rather than factual issues). An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson*, 515 U.S. at 313–20. "Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *see also Johnson*, 515 U.S. at 307; *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

In *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), Central District Judge Cormac J. Carney granted the *Craig* plaintiff's ex parte application to certify the defendants' appeal as frivolous, following *Rodriguez* and *Chuman*. (*See* "Exhibit A" to Masongsong Decl. (2019 *Craig* Order)). In that excessive force case, the individual officer defendant appealed the district court's March 7, 2019, order granting in part and denying in part the defendants' motion for summary judgment, challenging the Court's denial of summary judgment on the basis of qualified immunity. The *Craig* defendants contended that their appeal rested on two bases: (1) that the individual officer's use of force was lawful; and (2) that his use of force did not violate clearly established law. With respect to the

*Craig* defendants' first ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers. . . Defendant cannot appeal the Court's determination that there were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

(*Id.* at p. 4)).

In the instant case, this Court's Order denying summary judgment to Deputy Alfred on qualified immunity grounds was premised on material factual disputes. This Court appropriately held that "genuine disputes of material fact exist as to whether Deputy Alfred's force was reasonable." (Dkt. No. 132 ("MSJ Order") at pp. 13, 22). As this Court pointed out in its order denying Defendants' MSJ, a jury could conclude that, contrary to Deputy Alfred's testimony, he did have the space to move out of Plaintiff's way. (*Id.* at pp. 15-16). This is a central dispute in this case that this Court appropriately resolved in Plaintiff's favor at this stage, and a fact that Defendants must (but do not) assume to be true. This Court also appropriately determined that a reasonable jury could find that Deputy Alfred had sufficient time to move to the backyard opening, considering the slow speed of the Trailblazer. (*Id.* at p. 16). Whether Deputy Alfred had sufficient time to tactically reposition, if necessary, as well as the speed of the Trailblazer, are also genuine disputes of material fact.

In denying qualified immunity to Deputy Alfred, this Court appropriately determined that Deputy Alfred's use of deadly force, "viewed most favorably to Plaintiff, violated clearly established law." (*Id.* at p. 18). Under Plaintiff's version of the facts, cases like *Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143 (9th Cir.

1996) and *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020) clearly establish Plaintiff Barber's constitutional right to be free from excessive force in this situation. (Dkt. No. 132 "MSJ Order" at pp. 18-19). By contrast, the cases cited by Defendants, including *Monzon v. City of Murrieta*, 978 F.3d 1150 (9th Cir. 2020), *Gaxiola v. City of Richmond Police Dep't*, 131 F.App'x 508 (9th Cir. 2005), and *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010) are not analogous to the instant case when viewing the facts in the light most favorable to Plaintiff Barber. (*See* Dkt. No. 132 "MSJ Order" at p. 16, fn. 11). It is anticipated that Defendants will continue to argue on Appeal that *Monzon*, *Gaxiola*, and *Wilkinson* are analogous to the instant case. In so doing, Defendants would be continuing to argue their version of the material facts, which Plaintiff disputes.

      In addition to the disputed issues of material fact surrounding the reasonableness of Deputy Alfred's shooting, this Court also appropriately held that "there is a question of fact as to whether defendant County's failure to train had a 'direct causal link' to the deprivation of Plaintiff's Fourth Amendment rights." (Dkt. 132 ("MSJ Order") at p. 20).

      Therefore, Defendants' Appeal is not available because this Court clearly and appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188. The foregoing disputes identified in this Court's Order are "material" because the resolution of these facts is key to assessing the reasonableness of Deputy Alfred's conduct. It is clear that the denial of qualified immunity in this case is based at least in part on genuine issues of material fact. Hence, the Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)). Accordingly, the Court should certify

Defendants' interlocutory Appeal as frivolous on this basis. *See Chuman v. Wright*, *supra*.

