# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| KATHY CRAIG and GARY CRAIG, individually and as successors-in-interest to BRANDON LEE WITT, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, NICHOLAS PETROPULOS, an individual, and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: SACV 17-00491-CJC(KESx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY APPEAL AS FRIVOLOUS [Dkt. 123] AND DENYING DEFENDANT'S *EX PARTE* APPLICATION TO STAY CASE PENDING NINTH CIRCUIT APPEAL [Dkt. 125]** |

## I. INTRODUCTION & BACKGROUND

Plaintiffs brought this civil rights action against Defendants County of Orange and Nicholas Petropolus after their son, Brandon Lee Witt, was shot at close range by Orange

-1-

County Sheriff's Deputy Petropulos while Witt was sitting in his car. Deputy Petropulos initially approached Witt's car to ask him some questions. When Witt failed to follow Deputy Petropulos's directions, Deputy Petropulos grew increasingly irate. Another deputy arrived. Deputy Petropulos told Witt, "You're going to get shot, motherfucker." Soon after, Witt shifted his car into drive, and the car began to move forward, away from the deputies. At that point in the video and audio recording, Deputy Petropulos appears to say, "Fuck it." He then fired one round, killing Witt. Witt was unarmed.

On March 7, 2019, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment. (Dkt. 92.) On March 20, 2019, Defendant Petropulos filed an appeal, challenging the Court's denial of summary judgment on the basis of qualified immunity. (Dkt. 104.) The filing of such an appeal automatically divests the district court of its authority to proceed with trial unless the district court finds that the claim of qualified immunity is frivolous or has been waived. *See Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790–92 (9th Cir. 2018); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996) (approving of the practice of certifying appeals as frivolous). Before the Court are Plaintiffs' motion to certify the appeal as frivolous and Defendant Petropulos's *ex parte* application for a stay. (Dkts. 123, 125.) Based on the summary judgment record, and on its knowledge of the proceedings in this case, the Court finds that the appeal is frivolous and does not divest the Court of jurisdiction to proceed to trial. Accordingly, Plaintiffs' motion is **GRANTED** and Defendant's *ex parte* application is **DENIED**.[1]

---

[1] Plaintiffs originally scheduled their motion for April 29, 2019, but the parties agree that the motion should be heard on an *ex parte* basis. Both parties have fully briefed the issue. (*See* Dkts. 123, 125.) Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 29, 2019 at 1:30 p.m. is hereby vacated and off calendar.

## II. DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Yet, concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, the Ninth Circuit has created an exception to the "divestiture rule." *Rodriguez*, 891 F.3d at 790–91. Where a district court certifies an appeal as frivolous or waived, the district court may proceed with trial. *Id.*; *see also Chuman*, 960 F.2d at 105.

"An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)) (discussing standard under 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38). A qualified immunity claim may be certified as frivolous if the claim is "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). Defendants contend their appeal rests on two bases: (1) that Deputy Petropolus's use of force was lawful, and (2) that his use of force did not violate clearly established law.

With respect to the first ground, this is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is

1 disputed, for instance, whether Witt posed an immediate threat to the officers. The
2 officers never saw any weapon on Witt's person or in the car, and Witt never verbally
3 threatened them. Cf. *Espionsa v. City & Cty. of S.F.*, 598 F.3d 528, 538 (9th Cir. 2010)
4 (finding court properly denied summary judgment on excessive force claim where
5 decedent had not been accused of any crime, had not initially caused the situation, and
6 did not brandish, mention, or threaten to use a weapon). The Court similarly denied
7 summary judgment on the substantive due process claim because there were genuine
8 disputes of material fact. The Court found Deputy Petropulos's escalating temper and
9 profanity-laced threats created a triable issue of fact as to whether he fired his gun at Witt
10 with a purpose to harm. Defendant cannot appeal the Court's determination that there
11 were genuine issues of fact for trial. Cf. *Johnson*, 515 U.S. at 319–20.

