**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
**IVIE MCNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:   (213) 489-0028
Fax:   (213) 489-0552

Attorneys for Plaintiff, STEFFON BARBER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>  Defendants | Case No. 5:22-cv-00625-KK-DTB<br><br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY (DKT. 78); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF RENEE V. MASONGSONG IN SUPPORT** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Steffon Barber hereby opposes Defendants' Ex Parte Application for an Order to Stay Proceedings Pending Appeal (Dkt. No. 151). For the reasons below, as well as the reasons discussed in Plaintiff's Ex Parte Application to Certify Defendants' Appeal as Frivolous (Dkt. No. 152), this Court should certify Defendants' Appeal as frivolous, deny Defendants' Ex Parte Application for an Order to Stay Proceedings Pending Appeal, and allow this case to proceed to trial as scheduled on January 26, 2026.

An interlocutory appeal typically "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the divestiture of jurisdiction rule is a judge-made doctrine, not based on statutes or procedural rules, and is "applied in a 'less stern' manner than true jurisdictional rules." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). There is a well-established exception to the divestiture doctrine that allows Courts to maintain jurisdiction over claims even after an appeal has been filed, insofar as the appeal is frivolous. *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1103 (C.D. Cal. 2021). On interlocutory appeal, the Ninth Circuit has "jurisdiction only to the extent the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (internal quotations omitted); *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) ("[I]nstant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication.").

In the instant case, this Court's Order denying summary judgment to Deputy Alfred on qualified immunity grounds was premised on material factual disputes. This Court appropriately held that "genuine disputes of material fact exist as to

whether Deputy Alfred's force was reasonable." (Dkt. No. 132 ("MSJ Order") at pp. 13, 22). Defendants are now appealing this Court's denial of summary judgment and qualified immunity to Deputy Alfred based on their own version of the facts, and thus, Defendants' appeal is entirely without merit.

## II. LEGAL STANDARD

"[I]mmediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue. . . .' However, instant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz*, 562 U.S. at 188. An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). "Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district courts the right to certify an interlocutory appeal as frivolous. "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id*; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process); *Rodriguez*, 891 F.3d at 790–92.

In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338–

39 (7th Cir. 1989).

## III. DISCUSSION

### A. This Court Should Deny Defendants' Motion to Stay Because This Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not an Immediately Appealable Order

In the instant case, this Court's Order denying summary judgment to Deputy Alfred on qualified immunity grounds was premised on material factual disputes. This Court appropriately held that "genuine disputes of material fact exist as to whether Deputy Alfred's force was reasonable." (Dkt. No. 132 ("MSJ Order") at pp. 13, 22). As this Court pointed out in its order denying Defendants' MSJ, a jury could conclude that, contrary to Deputy Alfred's testimony, he did have the space to move out of Plaintiff's way. (*Id*. at pp. 15-16). This is a central dispute in this case that this Court appropriately resolved in Plaintiff's favor at this stage, and a fact that Defendants must (but do not) assume to be true. This Court also appropriately determined that a reasonable jury could find that Deputy Alfred had sufficient time to move to the backyard opening, considering the slow speed of the Trailblazer. (*Id*. at p. 16). Whether Deputy Alfred had sufficient time to tactically reposition, if necessary, as well as the speed of the Trailblazer, are also genuine disputes of material fact.

In denying qualified immunity to Deputy Alfred, this Court appropriately determined that Deputy Alfred's use of deadly force, "viewed most favorably to Plaintiff, violated clearly established law." (Dkt. No. 132 ("MSJ Order") at p. 18). Under Plaintiff's version of the facts, cases like *Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143 (9th Cir. 1996) and *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020) clearly establish Plaintiff Barber's constitutional right to be free from excessive force in this situation. (Dkt. No. 132 "MSJ Order" at pp. 18-19). By contrast, the cases cited by Defendants, including *Monzon v. City of Murrieta*, 978 F.3d 1150 (9th Cir. 2020), *Gaxiola v. City of Richmond Police Dep't*, 131 F.App'x

508 (9th Cir. 2005), and *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010) are not analogous to the instant case when viewing the facts in the light most favorable to Plaintiff Barber. (*See* Dkt. No. 132 "MSJ Order" at p. 16, fn. 11). It is anticipated that Defendants will continue to argue on Appeal that *Monzon*, *Gaxiola*, and *Wilkinson* are analogous to the instant case. In so doing, Defendants would be continuing to argue their version of the material facts, which Plaintiff disputes.

In addition to the disputed issues of material fact surrounding the reasonableness of Deputy Alfred's shooting, this Court also appropriately held that "there is a question of fact as to whether defendant County's failure to train had a 'direct causal link' to the deprivation of Plaintiff's Fourth Amendment rights." (Dkt. 132 ("MSJ Order") at p. 20).

Interlocutory appeals not for second-guessing a trial court's determination that there is a genuine issue of fact. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006); *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017) ("Our jurisdiction does not extend to all denials of qualified immunity on summary judgment. We do not have jurisdiction to decide whether there is a genuine issue of material fact."); *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017) ("Where the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal."); *Ortiz*, 562 U.S. at 188. Therefore, Defendants' interlocutory appeal is not available because this Court clearly and appropriately determined that material factual issues genuinely in dispute preclude granting summary judgment and qualified immunity in this case. *See Ortiz*, 562 U.S. at 188. The foregoing disputes identified in this Court's MSJ Order are "material" because the resolution of these facts is key to assessing the reasonableness of Deputy Alfred's conduct. Hence, this Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction, and should deny Defendants' Ex Parte Application for an Order Staying Proceedings Pending Appeal. *See Kennedy*, 439 F.3d at 1060

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

(*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)).

