Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
 *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, COUNTY OF
SAN BERNARDINO and DEPUTY
CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>       Plaintiff,<br><br>     v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES SUPPORT**<br><br>Judge:  Hon. Kenly Kiya Kato<br>Crtrm.:  3; 3rd Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants COUNTY OF SAN BERNARDINO ("the County") and DEPUTY CHRISTOPHER ALFRED ("Deputy Alfred") (collectively, "the Defendants") hereby present their opposition to the Plaintiff Steffon Barber's ("Plaintiff's") *ex parte* application for an order certifying Defendants' appeal as

1 | frivolous and retaining jurisdiction.

2 | DATED:  January 1, 2026                Respectfully submitted,

3 |                                                **MANNING & KASS**
4 |                                                **ELLROD, RAMIREZ, TRESTER LLP**

5 |

6 |

7 |                                        By:        */s/ Kayleigh Andersen*
                                                    _____
8 |                                                Eugene Ramirez
                                                 Kayleigh Andersen
9 |                                                Attorneys for Defendants, COUNTY OF
                                                 SAN BERNARDINO and DEPUTY
10 |                                               CHRISTOPHER ALFRED

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Here, the Court can – and should – deny the Plaintiff's *ex parte* application, because Defendants have shown that they can present non-frivolous arguments as to why Deputy Alfred is entitled to qualified immunity, even if the facts that this Court found to be in dispute were resolved against him. The prejudice to the Defendants should a stay not be granted far outweighs any prejudice to the Plaintiff should a stay be granted.

## II.    A STAY IS WARRANTED GIVEN THE BALANCING OF INTERESTS

The Defendants' interlocutory appeal from the denial of qualified immunity automatically stayed the case, and "the district court is automatically divested" of its authority "to proceed with trial pending appeal." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  For this reason alone, plaintiffs' *ex parte* application should be denied.

Furthermore, Plaintiff faces minimal prejudice should the Court grant the Defendants' request for a stay; however, should the Court not grant the stay, Defendants face extreme prejudice, including the risk of inconsistent verdicts – which is very common when both federal *Monell* and state law claims and using the same standards of reasonableness regarding use of force. *See* also, Defendants' Ex Parte Application for a Stay Pending Resolution of Defendants' Interlocutory Appeal. [Dkt. 151, Section V, p. 8].

Given that Plaintiff is currently detained in state prison on a thirteen year sentence imposed just this year (*see* Dkt. 97-6), Plaintiff cannot reasonably argue prejudice regarding his "day in Court." *S.L. v. Cnty. of Riverside*, No. 5:24-CV-00249-CAS-SPX, 2025 WL 2652874, at *6 (C.D. Cal. Sept. 15, 2025) (stay granted notwithstanding delay to plaintiff's day in court). Nor can Plaintiff reasonably argue prejudice from fading memory of witnesses. *Id.* (stay granted notwithstanding

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

MANNING | KASS

1   arguments that witnesses' recollections become stale).  In *Edmond v. City of Los*
2   *Angeles*, No. 2:20-CV-06636 MCS-KS, 2022 WL 20273277, at *2 (C.D. Cal. Jan.
3   13, 2022) this District denied plaintiff's *ex parte* application seeking to certify
4   defendant's appeal to the Ninth Circuit as frivolous, and then held that although a
5   stay likely will substantially delay trial of plaintiff's claims, the interest of "economy
6   of time and effort for [the Court], for counsel, and for litigants" substantially
7   outweighs the risk of undue prejudice to the parties in delaying trial. *Id.*; Fed. R.
8   App. P. 32.1.

