1  Eugene P. Ramirez (State Bar No. 134865)
   *eugene.ramirez@manningkass.com*
2  Kayleigh Andersen (State Bar No. 306442)
   *kayleigh.andersen@manningkass.com*
3  Angela Brunson (State Bar No. 189223)
   *Angela.Brunson@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
   Attorneys for Defendants, COUNTY OF
8  SAN BERNARDINO and DEPUTY
   CHRISTOPHER ALFRED

9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  STEFFON BARBER, an individual, | Case No. 5:22-cv-00625-KK-DTBx |
| 14          Plaintiff, | *[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]* |
| 15          v. | |
| 16  COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY | **NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF SAN BERNARDINO** |
| 17  CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, | **AND DEPUTY CHRISTOPHER ALFRED FOR JUDGMENT AS A** |
| 18  inclusive, | **MATTER OF LAW; MEMORANDUM OF POINTS AND** |
| 19          Defendants. | **AUTHORITIES** |
| 20 | Judge:  Hon. Kenly Kiya Kato |
| 21 | Crtrm.: 3; 3rd Floor |

22

23  **TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL:**

24          Defendants COUNTY OF SAN BERNARDINO ("County") and DEPUTY

25  CHRISTOPHER ALFRED ("Deputy Alfred") (collectively "Defendants") hereby

26  move this Court for an order, pursuant to Rule 50(a) of the Federal Rules of Civil

27  Procedure, granting judgment as a matter of law in favor of Defendants on Plaintiff

28

---

**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES**

1  Steffon Barber's ("Plaintiff's") federal and state claims.  Further, Defendants also
2  move for judgment as a matter of law on Deputy Alfred's qualified immunity claim.
3       This motion is based upon the accompanying Memorandum of Points and
4  Authorities, all pleadings and papers on file in this action, and upon such other
5  matters as may be presented to the Court at the time of the hearing.
6
7  DATED:  February 3, 2026          **MANNING & KASS**
8                                    **ELLROD, RAMIREZ, TRESTER LLP**
9
10                                   By: _____/s/ Kayleigh Andersen_____
11                                        Eugene P. Ramirez
12                                        Kayleigh Andersen
                                          Angela Brunson
13                                        Attorneys for Defendants, COUNTY OF
                                          SAN BERNARDINO and DEPUTY
14                                        CHRISTOPHER ALFRED
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................. 1

I. LEGAL STANDARD ........................................................................................ 1

II. DEPUTY CHRISTOPER ALFRED IS ENTITLED TO JUDGMENT ON
   PLAINTIFF'S CAUSE OF ACTION FOR EXCESSIVE FORCE ................ 2

III. DEPUTY CHRISTOPHER ALFRED IS ENTITLED TO QUALIFIED
    IMMUNITY ................................................................................................ 5

IV. THE COUNTY OF SAN BERNARDINO IS ENTITLED TO
    JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION FOR
    *MONELL* LIABILITY ................................................................................ 8

V. DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFF'S
   STATE LAW CLAIMS ................................................................................ 11

    A.    Battery ................................................................................................ 11

    B.    Negligence .......................................................................................... 12

    C.    Bane Act Violation ............................................................................ 12

    D.    Intentional Infliction of Emotional Distress ..................................... 13

VI. CONCLUSION ............................................................................................... 14

i

**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF SAN BERNARDINO AND
DEPUTY CHRISTOPHER ALFRED FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF
POINTS AND AUTHORITIES**

MANNING | KASS

MK

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143 (9th Cir. 1996), *as amended* (June 18, 1996)..................................................................6

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ...............................................5

*Blanford v. Sacramento Cnty.,*
    406 F.3d 1110 (9th Cir. 2005).....................................................................7

*Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010)..............................................2, 7

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ...................................................8

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) .........................................9, 10

*Dupree v. Younger,*
    598 U.S. 729 (2023) ....................................................................................1

*Est. of Aguirre v. Cnty. of Riverside*, 29 F.4th 624 (C.D. Cal. 2022).........................7

