**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:  (818) 347-3333
Fax:  (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
**IVIE MCNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel:  (213) 489-0028
Fax:  (213) 489-0552

Attorneys for Plaintiff, STEFFON BARBER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED,<br><br>Defendants | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTION RE: CREDIBILITY OF WITNESSES**<br><br>Trial Date: 1/30/26 |

1

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTION RE: CREDIBILITY OF WITNESSES**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through his counsel of record in this action, Plaintiff STEFFON BARBER hereby proposes his amended jury instruction re: Credibility of Witnesses.

Dated: February 4, 2026                LAW OFFICES OF DALE K. GALIPO

                                       By  /s/ Dale K. Galipo
                                           Dale K. Galipo
                                           Renee V. Masongsong
                                           Attorneys for Plaintiff, Steffon Barber

Dated: February 4, 2026                IVIE MCNEILL WYATT
                                       PURCELL & DIGGS

                                       By:  s/ Rodney S. Diggs
                                            Rodney S. Diggs
                                            Attorney for Plaintiff, Steffon Barber

# PLAINTFF'S PROPOSED AMENDED JURY INSTRUCTION RE: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

In this case, you may consider any inconsistencies in the testimony or prior statements of Deputy Alfred in judging his credibility.

### AUTHORITY

**SOURCE: Ninth Circuit Manual of Model Jury Instructions, Civil (2017), § 1.14 (modified to pertain to this case).**