**F I L E D**
CLERK, U.S. DISTRICT COURT

2/9/26

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DC___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

STEFFON BARBER,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO ET AL.,

Defendants.

Case No. 5:22-cv-625-KK-DTBx

**FINAL JURY INSTRUCTIONS**

# JURY INSTRUCTION NO. 1
## DUTY OF JURY (END OF CASE)

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts, you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do, or have said or done, that I have an opinion regarding the evidence or what your verdict should be.

# JURY INSTRUCTION NO. 2
## CLAIMS AND DEFENSES

To help you follow the evidence, I gave you a brief summary of the positions of the parties:

Plaintiff STEFFON BARBER asserts that during an incident that occurred on April 27, 2021, Defendant County of San Bernardino Sheriff's Department Deputy CHRISTOPHER ALFRED used deadly force against Plaintiff that was excessive, unreasonable, unnecessary, and negligent, in violation of federal and California law, and that such force caused Plaintiff's injuries and damages.  Plaintiff further contends that the COUNTY OF SAN BERNARDINO failed to provide adequate training to its deputies on issuing verbal warnings before using deadly force, was deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately, and thereby caused the deprivation of Plaintiff's rights by Defendant CHRISTOPHER ALFRED.

Plaintiff has the burden of proving each of these claims by a preponderance of the evidence.

Defendants deny those claims and contend Defendant CHRISTOPHER ALFRED acted reasonably under the totality of the circumstances during the incident involving Plaintiff STEFFON BARBER.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO. 3
# BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 4
# TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

# JURY INSTRUCTION NO. 5
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits that are admitted into evidence;

    (3)    any facts to which the lawyers have agreed; and

    (4)    any facts that I have instructed you to accept as proved.

# JURY INSTRUCTION NO. 6
# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may have been received only for a limited purpose.  When I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# JURY INSTRUCTION NO. 7
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# JURY INSTRUCTION NO. 8
# EXPERT OPINION TESTIMONY

You have heard testimony from witnesses in this case who testified to their opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

# JURY INSTRUCTION NO. 9
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk or bailiff.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk or bailiff, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk or the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the

technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

# JURY INSTRUCTION NO. 10
## STIPULATIONS OF FACT

The parties have agreed to certain facts that were read to you and have been placed into evidence as Exhibit 101.  You must therefore treat these facts as having been proved.

# JURY INSTRUCTION NO. 11
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question could be answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 12
# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may have said something that was not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testified.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 13
# PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that was received in the case and on my instructions as to the law that applies. If any juror is or was exposed to any outside information, please notify me immediately.

# JURY INSTRUCTION NO. 14
## TAKING NOTES

At the beginning of this trial, I instructed you that you could take notes to help you remember the evidence. If you took notes, please keep them to yourself until you go to the jury room to decide the case. When you leave the jury room for any reason, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

# JURY INSTRUCTION NO. 15
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may have become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# JURY INSTRUCTION NO. 16
# CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this

case; do not do any research, such as by consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require

the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

# JURY INSTRUCTION NO. 17
# SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff STEFFON BARBER brings claims for violations of constitutional rights under the federal statute, 42 U.S.C. § 1983 ("Section 1983"), which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

# JURY INSTRUCTION NO. 18
## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY

In order to prevail on his Section 1983 claim against Defendant CHRISTOPHER ALFRED, Plaintiff STEFFON BARBER must prove each of the following elements by a preponderance of the evidence:

1.   Defendant CHRISTOPHER ALFRED acted under color of state law;

2.   The acts or failure to act by Defendant CHRISTOPHER ALFRED deprived Plaintiff STEFFON BARBER of particular rights under the United States Constitution as explained in later instructions; and

3.   Defendant CHRISTOPHER ALFRED's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Defendant CHRISTOPHER ALFRED acted under color of state law.

Defendant CHRISTOPHER ALFRED's conduct is an actual cause of Plaintiff STEFFON BARBER's injury only if the injury

would not have occurred 'but for' that conduct, and the conduct
has a sufficient connection to the result.

   If you find Plaintiff STEFFON BARBER has proved each of
these elements, and if you find that Plaintiff STEFFON BARBER
has proved all the elements he is required to prove under the
instructions I review with you, your verdict should be for Plaintiff
STEFFON BARBER on his Section 1983 claim.  If, on the other
hand, you find that Plaintiff STEFFON BARBER has failed to
prove any one or more of these elements, your verdict should be
for Defendant CHRISTOPHER ALFRED on the Section 1983
claim against Defendant CHRISTOPHER ALFRED.

