# Exhibit 3

**JASON ANDERSON**
District Attorney
**Kathleen Fultz, SBN 220161**
Deputy District Attorney
Victorville Courthouse
14455 Civic Dr., Ste. 300
Victorville, CA 92392
Telephone: (760) 243-8600
Fax: (760) 208-4186

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JAN 0 6 2025

BY: _____
Irene D. Dupas, Deputy

Attorney for the People

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

STEFFON BARBER,

Defendant.

) CASE NO. FVI21001312
)
)
) PEOPLE'S SENTENCING BRIEF
)
) DATE: January 24, 2025
) TIME: 8:30
) DEPT: S15
)
)

TO THE HONORABLE JUDGE DAVID COHN, DEFENDANT, AND HIS ATTORNEY OF RECORD JAMES BRYANT, PLEASE TAKE NOTICE THAT:

On December 16, 2024 a jury of defendant's peers found him guilty of one count of Penal Code §245(a)(1), Assault with a Deadly Weapon. On the same date, the Court found true that the defendant has suffered a conviction for a prior strike pursuant to PC 1170.12. The Court also found true 4 of the alleged aggravating factors, specifically that the defendant was on felony probation when this offense occurred, that the defendant's prior convictions are numerous or of increasing seriousness, the defendant has served prior incarcerations in prison and the defendant's prior performance on supervision was unsatisfactory. Each of these factors were found true from exhibits containing the defendant's RAP sheet, his 969(b) prison packets, certified prior and judicial notice of the trailing VOP in FVI21001037. Pronouncement of Judgment is to take place on January 24, 2025.

**PEOPLE'S SENTENCING BRIEF**
**PAGE 1**

COURT COPY

The People of the State of California, as plaintiff in the above entitled action, request this Court sentence Defendant to 13 years consecutive to 16 months in state prison.

This request is based upon this notice, the Court's file on the matter, the jury trial, the court trial on priors and aggravating factors, the Court's finding that the defendant is in violation of his grant of probation, and any victim impact statements that may be submitted to the court.

## I.

## THE SERIOUSNESS OF THE CRIME IS INAPPROPRIATE FOR PROBATION OR ALTERNATIVES TO INCARCERATION

The Court is required pursuant to Penal Code §17.2[1] to consider within its discretion alternatives to incarceration. The Court has the discretion to impose appropriate punishment. In the instant matter, the defendant while on probation for Assaulting a Peace Officer, angrily accelerated his vehicle at another Peace Officer standing a short distance behind him. Alternative consequences would be inappropriate on these facts alone.

## II.

## THE COURT CAN AND SHOULD IMPOSE BOTH THE SENTENCE PRESCRIBED BY 1107.12/667(e) AND THE ENHANCEMENT OF 5 YEARS PURSUANT TO 667(A).

A strike prior is not an enhancement but instead "the articulation of a parallel sentencing scheme for specifically described recidivists." *People v. Allison* (1995) 41 Cal.App.4th 841, 844, quoting *People v. Anderson* (1995) 35 Cal.App.4th 587, 595; see also *People v. Murillo* (1995) 39 Cal.App.4th 1298, 1306. Rule of Court 4.405(3) defines "enhancement" as an "additional term of imprisonment added to the base term." The three strikes sentencing scheme, independent of enhancements related to the same prior conviction do not constitute dual use. *People v. Nelson*, (1996) 42 Cal.App.4th 131.

---

[1] All further reference to statutory code sections refer to the California Penal Code unless otherwise specified.

**PEOPLE'S SENTENCING BRIEF**

**PAGE 2**

California Penal Code Section 667, subdivision (b) though (i) took effect when the governor of the State of California signed them as urgency legislation on March 7, 1994. Section 667(b) of the California Penal Code states, "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."

Similarly on November 8, 1994, the voters of the state of California approved Proposition 184, which created California Penal Code Section 1170.12. The preamble to Proposition 184 declared "It is the intent of the People of the State of California in enacting this measure to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious or violent felony offenses." (Ballot pamp., text of Prop 184, Gen. Elec. [Nov. 8, 1994] 64.)

Significantly, these laws originated in the legislature and were further ratified by the voters of the State of California. Even if the Court were to disagree with the spirit of the laws, it would be an overreaching abuse of judicial power to undercut the intent of the law established by the legislature and ratified by the electorate.

For these reasons, the People ask the Court to sentence the defendant pursuant to the sentencing scheme outlined above and to impose the 5 year enhancement as well.

