# Exhibit 4

**JASON ANDERSON**
District Attorney
**Kathleen Fultz, SBN 220161**
Deputy District Attorney
Victorville Courthouse
14455 Civic Dr., Ste. 300
Victorville, CA 92392
Telephone: (760) 243-8600
Fax: (760) 208-4186

Attorney for the People

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JAN 23 2025

BY: _____
Rina Phillips, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE OF CALIFORNIA,

      Plaintiff,

    vs.

STEFFON BARBER,

      Defendant.

CASE NO. FVI21001312

PEOPLE'S SUPPLEMENTAL SENTENCING BRIEF; RESPONSE TO DEFENSE STATEMENT IN MITIGATION

DATE: January 24, 2025
TIME: 8:30
DEPT: S15

TO THE HONORABLE JUDGE DAVID COHN, DEFENDANT, AND HIS ATTORNEY OF RECORD JAMES BRYANT, PLEASE TAKE NOTICE THAT:

For clarity of record, the conviction which the People have pled and proved, and from which the defendant seeks relief, is a violation of Penal Code §245(c). The People would ask the Court to strike the following sections of the defense brief, for lack of authority for the Court to grant the requested relief, and improper use of what amounts to a Romero motion by the defense, to also attempt to vacate a properly entered plea and relitigate its underlying facts. STATEMENT OF THE CASE, NATURE AND CIRCUMSTANCE OF PRIOR STRIKE, and STRIKES IN PRIOR PLEA BARGAINS SHOULD NOT BE HELD AS STRINGENTLY AGAINST A DEFENDANT.

//

**PEOPLE'S SENTENCING BRIEF**
**PAGE 1**

## I.

## RELIEF UNDER *ROMERO* DOES NOT APPLY TO THIS DEFENDANT

The People have addressed *Romero* in their initial brief. In response to the defendant's brief requesting relief under *Romero*, the People would draw the Court's attention to two things. First, the federal cases cited by defense are not binding on this Court. They can be used as persuasive authority, if the Court finds them so. Which leads to the second issue, the cases are extremely distinguishable from the facts in the case before the Court.

In the *Bishop* case cited by the defendant, the court considered the remoteness of 17 and 20 year old strikes and the age of the defendant in terms of prospects. That court also considered Mr. Bishop's age in terms of prospects of further recidivism. Here, Mr. Barber is a young man of 38 and does not face life in prison, but a determinate term which even if sentenced to the maximum, would result in him being paroled before his is 50. In *Saldana*, also cited by the defendant, the new offense for which he was to be sentenced, was much less significant in seriousness than his prior offenses and his strike was 16 years old. Again, here, Mr. Barber was still on probation for the strike offense to which he pled and the offense for which he now faces sentencing involved him attempting to run over another human being with a motor vehicle. Certainly not less significant than his prior criminal history as outlined in the Probation report attached as Exhibit 2. The defendant cites *Banks*, but offers no similar considerations the Court should consider on his behalf.

## II.

## THE COURT CANNOT ACCEPT WITHOUT EVIDENCE A PROFFER OF THE DEFENDANT'S PROSPECTS

The defendant asks the court to consider two facts that would relate to his prospects. First that he is now "crippled" and second that he suffers a diminished mental capacity due to his having been struck by gunfire. These statements are hearsay and should only be considered given proper testimony by a physician making such findings or the defendant himself describing his limitation. It should be noted that being bound to a wheelchair is no impediment to the commission of crimes and the People would be happy to cite several cases from out county within the last year of very serious crimes having been committed by wheelchair bound defendants.

PEOPLE'S SENTENCING BRIEF
PAGE 2

The defendant also asks the Court to consider as factors in mitigation that the defendant suffered "abuse and neglect his entire life." This is in direct contradiction to his statement to probation where he says he was never the victim of abuse. He also asks the Court to consider that he suffers untreated psychological disorder, and substance abuse. There is no diagnosis even proffered, as a psychological disorder, and again the Court cannot consider this extremely vague statement without the testimony or certified medical records of a qualifying physician.

## III.

### VICTIM IMPACT STATEMENTS

As noted in the People's Sentencing brief, we are in receipt of a Victim Impact statement and it is attached herein as Exhibit 1. The People ask that it be filed and sealed in a confidential section of the Court's file.

