# EXHIBIT "C"

# EXHIBIT "C"

| Comparable Cases (Excessive Use of Force Involving Shooting of Plaintiff Who Survived; Police Defendants; California District Courts 2009-Present) | | | |
|---|---|---|---|
| | **Case**<br>**Date of Verdict** | **Facts** | **Award** |
| 1 | *Bowles v. Police Officer Yo, et al.,* 19-cv-01027 (N.D. Cal.)<br><br>Date of Verdict: July 2, 2021 | Plaintiff, 53-year-old man, suffered spinal cord injury resulting in paraplegia when he was shot by police officer defendants after they pursed plaintiff for several miles while he drove a truck erratically and at high speeds. | **Total:**<br>**$1,772,646** |
| 2 | *Arias v. Deputy Sheriff Fitch,* 15-cv-02170 (C.D. Cal.)<br><br>Date of Verdict: March 10, 2017 | Plaintiff suffered a gunshot wound to his chest resulting in  ahemopneumothorax, hemorrhage, a pulmonary laceration, respiratory failure and fractures of his left rib and left scapula treated with several emergency surgeries, after defendant deputy sheriff Kenneth Fitch allegedly confronted and detained him without probable cause or reasonable suspicion based on a report of misdemeanor vandalism. | Compensatory Pain & Suffering: $900,000<br><br>**Total:**<br>**$900,000** |

| Case<br>Date of Verdict | Facts | Award |
|---|---|---|
| **3** *Lam v. City of San Jose, et al.,* 14-cv-00877<br><br>Date of Verdict: December 21, 2015 | Plaintiff, a 36-year-old man, reportedly suffered disabling paraplegia, nerve damage, soft tissue damage, aggravation of his suicidal condition and a violation of his civil rights when he was shot in the back by defendant Police Officer Dondie West, who responded to a call reporting that the plaintiff was suicidal and threatening to harm himself with a knife. | Compensatory Pain & Suffering: $3,000,000<br><br>Compensatory Other: $8,300,000<br><br>**Total: $11,300,000** |
| **4** *Allen v. City of Los Angeles,* 10-cv-04695 (C.D. Cal.)<br><br>Date of Verdict: November 19, 2012 | | Economic Damages: $200,000<br><br>General Damages: $3,000,000<br><br>Punitive Damages: $17,500 (against defendant Houlihan); $1,000 (against defendant Bezak)<br><br>**Total: $3,218,500** |

2

| | Case<br>Date of Verdict | Facts | Award |
|---|---|---|---|
| 5 | *Contreras v. City of Los Angeles,* 11-cv-01480 (C.D. Cal.)<br><br>Date of Verdict: September 21, 2012 | Officers for defendant city of Los Angeles discharged their firearms at plaintiff, a 19 year old, who said he was unarmed at the time of the shooting and posed no imminent threat of death or serious physical injury to either officer or any other person. | Economic Damages: $4,500,000<br><br>Past Non-economic Damages: $175,000<br><br>Future Non-economic Damages: $1,050,000<br><br>**Total: $5,725,000** |
| 6 | *Gilbert v. City of Los Angeles,* 06-cv-04770 (C.D. Cal.)<br><br>Date of Verdict: January 13, 2011 | Plaintiff was in the process of taking fugitive Isabino Vasquez into custody with defendant Allen Badoya when he was shot. After the shooting, plaintiff was arrested and held in custody for approximately two weeks while he was receiving medical treatment for his gunshot wounds. | Past Loss of Earnings: $84,000<br><br>Past Medical Expenses: $281,312<br><br>Past Non-Economic Loss: $200,000<br><br>Future Non-Economic Loss: $600,000<br><br>**Total: $1,165,312** |

3

# EXHIBIT 1

# EXHIBIT 1

Case 5:22-cv-00625-KK-DTB    Document 210-3    Filed 03/25/26    Page 6 of 26   Page ID #:2942

BOWLES v. POLICE OFFICER YO; POLICE OFFICER... JVR No. 2108300020...

