# EXHIBIT 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-0416 JGB (SPx) | Date | February 21, 2024 |
|---|---|---|---|

| Title | *Paola French, et al. v. City of Los Angeles, et al.* |
|---|---|

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 185); and (2) VACATING the February 26, 2024 Hearing (IN CHAMBERS)**

Before the Court is a motion for attorneys' fees filed by plaintiffs Paola French and Russell French ("Plaintiffs"). ("Motion," Dkt. No. 185.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The hearing set for February 26, 2024 is **VACATED**.

## I.  BACKGROUND

On February 28, 2020, Paola French and Russell French commenced this action against Defendants City of Los Angeles ("City") and Salvador Sanchez ("Sanchez") (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) Plaintiffs alleged that Mr. Sanchez, who was an officer with the Los Angeles Police Department ("LAPD") at the time, used excessive force against them and their son Kenneth French ("Decedent," or "Kenneth") inside of a Costco warehouse store in Corona, California. (See id.) On April 1, 2020, Plaintiffs filed a first amended complaint as of right. ("FAC," Dkt. No. 10.) Following the Court's order dismissing Plaintiffs' federal causes of action (Dkt. No. 19), Plaintiffs filed a second amended complaint on July 20, 2020. ("SAC," Dkt. No. 21.) On January 8, 2021, the Court dismissed-in-part one of Plaintiffs' municipal liability claims, dismissed Plaintiffs' second municipal liability claim and negligent training, hiring, and retention claim, and granted Plaintiffs leave to amend. (Dkt. No. 45.) On January 18, 2021, Plaintiffs filed a third amended complaint, the operative complaint. ("TAC," Dkt. No. 46.)

Case 5:22-cv-00625-KK-DTB    Document 211-10    Filed 03/25/26    Page 3 of 8   Page
Case 5:20-cv-00416-JGB-SP    Document 138 89  Filed 02/21/24    Page 2 of 7   Page ID
#:4462

The TAC asserted twelve causes of action: (1) unreasonable search and seizure, unlawful detention and arrest in violation of 42 U.S.C. § 1983 ("Section 1983"); (2) unreasonable search and seizure, excessive force in violation of Section 1983; (3) unreasonable search and seizure, denial of medical care in violation of Section 1983; (4) interference with familial relationship in violation of the Fourteenth Amendment's Substantive Due Process Clause and Section 1983; (5) municipal liability, unconstitutional custom, practice, or policy in violation of Section 1983; (6) false arrest/false imprisonment; (7) battery, including wrongful death; (8) negligence, including wrongful death; (9) negligent infliction of emotional distress; (10) violation of the Bane Act, Cal. Civil Code § 52.1; (11) negligent training, hiring, and retention; and (12) loss of consortium.  (See TAC.)

On October 4, 2021, the Court granted in part and denied in part the City's motion for summary judgment.  ("MSJ Order," Dkt. No. 92.)  The Court dismissed Plaintiffs' municipal liability claim (Count Five), but denied summary judgment on Plaintiffs' state law claims (Counts Six through Twelve).  (Id. at 16.)

On October 19, 2021, a jury trial began on Plaintiffs' federal and state law claims.  (Dkt. No. 106.)  On October 26, 2021, following the parties' presentation of the evidence, Plaintiffs voluntarily dismissed their Section 1983 claims for unlawful detention and arrest (Count One), denial of medical care (Count Three), and interference with familial relationship (Count Four), as well as their state law claims for false arrest/false imprisonment (Count Six) and negligent training, hiring, and retention claim (Count Eleven).  (Dkt. No. 129, 10-26-21 RT 550:4-20.)  Plaintiffs' remaining six claims were as follows: (1) excessive force under Section 1983 (Count Two), (2) battery (Count Seven), (3) negligence (Count Eight), (4) negligent infliction of emotional distress ("NIED") (Count Nine), (5) violation of the Bane Act (Count Ten), and (6) loss of consortium (Count Twelve).  (10-26-21 RT 550:21-551:13.)