### B. Defendants Have Forfeited Any Appeal as to their *Heck* Affirmative Defense

Any appeal of this Court's decision that Defendants' *Heck* defense fails is also frivolous for at least two reasons. First, this is not a "purely legal" issue. Second, Defendants have forfeited their *Heck* affirmative defense. As this Court appropriately held:

> Defendants forfeited their *Heck* affirmative defense by not asserting it in their answers, *see* Dkts. 75, 78 at 22-26. *See Hebrard*, 90 F.4th at 1006 ("[The defendant's] failure to plead *Heck* as an affirmative defense clearly constituted [] a forfeiture."). "An affirmative defense, once forfeited, is 'exclu[ded] from the case.'" *Wood v. Milyard*, 566 U.S. 463, 470 (2012). Thus, rejecting Defendants' *Heck* defense on this ground alone is sufficient.

(Dkt. No. 132 ("MSJ Order") at p. 10). Additionally, as this Court held, "Defendants have not sufficiently demonstrated the factual basis of Plaintiff's conviction." (*Id*. at pp. 10-11). Any argument that Plaintiff's Section 1983 claim is *Heck*-barred would also require Defendants to assume Plaintiff's version of the facts, including which facts established his conviction.

### C. Plaintiff Will be Prejudiced by a Stay of This Action

This Court should retain jurisdiction and should not stay the instant action. The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*,

300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

While the Supreme Court has allowed interlocutory appeals of qualified immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39). In recognizing the value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39.

Almost five years have passed since the April 27, 2021 shooting giving rise to this lawsuit. Plaintiff filed his lawsuit on April 12, 2022. On July 27, 2022, this action was stayed pending completion of Plaintiff's criminal case, and the stay was not lifted for approximately two and a half years, until December 19, 2024. (Dkt. No. 43). Plaintiff Barber is entitled to his day in court without any further stay of this action. In light of the frivolous nature of Defendants' Appeal, it would be prejudicial to Plaintiff to vacate the current trial date based on Defendants' inappropriate interlocutory Appeal, which could result in a stay of this case for another one to two years while the appeal is pending. Further, in addition to consuming the resources of the appellate court, such a lengthy appeal would cut

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

across the public interest in the expeditious and efficient resolution of litigation.

The excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court. (*See* "Exhibits C and D"). In both *Sandoval* and *Herd*, as in the instant case, the court denied defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory appeals. In *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling, holding that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage. The defendants' unsuccessful appeal in *Sandoval* resulted in a two year and seven month delay in that trial. (Masongsong Decl. at ¶ 8 and "Exhibit C").

In *Herd*, the district court denied the individual officer defendants' requests for qualified immunity on summary judgment. The *Herd* defendants filed an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for lack of jurisdiction. In their motion to dismiss, the *Herd* plaintiffs explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the district court's order denying qualified immunity to the individual officers was based on the existence of genuine issues of material facts and thus is not a final, immediately appealable order. The Ninth Circuit agreed, granted the plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion for reconsideration and rehearing *en banc* on the issue on November 3, 2020. ("Exhibit D" to Masongsong Decl. (*Herd* Ninth Cir. Order)). The district court case was stayed pending the *Herd* defendants' appeal, which resulted in approximately an 18-month delay in the case. (Masongsong Decl. at ¶ 9

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

and "Exhibit D").

Plaintiff's instant motion seeks to avoid such delays.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed order filed concurrently herewith, which would certify that the Appeal filed by Defendants, regarding this Court's Order denying Defendants' motion for summary judgment, is frivolous because it is an appeal from a denial of summary judgment on the grounds of the existence of disputed questions of material fact. Because the Appeal is frivolous, this Court would retain jurisdiction over this matter, and the case would proceed to trial as scheduled.

Respectfully submitted,

DATED: December 31, 2025          LAW OFFICES OF DALE K. GALIPO

                                  By: _____/s/ Renee V. Masongsong_____
                                        Dale K. Galipo
                                        Renee V. Masongsong
                                        Attorneys for Plaintiff

Dated: December 31, 2025          IVIE MCNEILL WYATT
                                  PURCELL & DIGGS

                                  By: _s/ Rodney S. Diggs_____
                                        Rodney S. Diggs
                                        Attorney for Plaintiff