13     Nor does Defendant's second ground for appeal fare any better. A defendant may
14 appeal a district court's denial of qualified immunity on the basis that his conduct did not
15 violate clearly established law, so long as the defendant assumes the plaintiff's version of
16 the facts. See *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945–46 (9th Cir.
17 2017). Defendant fails to do this. In his motion for summary judgment, Defendant
18 primarily challenged the sufficiency of Plaintiffs' evidence and asserted his own version
19 of the facts, arguing he reasonably believed that Witt had a gun. (*See* Dkt. 76 [Defs.'
20 Mot. for Summ. J.] at 24 [arguing Deputy Petropolus did not violate clearly established
21 law by using deadly force "for purposes of defending himself and overcoming a suspect's
22 resistance where the officer has the reasonable belief that the suspect has a gun"].) And
23 in their reply, Defendant distinguished *Haugen v. Brosseau* by arguing there was
24 insufficient evidence that Witt was a fleeing suspect who posed no immediate threat to
25 the officer. (Dkt. 86 [Defs.' Reply] at 23–24.) Accordingly, the Court denied summary
26 judgment because there were genuine issues of fact as to whether Deputy Petropolus
27 reasonably believed Witt had a gun, whether Witt was attempting to flee, and whether
28 Witt posed an immediate threat.

In explaining his basis for appeal, Defendant claims he is entitled to qualified immunity because he reasonably believed that Witt was reaching for a gun. There is a genuine dispute of material fact, however, as to whether this belief was reasonable. In fact, Plaintiffs' version of the facts suggests the opposite: Deputy Petropolus shot and killed Witt when Witt was sitting in his car and attempting to flee. Witt was never seen with a weapon in his car or on his person and never threatened the officers. The officers had no prior information that Witt was armed or had committed any crime. Witt did not fully obey Deputy Petropolus's orders, which were at times contradictory and confusing. Witt moved his hands between the side mirror, steering wheel, and gear shifter, but his hands generally remained within sight. Deputy Petropolus became increasingly angry. He told Witt, "I will shoot you if you throw that car in fucking drive again," and "You're going to get shot, motherfucker." Ultimately, Deputy Petropolus pointed his gun at Witt. He said, "Fuck it," and pulled the trigger.

Plaintiffs' version of the facts puts Deputy Petropolus's conduct squarely at odds with the clearly established law in *Haugen*, *Harris*, *Curnow*, and *A.D.* With respect to the Fourth Amendment's prohibition against excessive force, *Haugen* held a police officer used excessive force when the officer shot a suspect through a car window after the suspect appeared to reach for something, because "[m]ovements by a suspect are not enough to justify deadly force if, in light of the relevant circumstances, those movements would not cause a reasonable officer to believe that the suspect was reaching for a weapon." *Haugen v. Brosseau*, 351 F.3d 372, 383 (9th Cir. 2003), *rev'd on other grounds*, 543 U.S. 194 (2004); *see also Harris v. Roderick*, 126 F.3d 1189, 1203 (9th Cir. 1997) (holding a shooting was not objectively reasonable where suspect was attempting to flee officers and made "no threatening movement of any kind"); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (finding it was clearly established law that officers could not use deadly force to shoot a suspect who was not pointing a gun at the officers and was not facing them). Regarding the Fourteenth Amendment right to due

process, *A.D.* held an officer violated clearly established law if he shot a suspect with a purpose to harm unrelated to legitimate law enforcement objectives. *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 454–55 (9th Cir. 2013). In that case, the officer violated the decedent's due process rights by shooting him in his car, where no officers were threatened or in the vehicle's path, after the decedent refused to follow the officers' directions. *Id.* at 456–60. Defendant disputes whether there is sufficient evidence to analogize the case at hand to the facts of *Haugen*, *Harris*, *Curnow*, and *A.D.* He summarily argues that these cases do not apply by relying on a disputed fact—that he purportedly had reasonable grounds to believe Witt was reaching for a gun. As Defendant cannot challenge the sufficiency of the evidence, however, Defendant fails to articulate a proper basis for an interlocutory appeal. *Cf. Johnson*, 515 U.S. at 314.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify the appeal as frivolous is **GRANTED** and Defendant's *ex parte* application for a stay is **DENIED**. The pretrial conference will be held on **April 15, 2019 at 3:00 p.m.** Trial will begin on **April 23, 2019 at 8:30 a.m.**

DATED: April 1, 2019

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

-6-