## B. This Court Should Deny Defendants' Motion to Stay Because Plaintiff Will be Prejudiced by a Stay of This Action, and Defendants' Appeal is Unlikely to Succeed on the Merits

In *Golden Gate Restaurant Assoc. v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008), the Ninth Circuit set forth the factors to be considered in issuing a stay of the District Court proceedings pending an appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 1115 [citations and quotations omitted]; *see also Hilton v. Braunskill*, 481 U.S. 770 (U.S.N.J. 1987); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (holding that when considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.") "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). This Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

An analysis of the foregoing factors in this case demonstrates that Plaintiff is likely to succeed on the merits if Defendants' interlocutory appeal goes forward,

Defendants cannot satisfy their burden, and their motion to stay should be denied.

### 1. Defendants' Interlocutory Appeal is Unlikely to Succeed on the Merits

As discussed in detail in Plaintiff's opposition to Defendants' motion for summary judgment (Dkt. No. 101), Plaintiff is likely to prevail on the merits of Defendants' interlocutory appeal if the appeal goes forward. On Defendants' interlocutory appeal, the Ninth Circuit cannot second guess this Court's determination that there are genuine issues of material fact, and the Ninth Circuit must (as this Court did) view the facts in the light most favorable to Plaintiff.

On Plaintiff's facts, Mr. Barber's constitutional right to be free from excessive force was clearly established at the time of the shooting, as this Court agreed in its MSJ Order. The Ninth Circuit in *Villanueva v. State of California*, 986 F.3d 1158, 1172 (9th Cir. 2021) stated, "[i]n light of *Acosta*, all reasonable officers would know it is impermissible to shoot at a slow-moving car when he could 'simply step[] to the side' to avoid danger." Several Ninth Circuit cases published prior to this incident have held the same. *See, e.g.*, *Orn*, 949 F.3d at 1179 (denying qualified immunity and holding that "at least seven circuits had held that an officer lacks an objectively reasonable basis for believing that his own safety is at risk when firing into the side or rear of a vehicle moving away from him"); *A.D. v. California Highway Patrol*, 712 F.3d 446, 458 (9th Cir. 2013); *Adams v. Speers*, 473 F.3d 989, 994 (9th Cir. 2007) (denying qualified immunity where suspect's nondangerousness placed the case squarely "within the obvious" and holding that shooting driver of slow-moving car was unreasonable where the driver posed no threat); *Acosta*, 83 F.3d at 1146 (finding that a reasonable officer "would have recognized that he could avoid being injured when the car moved slowly, by simply stepping to the side"). As discussed above and in this Court's MSJ Order, the cases upon which Defendants rely, including *Monzon* and *Wilkinson*, are distinguishable from Plaintiff's version of the facts in this case. For these reasons, Defendants have not met their burden of showing that they are likely to succeed on the merits of their interlocutory appeal.

Further, Defendants would not be successful on any appeal of this Court's decision that Defendants' *Heck* defense fails. As this Court appropriately held:

> Defendants forfeited their *Heck* affirmative defense by not asserting it in their answers, *see* Dkts. 75, 78 at 22-26. *See Hebrard*, 90 F.4th at 1006 ("[The defendant's] failure to plead *Heck* as an affirmative defense clearly constituted [] a forfeiture."). "An affirmative defense, once forfeited, is 'exclu[ded] from the case.'" *Wood v. Milyard*, 566 U.S. 463, 470 (2012). Thus, rejecting Defendants' *Heck* defense on this ground alone is sufficient.

(Dkt. No. 132 ("MSJ Order") at p. 10).

### 2. Plaintiff Would be Prejudiced by a Stay of his Case

While the Supreme Court has allowed interlocutory appeals of qualified immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39). In recognizing the value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39.

Almost five years have passed since the April 27, 2021 shooting giving rise to this lawsuit. Plaintiff filed his lawsuit on April 12, 2022. On July 27, 2022, this

action was stayed pending completion of Plaintiff's criminal case, and the stay was not lifted for approximately two and a half years, until December 19, 2024. (Dkt. No. 43). Plaintiff Barber is entitled to his day in court without any further stay of this action.

In light of the frivolous nature of Defendants' Appeal, it would be prejudicial to Plaintiff to vacate the current trial date based on Defendants' inappropriate interlocutory Appeal, which could result in a stay of this case for another one to two years while the appeal is pending. Further, in addition to consuming the resources of the appellate court, such a lengthy appeal would cut across the public interest in the expeditious and efficient resolution of litigation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Ex Parte Application for an Order to Stay Proceedings Pending Appeal and issue an order certifying Defendants' interlocutory appeal as frivolous and retaining jurisdiction for this case to proceed to trial.

Respectfully submitted,

DATED: December 31, 2025        LAW OFFICES OF DALE K. GALIPO

                                By:  /s/ Renee V. Masongsong
                                    Dale K. Galipo
                                    Renee V. Masongsong
                                    Attorneys for Plaintiff

Dated: December 31, 2025        IVIE MCNEILL WYATT
                                PURCELL & DIGGS

                                By:  s/ Rodney S. Diggs
                                    Rodney S. Diggs
                                    Attorney for Plaintiff