9   **III.   DEFENDANTS' APPEAL CLEARLY RAISES A "LEGAL ISSUE"**

10          Defendants appeal of the Court's denial of qualified immunity to Deputy Alfred
11  constitutes on constitutes a "legal question that may be properly heard on an
12  interlocutory appeal." *A. K. H by & through Landeros v. City of Tustin*, 837 F.3d
13  1005, 1010 (9th Cir. 2016) (citing *Plumhoff v. Rickard,* 572 U.S. 765, 779 (2014)
14  (explicitly holding that petitioner's arguments that "their conduct did not violate the
15  Fourth Amendment and, in any event, did not violate clearly established law … ***raise***
16  ***legal issues***"); *Isayeva v. Sacramento Sheriff's Dept*., 872 F.3d 938, 945–46 (9th Cir.
17  2017) (Ninth Circuit asserting jurisdiction "to decide whether, taking the facts in the
18  light most favorable to the non-moving party, the defendants are entitled to qualified
19  immunity."); *Edmond v. City of Los Angeles*, No. 2:20-CV-06636 MCS-KS, 2022
20  WL 20273277, at *2 (C.D. Cal. Jan. 13, 2022); Fed. R. App. P. 32.1.

21          Defendants' appeal is based on the same grounds as the appellant in *A. K. H by*
22  *& through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016) ("*A. K.*
23  *H"*) ("defendant who appeals a denial of qualified immunity on the ground that his
24  'conduct did not violate the Fourth Amendment and, in any event, did not violate
25  clearly established law' has 'raise[d] legal issues' that may be properly heard in an
26  interlocutory appeal."); *see also, Isayeva v. Sacramento Sheriff's Dept*., 872 F.3d 938,
27  945–46 (9th Cir. 2017) (Ninth Circuit may "review a denial of qualified immunity
28  where a defendant argues ... that the facts, even when considered in the light most

4

favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law").

The Court **should discredit** the Plaintiff's representation of Defendants' arguments on appeal as well as one of "disputed issues of material fact." [*See* Dkt. 152, Plaintiff's *ex parte* application, p. 2:4-8, Section III.A.]  Defendants do not raise that issue on appeal, especially since the Court's Order assumed the facts in the light most favorable to Plaintiff. [*See* Dkt. 132, p. 17, 19 "viewing the evidence most favorably to Plaintiff, a jury could find Deputy Alfred acted unreasonably" and "assuming the facts in the light most favorable to Plaintiff, Deputy Alfred violated a clearly established right").] Defendants, here, argue on appeal the deputy was entitled to qualified immunity even if those facts are presumed to be correct, thereby raising a legal issue. *A. K. H; see also Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (appellate court reviews questions of law, including "whether the legal norms … were clearly established at the time of the challenged actions").

The Court should also ***discredit*** Plaintiff's attempt to improperly characterize the Court's *dicta* as to the *Monell* violation as further evidence of a disputed issue of fact. [*See* Plaintiff's Ex Parte Application, p. 6:12-16 ("a question of fact as to whether [the County's' failure to train had a 'direct causal link to the deprivation of Plaintiff's Fourth Amendment rights."] This has no bearing on a determination of whether Defendants' interlocutory appeal raises a legal issue. *See Bingue v. Prunchak,* 512 F.3d 1169, 1172-1173 (9th Cir. 2008) ("Indeed, [w]here disputed facts exist, ... we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct. Alternatively, we may also determine that the disputed facts simply are not material.")

## IV.    DEFENDANTS' APPEAL IS NOT FRIVOLOUS

In order to declare an appeal frivolous, a district court must find that it is "'wholly without merit'" (*United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (quoting *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162,

5

MANNING | KASS

1  1165 (9th Cir. 1991)), or "so baseless that it does not invoke appellate jurisdiction"

2  (*Marks v. Clarke*, 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996).)

3        That is not the case here as Defendants' appeal pertains to an important

4  immunity long granted by the United States Supreme Court to peace officers, who

5  must exercise their discretion in often tense situations to make certain decisions

6  about government action. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049

7  (9th Cir. 2001) (quoting *Saucier*, 533 U.S. at 202). "[P]ermitting damages suits

8  against government officials can entail substantial social costs, including the risk

9  that fear of personal monetary liability and harassing litigation will unduly inhibit

10 officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638

11 (1987). "Our cases have accommodated these conflicting concerns by generally

12 providing government officials performing discretionary functions with a qualified