*Est. of Hernandez by & through Hernandez v. City of Los Angeles*, 139 F.4th
    790 (9th Cir. 2025)...............................................................................4, 6, 7

*Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614 (9th Cir. 2023)...........................2, 4

*Gonzalez v. City of Anaheim*, 747 F.3d 789 (9th Cir. 2014) .......................................6

*Graham v. Connor*, 490 U.S. 386 (1989) ...................................................................4

*Hart v. City of Redwood City*, 99 F.4th 543 (9th Cir. 2024) ......................................4

*Krechman v. Cnty. of Riverside,*
    723 F.3d 1104 (9th Cir. 2013) .....................................................................1

*Lockett v. Cnty. of Los Angeles*, 977 F.3d 737 (9th Cir. 2020) ..................................8

*Madrigal v. Allstate Ins. Co.,*
    215 F. Supp. 3d 870 (C.D. Cal. 2016)..........................................................5

*Monell v. New York City Dep't of Social Services*, 436 U.S. 657 (1978) ..................8

*Morales v. Fry,*
    873 F.3d 817 (9th Cir. 2017)........................................................................5

*Mullenix v. Luna,*
    577 U.S. 7 (2015) .....................................................................................5, 6

ii

MANNING | KASS

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051 (9th Cir. 2008) ........................................................................................... 10

*Orn v. City of Tacoma,* 949 F.3d 1167 (9th Cir. 2020) ................................. 6

*Plumhoff v. Rickard,*
   572 U.S. 765 (2014) ................................................................. 4, 6, 7

*Quiksilver, Inc. v. Kymsta Corp.,*
   466 F.3d 749 (9th Cir. 2006) ............................................................ 1, 2

*Quintanilla v. City of Downey,* 84 F.3d 353 (9th Cir. 1996) ......................... 8

*Reese v. Cnty. of Sacramento,* 888 F.3d 1030 (9th Cir. 2018) ............... 12, 13

*Rivas-Villegas v. Cortesluna,*
   595 U.S. 1 (2021) ............................................................................. 6

*Sanghvi v. City of Claremont,*
   328 F.3d 532 (9th Cir. 2003) ............................................................. 1

*Scott v. Harris,*
   550 U.S. 372 (2007) .......................................................................... 2

*Shafer v. Cnty. of Santa Barbara,*
   868 F.3d 1110 (9th Cir. 2017) ............................................................ 1

*Tolan v. Cotton,*
   572 U.S. 650 (2014) .......................................................................... 5

*Tortu v. Las Vegas Metro. Police Dep't,*
   556 F.3d 1075 (9th Cir. 2009) ............................................................ 5

*Trevino v. Gates,* 99 F.3d 911 (9th Cir. 1996) ......................................... 9

*Williams v. City of Sparks,* 112 F.4th 635 (9th Cir. 2024) ........................... 7


**STATE CASES**

*Brown v. Ransweiler* 171 Cal.App.4th 516 (2009) ................................... 11

*Hayes v. Cnty. of San Diego,* 57 Cal.4th 622 (2013) ............................... 12

*Hughes v. Pair,* 46 Cal. 4th 1035 (2009) ............................................... 13

*Martinez v. County of Los Angeles,* 47 Cal. App. 4th 334 (1996) ............... 11


**FEDERAL STATUTES**

Fed. R. Civ. P. 50 ............................................................................... 1

iii

MK MANNING | KASS

Fed. R. Evid. 702 ...........................................................................................10

**STATE STATUTES**

Cal. Civ. Code § 52.1(b) .............................................................................12

Cal. Gov't. Code § 815.2 ...................................................................11, 12, 13, 14

MANNING | KASS

iv

1

2 **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

3 **I.      <u>LEGAL STANDARD</u>**

4       Federal Rule of Civil Procedure 50 authorizes the Court to grant a motion for

5 judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury

6 trial and the court finds that a reasonable jury would not have a legally sufficient

7 evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *see also*

8 *Sanghvi v. City of Claremont*, 328 F.3d 532, 536 (9th Cir. 2003) (same).[1] Stated