# JURY INSTRUCTION NO. 19
## SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON POLICY OF FAILURE TO TRAIN

In order to prevail on his Section 1983 claim against Defendant COUNTY OF SAN BERNARDINO alleging liability based on a policy of a failure to train its police officers, Plaintiff STEFFON BARBER must prove each of the following elements by a preponderance of the evidence:

1.    The acts or failure to act of Defendant CHRISTOPHER ALFRED deprived Plaintiff STEFFON BARBER of his particular rights under the United States Constitution as explained in later instructions;

2.    Defendant CHRISTOPHER ALFRED acted under color of state law;

3.    The training policies of Defendant COUNTY OF SAN BERNARDINO were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.    Defendant COUNTY OF SAN BERNARDINO was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.    The failure of Defendant COUNTY OF SAN BERNARDINO to provide adequate training caused

26

the deprivation of Plaintiff STEFFON BARBER's rights by Defendant CHRISTOPHER ALFRED; that is, Defendant COUNTY OF SAN BERNARDINO's failure to train played a substantial part in bringing about or actually causing the injury or damage to Plaintiff STEFFON BARBER.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Defendant CHRISTOPHER ALFRED acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, Plaintiff STEFFON BARBER must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to Plaintiff STEFFON BARBER's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard the known or obvious consequences of one's acts or omissions.

Plaintiff STEFFON BARBER may prove deliberate indifference in this case by showing that the facts available to Defendant COUNTY OF SAN BERNARDINO put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as Plaintiff STEFFON BARBER due to police officers' conduct.

If you find Plaintiff STEFFON BARBER has proved each of these elements, and if you find that Plaintiff STEFFON BARBER has proved all the elements he is required to prove under the instructions I review with you, your verdict should be for Plaintiff STEFFON BARBER on his Section 1983 claim. If, on the other hand, you find that Plaintiff STEFFON BARBER has failed to prove any one or more of these elements, your verdict should be for Defendant COUNTY OF SAN BERNARDINO on the Section 1983 claim against Defendant COUNTY OF SAN BERNARDINO.

# JURY INSTRUCTION NO. 20
# UNREASONABLE SEIZURE OF PERSON—
# EXCESSIVE FORCE

Plaintiff STEFFON BARBER claims that Defendant
CHRISTOPHER ALFRED unreasonably seized and used
excessive force against him.  In general, a seizure of a person is
unreasonable under the Fourth Amendment if a police officer uses
excessive force in making a lawful arrest, in defending himself or
others, and/or in attempting to stop a fleeing or escaping suspect.
Therefore, to establish an unreasonable seizure in this case,
Plaintiff STEFFON BARBER must prove by a preponderance of
the evidence that Defendant CHRISTOPHER ALFRED used
excessive force during the incident at issue in this case.

Under the Fourth Amendment, a police officer may use only
such force as is "objectively reasonable" under all of the
circumstances.  You must judge the reasonableness of a particular
use of force from the perspective of a reasonable officer on the
scene and not with the 20/20 vision of hindsight.  Although the
facts known to the officer are relevant to your inquiry, an officer's
subjective intent or motive is not relevant to your inquiry.

In determining whether Defendant CHRISTOPHER
ALFRED used excessive force in this case, consider all of the
circumstances known to Defendant CHRISTOPHER ALFRED
on the scene, including:

1.  the nature of the crime or other circumstances known to Defendant CHRISTOPHER ALFRED at the time force was applied;

2.  whether Plaintiff STEFFON BARBER posed an immediate threat to the safety of Defendant CHRISTOPHER ALFRED, or to others;

3.  whether Plaintiff STEFFON BARBER was actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time Defendant CHRISTOPHER ALFRED had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.  the relationship between the need for the use of force and the amount of force used;

6.  the extent of Plaintiff STEFFON BARBER's injury;

7.  any effort made by Defendant CHRISTOPHER ALFRED to temper or to limit the amount of force;

8.  the severity of the security problem at issue;

9.  the availability of alternative methods either to take Plaintiff STEFFON BARBER into custody or to subdue him;

10. the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; that is, which party created the dangerous situation, and which party is more innocent;

11. whether it was practical for Defendant CHRISTOPHER ALFRED to give warning of the

imminent use of force, and whether such warning was
given;

12.  whether a reasonable officer would have or should have
accurately perceived a mistaken fact; and

13.  whether there was probable cause for a reasonable
officer to believe that the subject had committed a crime
involving the infliction or threatened infliction of
serious physical harm.

"Probable cause" exists when, under all of the circumstances
known to Defendant CHRISTOPHER ALFRED at the time, an
objectively reasonable police officer would conclude there is a fair
probability that Plaintiff STEFFON BARBER has committed or
was committing a crime.

# JURY INSTRUCTION NO. 21
# BANE ACT—INTERFERENCE WITH
# CONSTITUTIONAL RIGHTS

Plaintiff STEFFON BARBER claims that Defendant CHRISTOPHER ALFRED intentionally interfered with, or attempted to interfere with, Plaintiff's civil rights by threats, intimidation, or coercion.