## III.

### RELIEF UNDER *ROMERO* DOES NOT APPLY TO THIS DEFENDANT

The *Romero* and *Williams*

Under California Penal Code Section 1385, subdivision (a), a trial court may dismiss a prior conviction charged under the Three Strikes Law "in furtherance of justice" and the reasons for such

a dismissal are that which would so motivate "a reasonable judge." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531, citing *People v. Orin* (1975) 13 Cal.3d 937, 945.) The reasons for such a dismissal must be entered into the Minutes. (*Romero*, at p. 531.)

In *Romero*, the California Supreme Court concluded "section 1385(a)...permit[s] a court acting **on its own motion** to strike prior felony conviction allegations in cases brought under the Three Strikes Law." The Court emphasized however, that "[a] court's discretion to strike prior felony conviction allegations in furtherance of justice is limited, its exercise must proceed in strict compliance with section 1385(a), and is subject to review for abuse." (Id. at pp. 529-530.)

The People have a legitimate interest in the fair prosecution of crimes properly alleged. Dismissal of a strike, which arbitrarily cuts those rights without a showing of detriment to the defendant, is an abuse of discretion. (Id. at pp.530-531.) *Romero* further held that the language of section 1385(a), "in furtherance of justice" requires the court to consider "both the constitutional rights of the defendant, and the interests of society represented by the People, in determining whether there should be a dismissal." (Ibid.)

The Court may not consider judicial convenience, reward for a guilty plea, antipathy for the 3 strikes sentencing law, cost of indeterminate incarceration, age of the defendant or certain other factors in determining whether or not the defendant falls outside the spirit of the 3 strikes legislation. The Court may consider the remoteness of the prior conviction if there is no continued criminality on the part of the defendant.

In *People v. Williams* (1998) 17 Cal.4th 148, the California Supreme Court further clarified this standard when it held that a trial court in deciding whether to dismiss a strike under section 1385(a), or an appellate court in reviewing such a ruling, "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had presently not

**PEOPLE'S SENTENCING BRIEF**
**PAGE 4**

committed one or more felonies and/or had not previously been convicted of one or more serious and/or violent felonies." (Id. at p. 161.)

*Williams* clearly mandates the trial court to "set forth its reasons in an order entered on the minutes" and if an appellate court, "is reviewing the striking or vacating of such allegation or finding, it must pass on the reasons so set forth." (Ibid.)

The Third Appellate District recently noted: "[S]ince the Three Strikes Law establishes a sentencing norm which requires the court explicitly to justify a departure therefrom (in the form of the reasons required by section 1385(a) to be set forth in an order), we must assess whether the reasons given by the trial court are a reasonable basis for concluding that a defendant should be deemed 'outside the scheme's spirit' and hence 'treated as though he had not previously been convicted of one or more serious and/or violent felonies,' as explained in *Williams*, supra, 17 Cal.4th at page 161 ." (*People v. Strong* (2001) 87 Cal.App.4th 328, 336.)

An exercise in sentencing discretion "must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect." (*People v. Superior Court (Alvarez)*, (1997) 14 Cal.4th 968; emphasis added.)

"[T]he Three Strikes Law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court 'conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes Law." Thus, the spirit of the law is informed, guided, and limited by its letter, lest an unanchored spirit escape its legislative receptacle and take on an unenacted shape. (*Strong* at pp. 337-338.)

**PEOPLE'S SENTENCING BRIEF**
**PAGE 5**

As summarized in *People v. McGlothin* (1998) 67 Cal.App.4th 468 :

> "Our system of laws confers upon each judge the discretion necessary to weigh punishment and mercy, to find that exquisite balance in which a just sentence reposes. Yet, in a democracy, the scope of a judge's authority is encompassed by the judgment of the citizens who bestow on the judiciary its authority in the first instance. Under our statutory framework, judges are not empowered to fashion any sentence they choose. The Legislature has created a sentencing structure within which every court must operate. Both the Legislature and the People, by initiative, have adopted a particular sentencing scheme for repeat offenders. A court may not simply substitute its own opinion of what would be a better policy or a more appropriately calibrated system of punishment, in place of that articulated by the People from whom the court's authority flows." (*Id.*, at pp. 476-477, citations omitted.)