## VIII.

### CONCLUSION

The People have considered the comments of the defense and again respectfully request that the defendant, Steffon Barber, be sentence to 8 years on the convicted count, consecutive to 5 years for the enhancement pursuant to 667(a), and consecutive to 1 year 4 months for the probation violation in accordance with the above analysis and the law.

Dated: January 22, 2025

Respectfully submitted,
**JASON ANDERSON,**
District Attorney,

**Kathleen Fultz,**
Deputy District Attorney

**PEOPLE'S SENTENCING BRIEF
PAGE 3**

# OFFICE OF THE DISTRICT ATTORNEY

## SAN BERNARDINO COUNTY

## PROOF OF SERVICE BY ELECTRONIC MAIL (E-Mail)

STATE OF CALIFORNIA          )
                             )     ss.
COUNTY OF SAN BERNARDINO     )

Kathleen Fultz says:

I am a citizen of the United States and am employed in and by the County of San Bernardino, State of California, I am over the age of eighteen years; my business address is 14455 Civic Drive, Suite 300, Victorville, California 92392. My e-mail address is kfultz@sbcda.org

On January 22, 2025, I served the attached document:

### People's Sentencing Brief

on interested parties by transmitting a true copy by electronic mail (e-mail), pursuant to California Rules of Court (CRC), rule 2.251.  The name(s) and e-mail address(es) of the party(ies) being served is/are:

James Bryant, Attorney at Law
The Cochran Firm
4929 Wilshire Blvd., 1010
Los Angeles, CA 90010
Jbryant@cochranfirm.com
Conformed copy available at the DA Lobby front desk.

Pursuant to CRC, rule 2.251, I have filed a printed form of the attached document bearing my original signature with the court and have maintained a copy, which is available for inspection and copying upon the request of the court or any party to the action in the manner provided in CRC, rule 2.257(a).

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at San Bernardino, California, on January 22, 2025.

_____
Kathleen Fultz

**PEOPLE'S SENTENCING BRIEF**
**PAGE 4**

# EXHIBIT 1

Good evening,

I would like to thank the Judge for the opportunity to express my thoughts freely. I have been in law enforcement for nearly nine years, I am a father of a wonderful 6-year-old daughter who my wife and I take great joy in raising. I have several nieces, nephews, and a godson who I all love dearly. I have been viewed as the person in my family with all the answers. I am expected to listen and provide guidance when requested. I am a Los Angeles native and big sports fan (go lakers). I often practice basketball with my daughter with the importance of hard work and discipline.

I am active in the Adelanto community. I have spoken at many community events, schools, and city functions. I know several Adelanto residents on a first name basis. I have great working relationships with citizens and business owners. Serving the residents holds a special place in my heart. The dynamics of a town with much charm has challenged me and made me a better profession and person. From the small kids asking for sheriff stickers, the young teenager with questions about joining law enforcement, or clergy members sharing religious pamphlets, these are all interactions I cherish.

I am a regular person who experienced an irregular event on April 27th, 2021. This event created a traumatic cloud in my life that I previously experienced about 3 years prior. The event resulted in extensive prayers, hope, and some psychological effects. Those effects range from my eagerness to return to work in a city where I take pride working, all the way to disruptions in my home life, justifying if my life is worth the risk.

Proactive policing is a vital part of my job description which involves traffic enforcement stops. Every time I conduct an enforcement stop, I think to myself, will this person try and reverse their vehicle in my path again. Each stop that trauma is revisited. This thought remined in my mind the last 3 years until the present day. I would classify this as an early sign of paranoia.

I have received counselling to help me navigate and understand the "why". The "why" will remain one of the most difficult conundrums that I will never understand. More importantly, I was able to reinvigorate myself with a fresh wave of confidence and courage. The assistance came from my faith, family, and close associations.

On April 27th, 2021, I encounter evil, rage, and persistence in Mr. Barbers actions. It was a rage I have witnessed on several occasions, however with a different outcome. It is the evil every law enforcement officer prepares for but prays they will never have to face. It was a scenario I did not anticipate. Every call I respond to I have an action plan, a mental checklist of topics to cover. It all starts with dialog; a dialog Mr. Barber never afforded me the opportunity to establish, the opportunity to learn who Mr. Barber was, the opportunity to provide him with kind and professional service I have provided hundreds of other residents.