**JVR No. 2108300020, 2021 WL 3887805 (N.D.Cal.) (Verdict and Settlement Summary)**

Copyright (c) 2026 Thomson Reuters/West
United States District Court, N.D. California.

## BOWLES v. POLICE OFFICER YO; POLICE OFFICER WOLFE; POLICE OFFICER ENDERLE

5:19CV01027

DATE OF INCIDENT: March 17, 2017
DATE OF FILING: February 25, 2019
DATE OF TRIAL/SETTLEMENT: July 02, 2021

TOPIC:

LIABILITY:

General: Law Enforcement

Specific: Excessive Force

Secondary: Law Enforcement: Gunshot

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $1,772,646**

**Related Court Documents:**
Plaintiff's complaint;: 2019 WL 13020268

Verdict form: 2021 WL 3704397

Judgment: 2021 WL 3704395

**EXPERT-WITNESSES:**
Plaintiff:
Physical Medicine and Rehabilitation: Magnusson, Amy, M.D., Sharp Memorial Rehab Hospital, San Diego, CA
Life Care Planner: Hyland, CDMS, CLCP, Carol, Hyland & Associates, Lafayette, CA
Plaintiff:
Police Practices: DeFoe, Scott, On-Scene Consulting LLC, Huntington Beach, CA
Economist: Inouye, Marianne, M.B.A., Pasadena, CA
Defendant:
Psychiatrist: Kan, David, M.D., Walnut Creek, CA
Physical Medicine and Rehabilitation: Miner, Maureen, M.D., South County Pain & Rehab Inc., Gilroy, CA
Life Care Planner: Gibbs, Reg, M.S., Rocky Mountain Rehab P.C., Billings, MT
Defendant:
Life Expectancy: Shavelle, Robert, Ph.D., Life Expectancy Project, San Francisco, CA
Police Practices: Seaman, Scott, San Jose, CA
Economist: Volk, Erik, Cohen Volk Economic Consulting Group, Walnut Creek, CA

Case 5:22-cv-00625-KK-DTB    Document 210-3    Filed 03/25/26    Page 7 of 26    Page ID #:2943

BOWLES v. POLICE OFFICER YO; POLICE OFFICER..., JVR No. 2108300020...

Vocational Rehabilitation: O'Brien, Andrew, M.S., Sacramento, CA

**ATTORNEY:**

Plaintiff:

Dale K. Galipo, Law Offices of Dale K. Galipo, Woodland Hills, CA

Renee V. Masongsong, Law Offices of Dale K. Galipo, Woodland Hills, CA

Jaime A. Leanos, Morales & Leanos, San Jose, CA

Defendant:

Nora V. Frimann, Office of the City Attorney, San Jose, CA

Christian B Nielsen, Office of the City Attorney, San Jose, CA

Maren J. Clouse, Office of the City Attorney, San Jose, CA

JUDGE: Nathanael M. Cousins

RANGE AMOUNT: $1,000,000 - 1,999,999

STATE: California

COUNTY: Not Applicable

**PRIMARY INJURY: Paraplegia**

Civil Rights Violation: Overall

**SUMMARY**

**PLAINTIFF:**

Sex: M

Age: Adult

**DEFENDANT:**

Sex: M

Age: Adult

General Occupation: Police Officer

Organization Type: Yo

Sex: M

Age: Adult

General Occupation: Police Officer

Organization Type: Wolfe

Sex: M

Age: Adult

General Occupation: Police Officer

Case 5:22-cv-00625-KK-DTB    Document 210-3    Filed 03/25/26    Page 8 of 26   Page
ID #:2944

BOWLES v. POLICE OFFICER YO; POLICE OFFICER..., JVR No. 2108300020...