The Court also heard arguments on the parties' respective motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) ("Rule 50a") on October 26, 2021. The Court granted in part and denied in part Plaintiffs' motion and denied the City's motion, ruling that (1) Mr. Sanchez's use of force was unreasonable and, therefore, excessive, and (2) Mr. Sanchez's excessive force caused Plaintiffs' and Kenneth's injuries as a matter of law.  (Id. 562:7-25.)  The Court determined that, as a result, the corresponding elements for Plaintiffs' battery, negligence, NIED, and Bane Act claims were also satisfied as a matter of law.  (Id. 562:12-16.) However, the Court found that disputed factual issues required the jury to determine whether Mr. Sanchez acted under color of state law and in the course and scope of his employment.  (Id. 563:1-3.)

On October 27, 2021, the jury returned a verdict for Plaintiffs.  ("Special Verdict," Dkt. No. 114.)  The jury answered, "Yes," to all questions: whether Mr. Sanchez acted under color of state law during the incident, whether Mr. Sanchez acted within the course and scope of his employment with the City as a peace officer during the incident, whether he negligently inflicted severe emotional distress on Plaintiffs, and whether Plaintiffs suffered loss of consortium as a

Case 5:22-cv-00625-KK-DTB    Document 211-10    Filed 03/25/26    Page 4 of 8    Page
Case 5:20-cv-00416-JGB-SP    Document 188 90  Filed 02/21/24    Page 3 of 7   Page ID
#:4463
#:13190

result of Mr. Sanchez's use of unreasonable force against them.  (Id. at 3–4.)  The jury awarded $17,002,000.00 in total damages: (1) $4,000,000.00 for Kenneth's pre-death pain and suffering and loss of life damages; (2) $4,771,000.00 in compensatory damages for Paola French; (3) $400,000.00 in loss of consortium damages for Paola French; (4) $5,431,000.00 in compensatory damages for Russell French; (5) $400,000.00 in loss of consortium damages for Russell French; and (6) $2,000,000.00 for Plaintiffs' past and future wrongful death damages.  (Id. at 5–7.)  On November 29, 2021, the Court entered judgment consistent with the Special Verdict.  (Dkt. No. 133.)

On December 27, 2021, the City timely filed a motion for judgment as a matter of law.  (See Dkt. No. 138.)  On January 24, 2022, Plaintiffs filed a motion for attorneys' fees.[1]  (See Dkt. No. 145.)  On May 10, 2022, the Court denied the City's motion for a judgment as a matter of law and granted in part Plaintiffs motion for attorneys' fees.  ("Fees Order," Dkt. No. 165.)  The Court awarded Plaintiffs' counsel $1,922,931.00 in attorneys' fees.  (Id.)

On June 7, 2022, the City filed a notice of appeal to the Ninth Circuit Court of Appeals.  ("Fees Order Appeal," Dkt. No. 168.)  On October 16, 2023, the Ninth Circuit affirmed this Court's Fees Order (Dkt. Nos. 178-180) and granted appellees' motion to transfer consideration of attorneys' fees on appeal to this Court (Dkt. No. 181).

On January 18, 2024, Plaintiffs filed this Motion.  (Motion.)  In support, Plaintiffs filed the following:

- Declaration of Carol A. Sobel with attached exhibits ("Sobel Decl.," Dkt. No. 185-1);
- Declaration of Dale K. Galipo with attached exhibits ("Galipo Decl.," Dkt. No. 185-21);
- Declaration of John Fattahi with attached exhibits ("Fattahi Decl.," Dkt. No. 185-25);
- Declaration of Eric Valenzuela ("Valenzuela Decl.," Dkt. No. 185-30); and
- Declaration of Renee V. Masongsong with attached exhibit ("Masongsong Decl.," Dkt. No. 185-31).

On February 5, 2024, the City opposed the Motion.  ("Opposition," Dkt. No. 186.)  On February 6, 2024, Plaintiffs replied.  ("Reply," Dkt. No. 187.)  In support, Plaintiffs filed the declaration of John Fattahi ("Fattahi Reply Decl.," Dkt. No. 187-1.)

## II.    DISCUSSION

Plaintiffs move for attorneys' fees as the prevailing party on appeal.  (See Motion.)  The Court considers whether the requested fees are reasonable.

---

[1] Plaintiffs initially filed the attorneys' fees motion as a motion for application to tax costs, but filed a notice of errata to clarify that it is a motion for attorneys' fees.  (Dkt. No. 149.)