13 immunity, shielding them from civil damages liability as long as their actions could

14 reasonably have been thought consistent with the rights they are alleged to have

15 violated." *Id.*

16        Here, Deputy Alfred's use of deadly force against Plaintiff does not violate

17 "clearly established law", as set forth in numerous decisions from the Supreme Court,

18 Ninth Circuit, and Central District of California Court, and other districts and Circuits.

19 The Supreme Court has specifically held that, "if police officers are justified in firing

20 at a suspect in order to end a severe threat to public safety, the officers need not stop

21 shooting until the threat has ended." *Plumhoff*, 572 U.S. at 777.

22        Despite the Court's distinguishing the cases cited by Defendants in its Motion

23 for Summary Judgment, those three cases (*Wilkinson v. Torres*, 610 F.3d 546, 550

24 (9th Cir. 2010); *Monzon v. City of Murrieta*, 978 F.3d 1150, 1163 (9th Cir. 2020);

25 *Gaxiola v. City of Richmond Police Dep't*, 131 F. App'x 508, 509 (9th Cir. 2005)) are

26 more analogous than the cases relied upon by the Court in as a matter of law[1].

27 _____

28 [1] *Contra* to the Plaintiff's contentions, Defendants' reliance on these cases is ***not***

6

DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

MANNING | KASS

MANNING | KASS

1   Moreover, several other Ninth Circuit cases support the conclusion that Deputy Alfred
2   being entitled to qualified immunity.  In *Waid v. Cnty. of Lyon*, 87 F.4th 383, 389 (9th
3   Cir. 2023), the Ninth Circuit specifically held that "***only the rare case*** will find that
4   conduct obviously violated the Constitution" and granted the defendant-officers
5   qualified immunity.  *Id.* ("[i]t is not obvious that the officers were constitutionally
6   precluded from firing" at plaintiff "[e]ven assuming that [plaintiff] was unarmed and
7   not reaching for a weapon, there is no dispute that he used aggressive language with
8   the officers, ignored an order from the officers, and rushed towards them in a small
9   and confined space."  In *Blanford v. Sacramento Cnty.*, 406 F.3d 1110, 1118–19 (9th
10  Cir. 2005) the court held that facts are tragic but did not make the deputy's actions
11  objectively unreasonable or unconstitutional. In *Levesque v. City of Mesa*, 444 Fed.
12  App'x. 978, 979 (9th Cir. 2011), the court held that eyewitness did not believe officers
13  were in danger is was immaterial because the "test of objective reasonableness is
14  based on the 'perspective of the officer on the scene.'" *Id.;* Fed. R. App. P. 32.1.
15      In comparison, the Ninth Circuit found that the facts in *Est. of Hernandez by*
16  *& through Hernandez v. City of Los Angeles*, 139 F.4th 790 (9th Cir. 2025) ("*Est. of*
17  *Hernandez*") failed to warrant a finding of qualified immunity.  *Id.* In *Est. of*
18  *Hernandez,* the officer was investigating a "crazy guy with a knife" in a truck trying
19  to hurt himself, drew her firearm and observed the decedent in a truck, exit the truck
20  and then approach her. *Id.* at 796.  The officer's commands escalated from "let me
21  see your hands" to "stay right there" and "drop your knife", but when decedent
22  continued to approach the officer, the officer finally yelled "Drop it" and fired the
23  first and second shots at decedent. *Id.*  After the officer observed decedent dropped to
24  the ground, rolled to his left with knees, feet and hands on the pavement facing down,
25  and starting to push himself up, but was not walking towards the officer, the officer

26

27  ***based*** on a dispute of facts; rather the cases show that the facts clearly establish
28  Deputy Alfred's actions did not violate a clearly established right.

7

yelled "drop it", failed to pause and fired the third and fourth shots at him. *Id.*
Decedent eventually fell onto his back, curled into a ball, knees against his chest, and
arms wrapped around his knees, and as he rolled away from the officer, she fired the
fifth and sixth shots at him. *Id.* at 796-7.