9 otherwise, "judgment as a matter of law is proper when the evidence permits a

10 reasonable jury to reach only one conclusion." *Quiksilver, Inc. v. Kymsta Corp.*, 466

11 F.3d 749, 755 (9th Cir. 2006) ("*Quicksilver, Inc.*"). "In making this determination,"

12 the Court "must consider all the evidence and all reasonable inferences which may be

13 drawn from the evidence in a light most favorable" to the nonmoving party, *see id.*,

14 and must not make credibility determinations or weigh the evidence. *See Krechman*

15 *v. Cnty. of Riverside*, 723 F.3d 1104, 1109-10 (9th Cir. 2013). The standard for

16 evaluating a motion pursuant to Rule 50(a) "largely mirrors the summary-judgment

17 standard, the difference being that district courts evaluate Rule 50(a) motions in light

18 of the trial record rather than the discovery record." *Dupree v. Younger*, 598 U.S. 729,

19 731-32 (2023). Accordingly, "if, under the governing law, there can be but one

20 reasonable conclusion as to the verdict," the Court should grant the motion. *Shafer v.*

21 *Cnty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017) (quoting *Anderson v.*

22 *Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

23

24

25

26 ───────────────

27 [1] All citations herein are "modified" as defined in Bluebook Rule B5.3 (22d ed.). All
parallel reporters, subsequent history and citations are omitted unless otherwise noted.

28

**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF SAN BERNARDINO AND
DEPUTY CHRISTOPHER ALFRED FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF
POINTS AND AUTHORITIES**

## II.

## DEPUTY CHRISTOPER ALFRED IS ENTITLED TO JUDGMENT ON PLAINTIFF'S CAUSE OF ACTION FOR EXCESSIVE FORCE

Based on the evidence presented, the jury will inevitably conclude that Deputy Christopher Alfred's use of deadly force was reasonable, and judgment in his favor is warranted. *Quiksilver, Inc.*, 466 F.3d at 755.

Force is not excessive when an officer employs an "'objectively unreasonable' amount of force under the 'totality of the circumstances.'" *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 619 (9th Cir. 2023)("*Est. of Strickland*"). "Whether the use of deadly force is reasonable is highly fact-specific." *Scott v. Harris*, 550 U.S. 372, 387 (2007) ("*Scott*").    Among the factors the jury may consider in making this determination are: "(1) the type and amount of force inflicted; (2) the severity of the crime at issue, (3) whether the suspect posed an immediate threat to the safety of the officers or others; and (4) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The Supreme Court of the United States also commands that the reasonableness of the officer's actions must be "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Bryan v. MacPherson*, 630 F.3d 805, 812 (9th Cir. 2010) (internal citations omitted).    The "'calculus of reasonableness' in these circumstances 'must [also] embody allowance for the fact that police officers are often forced to make split-second judgments'." *Est. of Strickland,* 69 F.4th at 619.

Here, none of the evidence Plaintiff has presented is sufficient to raise any doubt that Deputy Alfred's use of deadly force was reasonable under the totality of the circumstances during the April 27, 2021 incident. The application of the law to the facts presented by the Plaintiff can result in no other finding than Deputy Alfred's use of force being reasonable under the circumstances. *Scott,* 550 U.S. at 385 ("all

2

that matters is whether [the officer's] actions were reasonable").

In that moment, Deputy Alfred was forced to make a split-second decision regarding his bodily safety in response to the immediate and lethal threat of Plaintiff feloniously reversing the Trailblazer into him in a potential violation of California Penal Code section 245(a)(1) (assault with a deadly weapon other than a firearm or assault with force likely to cause great bodily injury). Based on Deputy Alfred's trial testimony:

- Deputy Alfred was solo;

- Deputy Alfred responded to the scene regarding an argument between neighbors;

- Deputy Alfred was carrying thirty pounds of equipment on him and was on a gravel surface, which was a potential trip and fall hazard;

- Deputy Alfred observed Plaintiff next to the Trailblazer with the hatchback in an open position;

- Deputy Alfred instructed Plaintiff multiple times to show him his hands, Plaintiff acknowledged he heard him, and Plaintiff ignored Deputy Alfred's command and then got into the driver's seat of the Trailblazer;