To establish this claim, Plaintiff STEFFON BARBER must prove all of the following:

1.  That Defendant CHRISTOPHER ALFRED acted violently against Plaintiff STEFFON BARBER to prevent him from exercising his right to be free from the use of excessive force;

2.  That Defendant CHRISTOPHER ALFRED intended to deprive Plaintiff STEFFON BARBER of, or acted with reckless disregard for, his enjoyment of the interests protected by the right to be free from the use of excessive force;

3.  That Plaintiff STEFFON BARBER was harmed; and

4.  That the conduct of Defendant CHRISTOPHER ALFRED was a substantial factor in causing Plaintiff STEFFON BARBER's harm.

1
2

# JURY INSTRUCTION NO. 22
## BATTERY BY PEACE OFFICER (DEADLY FORCE)

3

4       Under California law, a peace officer may use deadly force
5   only when necessary in defense of human life. Plaintiff STEFFON
6   BARBER claims that Defendant CHRISTOPHER ALFRED
7   unnecessarily used deadly force on him.  To establish this claim,
8   Plaintiff STEFFON BARBER must prove all of the following:

9

10      1.    That Defendant CHRISTOPHER ALFRED
11            intentionally touched Plaintiff STEFFON BARBER or
12            caused Plaintiff STEFFON BARBER to be touched;
13      2.    That Defendant CHRISTOPHER ALFRED used
14            deadly force on Plaintiff STEFFON BARBER;
15      3.    That Defendant CHRISTOPHER ALFRED's use of
16            deadly force was not necessary to defend human life;
17      4.    That Plaintiff STEFFON BARBER was harmed; and
18      5.    That Defendant CHRISTOPHER ALFRED's use of
19            deadly force was a substantial factor in causing Plaintiff
20            STEFFON BARBER's harm.

21

22      Defendant CHRISTOPHER ALFRED's use of deadly force
23  was necessary to defend human life only if a reasonable officer in
24  the same situation would have believed, based on the totality of
25  the circumstances known to or perceived by Defendant
26  CHRISTOPHER ALFRED at the time, that deadly force was
27  necessary to defend against an imminent threat of death or serious

28

bodily harm to Defendant CHRISTOPHER ALFRED or another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Defendant CHRISTOPHER ALFRED and Plaintiff STEFFON BARBER leading up to the use of deadly force. In determining whether Defendant CHRISTOPHER ALFRED's use of deadly force was necessary in defense of human life, you must consider Defendant CHRISTOPHER ALFRED's tactical conduct and decisions before using deadly force on Plaintiff STEFFON BARBER and whether Defendant CHRISTOPHER ALFRED used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

1

2      A peace officer who makes or attempts to make an arrest

3 does not have to retreat or stop because the person being arrested

4 is resisting or threatening to resist.  Tactical repositioning or other

5 de-escalation tactics are not retreat.  A peace officer does not lose

6 the right to self-defense by use of objectively reasonable force to

7 effect the arrest or to prevent escape or to overcome resistance.  A

8 peace officer does, however, have a duty to use reasonable tactical

9 repositioning or other de-escalation tactics.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 23
# NEGLIGENCE – USE OF DEADLY FORCE BY A PEACE OFFICER

Under California law, a peace officer may use deadly force only when necessary in defense of human life.  Plaintiff STEFFON BARBER claims that Defendant CHRISTOPHER ALFRED was negligent in using deadly force to arrest/detain, prevent escape, or overcome the resistance of Plaintiff STEFFON BARBER.  To establish this claim, Plaintiff STEFFON BARBER must prove all of the following:

1.   That Defendant CHRISTOPHER ALFRED was a peace officer;
2.   That Defendant CHRISTOPHER ALFRED used deadly force on Plaintiff STEFFON BARBER;
3.   That Defendant CHRISTOPHER ALFRED's use of deadly force was not necessary to defend human life;
4.   That Plaintiff STEFFON BARBER was harmed; and
5.   That Defendant CHRISTOPHER ALFRED's use of deadly force was a substantial factor in causing Plaintiff STEFFON BARBER's harm.

Defendant CHRISTOPHER ALFRED's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant CHRISTOPHER ALFRED at the time, that deadly force was

36

1  necessary to defend against an imminent threat of death or serious

2  bodily injury to Defendant CHRISTOPHER ALFRED or another

3  person.

4

5  "Deadly force" is force that creates a substantial risk of

6  causing death or serious bodily injury.  It is not limited to the

7  discharge of a firearm.

8

9  A threat of death or serious bodily injury is "imminent" if,

10  based on the totality of the circumstances, a reasonable officer in

11  the same situation would believe that a person has the present

12  ability, opportunity, and apparent intent to immediately cause

13  death or serious bodily injury to the peace officer or to another

14  person.  An imminent harm is not merely a fear of future harm, no

15  matter how great the fear and no matter how great the likelihood

16  of the harm, but is one that, from appearances, must be instantly

17  confronted and addressed.