Application of Romero and its progeny to this Defendant

According to the report of arrests and prosecutions (RAP) for the defendant, a certified copy of which is lodged with the Court as an exhibit in the bifurcated portion of the defendant's trial, he falls squarely within the spirit and the letter of the legislation controlling sentencing for recidivist offenders. The defendant began his criminal activity as a minor in 2001 with a couple of arrests for serious offenses which appear to have been handled informally. In 2004 he was arrested for two counts of Robbery, PC 211, which were charged but dismissed in Los Angeles County. The defendant was then arrested in 2005 for Arson, PC 451(b). There is an entry for a conviction shortly after, however the charge is not specified. The defendant was then arrested again just three months later, again for Robbery. This time he was granted probation in another merciful plea where he pled to a lesser charge for Grand Theft from Person, PC 487(c). His probation would later be revoked and he was sentenced to 16 months in prison.

Now in his twenties, in 2006 he was arrested for Attempted Robbery, PC 213, which does not appear to have been prosecuted. Again in 2006 the defendant was arrested and convicted for Resisting and Executive Officer, PC 69, and Resisting, Obstructing or Delaying a Public Officer, PC 148. He received 3 years of probation with a month of custody time. A month later, he was arrested and convicted for Driving Under the Influence, VC 23152. His probation and custody time ran concurrent

**PEOPLE'S SENTENCING BRIEF**
**PAGE 6**

with the previous conviction. Another month later, he was arrested again for Resisting, as well as Criminal Threats PC 422, and Willful Cruelty to a Child PC 273a(b). He was convicted of the PC 422 and PC 69, apparently as misdemeanors and received yet another grant of probation for 3 years with 2 months additional custody time. In 2009, after being released from the 16 month commitment referenced above, he was arrested again for Criminal Threats and Batter on a Person, PC 243(a). He was convicted of the latter and received again a grant of probation with a couple months of custody time. Seven months later, the defendant was arrested and later convicted of a Petty Theft with Priors, PC 666 and was sentenced to 16 months in prison. While in custody, he was detained on a PC 69 but that was not prosecuted. After his release, the defendant was arrested for Domestic Violence and an Assault with a Deadly Weapon for which he was acquitted but did suffer a parole violation. He again suffered another parole violation just a month later. Eight months after that last arrest, he was arrested for First Degree Residential Burglary, PC 460, Domestic Violence, PC 273.5(a), Resist/Obstruct/Delay a Public Officer and another parole violation. It appears he was convicted only of a municipal code after that arrest, but again, suffered a Parole violation. In October of 2012, the defendant was arrested for Possession of a Controlled Substance. He was convicted and given another grant of probation this time with 6 months of custody time as well as incurring another supervision violation. The defendant appeared to stay out of trouble in 2013 but had two more supervision violations in 2014.

Now in his thirties, in 2017 he was arrested for Domestic Violence, PC 243(e)(1), but was allowed to plead to a Disturbing the Peace, PC 415(a). He received a year of summary probation and 56 days in jail. He suffered a probation violation on this grant of probation in December of 2017. Again in 2017 he was arrested for being Under the Influence, Health and Safety Code 11550(a) which was later dismissed. Also in 2017, he was arrested for and convicted of Child Cruelty, PC 273a(a), for which he received 4 years felony probation, which was revoked and he was sentenced to 4 years in prison. In that case he used his toddler as a human shield while resisting law enforcement (the report was included in the people's motions in limine). While in custody on that probation violation the defendant was arrested and convicted for two additional counts of PC 69 for which he was sentenced to 2 years each which all ran concurrent with the Child Cruelty commitment. The Court

**PEOPLE'S SENTENCING BRIEF**
**PAGE 7**

heard testimony about these two convictions during trial. Each of those occurred in 2018. Upon release in 2021, he was arrested again for another PC 69 and the Assault on a Peace Officer, PC 245(c) which was the basis for the VOP in FVI21001037. Out of custody for only a week, the defendant committed the offense before this Court for sentencing.

This defendant is committed to a life of crime including violence, controlled substances, and failure to submit to authority. He has not taken advantage of the clemency and programming available to him in his many grants of probation and instead has only committed a continuous patter of crimes, escalating as the years pass. He is the very model of recidivism and fall squarely within the contemplation of the legislation in enacting the Three Strikes Legislation.

## IV.

## CIRCUMSTANCES IN AGGRAVATION

After waiver of jury on the issue, the court made findings on the following circumstances in aggravation, and the People ask the Court to consider the following circumstances in aggravation pursuant to California Rules of Court 4.421(b), factors relating to the defendant:

(b)(2) – The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness.

The Court found this factor true based on a review of the defendant's RAP and certified prior and indicated that the conduct was certainly increasing in seriousness.

(b)(3) - The defendant has served a prior term in prison or county jail under section 1170(h)

The Court reviewed and considered the defendant's prison prior packets and found he has served a prison commitment in the past.