Whatever inspired your actions Mr. Barber was unacceptable, however I do forgive you despite your motives or agenda. People ask me "what a good day like being a cop" it not an action-packed investigation or captivating story from a call for service, its going home in one piece to my family. That ladies and gentlemen is the best day any law enforcement officer can wish for.

In 2021, nearly 17 law enforcement officers were killed in the line of duty on vehicle related deaths. Those men and women will miss their family, special occasions, birthdays, BBQs, and much more.

Mr. Barber tried to add to that number with me as number 18. Overall, I am blessed to be alive, in good health, confident, and good spirits.

I had a long unrelated conversation with my daughter about "accountability", it's a vital cornerstone to our existence within society. Mr. Barber is no exception and should be confined and sentenced to the maximum punishment. He is a threat to society and a threat to every hard-working first responder he encounters.

Thank you for your time and consideration.

# EXHIBIT 2

**SAN BERNARDINO COUNTY PROBATION DEPARTMENT**
**PROBATION OFFICER'S REPORT**

| DEFENDANT'S NAME  STEFFON BARBER | COURT SBJC Dept. S15 | JUDGE David Cohn | COURT NO. FVI21001312 |
|---|---|---|---|
| ALIAS(ES) / MONIKER  Steffon Todd Barber, Steffon Yodd Barber, "Smeggle", "Insane", "Smigo", "Arc" | | | |

| ADDRESS (PRESENT / RELEASE) Last: 12013 White Ave, Adelanto, CA 92301 | PHONE NO. Last: (760)261-8390 | HEARING DATE 01/24/25 | OFFENSE DATE 04/27/21 | PROB NO. 1152201 |
|---|---|---|---|---|

| BIRTH DATE 02/12/1986 AGE  38 | POB Los Angeles, CA | NATIONALITY American | CONVICTED BY Jury | CONV DATE 12/16/24 | ATTORNEY RT: James Bryant & Ryan Duckett |
|---|---|---|---|---|---|

| HT 5'6" | WT 160 | EYES Green | HAIR Black | ETHNIC Black | SEX Male | ARRESTING AGENCY SBSO | CUSTODY STATUS ☐ Bail  ☐ OR ☐ Cruz Waiver ☒ Custody |
|---|---|---|---|---|---|---|---|

| SSN 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 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 | CII A22456882 | FBI 956682PB5 | CONVICTED CHARGES Ct 2: PC245(a)(1), Assault with Deadly Weapon Not Firearm or Force: GBI Likely, a Felony (Lesser Included Offense) PC1170.12(a)-(d), Prior Felony Convictions and PC667(a)(1), With Prior Felony Convict: Serious Felony Conviction have been alleged and are still pending. |
|---|---|---|---|

| DRIVER'S LICENSE CA-D7672786 CA-D6727866 | STATE CA | STATUS Suspended | |
|---|---|---|---|

| SCARS / TATTOOS / OTHER MARKS Head: scar; Neck: "3"w/crown; Left Arm: "LB", "ES" on cards; Right Arm: "Why", "562"; Back: "Strickly 121% insane"; Chest: "Heaven Sent", "Gone But Not Forgotten" | PLEA AGREEMENT N/A |
|---|---|

| BOOKING NO. 2104342442 | ARREST DATE 04/27/21 | RELEASE DATE 01/24/25 (Court) | DAYS 1,369 | CO-DEFENDANT(S)/DISPOSITION N/A |
|---|---|---|---|---|
| TOTAL CUSTODY DAYS | | | 1,369 | |

**PERSONAL HISTORY**
(Not independently verified by Probation Department)

| EDUCATION 9th grade, started a college course | MILITARY HISTORY None | SPECIAL TRAINING Expired: CPR, Forklift, Hazmat, Confined Space | TREATMENT HISTORY While incarcerated completed AA/NA, AVP, Child custody class | | HEALTH Wheelchair due to mobility issues |
|---|---|---|---|---|---|
| EMPLOYER (Name & Address) (If none, then previous) Last: Pizza, Wings, & Things, Bakersfield | | PHONE NO. Unknown | MEDICATIONS None | DRUGS Marijuana- age 13 to March 2021, weekly; Methamphetamine- age 14 to arrest, every 2-3 days | ALCOHOL Age 11 to week prior to arrest, weekly |
| REASON FOR LEAVING Moved | TIME ON JOB 9 months | INCOME Just above minimum wage | MARITAL STATUS Divorced | | SPOUSE N/A |
| TYPE OF WORK Cook | ASSETS $0.00 | | CHILDREN -2- (9y, 10y) | GANG INFORMATION Associated w/Crips | |
| DEBTS $0.00 | CHILD SUPPORT $0.00 | | CONTACT PERSON (Name, Address & Relationship) None | | PHONE NO. N/A |
| FATHER (Name & Address) Reginald Barber, Unknown | | PHONE NO. Unknown | MOTHER (Name & Address) Traci Barber, Nevada | | PHONE NO. (760)508-6418 |