Organization Type: Enderle

**DAMAGES:**
Compensatory Other: $1,772,646

Total Compensatory Award: $1,772,646

Comparative Negligence Percentage: 0

**FACTS:**
John Bowles, a 53-year-old man, reportedly suffered a spinal cord injury resulting in paraplegia and a violation of his civil rights when he was **shot** by San Jose **police** officer defendants Todd Ah Yo, William Wolfe and Erick Enderle near the entrance to a shopping center parking lot. The plaintiff contended he was unarmed and posed no threat to anyone at the time of the incident; he contended the defendants used excessive and unreasonable force in violation of his Fourth Amendment right. The defendants denied liability and contended their use of force was reasonable under the circumstances; they had reportedly pursued Bowles for several miles while he drove a truck erratically and at high speeds, and they said they believed he would continue to use the truck to intentionally or accidentally injure someone. The jury found in favor of the plaintiff and against defendants Wolfe and Enderle only; a defense verdict was rendered for defendant Yo.

Jury Verdict Research
COURT: USDC

---

**End of Document**　　　　　　　　　　　　　　© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 2

# EXHIBIT 2

**JVR No. 1706190024, 2017 WL 2634918 (C.D.Cal.) (Verdict and Settlement Summary)**

Copyright (c) 2026 Thomson Reuters/West
United States District Court, C.D. California.

## ARIAS v. DEPUTY SHERIFF FITCH

2:15CV02170

DATE OF INCIDENT: April 10, 2013
DATE OF FILING: March 24, 2015
DATE OF TRIAL/SETTLEMENT: March 10, 2017

TOPIC:

LIABILITY:

General: Law Enforcement

Specific: Excessive Force

Secondary: Law Enforcement: Gunshot; Law Enforcement: Failure to Provide Medical Attention

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $900,000**

**Related Court Documents:**
Plaintiff's first amended complaint: 2015 WL 13283272

Verdict: 2017 WL 1555738

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Brian T. Dunn, The Cochran Firm California, Los Angeles, CA
Megan R. Gyongyos, The Cochran Firm California, Los Angeles, CA
Defendant:
Eugene P. Ramirez, Manning & Kass, Ellrod, Ramirez, Trester L.L.P., Los Angeles, CA
Angela M. Powell, Manning & Kass, Ellrod, Ramirez, Trester LLP, Los Angeles, CA
Timothy J. Kral, Manning & Kass, Ellrod, Ramirez, Trester L.L.P., Los Angeles, CA

JUDGE: Andre Birotte, Jr.

RANGE AMOUNT: $500,000 - 999,999

STATE: California
COUNTY: Not Applicable

**PRIMARY INJURY: Gunshot Wound: Chest**

Lung: Pneumothorax; Scapula Fracture; Single Rib Fracture; Civil Rights Violation: Overall

**SUMMARY**
**PLAINTIFF:**
Sex: M

Age: Adult

**DEFENDANT:**
Sex: M

Age: Adult

General Occupation: Police Officer

Organization Type: Fitch

**DAMAGES:**
Compensatory Pain & Suffering: $900,000

Total Compensatory Award: $900,000

Comparative Negligence Percentage: 0

**FACTS:**
Luis Arias reportedly suffered a deprivation of his constitutional rights and a gunshot wound to the chest resulting in a hemopneumothorax, hemorrhage, a pulmonary laceration, respiratory failure and fractures of his left rib and left scapula treated with several emergency surgeries, after defendant deputy sheriff Kenneth Fitch allegedly confronted and detained him without probable cause or reasonable suspicion based on a report of misdemeanor vandalism. The plaintiff claimed he was unarmed but had a paint spray can in his back pocket. The defendant apparently detained the plaintiff, then assaulted and battered him, shot him in the chest and denied him medical care after the shooting. According to the plaintiff, he was in the process of putting his hands up when defendant **Deputy** Fitch **shot** him. The plaintiff asserted claims based on excessive force in violation of the Fourth Amendment. Defendant Deputy Fitch apparently argued that he observed bulges in the plaintiff's waistband area and right pants pocket that formed an "L-shape" that he believed was a firearm. The defendant also contended that during the incident, the plaintiff placed both of his hands under the jersey he was wearing and moved his hand to the right hip area in a manner that led him to believe plaintiff was reaching for a weapon. The jury found (1) the defendant violated the plaintiff's Fourth Amendment rights by using excessive force, (2) his use of excessive force caused the plaintiff's injuries and (3) he acted with malice, oppression and in reckless disregard of the plaintiff's rights. Jurors awarded the plaintiff $900,000 for his disability, disfigurement, loss of enjoyment of life and mental, physical and emotional pain and suffering. The court entered a stipulated judgment for the plaintiff in the total amount of $1,175,000, representing the plaintiff's damages plus awards for costs and attorney's fees.