**CIVIL MINUTES—GENERAL**            Initials of Deputy Clerk mg

### A.  Legal Standard

In general, courts apply the "American Rule," where "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  Under 42 U.S.C. § 1988 ("Section 1988"), a court may, in its discretion, award reasonable attorneys' fees in a suit seeking to vindicate rights under 42 U.S.C. § 1983.  Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012); 42 U.S.C. § 1988(b).  Plaintiffs who prevail on a Bane Act claim are also entitled to attorneys' fees.  Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1112 (9th Cir. 2014) (citing Cal. Civ. Code § 52.1(h)).

The customary method of determining the reasonableness of attorneys' fees under either 42 U.S.C. § 1988 or the Bane Act is the lodestar method.  Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (Section 1988); Chaudhry, 751 F.3d 1096 (Bane Act).  Under this method, a court multiplies "the time spent" with the "reasonable hourly compensation of each attorney involved in the presentation of the case."  Hensley, 461 U.S. at 433.  This lodestar figure is "presumptively reasonable."  Id.  "The district court may then adjust [the lodestar] upward or downward based on a variety of factors."  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).  These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."

Id.  Because "California law allows for a multiplier of the lodestar to compensate for the risk of contingent representation," the Ninth Circuit allows a "a plaintiff [who] succeeds on both federal and state claims" to seek "the state-law multiplier."  Chaudhry, 751 F.3d at 1112 (citing Ketchum v. Moses, 24 Cal. 4th 1122, 1133 (2001), and Mangold v. Cal. Pub. Utilities Comm'n, 67 F.3d 1470, 1478–79 (9th Cir. 1995)).  The fee applicant holds the "burden of showing that the claimed rate and number of hours are reasonable."  Blum v. Stenson, 465 U.S. 886, 897 (1984).

//
//
//
//
//
//
//

Case 5:22-cv-00625-KK-DTB    Document 211-10    Filed 03/25/26    Page 6 of 8   Page
Case 5:20-cv-00416-JGB-SP    Document 188-92 Filed 02/21/24    Page 5 of 7   Page ID
ID #:3192
#:4465

## B.  Lodestar Analysis

Plaintiffs' counsel requests $596,655.00 in attorneys' fees for 395.5 hours worked. (See Reply at 3.)  The requested fee amount includes time associated with drafting the Reply and represents the lodestar figure multiplied by a 1.5 enhancement, as detailed below:

| Attorney / Biller | | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Dale K. Galipo | Attorney | 71 | $1,400.00 | $99,400.00 |
| John Fattahi | Attorney | 212.4 | $975.00 | $207,090.00 |
| Eric Valenzuela | Attorney | 44 | $800.00 | $35,200.00 |
| Renee Masongsong | Attorney | 70.1 | $800.00 | $56,080.00 |
| **SUBTOTAL** | | **395.5** | | **$397,770.00** |
| 1.5 Multiplier | | | | $198,885.00 |
| **TOTAL** | | | | **$596,655.00** |

(Reply at 3.)

The City argues that the requested fee award is unreasonable because of block-billing. (Opposition at 5.)

### 1.  Previously Approved Rates

On May 10, 2022, the Court granted in part Plaintiffs' post-trial motion for attorneys' fees and awarded the following:

| Attorney / Biller | | Revised Hours | Hourly Rate | Revised Lodestar |
|---|---|---|---|---|
| Dale K. Galipo | Attorney | 547.3 | $1,100.00 | $602,030.00 |
| John Fattahi | Attorney | 37.4 | $785.00 | $29,359.00 |
| Renee v. Masongsong | Attorney | 461.5 | $600.00 | $276,900.00 |
| Eric Valenzuela | Attorney | 457.8 | $700.00 | $320,460.00 |
| Alejandro Monguia | Legal Assistant | 10.9 | $200.00 | $2,180.00 |
| Karen Slyapich | Legal Assistant | 171.7 | $200.00 | $34,340.00 |
| Santiago Laurel | Legal Assistant | 32.05 | $200.00 | $6,410.00 |
| Marielle Sider | Legal Intern | 68.5 | $150.00 | $10,275.00 |
| **SUBTOTAL** | | 1,787.15 | | **$1,281,954.00** |
| 1.5 Multiplier | | | | $640,977 |
| **TOTAL** | | | | **$1,922,931.00** |

(Fees Order at 29.)