In *Est. of Hernandez*, the Ninth Circuit held that "as a matter of law, [the
defendant-officer] ***acted reasonably*** when firing the first four rounds at [decedent]"
because "a reasonable officer in those circumstances could conclude that [decedent]
posed a safety threat to the officer and the bystanders in the vicinity." *Id.* at 799
(emphasis added). Similarly[2], the Court concluded here that Deputy Alfred's first shot
was reasonable under the circumstances. [Dkt. 132, p. 15, specifically noting that the
Trailblazer was in reverse and Plaintiff depressed the gas pedal before the first shot.]

However, where the Ninth Circuit held that the officer in *Est. of Hernandez*
was not entitled to qualified immunity because of her fifth and sixth shots, here,
Deputy Alfred is entitled to qualified immunity because there could be no
determination that the Plaintiff was not still a threat after Deputy Alfred's first shot.
*Plumhoff*, 572 U.S. at 777, 134 S.Ct. 2012; *see also Blanford*, 406 F.3d at 1118
(holding that the officer reasonably fired a second volley where "[n]othing ... in the
balance of factors already present" to justify the initial volley "had changed when [the
officer] fired again"). Here, Deputy Alfred was entitled to continue shooting at
Plaintiff until he was no longer a threat. *Id.* Here, a Trailblazer slowing down after
Deputy Alfred's first shot is ***not akin*** to decedent's actions after the third and fourth
shots in *Est. of Hernandez*, 139 F.4th at 797, when at that point, the officer in *Est. of
Hernandez* could clearly see that decedent would not be approaching her with a knife.

The Ninth Circuit explicitly note that it is "murky boundary" between the

---

[2] In both cases, the entire shooting sequence was short, here, approximately 6.2
seconds and other officers arrived on the scene after defendant-officer had begun
shooting. *Id.*

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

circumstances when an officer's use of deadly force against a suspect who poses an immediate threat and when the suspect no longer poses a threat. *Zion v. Cnty. of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017). Significantly, "crimes involved remained the same from the time of the first shot". *J.P. ex rel. Balderas v. City of Porterville*, 801 F. Supp. 2d 965, 983 (E.D. Cal. 2011). Here, Plaintiff was reported as acting strangely and making his neighbors feel threatened, was uncooperative with Deputy Alfred's commands, and used his Trailblazer as a deadly weapon (*see* conviction for Cal. Pen. Code § 245 at Dkt. 97-5) remained the same before and after Deputy Alfred's first shot. *See also, James v. City of Seattle*, No. C10-1612JLR, 2011 WL 6150567, at \*10 (W.D. Wash. Dec. 12, 2011) (officer granted qualified immunity even when "[defendant-officer] reasonably perceived that the sedan, which was rapidly accelerating in his direction, posed an immediate threat to his safety" and plaintiff admitted that defendant-officer "was firing to save his life.")*.

The Eleventh Circuit has granted qualified immunity in several similar cases. The Court in *Tillis on behalf of Wuenschel v. Brown*, 12 F.4th 1291, 1298 (11th Cir. 2021) noted, "we have consistently upheld an officer's use of deadly force in cases where the officer reasonably believed his life was endangered by a suspect who used or threatened to use his car as a weapon." *Id.* (citing to *Pace v. Capobianco*, 283 F.3d 1275, 1277–78, 1281–82 (11th Cir. 2002) (officers reasonably used deadly force to stop a suspect whom they had cornered after a high-speed chase and who refused to get out of his car, kept the engine running, and started driving forward); *Robinson v. Arrugueta*, 415 F.3d 1252, 1254, 1256 (11th Cir. 2005) (an officer reasonably used deadly force when a suspect started driving toward him at one to two miles per hour, threatening to crush him against another car in a matter of seconds); *McCullough v. Antolini*, 559 F.3d 1201, 1208 (11th Cir. 2009) (sheriff's deputies reasonably used deadly force against a suspect who, after a high-speed chase, "repeatedly refused to show his hands or respond to officers, revved his engine, and then drove his truck toward [a] deputy standing nearby in a parking lot."); 559 F.3d 1201, 1208 (11th Cir.