- Deputy Alfred observed Plaintiff put his Trailblazer in reverse gear and the engine revved and reversed towards Deputy Alfred;

- Deputy Alfred had only seconds between when the Trailblazer started reversing to assess the threat and determine his response to that threat;

- Deputy Alfred feared that that he would be injured or killed by the Trailblazer;

- Deputy Alfred could not feasibly and safely move out of the way of the reversing Trailblazer because the left (east) boundary was a chain-link fence approximately 6 feet high, and the right (west) boundary was the building stucco; and in order for Deputy Alfred to access the gap in the wooden fence on the west side of the driveway, Deputy Alfred would have had to move ***into the path*** of the reversing Trailblazer; and

- Even if Deputy Alfred could have accessed the gap in the wooden fence, because it was a wooden fence, it would not have provided any protection from the reversing Trailblazer.

Under the totality of these circumstances, Deputy Alfred acted reasonably in firing his service weapon in order to stop a real, immediate, and very lethal threat. *See*

3

**NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED FOR JUDGMENT AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES**

*Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014) (officer did not act unreasonably in firing weapon at fleeing suspect where "under the circumstances at the moment when the shots were fired" it was reasonable to conclude suspect would continue to pose a deadly threat); *Est. of Hernandez by & through Hernandez v. City of Los Angeles*, 139 F.4th 790, 799 (9th Cir. 2025)(officer acted reasonably in firing first four rounds when decedent moved towards her with a knife, and refused to comply with her orders to stop and drop the knife thereby creating a heightened sense of urgency and unpredictability); and *Hart v. City of Redwood City*, 99 F.4th 543, 550 (9th Cir. 2024) (officers only had seconds to react to non-responsive man quickly approaching them with a knife). Deputy Alfred testified that the Trailblazer was in motion for all six of his shots and only came to a stop after his sixth shot.

Significantly, the law does not permit speculation on how an officer "may" have been able to employ non-lethal methods with perfect 20/20 hindsight. *Est. of Strickland*, 69 F.4th at 619. Yet, this forbidden speculation is the basis of Plaintiff's only argument against the reasonableness of Deputy Alfred's use of force. Plaintiff attempted to present evidence that Deputy Alfred could have stepped out of the way of the Trailblazer; however, notwithstanding that Deputy Alfred had thirty pounds of equipment on him that would have hindered his ability to step out of the way, and was walking on a gravel surface which presented a trip and fall hazard, Plaintiff's argument is the kind of 20/20 hindsight that the Supreme Court of the United States prohibited in the assessment of whether an officer's use of force was reasonable. *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

The evidence presented thus far "permits only one reasonable conclusion", that Deputy Alfred's use of deadly force to neutralize the felonious threat of a reversing Trailblazer, a real, imminent and very lethal threat, was reasonable under the circumstances. Accordingly, Deputy Alfred is entitled to judgment as a matter of law on Plaintiff's claim for excessive force. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

4

242, 250 (1986); *Madrigal v. Allstate Ins. Co.*, 215 F. Supp. 3d 870, 892 (C.D. Cal. 2016).

### III.

### <u>DEPUTY CHRISTOPHER ALFRED IS ENTITLED TO QUALIFIED IMMUNITY</u>

As a matter of law, Deputy Alfred is entitled to qualified immunity. Qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) ("*Mullenix*"). A peace officer is entitled to qualified immunity unless: (1) the facts, "taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right," and (2) "the right in question was 'clearly established' at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014). "The second part of this analysis . . . is an issue for a judgment as a matter of law under Rule 50(a) and (b)." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009); *accord Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (holding that the "'clearly established' inquiry is a question of law that only a judge can decide"). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* (citing *Malley v. Briggs*, 475 U.S. 335 (1986)).