18

19  "Totality of the circumstances" means all facts known to or

20  perceived by the peace officer at the time, including the conduct of

21  Defendant CHRISTOPHER ALFRED and Plaintiff STEFFON

22  BARBER leading up to the use of deadly force.  In determining

23  whether Defendant CHRISTOPHER ALFRED's use of deadly

24  force was necessary in defense of human life, you must consider

25  Defendant CHRISTOPHER ALFRED's tactical conduct and

26  decisions before using deadly force on Plaintiff STEFFON

27  BARBER and whether Defendant CHRISTOPHER ALFRED

28  used other available resources and techniques as alternatives to

deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist.  Tactical repositioning or other de-escalation tactics are not retreat.  A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain, prevent escape, or overcome resistance.

# JURY INSTRUCTION NO. 24
# COMPARATIVE FAULT OF PLAINTIFF

Defendants claim that Plaintiff STEFFON BARBER's own negligence contributed to his harm.  To succeed on this claim, Defendants must prove both of the following:

1. That Plaintiff STEFFON BARBER was negligent; and
2. That Plaintiff STEFFON BARBER's negligence was a
   substantial factor in causing his harm.

If Defendants prove the above, Plaintiff STEFFON BARBER's damages on his negligence claim only are reduced by your determination of the percentage of Plaintiff STEFFON BARBER's responsibility.  I will calculate the actual reduction.

# JURY INSTRUCTION NO. 25
# INTENTIONAL INFLICTION OF EMOTIONAL
# DISTRESS

Plaintiff STEFFON BARBER claims that Defendant CHRISTOPHER ALFRED caused him to suffer severe emotional distress. To establish this claim, Plaintiff STEFFON BARBER must prove all of the following:

1.  That Defendant CHRISTOPHER ALFRED's conduct was outrageous;

2.  That Defendant CHRISTOPHER ALFRED acted with reckless disregard of the probability that Plaintiff STEFFON BARBER would suffer emotional distress, knowing that Plaintiff STEFFON BARBER was present when the conduct occurred;

3.  That Plaintiff STEFFON BARBER suffered severe emotional distress; and

4.  That Defendant CHRISTOPHER ALFRED's conduct was a substantial factor in causing Plaintiff STEFFON BARBER's severe emotional distress.

# JURY INSTRUCTION NO. 26
## CAUSATION (CALIFORNIA STATE LAW CLAIMS)

In order to establish liability for plaintiff's California state law claims, as explained in the foregoing instructions, Plaintiff STEFFON BARBER must prove by a preponderance of the evidence that the conduct of Defendant CHRISTOPHER ALFRED was a substantial factor in causing Plaintiff STEFFON BARBER's harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

# JURY INSTRUCTION NO. 27
# VICARIOUS LIABILITY (CALIFORNIA STATE LAW CLAIMS)

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

In this case, the parties have stipulated that:

1.  Defendant CHRISTOPHER ALFRED was an employee of Defendant COUNTY OF SAN BERNARDINO; and

2.  During the incident at issue in this case, Defendant CHRISTOPHER ALFRED was acting within the scope of his employment.

Defendant COUNTY OF SAN BERNARDINO may only be held vicariously liable on Plaintiff's California state law claims. Defendant COUNTY OF SAN BERNARDINO may not be held vicariously liable on Plaintiff's federal law causes of action.

# JURY INSTRUCTION NO. 28
## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

You should consider the following:

1.  The nature and extent of the injuries;
2.  The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
3.  The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
4.  The reasonable value of necessary medical and psychological care, treatment, and services received to the present time; and
5.  The reasonable value of necessary medical and psychological care, treatment, and services that with reasonable probability will be required in the future.

1

2        It is for you to determine what damages, if any, have been

3    proved.

4

5        Your award must be based upon evidence and not upon

6    speculation, guesswork or conjecture.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 29
## DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.   That the plaintiff failed to use reasonable efforts to mitigate damages; and
2.   The amount by which damages would have been mitigated.

# JURY INSTRUCTION NO. 30
# DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# JURY INSTRUCTION NO. 31
# COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including the Court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# JURY INSTRUCTION NO. 32
## VERDICT FORM

I will give you a verdict form with questions you must answer.  I have already instructed you on the law that you are to use in answering these questions.  You must follow my instructions and the forms carefully.  You must consider each question separately.  Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict forms in the order they appear.  After you answer a question, the forms tell you what to do next.

All of you must deliberate on and answer each question.  All of you must agree on an answer before you can move on to the next question.

When you have finished filling out the form, the presiding juror must write the date and sign the form and then notify the bailiff that you are ready to present your verdict in the courtroom.