(b)(4) - The defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed; and

The Court found this factor true based on a review of the RAP, certified prior and judicial notice of the trailing VOP for his probation case in FVI21001037.

(b)(5) - The defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory.

This factor was found true based on a review of the certified rap sheet as well as the prison packets which show return to custody for various violations.

The Court need only find one aggravating factor true in order to impose the aggravated term. Rule 4.420(a). People v. Landaverde, (2007) 157 Cal.app.4th 28, 34. In this case the defendant waived jury on aggravating factors and the court found four aggravating factors to be true. The Court should select the aggravated term based on the factors found true.

## V.

## CIRCUMSTANCES IN MITIGATION

It is the People's position that none of the factors in mitigation set out in California Rules of Court 4.423 (a) nor (b) apply.

## VI.

## PRIOR STRIKE CONVICTIONS PURSUANT TO 1170.12(a)-(d) AND 667(a)(1)

The People pled and proved and the Court found true that the defendant suffered a prior conviction in FVI21001037 for PC 245(c), Assault on a Peace Officer, a strike offense as noted on the record of conviction. The facts of that case are not subject to litigation. The conviction is what is relevant and appropriate for the Court to consider in the present matter for sentencing. The three strikes legislation pursuant to §1170.12 defines the alternative sentencing scheme which serves to double the felony sentence applicable to a new offense when there is pled and proved one prior serious or violent offense.

In addition to the sentencing scheme described above, the People have also pled and proved the prior strike conviction for the enhancement of §667(a), where the Court shall impose an additional term of 5 years for each prior strike conviction.

**PEOPLE'S SENTENCING BRIEF**
**PAGE 9**

## VII.

## VICTIM IMPACT STATEMENTS

For the Court's consideration, the People will submit the Impact statement upon receipt as a supplement to this record and an exhibit herein. If there are additional impact statements presented to the Court at time of sentencing that are not given to the People prior to the filing of this brief, the People ask the Court to consider those statements as well.

## VIII.

## CONCLUSION

The People respectfully request that the defendant, Steffon Barber, be sentence to 8 years on the convicted count, consecutive to 5 years for the enhancement pursuant to 667(a), and consecutive to 1 year 4 months for the probation violation in accordance with the above analysis and the law. That would include the aggravated term of 4 years on the §245(a)(1) doubled for the strike prior found true, consecutive to the 5 year enhancement pursuant to 667(a), consecutive to 1/3 the mid term on the VOP case with a conviction of 245(c) for 1 year 4 months.

Dated: January 6, 2025

Respectfully submitted,
**JASON ANDERSON,**
District Attorney,

**Kathleen Fultz,**
Deputy District Attorney

**PEOPLE'S SENTENCING BRIEF
PAGE 10**

# OFFICE OF THE DISTRICT ATTORNEY

## SAN BERNARDINO COUNTY

## PROOF OF SERVICE BY ELECTRONIC MAIL (E-Mail)

STATE OF CALIFORNIA                    )
                                       )    ss.
COUNTY OF SAN BERNARDINO               )

Kathleen Fultz says:

I am a citizen of the United States and am employed in and by the County of San Bernardino, State of California, I am over the age of eighteen years; my business address is 14455 Civic Drive, Suite 300, Victorville, California 92392. My e-mail address is kfultz@sbcda.org

On January 6, 2025, I served the attached document:

**People's Sentencing Brief**

on interested parties by transmitting a true copy by electronic mail (e-mail), pursuant to California Rules of Court (CRC), rule 2.251.  The name(s) and e-mail address(es) of the party(ies) being served is/are:

James Bryant, Attorney at Law
The Cochran Firm
4929 Wilshire Blvd., 1010
Los Angeles, CA 90010
Jbryant@cochranfirm.com
Conformed copy available at the DA Lobby front desk.

Pursuant to CRC, rule 2.251, I have filed a printed form of the attached document bearing my original signature with the court and have maintained a copy, which is available for inspection and copying upon the request of the court or any party to the action in the manner provided in CRC, rule 2.257(a).

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at San Bernardino, California, on January 6, 2025.

_____
Kathleen Fultz

PEOPLE'S SENTENCING BRIEF
PAGE 11





THE DOCUMENT TO WHICH THIS CERTIFICATION IS ATTACHED IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE

ATTEST __ANABEL Z ROMERO__

Clerk of the Superior Court of the State of California, in and for the County of San Bernardino

Date __3/16/26__

By _____ Deputy

Daniel Hurtado