| ADDITIONAL INFORMATION   Inmate numbers: AD04571, BG03504, F052825 |
|---|
| FACE SHEET TAKEN BY  Cynthia Diaz          EXTENSION  (909)383-2756     DATE  01/15/2025 |

FVI21001312 - STEFFON BARBER          2                    Hearing Date: 01/24/25

PRIOR RECORD:                              According   to   records   of   the

San Bernardino County Sheriff's Office, the Bureau of Identification, the Department of Motor

Vehicles, and the Federal Bureau of Investigation, the defendant has the following prior record:

| DATE | AGENCY | OFFENSE | DISPOSITION |
|------|--------|---------|-------------|
| 03/21/05 | CASO Lakewood | PC451(b), Arson: Inhabited Structure/ Property | 03/23/05: CASC Bellflower, #5LC01492. Convicted. |
| | | | 06/15/05: Probation Terminated |
| 03/28/05 | CASO Lakewood | PC211, Robbery | 06/15/05: CASC Los Angeles Norwalk, #VA088187-01. PC487(c), Grand Theft From Person, Felony. 3 years Probation, 120 days Jail. |
| | | | 11/02/06: Probation Revoked, 16 months Prison |
| | | | 11/29/06: CASD Corr Delano, #F52825. |
| 07/20/06 | CASO Bakersfield | PC69, Obstruct/ Resist Executive Officer | 07/21/06: CASC Bakersfield, #BM695272A. PC69, Obstruct/ Resist Executive Officer, Misdemeanor; PC148(a)(1), Obstruct/ Etc Public Officer/ Etc, Misdemeanor. 3 year Probation, 1 month Jail. |
| 08/18/06 | CAHP Bakersfield | VC23152(a), DUI Alcohol/ Drugs; VC23152(b), DUI Alcohol/ 0.08%; VC12500(a), Drive W/O License | 09/26/06: CASC Bakersfield, #BM697314A. VC23152(a), DUI Alcohol/ Drugs, Misdemeanor; VC12500(a), Drive W/O License, Misdemeanor. 3 years Probation, 1 month Jail. |
| 09/16/06 | CAPD Bakersfield | PC69, Obstruct/ Resist Executive Officer; PC422, Threaten Crime with Intent to Terrorize; | 09/19/06: CASC Bakersfield, #BM698442A. PC422, Threaten Crime with Intent to Terrorize, Misdemeanor; |

FVI21001312 - STEFFON BARBER                3                          Hearing Date: 01/24/25

|  |  |  |  |
|---|---|---|---|
|  |  | PC273a(b), Willful Cruelty to Child | PC69, Obstruct/ Resist Executive Officer, Misdemeanor. 3 years Probation, 2 months Jail. |
| 01/24/09 | CAPD Bakersfield | PC243(a), Battery on Person; PC422, Threaten Crime with Intent to Terrorize | 02/24/09: CASC Bakersfield, #BM745716A. PC243(a), Battery on Person, Misdemeanor. 3 years Probation, 50 days Jail. |
| 09/24/09 | CAPD Bakersfield | PC666, Petty Theft w/Prior Jail: Specific Offense | 05/05/10: CASC Bakersfield, #BF129487A. PC666, Petty Theft w/Prior Jail: Specific Offense, Felony. 16 months Prison 05/14/10: CASD Corr Wasco, #AD4571. 02/17/11: Violation of Parole – To Finish Term. 12/29/11: Violation of Parole – To Finish Term. |
| 10/03/12 | CAPD Bakersfield | HS11377(a), Possess Controlled Substance; PC3455, Post Release Community Supervision Violation | 10/19/12: CASC Bakersfield, #BF144385A. HS11377(a), Possess Controlled Substance, Misdemeanor. 3 years Probation, 6 months Jail. #BV000890A. PC3455, Post Release Community Supervision Violation, Felony 2 months Jail. |
| 05/20/14 | CASO Bakersfield | PC3455, Post Release Community Supervision Violation | 05/22/14: CASC Bakersfield, #BV002385A. PC3455, Post Release Community Supervision Violation, Felony. 4 months Jail. |
| 08/10/17 | CASO San Bernardino | PC243(e)(1), Battery: Spouse/ Ex Spouse/ Date/ Etc | 09/06/17: CASC Victorville, #MVI17008225. PC415(a), Fight/ Noise/ Offensive Words, Misdemeanor. |