Jury Verdict Research
COURT: USDC

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 3

# EXHIBIT 3

**JVR No. 1603250043, 2015 WL 10553208 (N.D.Cal.) (Verdict and Settlement Summary)**

Copyright (c) 2026 Thomson Reuters/West
United States District Court, N.D. California.

## LAM v. CITY OF SAN JOSE; CHIEF ESQUIVEL; POLICE OFFICER WEST

5:14CV00877

DATE OF INCIDENT: January 03, 2014
DATE OF FILING: February 26, 2014
DATE OF TRIAL/SETTLEMENT: December 21, 2015

TOPIC:

LIABILITY:

General: Law Enforcement

Specific: Excessive Force

Secondary: Law Enforcement: Gunshot; Law Enforcement: Negligent Supervision

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $11,300,000**
HIGH AMOUNT: $0

LOW AMOUNT: $0

**Related Court Documents:**
Plaintiffs' trial brief: 2015 WL 10000131

Defendants' trial brief: 2015 WL 10000160

Joint pretrial statement: 2015 WL 10000132

Verdict form (damages): 2015 WL 9999723

Judgment: 2015 WL 9999811

**EXPERT-WITNESSES:**
Plaintiff:
Psychiatrist: Shaw, Richard, Palo Alto, CA
Life Care Planner: Hyland, Carol, M.A., Hyland & Associates, Lafayette, CA
Ophthalmologist: Fishman, Martin, M.D., Los Gatos, CA
Plaintiff:
Police Practices: Ryan, John, J.D., LLRMI, Indianapolis, IN

Physiatrist: Barchuk, Alex, M.D., Kentfield Rehabilitation & Specialty Hospital, Kentfield, CA
Accident Reconstructionist: Smith, Winthrop, Ph.D., Livermore, CA
Accident Reconstructionist: Norris, James, Knoxvlle, TN
Economist: Johnson, Robert, Ph.D., Robert W. Johnson & Associates, Los Altos, CA
Audio/Video Forensics: Stutchman, Greg, Stutchman Forensic Laboratory, Napa, CA
Defendant:
Physical Medicine and Rehabilitation: Miner, Maureen, M.D., South County Pain & Rehab Inc., Gilroy, CA
Neuropsychologist: Brooker, Alan, Ph.D., Sacramento, CA
Defendant:
Memory and Perception: Loftus, Elizabeth, Ph.D., Los Angeles, CA
Police Procedures Expert: Meyer, Greg, Los Angeles, CA
Life Care Planner: Preston, Karen, R.N., Sacramento, CA
Vocational Rehabilitationist: O'Brien, Andrew, M.S., Sacramento, CA
Economist: Volk, Erik, Cohen Volk Economic Consulting Group, Walnut Creek, CA
**ATTORNEY:**
Plaintiff: John L. Burris, Law Offices of John L. Burris, Oakland, CA
Plaintiff: Benjamin Nisembaum, Law Offices of John L. Burris, Oakland, CA
Defendant: Richard D. Doyle, Office of the City Attorney, San Jose, CA
Defendant: Nora V. Frimann, Office of the City Attorney, San Jose, CA
Defendant: Clifford S. Greenberg, Office of the City Attorney, San Jose, CA