//
//
//

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk mg

### 2. Hourly Rate

Reasonable fees under Section 1988 are calculated according to the prevailing market rates in the relevant legal community. <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992). Because "the relevant community is the forum in which the district court sits," <u>Prison Legal News v. Schwarzenegger</u>, 608 F.3d 446, 454 (9th Cir. 2010), the prevailing rates in the Central District of California control here. Plaintiffs request rates that are slightly higher than the Court awarded in 2022—a $300 increase per hour for Mr. Galipo; a $190 increase per hour for Mr. Fattahi; a $100 increase per hour for Mr. Valenzuela; a $200 increase per hour for Ms. Masongsong. (Motion at 10.) The City does not contest Plaintiffs' requested rates. (<u>See</u> Opposition.) Plaintiffs argue that these rates are reasonable based on two years of inflation and rate increases, along with the fact that this request pertains to appellate proceedings. (<u>Id.</u>) The Court agrees and concludes that Plaintiffs' requested rates are reasonable.

### 3. Hours Billed

Plaintiffs' counsel requests attorneys' fees for a total of 395.5 hours worked on the appeal in this case. (Reply at 3.) The City argues that these hours should be reduced because they include impermissible block billing. (Opposition at 4-6.)

The City argues that Mr. Galipo has impermissibly block-billed time. (Opposition at 4-6.) In general, courts look unfavorably on block billing in timesheets because it "does not allow the Court to scrutinize the amount of time spent performing each task." <u>Rahman v. FCA US LLC</u>, -- F. Supp. 3d --, 2022 WL 1013433, at *4 (C.D. Cal. Mar. 29, 2022) (internal citations omitted). A court may "reduc[e] or eliminat[e] certain claimed hours" based on such billing practices, but it may not "deny[] all fees." <u>Mendez v. County of San Bernardino</u>, 540 F.3d 1109, 1129 (9th Cir. 2008), <u>overruled on other grounds by</u> <u>Arizona v. ASARCO LLC</u>, 773 F.3d 1050 (9th Cir. 2014). However, a court need not reduce hours for block-billing if it can determine the reasonableness of the hours spent on each task. <u>See</u> <u>Donastorg v. City of Ontario</u>, 2021 WL 6103545, at 13–14 (C.D. Cal Sept. 2, 2021).

The City challenges Mr. Galipo's time entries for "oral argument preparation" as overbroad. (Opposition at 5.) The Court finds that Mr. Galipo's entries are reasonable and do not constitute block-billing. <u>See</u> <u>Donastorg</u>, 2021 WL 6103545, at *14 (finding reasonable Mr. Galipo's 224.8 hours billed for "trial and trial preparation" over 17 days). Thus, the Court will not reduce Mr. Galipo's hours on this basis.

### 4. Multiplier

Plaintiffs' counsel's lodestar is $397,770.00. Plaintiffs' counsel seeks a 1.5 multiplier of the lodestar to bring their total requested fee amount to $596,655.00. (Reply at 3.) The City does not contest Plaintiffs' 1.5 multiplier. (<u>See</u> Opposition.) The Court previously analyzed and approved a 1.5 multiplier in this case. (Fees Order at 29.) Accordingly, the Court applies a 1.5 multiplier to the lodestar calculation of $397,770.00 for a total award of $596,655.00.

In sum, the Court **GRANTS** the Motion as follows:

| Attorney / Biller | | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Dale K. Galipo | Attorney | 71 | $1,400.00 | $99,400.00 |
| John Fattahi | Attorney | 212.4 | $975.00 | $207,090.00 |
| Eric Valenzuela | Attorney | 44 | $800.00 | $35,200.00 |
| Renee Masongsong | Attorney | 70.1 | $800.00 | $56,080.00 |
| **SUBTOTAL** | | **395.5** | | **$397,770.00** |
| 1.5 Multiplier | | | | $198,885.00 |
| **TOTAL** | | | | **$596,655.00** |

### III.    CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiffs' Motion and **AWARDS** Plaintiffs' counsel $596,655.00 in attorneys' fees.  The February 26, 2024 hearing is **VACATED**.

**IT IS SO ORDERED.**