9

MANNING | KASS

2009); *Singletary v. Vargas*, 804 F.3d at 1176, 1178, 1182–84 (a sheriff's deputy reasonably used deadly force when he was near the front of a suspect's car and it accelerated towards him)); *Long v. Slaton*, 508 F.3d 576, 581 (11th Cir. 2007) (finding deadly force reasonable where suspect was reversing vehicle away from the officer because "the law does not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect" and it was obvious that suspect "could have quickly shifted gears and accelerated towards [the officer] at any time.").

The Fourth, Seventh and Tenth Circuits also identified similar scenarios where the officer was entitled to qualified immunity. *See Carabalal v. City of Cheyenne, Wyoming, 8*47 F.3d 1203, 1210 (10th Cir. 2017) (officer entitled to qualified immunity in a situation involving suspects "fleeing at relatively low speeds, given the threat of serious physical harm posed by a car moving in the officers' direction"); and *Waterman v. Batton*, 393 F.3d 471, 477–481 (4th Cir. 2005) (reversing the denial of summary judgment in favor of the officer defendants, the court held that deadly force was reasonable where officers were located near the expected path of travel of a vehicle that lurched forward); and *Marion v. City of Corydon, Indiana*, 559 F.3d 700, 706 (7th Cir. 2009) (finding no Fourth Amendment violation when, at the end of a high speed chase, officers shot a driver because they stood in or near the paths of possible escape of a vehicle with three flat tires stuck on a median as the driver revved his engine to try to gain traction).)

Given these authorities, the Defendants' appeal of the Court's conclusion that Deputy Alfred's actions violated clearly established law is not "wholly without merit" and the Court should deny the Plaintiff's *ex parte* application to certify the Defendants' appeal as frivolous.

## V.    NO EXISTING PRECEDENT "SQUARELY GOVERNS" THE SPECIFIC FACTS AT ISSUE

Officers are entitled to qualified immunity where there is no existing precedent

10

MANNING | KASS

that "squarely governs" the specific facts at issue. *Kisela v. Hughes,* 584 U.S. 100 (2018). "[S]pecificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Thus, a court denying qualified immunity must "identify a case where an officer acting under similar circumstances as [the defendant] was held to have violated the Fourth Amendment." *White v. Pauly*, 580 U.S. 73, 79 (2017). "The Ninth Circuit heard the Supreme Court "loud and clear" regarding "recent frustration with failures to heed its holdings" with respect to defining clearly established law with sufficient specificity. *S.B. v. County of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017) (disagreeing with the district court that it was clearly established that defendant's use of deadly force constituted excessive use of force under the Fourth Amendment).

The Supreme Court noted that "it is often difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation that he faces." *Est. of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002). Accordingly, "***all but the plainly incompetent or those who knowingly violate the law have immunity from suit; officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation***." *Id.* (emphasis added).

Here, there are no such cases clearly establishing that it is unconstitutional for an officer on foot to use deadly force against a person when the person reversed a vehicle towards the officer, and it was not clear that the person no longer posed an immediate threat to the office after it allegedly slowed down. The three cases relied upon by the Court are distinguishable. *Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143 (9th Cir. 1996), *accord Villanueva*, 986 F.3d 1172 involved reversing the district court's granting of judgment as a matter of law following trial, with a determination as to the credibility of the defendant officer's belief that he felt he was in danger. *Orn v. City of Tacoma,* 949 F.3d 1167, 1175 (9th Cir. 2020) involved a

1    vehicle that was moving away from the defendant-officer and therefore, defendant

2    officer was "never in the vehicle's path of travel" and "could not reasonably have

3    feared for his own safety". Finally, *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5

4    (2021) reversed the Ninth Circuit's determination that the officers were not entitled

5    to qualified immunity.