As set forth above, Plaintiff's evidence is insufficient to show that Deputy Alfred violated Plaintiff's right to be free from the use of excessive force in these circumstances. Then, Plaintiff's evidence is insufficient to establish that the right in question was clearly established at the time of the violation. Given Plaintiff's conduct and the circumstances faced by Deputy Alfred, it cannot be said that Deputy Alfred was "plainly incompetent" or "knowingly violate[d] the law." *Mullenix*, 577 U.S. at 15. Plaintiff, here, cannot establish that the alleged unconstitutionality of Deputy Alfred's use of deadly force is "beyond debate." *Mullenix*, 577 U.S. at 14;

5

*see also Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021) (where facts do not present "an obvious case," plaintiff "must identify a case that put [defendant] on notice that his specific conduct was unlawful").

It is not beyond debate that Deputy Alfred "violated [Plaintiff's] clearly established right," because "the right's contours were [not] sufficiently definite that any reasonable official in the [Deputy Alfred's] shoes would have understood that he was violating it." *Kisela*, 584 U.S. at 105 (quoting *Plumhoff*, 572 U.S. at 778-779). In April 2021, it was not clearly established that the use of deadly force against a suspect violated the Fourth Amendment when the suspect, having acknowledged that he heard the officer, failed to comply with an officer's repeated commands, and then accelerated his vehicle in reverse into the officer who could not step out of the way of the vehicle. *See Mullenix*, 577 U.S. at 14.

At the time of the incident, the law was clearly established that an officer was not entitled to qualified immunity when the officer lacked an objectively reasonable basis for fearing for his safety.  For example:

- In *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020), the defendant-officer's subjective belief that he believed he feared for his own safety was not reasonable given that his version conflicted with the facts construed in the light most favorable to plaintiff, especially when defendant-officer admitted that he was able to step out of the path of the plaintiff's vehicle and another officer and another officer testified that it was ***after*** the first shots were fired that the defendant-officer moved behind the vehicle and when the engine revved.

- In *Acosta v. City & Cnty. of San Francisco*, 83 F.3d 1143 (9th Cir. 1996), *as amended* (June 18, 1996), it was not objectively reasonable for the defendant-officer to believe that shooting at the driver of a slow-moving car in those circumstances was lawful when the car was moving or rolling very slowly from a standstill, so slowly that the defendant-officer could not have reasonably believed it posed a threat of great bodily harm and the jury developed serious doubts about the defendant-officer's credibility.

- In *Gonzalez v. City of Anaheim*, 747 F.3d 789 (9th Cir. 2014), the officer was not entitled to qualified immunity after shooting the decedent in the head from a distance of less than six inches after the officer, in the passenger side of the vehicle, was unable to to stop or gain control of the car.

- In *Est. of Hernandez*, 139 F.4th 790 (9th Cir. 2025), because officer shot plaintiff after he was on the ground and no longer posed an immediate threat, she was not entitled to qualified immunity.

6

- In *Est. of Aguirre v. Cnty. of Riverside*, 29 F.4th 624 (C.D. Cal. 2022), the officer was not entitled to qualified immunity when the coroner's report concluded that decedent died from two shots to his back and the bullet paths suggested decedent turning away from the officer and falling to the ground when the bullets struck.

Pursuant to these authorities – none of which involve an officer who was trapped in a narrow driveway with no opportunity to step out of the way of a vehicle that was accelerating in reverse into him – confirm that that the law was not clearly established at the time of the incident. Notably, both *Orn*, *Acosta*, and *Est. of Aguirre,* involved officers whose credibility issues were a factor in determining whether each feared for their own safety. That has not been a factor in this use of force. In contrast, here, viewing the situation from Deputy Alfred's perspective, any reasonable officer would be concerned for his safety. *Bryan v. MacPherson*, 630 F.3d 805, 817-818 (9th Cir. 2010) ("in assessing whether an officer is entitled to qualified immunity, however, the court must view those facts from the objective perspective of a reasonable officer on the scene.")

As a point of comparison, the law has granted officers qualified immunity when the officers continued shooting until the threat to their safety was eliminated:

- In *Plumhoff v. Rickard*, 572 U.S. 765 (2014), the officers were entitled to qualified immunity when "the record conclusively disproves [plaintiff's] claim that the chase in the present case was already over when [defendants] began shooting." *Id.,* at 777.

- In *Williams v. City of Sparks*, 112 F.4th 635 (9th Cir. 2024), the Ninth Circuit specifically held that "[o]nce plaintiff attempted to accelerate his vehicle, the officers did not need to risk their safety by first waiting to see if his attempt would be successful, and they acted reasonably in firing the immediate fourteen-second volley of shots in response to that effort." *Id.* at 645. "Having fired that initial volley, the officers then reasonably ceased firing, as Williams's further attempts at acceleration proved fruitless." *Id.* at 645-6.

- In *Est. of Hernandez*, 139 F.4th 790 (9th Cir. 2025), the Court concluded that the officer's actions were reasonable when she fired the first two shots because the plaintiff posed a threat.

Finally, Deputy Alfred is also entitled to qualified immunity even if his perception that Plaintiff posed an imminent threat was mistaken but reasonable. *Blanford v. Sacramento Cnty.*, 406 F.3d 1110, 1116 (9th Cir. 2005) (officers entitled

7

1  to qualified immunity when they used deadly force against the someone who had an

2  edged sword, and could not hear the officers command to drop the sword or he

3  would be shot because he had headphones).

4      For the reasons set forth above, Deputy Alfred is entitled to qualified immunity

5  as a matter of law.

6  **IV.**

7  **THE COUNTY OF SAN BERNARDINO IS ENTITLED TO JUDGMENT ON**

8  **PLAINTIFF'S SECOND CAUSE OF ACTION FOR *MONELL* LIABILITY**

9      The County is entitled to judgment as a matter of law because based on the

10  evidence presented, a single incident of reasonable use of force comporting with a

11  valid use of force policy, the jury will inevitably conclude that Plaintiff cannot

12  establish both (1) an underlying constitutional violation and (2) an unlawful custom,

13  policy, or practice that gave rise to the constitutional isolation. *Monell v. New York*

14  *City Dep't of Social Services*, 436 U.S. 657 (1978).  As set forth above, Plaintiff

15  cannot establish an underlying constitutional violation, and therefore, the inquiry

16  can end there. *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996)

17  (Without an underlying constitutional violation, "the fact that the departmental

18  regulations might have authorized the use of constitutionally excessive force is quite

19  beside the point." ); *see also, Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th

20  Cir. 2020) and *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

21      However, even assuming *arguendo* that an underlying constitutional violation

22  has been established (which it has not), the Plaintiff has not presented sufficient

23  evidence under the second prong.  With the evidence presenting only facts of a

24  single incident, the April 27, 2021 incident, it is impossible for Plaintiff to have

25  established an "unlawful custom, policy, or practice" with any of  three possible

26  methods: (a) that a government employee committed the alleged constitutional

27  violation pursuant to a formal governmental policy or a long-standing practice or

28

8

**MK MANNING | KASS**

1  custom which constitutes the entity's standard operating procedure; (b) that the

2  individual who committed the constitutional tort was an official with final policy-

3  making authority and that the challenged action itself this constituted an act of

4  official governmental policy; or (c) an official with final policy-making authority

5  ratified a subordinate's unconstitutional decision or action and the basis for it.

6  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Then, Plaintiff still failed to

7  show that the circumstance was: (1) the cause in fact; and (2) the proximate cause of

8  the constitutional deprivation. *Id.*

9      Even assuming arguendo that Plaintiff had established one incident of a

10 constitutional violation, ***"[p]roof of a single incident of unconstitutional activity is***

11 ***not sufficient to impose liability under Monell***." *City of Oklahoma City v. Tuttle*,

12 471 U.S. 808, 823–24 (1985) (emphasis added). In order for single incident to be

13 sufficient, it must also include, "proof that [the single incident] was caused by an

14 existing, unconstitutional municipal policy, which policy can be attributed to a

15 municipal policymaker." *Id.* at 824 (emphasis added). "But where the policy relied

16 upon is not itself unconstitutional, considerably more proof than the single incident

17 will be necessary in every case to establish both the requisite fault on the part of the

18 municipality, and the causal connection between the 'policy' and the constitutional

19 deprivation." *Id.*

20     Here, the County is entitled to judgment as a matter of law as the Plaintiff has

21 not met their burden of proof with respect to *Monell* liability. Plaintiff only presents

22 evidence of one instance and then fails in establishing that the policy itself was

23 unconstitutional. The only evidence Plaintiff has presented with respect to the

24 policy, custom, or practice is an unreliable opinion of police practices expert, Scott

25 DeFoe ("Mr. DeFoe") who provided a conclusory opinion based on speculation and

26 assumptions that does not reflect a reliable application of the principles and methods

27 to the facts of the case and/or is based on insufficient facts or data. Fed. R. Evid.

28

9

MANNING | KASS

702; *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985).

Specifically, Mr. DeFoe did not provide support of the unconstitutionality of the County Sheriff Department's use of force policy.  He testified that he had no criticisms on the County Sheriff Department's use of force policy, including the section on shooting at moving vehicles.  Then, Mr. DeFoe was also not aware of the specific training that Deputy Alfred received on the use of force except to the extent he confirmed that Deputy Alfred was trained by the Sheriff's Department on Learning Domain 20 in the academy, which included training on the issuance of warnings.  Mr. DeFoe does not have any evidence of failure to train and acknowledged his opinions of failure to train to establish any type of *Monell* liability is based solely on his opinions regarding this incident.

Mr. DeFoe summarily concludedthatDeputy Alfred was not properly trained. However, Deputy Alfred confirmed on redirect-examination that he received training on the use of force policy involving using deadly force only if there is an immediate threat of death or serious bodily injury and giving verbal warning before using deadly force.  Therefore, Mr. DeFoe's conclusory and speculative opinion is not only improper as it invades the province of the jury (*see Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1058 (9th Cir. 2008)), but is exactly the type of illogical reasoning rejected in *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985), whereby the Supreme Court of the United States rejected jury instructions which permitted an inference of municipal liability without proof of a single action taken by a municipal policymaker. The Supreme Court of the United States rejected the conclusion that a municipality could scrutinize each policy applicant and meet the highest training standards imaginable but yet are still liable simply because it hired one bad apple. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985).

For the reasons set forth above, the County is entitled to judgment as a matter

of law on Plaintiff's *Monell* cause of action.

## V.    DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS

All of Plaintiff's state law claims fail as a matter of law because Plaintiff's evidence is insufficient for a jury to conclude that Defendants are liable.  For the same reasons that no constitutional violations were committed, no state torts were committed, either. *See Martinez v. County of Los Angeles*, 47 Cal. App. 4th 334, 349-50 (1996).  And since Deputy Alfred is not liable on the state claims, there is no basis for the County's liability under respondeat superior liability. *See* Cal. Gov't. Code § 815.2.

### A.    Battery

The standard for proving battery by a police officer is the same standard applied to § 1983 actions:  plaintiff must prove the officer's use of force was unreasonable. *See Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009) . "The question is whether a peace officer's actions were objectively reasonable based on the facts and circumstances confronting the peace officer." *Id.* This test is context-specific and "highly deferential to the police officer's need to protect himself and others." *Id.*

As set forth above, Deputy Alfred is not liable for battery because his use of deadly force was necessary under the totality of circumstances to prevent the serious bodily injury or death to himself.  Plaintiff was uncooperative and ignored Deputy Alfred's commands, and when he entered his Trailblazer, the Trailblazer's hatchback was open.  Thus, the event of Plaintiff reversing his vehicle into Deputy Alfred was not expected and Deputy Alfred had only a matter of seconds after the Trailblazer started reversing to assess the threat and decide how to respond to it.  Deputy Alfred's actions were in compliance with the County Sheriff's Department's use of force policy permitting an officer to shoot at a moving vehicle when, time and circumstances, like her, did not allow him to move out of the path of the vehicle.

11

MANNING | KASS

MANNING | KASS

A reasonable officer in the same circumstances would have perceived that Plaintiff was acting with intent to cause serious injury given that Plaintiff ignored Deputy Alfred's commands and then Plaintiff put his Trailblazer in reverse and accelerated towards Deputy Alfred in the narrow driveway where Deputy Alfred had no way to safely move out of the way. And since Deputy Alfred is not liable for battery, there is no basis for the County's liability under respondeat superior liability. *See* Cal. Gov't. Code § 815.2.

Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's battery cause of action.

## B.   <u>Negligence</u>

Plaintiff has not presented sufficient evidence for any jury to establish that Deputy Alfred "had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal.4th 622, 629 (2013). "[P]eace officers have a duty to act reasonably when using deadly force." *Id.* at 695. "The reasonableness of an officer's conduct is determined in light of the totality of circumstances." *Id*. at 629–30. Here, as set forth above, Deputy Alfred's actions were reasonable under the totality of the circumstances. And since Deputy Alfred is not liable for negligence, there is no basis for the County's liability under respondeat superior liability. *See* Cal. Gov't. Code § 815.2.

Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's negligence cause of action.

## C.   <u>Bane Act Violation</u>

The Bane Act provides for liability for interference with an individual's constitutional rights "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1(b); *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). It requires a "specific intent to violate the arrestee's right to freedom from unreasonable seizure."

12

1   *Id.* at 1043.

2       As discussed above, Plaintiff has not presented evidence sufficient for a Bane

3   Act Violation because they have not presented sufficient evidence of an underlying

4   constitutional violation. *Id.*  In addition, Plaintiff has not presented sufficient

5   evidence coercion independent from the constitutional violation itself—the evidence

6   shows that Deputy Alfred was only reacting to Plaintiff's actions in the moment. *Id.*

7   at 1042.  Since Deputy Alfred is not liable for violation of the Bane Act, there is no

8   basis for the County's liability under respondeat superior liability. *See* Cal. Gov't.

9   Code § 815.2.

10      Accordingly, Defendants are entitled to judgment as a matter of law on

11  Plaintiff's cause of action for Bane Act Violation.

12  **D.    Intentional Infliction of Emotional Distress**

13      "A cause of action for intentional infliction of emotional distress exists when

14  there is (1) extreme and outrageous conduct by the defendant with the intention of

15  causing, or reckless disregard of the probability of causing, emotional distress; (2)

16  the plaintiff's suffering severe or extreme emotional distress; and (3) actual and

17  proximate causation of the emotional distress by the defendant's outrageous

18  conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

19      Here, Plaintiff has not presented sufficient evidence that Deputy Alfred's

20  conduct was "so extreme as to exceed all bounds of that usually tolerated in a

21  civilized community." *Id.* Nor is there any evidence that any of the law enforcement

22  personnel at the scene that day had the requisite "intent to cause, or reckless

23  disregard for the probability of causing, emotional distress." *Id.* (noting intent is an

24  element of the cause of action). Finally, Plaintiff has not presented evidence that he

25  ever sought treatment for any alleged mental and emotional distress.

26      Since Deputy Alfred is not liable for intentional infliction of emotional

27  distress, there is no basis for the County's liability under respondeat superior

28

13

MANNING | KASS

MK

1  liability. *See* Cal. Gov't. Code § 815.2.

2  **VI.    CONCLUSION**

3       Based on the evidence presented at trial, judgment should be entered against

4  Plaintiff and in favor of Defendants on Plaintiffs federal and state claims. Further,

5  Defendant Deputy Alfred is entitled to qualified immunity as a matter of law.

6

7  DATED:  February 3, 2026          **MANNING & KASS**

8                                    **ELLROD, RAMIREZ, TRESTER LLP**

9

10                                   By: ____/s/ Kayleigh Andersen____

11                                        Eugene P. Ramirez

12                                        Kayleigh Andersen

13                                        Attorneys for Defendants, COUNTY OF
                                          SAN BERNARDINO and DEPUTY

14                                        CHRISTOPHER ALFRED

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**MANNING | KASS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Certificate of Compliance with L.R. 11-6.2*

The undersigned, counsel of record for Defendants COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED, certifies that this brief contains 4,490 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 3, 2026

By:    /s/ Kayleigh Andersen
       Kayleigh Andersen

MK  MANNING | KASS

15