FVI21001312 - STEFFON BARBER                4                Hearing Date: 01/24/25

12 months Probation, 56 days Jail.

| | | | |
|---|---|---|---|
| 08/14/17 | CASO San Bernardino | PC243(e)(1), Battery: Spouse/ Ex Spouse/ Date/ Etc; PC415(a), Fight/ Noise/ Offensive Words | 12/19/17: CASC Victorville, #MVI17008225. PC415(a), Fight/ Noise/ Offensive Words, Misdemeanor. 12 months Probation. |
| 12/06/17 | CASO San Bernardino | PC273a(a), Child Cruelty: Possible Injury/ Death | 12/19/17: CASC San Bernardino, #FVI17003346. PC273a(a), Child Cruelty: Possible Injury/ Death, Felony. 48 months Probation, 30 days Jail.<br><br>05/03/18: Probation Violation Admitted, 4 years Prison.<br><br>05/24/18: CASD Corr Delano, #BG3504 |
| 01/21/18 | CASO San Bernardino | PC69, Obstruct/ Resist Executive Officer | 05/03/18: CASC Victorville, #FVI18000982. PC69, Obstruct/ Resist Executive Officer, Felony. 2 years Prison CC w/FVI17003346. |
| 02/22/18 | CASO San Bernardino | PC69, Obstruct/ Resist Executive Officer | 05/03/18: CASC Victorville, #FVI18000983. PC69, Obstruct/ Resist Executive Officer, Felony. 2 years Prison CC w/FVI17003346. |
| 04/07/21 | CASO San Bernardino | PC69, Obstruct/ Resist Executive Officer | 04/21/21: CASC Victorville, #FVI21001037. PC245(c), ADW Not Firearm: PO/ Firefighter: GBI, Felony. 24 months Probation, 90 days Jail. |

CIRCUMSTANCES OF THE OFFENSE:                Specifics of the criminal offense and arrest of the defendant, Steffon Barber, are detailed in the San Bernardino Sherriff's report #242100897. On April 27, 2021, deputies were dispatched to an unknown problem call. The reporting party, Maria G., and her husband, Joseph C., live in the front house and manage the

property for her parents. The defendant, Steffon Barber, lives in the rear house with his wife, Monique G., and their children. Both homes share a long narrow driveway.

Maria G. and Joseph C. reported the defendant had recently been arrested and had been acting strangely since his return. They arrived home from work in separate vehicles. Joseph C. backed his vehicle into the driveway while she waited in the street. The defendant stood in the driveway blocking him from parking in the rear of the property then struck the vehicle with both hands and attempted to open the locked driver's door. Maria G. then backed her vehicle into the driveway but the defendant blocked her path and attempted to open her vehicle by repeatedly pulling on the door handles. The defendant yelled and demanded to be taken to an unknown apartment complex. They were fearful of the defendant harming them, so they drove away to call 911 for help. They reported to the responding deputy, Deputy C. Alfred, that the defendant appeared to be under the influence of alcohol or controlled substance and was possibly armed because of the way he was acting and reaching into his pockets.

The east side of the driveway was enclosed with wrought iron and chain link fencing varying in height from five to six feet with no opening along the fence line. The west side of the driveway was enclosed by chain link fence, a residence wall, and a wooden fence approximately five feet high with one gate opening. Deputy Alfred contacted the defendant approximately seventy feet north into the driveway. He gave the defendant verbal commands to display his hands and walk backwards towards him. The defendant did not comply and yelled at the deputy to back up. Deputy Alfred ordered the defendant not to enter his vehicle, which was facing south on the driveway, but the defendant entered the driver's seat of the Trailblazer. Deputy Alfred continued to give verbal commands to stop and exit the vehicle while standing approximately twelve feet north of the vehicle. The defendant started the engine, put the transmission in reverse, rapidly accelerated, and intentionally drove in reverse at Deputy Alfred. The narrowness of the driveway and height of the fencing did not provide Deputy Alfred with an avenue of escape, no cover and concealment, and no options other than to protect himself and shoot or run and risk getting run over. As the defendant accelerated toward him, Deputy Alfred fired approximately six rounds from his department issued handgun at the defendant's vehicle. The defendant was struck and stopped his vehicle. The defendant sustained a gunshot wound to the top of his head. Additional deputies arrived to assist. The defendant was awake and coherent when he was removed from the driver's seat of his vehicle by deputies.

FVI21001312 - STEFFON BARBER            6                    Hearing Date: 01/24/25

Deputies performed life-saving measures on the defendant until paramedics arrived. The defendant was ultimately airlifted to the hospital and underwent surgery. The defendant was absentee booked.

A review of Deputy Alfred's audio recording found he gave commands to the defendant to display his hands, but the defendant refused to comply. The defendant's verbiage was mostly inaudible, but you could hear him saying, "Back the fuck up". Deputy Alfred broadcast over the radio the defendant was uncooperative and refused to comply with commands. He had ordered the defendant not to approach the vehicle however the defendant entered the vehicle and drove in reverse. Deputy Alfred sounded fearful due to the high pitch in his voice. The engine revved and a loss of tire traction was heard on the audio. Tire impressions at the scene displayed the lost traction in the dirt. Six gunshots were heard in rapid succession. The vehicle stopped after the gunshots and a female later identified as Monique G. screamed in the background. Deputy Alfred requested additional patrol and medical aid over the radio.

DEFENDANT'S STATEMENT:                    The defendant was interviewed on January 15, 2025. The defendant provided all the background information requested. He does not have an address to provide or an emergency contact. He last worked as a cook at Pizza, Wings, and Things before he moved to his last address. He was never the victim of abuse but was in special education classes for reading as a child. He quit school in the ninth or tenth grade and started a college trade course but never finished the first class. He has been in a wheelchair since the incident as he has nerve damage which affects his mobility in addition to issues with his balance. He admitted to a prior history of regularly using marijuana, methamphetamine, and alcohol. He was under the influence of methamphetamine at the time of the incident.

When asked about the incident, he initially stated he did not recall the event, but he has heard the recordings in Court. He stated he did not try to run down the deputy. He did not even know it was a deputy because it was dark and he did not identify himself. When asked if his drug use influenced his behavior, he stated that he thought he was "tripping." He stated he is not the person in the report, he does not want to be associated with the person in that report. Currently, he wants to focus on being a better person. He wants to remain sober, and is interested in job training, housing and help with opening a bank

FVI21001312 - STEFFON BARBER                    7                    Hearing Date: 01/24/25

account. He would like the Court to consider giving him something other than the maximum sentence.


VICTIM'S STATEMENT:                              On January 15, 2025, contact was made with the victim, Deputy C. Alfred. He stated he is not requesting restitution in this matter as he had no out of pocket loss and his time off was covered pursuant to the sheriff's standard procedures. He did mention that traumatic incidents such as this one do have a lasting effect on him, but he continues to move forward.


COLLATERAL REPORTS:                             On April 21, 2021, the defendant was placed on probation in case #FVI21001037 following the conviction of PC245(c), ADW Not Firearm: PO/ Firefighter: GBI, a Felony with ninety days in jail. The defendant was released from jail on the same date. On December 1, 2024, the Court found the defendant in violation of his probation because of the instant matter and case #FVI21001037 was ordered to trail this matter. As the violations in case #FVI21001037 include more than the new law violation, it should be noted his time should not be credited to both cases.

According to the minute order in this matter, the Court is requesting two sentencing options. The Court has requested the Probation Department provide a sentencing recommendation with the strike pursuant to PC1170.12(a)-(d) and PC667(a)(1), in addition to a sentencing recommendation without the strike


SENTENCING CONSIDERATIONS:

Probation Eligibility (Rule 4.413):

> Statutory provisions limiting or prohibiting a grant of probation in this matter do exist. Specifically, PC 1203(e) except in unusual cases in which the interest of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:
> PC 1203(e)(4) any person who has been previously convicted twice in this state of a felony or in any other place of a public offense, which, if committed in this state, would have been punishable as a felony.

> A review of the facts showing an unusual case indicate none apply.

It should be noted that if the strike is sustained, the following would apply:

FVI21001312 - STEFFON BARBER                8                    Hearing Date: 01/24/25

Statutory provisions prohibiting a grant of probation in this matter do exist. Specifically, PC1170.12(a), Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: (2) Probation for the current offense shall not be granted, not shall execution or imposition of the sentence be suspended for any prior offense.

Criteria Affecting Probation (Rule 4.414):

(a) Facts relating to the crime include:
   (1) The nature and circumstances of the crime are serious, as compared with other instances of the same crime;
   (4) The defendant inflicted physical or emotional injury;
   (8) The manner in which the crime was carried out demonstrated criminal sophistication or professionalism on the part of the defendant;

(b) Facts relating to the defendant include:
   (1) The defendant does have a prior record of criminal conduct. That prior record does indicate a pattern of regular or increasingly serious criminal conduct;
   (2) The defendant's prior performance on probation and parole was unsatisfactory. The defendant was on a grant of probation at the time he committed the present offense;
   (3) The defendant has indicated a willingness to comply with the terms of probation;
   (4) The defendant has an ability to comply with terms of probation, as indicated by the defendant's age, education, health, employment history, and other relevant factors;
   (5) Imprisonment will not seriously affect the defendant /and his/her dependents;
   (6) A felony conviction will not adversely affect the defendant's life;
   (7) The defendant has not shown remorse;
   (8) There is the likelihood that if not imprisoned, the defendant will be a danger to others.

Circumstances in Aggravation (Rule 4.421):

(a) Facts relating to the crime include:
   (1) The crime involved great violence, threat of great bodily harm, and/or other acts disclosing a high degree of cruelty, viciousness and callousness;
   (8) The manner in which the crime was carried out indicates planning, sophistication or professionalism;

(b) Facts relating to the defendant include:
   (1) The defendant has engaged in violent conduct that indicates a serious danger to society;
   (2) The defendant's prior convictions as an adult are numerous and/or of increasing seriousness;
   (3) The defendant has served a prior prison term;

FVI21001312 - STEFFON BARBER                9                    Hearing Date: 01/24/25

    (4)  The defendant was on a grant of probation when the crime was committed; and

    (5)  The defendant's prior performance on probation was unsatisfactory.

<u>Circumstances in Mitigation (Rule 4.423):</u>

(a)  Facts relating to the crime include:
    There are no facts relating to the crime.

(b)  Facts relating to the defendant include:
    There are no facts relating to the defendant.

<u>Criteria Affecting Concurrent or Consecutive Sentences (Rule 4.425):</u>

Does not apply.


<u>Enhancements:</u>

    The special allegations / enhancements of PC667(a)(1), With Prior Felony Convict: Serious Felony Conviction and PC1170.12(a)-(d), Prior Felony Convictions were alleged and still pending. For the impact these special allegations / enhancements have upon the defendant's custody time, the Court's attention is respectfully referred to the probation officer's recommendation.

<u>ANALYSIS:</u>                                      Appearing before the Court is thirty-eight-year-old Steffon Barber. The defendant reversed his vehicle and drove at a deputy who had no means of escape. The defendant showed minimal remorse. The defendant admitted he was under the influence of methamphetamine at the time of the offense, but he minimized his behavior by denying that he tried to hit the deputy with his vehicle, and that he did not know it was a deputy because he claimed it was dark and the deputy did not identify himself. The defendant had just been released six days prior on his prior probation grant for assaulting two deputies responding to a domestic violence call. The defendant's first conviction was in 2005, and he has suffered fourteen criminal convictions in total. Of these convictions eight involved violence, six have resulted in felonies, four of these against law enforcement. He has been to prison three separate times but continues to violate the law and any supervision terms imposed. He has been afforded several opportunities for rehabilitation including conditional sentence, jail, probation, prison, and parole yet his criminal behavior remains unchanged. His extensive history makes him presumptively ineligible for probation, but a strike would make him statutorily ineligible. This incident could have resulted in the serious injury or death to the deputy. The defendant shows no

FVI21001312 - STEFFON BARBER                    10                    Hearing Date: 01/24/25

conscience as to who he assaults, be it his domestic partner, children, or law enforcement. Based on the defendant's history and the circumstances of this offense, probation would recommend he be sentenced to state prison. Per the Court's request for a recommendation with and without the strike, the following recommendations are submitted.

FVI21001312 - STEFFON BARBER                    11                    Hearing Date: 01/24/25

CVC 13350 RECOMMENDATION:                    It is respectfully recommended that the Court find that a motor vehicle was used in the commission of this offense. It is further recommended that the Court order the Department of Motor Vehicles to revoke the defendant's privilege to operate a motor vehicle. It is further recommended that the defendant surrender his/her driver's license to the Court pursuant to 13350 CVC.

COURT CONSTRUCTION AND OPERATIONS FEE (CCO FEE):

It is respectfully recommended that the Court order the Defendant to pay a total CCO fee of $70.00 *(per conviction)* consisting of a $30.00 Court Construction Fee pursuant to Government Code Section 70373(a)(1) and a $40.00 Court Operations Fee pursuant to Penal Code Section 1465.8(a)(1), both to be collected through Revenue Recovery.

PC296        PC 296 RECOMMENDATION:                    It is respectfully recommended that the Court order the San Bernardino County Sheriff's Department to obtain from the defendant the required samples pursuant to PC296 unless the Sheriff verifies that a PC 296 sample has previously been obtained from the defendant and is currently on file.

RESTITUTION FINES:                    It is respectfully recommended that the defendant, Steffon Barber, be ordered to pay a restitution fine, pursuant to PC 1202.4 in the amount of $1,200.00 to be collected by the Department of Corrections and Rehabilitation.

It is further recommended that the defendant, Steffon Barber, be ordered to pay a restitution fine, pursuant to PC 1202.45 in the amount of $1,200.00. It is further recommended that the said order be suspended pending successful completion of parole at which time the fine will be permanently stayed. This fine is to be immediately imposed upon any revocation of parole.

FVI21001312 - STEFFON BARBER                 12                          Hearing Date: 01/24/25

Recommendation without strike:

PROBATION OFFICER'S RECOMMENDATION:        It    is    therefore    respectfully recommended that probation be denied and the defendant, Steffon Barber, be sentenced to the California State Prison for the aggravated term of four (4) years, for the offense of Assault with Deadly Weapon Not Firearm or Force: GBI Likely, in violation of Section 245(a)(1) of the Penal Code, a Felony, with credit for time served, a matter of two thousand seven hundred thirty-seven (2,737) days, [one thousand three hundred sixty-nine (1,369) actual days, plus one thousand three hundred sixty-eight (1,368) conduct days], conduct credits to be computed pursuant to PC 4019, and may be followed by parole for a period of three (3) to four (4) years.

Recommendation with strike:

PROBATION OFFICER'S RECOMMENDATION:        It    is    therefore    respectfully recommended that probation be denied and the defendant, Steffon Barber, be sentenced to the California State Prison as follows:

| Count 2 | Assault with Deadly Weapon Not Firearm or Force: GBI Likely, in violation of Section 245(a)(1) of the Penal Code, for the aggravated term of four (4) years, doubled per PC 667(e)(1) and PC 1170.12(c)(1) for | 8 years |
|---------|---|---------|
|         | With the enhancement of PC667(a)(1), Prior Serious Felony Conviction alleged and found true for | 5 years |

The commitment to state prison is for a total of thirteen (13) years, with credit for time served, a matter of two thousand seven hundred thirty-seven (2,737) days, [one thousand three hundred sixty-nine (1,369) actual days, plus one thousand three hundred sixty-eight (1,368) conduct days], conduct credits to be computed pursuant to PC 4019, and may be followed by parole for a period of three (3) years to four (4) years.

FVI21001312 - STEFFON BARBER                    13                    Hearing Date: 01/24/25

Respectfully submitted,

TRACY REECE
CHIEF PROBATION OFFICER

By:

Cynthia Diaz
Probation Officer II

APPROVED:

Tiffani Lawyer
Supervising Probation Officer

I hereby certify that the probation officer's report and recommendation in this matter has been read and considered by me on this _____ day of _____.

_____
Judge of the San Bernardino Superior Court,
in and for the County of San Bernardino,
State of California



THE DOCUMENT TO WHICH THIS CERTIFICATION IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE

ATTEST __ANABEL Z. ROMERO__

Clerk of the Superior Court of the State of
California, in and for the County of
San Bernardino

Date _____ 3/16/26

By _____ Deputy

Daniel Hurtado