JUDGE: Paul Singh Grewal

RANGE AMOUNT: $5,000,000 - 999,999,999

STATE: California
COUNTY: Not Applicable

**PRIMARY INJURY: Paraplegia: Total**
Spinal Nerve Injury; Gunshot Wound: Back; Civil Rights Violation: Overall; General Emotional Distress: Aggravated Emotional Disorder; Multiple Minor Injuries

**SUMMARY**
**PLAINTIFF:**
Sex: M

Age: Adult, 36

**DEFENDANT:**
Sex: O

Organization Type: City of San Jose

Sex: N

General Occupation: Police Officer

Organization Type: Chief Esquivel

Case 5:22-cv-00625-KK-DTB   Document 210-3   Filed 03/25/26   Page 16 of 26   Page ID #:2952

LAM V. CITY OF SAN JOSE; CHIEF ESQUIVEL; POLICE..., JVR No. 1603250043...

**DAMAGES:**

Compensatory Pain & Suffering: $3,000,000

Compensatory Other: $8,300,000

Total Compensatory Award: $11,300,000

Punitive Damages: $0

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

Comparative Negligence Percentage: 35

**FACTS:**

Hung Lam, a 36-year-old man, reportedly suffered disabling paraplegia, nerve damage, soft tissue damage, aggravation of his suicidal condition and a violation of his civil rights when he was **shot** in the back by defendant **Police** Officer Dondie West, who responded to a call reporting that the plaintiff was suicidal and threatening to harm himself with a knife; defendant West worked for defendants City of San Jose and **Police** Chief Larry Esquivel. According to the plaintiff, he had not threatened to harm anyone but himself but the officer violated his rights to be free from excessive force under the Fourth Amendment and battered him and the city and chief were liable pursuant to 42 U.S.C.A. Sec. 1983. The defendants contended the plaintiff disobeyed officers' commands to drop the knife and approached defendant West with a knife and they claimed she shot him when she felt she could no longer retreat; the defendants denied knowing the plaintiff was suffering from some type of mental breakdown. The defendants denied they violated the plaintiff's civil rights and contended defendant West acted in an objectively reasonable manner. A jury found for the plaintiff on his claims of excessive and unreasonable force and negligence, and found the plaintiff was also negligent and 35 percent at fault for his harm.

Jury Verdict Research
COURT: USDC

---

**End of Document**                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 4

# EXHIBIT 4

**50 Trials Digest 15th 4, 2012 WL 6708591 (C.D.Cal.) (Verdict and Settlement Summary)**

Copyright (c) 2026 Thomson Reuters/West
United States District Court, C.D. California, Western Division.

## Allen vs. City of Los Angeles

**TOPIC:**

Synopsis: $3.2M award follows **police shooting**, tasing

Case Type: Civil Rights & Constitutional Law; Excessive Force; Civil Rights & Constitutional Law; Section 1983; Negligence-Other; Vicarious Liability

DOCKET NUMBER: 10CV04695(CAS)

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: November 19, 2012

JUDGE: Christina A. Snyder

**ATTORNEYS:**

Plaintiff: Gilbert Geilim, Law Offices of Gilbert Geilim, Van Nuys; Jeffrey Lamb, Law Offices of Martin Stanley, Santa Monica; Martin Stanley, Law Offices of Martin Stanley, Los Angeles.

Defendant: Richard Arias, Office of City Attorney, Los Angeles.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $3,218,500

Range: $2,000,000-4,999,999

The jury found defendants Houlihan and Bezak used excessive force and awarded plaintiff $200,000 economic damages and $3,000,000 general damages. The jury also awarded punitive damages in the amount of $17,500 against defendant Houlihan and $1,000 against defendant Bezak. Defendant Phan was not found liable on the excessive force claim. On the negligence claim, the jury found defendant Houlihan was negligent and 90 percent responsible for plaintiffs harm and plaintiff was negligent and 7 percent responsible for her harm. Defendant Phan was found 3 percent responsible for plaintiff's harm but was not found negligent. Because plaintiff prevailed on the excessive force claim, the verdict amount was not affected by the negligence apportionment. The court awarded plaintiff $522,121 attorney fees and $20,036 costs.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: Not reported.

Allen vs. City of Los Angeles, 50 Trials Digest 15th 4 (2012)

Case 5:22-cv-00625-KK-DTB    Document 210-3    Filed 03/25/26    Page 19 of 26   Page ID #:2955

Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to Plaintiff: On Sept. 3, 2009, plaintiff Valerie Allen was walking near Franklin Avenue in Los Angeles, visibly disoriented and suffering from a manic episode due to her bipolar disorder. According to defendant city of Los Angeles and defendant Officers N. Phan, Brent Houlihan and J. Bezak, plaintiff was seen running nude in a residential area, and when defendants Houlihan and Phan first came across her in their patrol car, plaintiff pounded on the windows of the vehicle and then ran toward a jogger with clenched fists. As plaintiff ran away, a foot chase ensued, and plaintiff reportedly climbed a wrought iron fence and sprayed defendant Houlihan with a garden hose. When officers trapped plaintiff in the front yard of a residence on Franklin Avenue, plaintiff began walking quickly toward the officers to confront them, defendants said. Defendant Houlihan reportedly ordered defendant Phan to deploy his taser, but before defendant Phan did so, plaintiff struck him with a wooden stake with such force it knocked Phan to the ground. According to defendants, plaintiff approached Phan with the stake raised as if to strike him a second time, but before she could do so defendant Houlihan shot plaintiff three times at close range.

After hearing the "shots fired" radio call requesting backup, defendant officer Bezak arrived at the scene. According to defendants, despite being shot, plaintiff continued to resist their efforts to subdue and handcuff her and defendant Bezak tased plaintiff to immobilize her. Defendants said plaintiff continued to struggle and it took all three officers to handcuff her. According to plaintiff, defendants waited a minute and forty seconds between shooting her and calling for an ambulance without explanation. Plaintiff was thereafter taken into custody.

The parties disputed the amount of time that passed during the incident, including at what point the officers exited their vehicle and when shots were fired. Plaintiff alleged there were inconsistencies in defendants' testimonies regarding the length of the encounter as defendant Houlihan testified the whole encounter took 15 to 20 minutes whereas defendant Phan testified the encounter lasted five minutes. Further, defendants claimed they were only outside of their vehicle for twenty seconds. Plaintiff contended that based on the officers' inconsistencies and the independent witness's recollection of what she heard, the defendants' testimony was not credible.

Plaintiff disputed that she started walking quickly towards the officers and instead contended defendant Phan began to approach plaintiff because he thought he heard defendant Houlihan instructing him to "grab her". Plaintiff further disputed how hard she struck defendant Phan given the minimal evidence presented on any injury that resulted from plaintiff's assault. Plaintiff also contended that it was impossible for her to conceal any other sort of weapon at the time of the incident, therefore she disputed whether defendant Houlihan could have reasonably feared for the life of his partner. Plaintiff further disputed that she could have struggled in the way defendants suggested, given her gunshot wounds and therefore maintained that it was cruel and unnecessary for defendant Bezak to tase her. Plaintiff alleged there were other methods of non-lethal force available to the officers and contended the officers should have called a special mental health unit since they knew she was likely suffering from some sort of mental illness.

Plaintiff alleged violations of her civil rights and negligence against defendants city of Los Angeles, Los Angeles Police Department and officers Houlihan, Phan and Bezak.

Defendants denied liability and contended the officers acted reasonably at all times while attempting to detain, handcuff and arrest plaintiff.

**CLAIMED INJURIES**

According to Plaintiff: Three gunshot wounds resulting in nerve damage to left arm and scars.

**CLAIMED DAMAGES**

According to Plaintiff: Not reported.

Case 5:22-cv-00625-KK-DTB   Document 210-3   Filed 03/25/26   Page 20 of 26   Page
ID #:2956
Allen vs. City of Los Angeles, 50 Trials Digest 15th 4 (2012)

**SETTLEMENT DISCUSSIONS**

According to Plaintiff: Not reported.


**COMMENTS**

According to Plaintiff: The complaint was filed June 24, 2010.


Trials Digest, A Thomson Reuters/West business

Central District Federal Court/Los Angeles

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

# EXHIBIT 5

# EXHIBIT 5

**6 Trials Digest 16th 3, 2012 WL 7159584 (C.D.Cal.) (Verdict and Settlement Summary)**

Copyright (c) 2026 Thomson Reuters/West
United States District Court, C.D. California, Western Division.

## Contreras vs. City of Los Angeles

**TOPIC:**

Synopsis: Suspect paralyzed after **shooting** by **police** officers

Case Type: Civil Rights & Constitutional Law; Excessive Force; Civil Rights & Constitutional Law; False Arrest; Civil Rights & Constitutional Law; Section 1983

DOCKET NUMBER: 11CV01480(SVW)

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: September 21, 2012

JUDGE: Stephen V. Wilson
**ATTORNEYS:**

Plaintiff: Dale K. Galipo, Law Offices of Dale K. Galipo, Woodland Hills; William L. Schmidt, Law Offices of William L. Schmidt, Fresno.
Defendant: Cory M. Brente, Office of City Attorney, Los Angeles; Gary G. Geuss, Office of City Attorney, Los Angeles; Craig J. Miller, Office of City Attorney, Los Angeles; Carmen A. Trutanich, Office of City Attorney, Los Angeles.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $5,725,000

Range: $5,000,000-999,999,999
$4,500,000 to plaintiff for economic damages $175,000 to plaintiff for past noneconomic damages $1,050,000 to plaintiff for future noneconomic damages

Trial Type: Jury

Trial Length: 3 days.

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: H. Ronald Fisk, M.D., neurologist, Cedars-Sinai Medical Center, Los Angeles, (310) 657-0942.; Elizabeth Holakiewicz, R.N., life care planner, Carlsbad, (760) 632-7447.; Marianne Inouye, M.B.A., economist, Zengler & Inouye, Pasadena, (626) 405-1999.

Defendant: Barbara Greenfield, R.N., life care planner, BG Nurse Consultants, South Pasadena, (626) 799-8605.; Suzy Kim, M.D., spinal cord injury, University of California, Irvine, Irvine.; Jennie M. McNulty, C.P.A., M.B.A., economist, Vavoulis, Weiner & McNulty, Los Angeles, (213) 817-6600.; Kris Mohandie, Ph.D., psychologist, Pasadena, (626) 666-6139.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

According to court records: On Sept. 3, 2005, near the intersection of Broadway and Main Street in Los Angeles, defendants Julio Benavides and Mario Flore, who were officers for defendant city of Los Angeles, reportedly discharged their firearms at plaintiff Robert Contreras, 19, striking him. Plaintiff said he was unarmed at the time of the shooting and posed no imminent threat of death or serious physical injury to either officer or any other person.

Plaintiff alleged excessive force and denial of medical care in violation of 42 U.S.C.A. § 1983 and municipal liability for unconstitutional custom or policy in violation of 42 U.S.C.A. § 1983.

Defendants contended plaintiff did have a firearm at the time of the shooting, but somehow disposed of it, or that the officers may have reasonably mistaken plaintiff's cell phone for a gun. A defense expert noted plaintiff had just been involved in a drive-by shooting.

**CLAIMED INJURIES**

According to court records:
Permanent paralysis.

**CLAIMED DAMAGES**

According to court records:
Not reported.

**SETTLEMENT DISCUSSIONS**

According to court records:

Not reported.

**COMMENTS**

According to court records:

The complaint was filed Feb. 17, 2011.

Trials Digest, A Thomson Reuters/West business
Central District Federal Court/Los Angeles

---

**End of Document**                                   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 6

# EXHIBIT 6

**22 Trials Digest 14th 2, 2011 WL 1873268 (C.D.Cal.) (Verdict and Settlement Summary)**

Copyright (c) 2026 Thomson Reuters/West

United States District Court, C.D. California, Western Division.

## Gilbert vs. City of Los Angeles

**TOPIC:**

Synopsis: Bail bondsman **shot** by **police** while trying to apprehend suspect

Case Type: Civil Rights & Constitutional Law; Excessive Force; Negligence-Other

DOCKET NUMBER: 06CV04770(GHW)

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: January 13, 2011

JUDGE: George H. Wu
**ATTORNEYS:**

Plaintiff: Dale K. Galipo, Law Offices of Dale K. Galipo, Woodland Hills.

Defendant: Richard M. Arias, Office of City Attorney, Los Angeles; Cory M. Brente, Office of City Attorney, Los Angeles; Michael L. Claessens, Office of City Attorney, Los Angeles; Rockard J. Delgadillo, Office of City Attorney, Los Angeles.

**SUMMARY:**

Verdict/Judgment: Plaintiff

Verdict/Judgment Amount: $1,165,312

Range: $1,000,000-1,999,999

$84,000 past loss of earnings; $281,312 past medical expenses; $200,000 past non-economic loss; $600,000 future non-economic loss against defendants Pearce and City of Los Angeles.

Trial Type: Jury

Deliberations: Not reported.

Jury Poll: Not reported.

**EXPERTS:**

Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**

**CASE INFORMATION**

**FACTS/CONTENTIONS**

Case 5:22-cv-00625-KK-DTB Document 210-3 Filed 03/25/26 Page 26 of 26 Page ID #:2962

Gilbert vs. City of Los Angeles, 22 Trials Digest 14th 2 (2011)

According to court records: Plaintiff Elvin Andre Gilbert was employed as a bail bondsman for defendant James Rankin-Puccinelli Bail Bonds.

On November 30, 2005, plaintiff was **shot** by defendant Officer Daniel Pearce of defendant City of Los Angeles's **police** department. Plaintiff was in the process of taking fugitive Isabino Vasquez into custody with defendant Allen Badoya when he was shot. After the shooting, plaintiff was arrested and held in custody for approximately two weeks while he was receiving medical treatment for his gunshot wounds.

Plaintiff alleged that the use of deadly force against him was unreasonable and that he was detained and arrested without probable cause. Plaintiff also claimed defendants were negligent in their actions against him.

Defendants denied any responsibility for the incident and claimed defendant Pearce acted reasonably under the circumstances. According to defendants Los Angeles and officers Pearce, Harlan Traylor, Kinard Moffatt, and Sean Dempsey, defendant Pearce believed he had stumbled upon a robbery in progress and ordered plaintiff to drop his weapon and get down on the ground. Defendants said Gilbert looked to his right and pointed his weapon in defendant Pearce's direction.

## CLAIMED INJURIES

According to court records:

Gunshot wound.

## CLAIMED DAMAGES

According to court records:

Not reported.

## SETTLEMENT DISCUSSIONS

According to court records:

Not reported.

## COMMENTS

According to court records:

The complaint was filed on July 31, 2006.

Richard J. Delgadillo, Michael J. Claessens, Cory M. Brente, and Richard M. Arias represented defendants City of Los Angeles, Pearce, Taylor, Moffatt, and Dempsey.

Trials Digest, A Thomson Reuters/West business
Central District Federal Court/Los Angeles

---

**End of Document**　　　　　　　　　　　　　　　© 2026 Thomson Reuters. No claim to original U.S. Government Works.