6       Similarly, Plaintiff's cases are inapposite. For example, *Craig v. County of*

7    *Orange,* Case No. SACV 17-00491-CJC (KESx) involved plaintiff shifted his car

8    into drive, and the car began to move forward, away from the deputies; and at that

9    point in the video and audio recording, the defendant deputy appears to say, "Fuck

10    it" and then fired one round at decedent, killing him. *Id.* In *V.R., et al., v. County of*

11    *San Bernardino*, No. EDCV 19-1203-JGB (SPx), the Court "found genuine issues of

12    material fact precluding granting qualified immunity". *See id.,* p. 2. Third, *Sandoval*

13    *v. County of Los Angeles,* 10-55733, CV 09-03428 PST (SSx) involved defendants'

14    use of pepper spray and physical force to restrain a mentally ill decedent and

15    decedent died from positional asphyxia associated with the use of force.

16 **VI.**    **PLAINTIFF HAS NOT DEMONSTRATED IRREPARABLE HARM**

17       **WARRANTING *EX PARTE* RELIEF**

18       Plaintiff has not made a showing of irreparable prejudice required by *Mission*

19    *Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *Klene*

20    *v. Rigg*s, No. CV 22-8318-KK-JCX, 2024 WL 5416967, at *2 (C.D. Cal. Dec. 13,

21    2024) (D.J. Kato) (Court finding Plaintiff's concerns about the timing of pre-trial

22    conference and the trial date "thin"); *see also S.L. v. Cnty. of Riverside*, No. 5:24-

23    CV-00249-CAS-SPX, 2025 WL 2652874, at *6 (C.D. Cal. Sept. 15, 2025) (stay

24    granted notwithstanding delay to plaintiff's day in court and witnesses' recollections

25    becoming staler).

26 **VII.**   **CONCLUSION**

27       For the reasons stated herein, the Plaintiff's *ex parte* application should be

28    denied.

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S**
**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

1

2

3
DATED:  January 1, 2026

4
Respectfully submitted,

5
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

6

7
By: _____/s/ Kayleigh Andersen_____

8
Kayleigh Andersen
Attorneys for Defendants, COUNTY OF

9
SAN BERNARDINO and DEPUTY

10
CHRISTOPHER ALFRED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S**
**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**

MANNING | KASS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figuera St., 15th Floor, Los Angeles, CA. 90017.

On January 1, 2026, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

**Dale K Galipo**
dalekgalipo@yahoo.com, amonguia@galipolaw.com, blevine@galipolaw.com, CMayne@galipolaw.com, coopermayne@recap.email, dgilbert@galipolaw.com, evalenzuela@galipolaw.com, hlee@galipolaw.com, ldeleon@galipolaw.com, msincich@galipolaw.com, rvalentine@galipolaw.com, sanderson@galipolaw.com, slaurel@galipolaw.com

**Darryl Avery Meigs , Sr**
darryl@karnsandkarns.com

**Eugene P Ramirez**
Eugene.Ramirez@manningkass.com, delia.flores@manningkass.com

**James A Bryant , II**
james.bryant@thecalawgroup.com

**Katherine Hwang**
katherine.hwang@manningkass.com, Norma.Limon@manningkass.com

**Kayleigh Ann Andersen**
kayleigh.andersen@manningkass.com, delia.flores@manningkass.com, Katherine.Hwang@manningkass.com

**Renee V Masongsong**
rvalentine@galipolaw.com, amonguia@galipolaw.com, kslyapich@galipolaw.com

**Richard T Copeland**
rtc@conflict-solution.com

**Rodney S. Diggs**
rdiggs@imwlaw.com, afeather@imwlaw.com, awilliams@imwlaw.com, lmetoyer@imwlaw.com, taman@imwlaw.com, tmarieglover@imwlaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail

14

1   or by other means permitted by the court rules.

2   I declare under penalty of perjury under the laws of the United States of America
    that the foregoing is true and correct and that I am employed in the office of a
3   member of the bar of this Court at whose direction the service was made.
    Executed on January 1, 2026, at Los Angeles, California.

4

5                                        /s/ Katherine Hwang
                                         Katherine Hwang
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION**