# EXHIBIT 3

# Nelson v. Bridgers

Superior Court of California, County of Los Angeles

March 9, 2023, Decided

21STCV35635

**Reporter**

2023 Cal. Super. LEXIS 3524 *

CHRIS NELSON v. PHOEBE BRIDGERS

**Notice:** THIS DOCUMENT INCLUDES THE ORDER OF THE COURT. OTHER MATERIALS, SUCH AS LEGAL MEMORANDA, MAY HAVE BEEN INCLUDED BY THE COURT. DOCUMENTS THAT ARE COMBINED AND FILED AS ONE DOCUMENT BY THE COURT ARE PUBLISHED AS ONE DOCUMENT.

**Counsel:  [*1]** For Plaintiff(s): Tiffany B. Hunter via LA CourtConnect.

For Defendant(s): Michael Henry Strub, Jr.

**Judges:** Honorable Curtis A. Kin, Judge.

**Opinion by:** Curtis A. Kin

# Opinion

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Gaye L. Limon, CSR 7416 certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court provides the following tentative ruling:

TENTATIVE RULING:

Defendant Phoebe Bridgers' Motion for Attorney Fees Pursuant to Code of Civil Procedure § 425.16 is GRANTED IN PART.

On November 9, 2022, the Court granted defendant Phoebe Bridgers' Special Motion to Strike. Pursuant to CCP § 425.16(c)(1), defendant is entitled to an award of reasonable attorney fees. "A trial court may not rubber stamp a request for attorney fees, but must determine the number of hours reasonably expended." (Donahue v. Donahue (2010) 182 Cal.App.4th 259, 271.)

2023 Cal. Super. LEXIS 3524, *1

Defendant seeks an award of $670,512.00, which includes the fees incurred in preparing the reply in support of the instant motion.

As a threshold matter, the Court finds that the hourly rates claimed by defendant counsel are reasonable. However, the Court **[*2]** notes that such relatively high billing rates must necessarily correlate with reduced time spent completing tasks due to the greater experience that such rates indicate.

Even though defense counsel represented defendant on a partial pro bono basis, defense counsel is entitled to the reasonable value of their services. (See Chacon v. Litke (2010) 181 Cal.App.4th 1234, 1260.)

The Court has reviewed the billing entries from counsel for defendant and finds that there have been some excessive billings for certain matters. (Strub Decl. ¶ 4 & Ex. A; Supp. Strub Decl. ¶ 6 & Ex. F.) Accordingly, the Court makes the following reductions:

• Attorney Colin Quinlan billed for conducting legal research regarding the anti-SLAPP motion on the following dates, for a total of 13.4 hours: 1/21/22 (1.5 hours), 1/22/22 (3.0), 1/23/22 (2.6), 1/24/22 (4.3), and 1/25/22 (2.0). The time spent conducting legal research is reduced by 6 hours, or $4,170 based on Quinlan's hourly rate of $695.

• Attorney Quinlan billed for drafting and/or revising the anti-SLAPP motion and supporting declarations on the following dates for a total of 27.1 hours: 1/21/22 (2.4), 1/23/22 (5.5), 1/24/22 (3.0), 1/25/22 (4.5), 2/3/22 (1.4), 2/8/22 (1.1 revise motion, 0.4 revise draft, **[*3]** 0.6 Walsh declaration, 0.9 Bridgers declaration), 2/9/22 (0.2 Walsh declaration, 0.2 Bridgers declaration, 3.7 revise anti-SLAPP motion, 0.5 Harmon declaration, 0.7 Strub declaration), and 2/10/22 (1.5 revise declarations, 0.5 review declarations). The time spent drafting and revising the anti-SLAPP motion is reduced by 12.1 hours, or $8,409.50 based on Quinlan's hourly rate of $695.

• Attorney Michael Strub billed for conducting legal research regarding the anti-SLAPP motion and/or drafting and reviewing the moving papers on the following dates for a total of 26 hours: 2/5/22 (4.0), 2/6/22 (3.0), 2/7/22 (7.2), 2/8/22 (4.3), 2/9/22 (1.4 revise points and authorities, 0.5 Bridgers declaration, 0.3 Walsh declaration, 0.3 incorporate revisions), 2/10/22 (4.5), and 2/11/22 (0.5). The time spent in connection with preparing the moving papers is reduced by 16 hours, or $17,520 based on Strub's hourly rate of $1,095.

• On 2/22/22 and 2/23/22, defense counsel billed a total of $9,284.50 in connection with the opposition to plaintiff's ex parte application to continue the hearing on the special motion to strike and permit the deposition of defendant. Considering that the ex parte application **[*4]** was granted and was relatively straightforward, defendant spent an excessive amount of time opposing the ex parte application. The fee request is reduced by 75% or $6,963.38.

• Between 3/4/22 and 3/29/22, attorney Quinlan billed in connection with plaintiff's motion to permit the deposition of defendant on the following dates for a total of 10.3 hours: 3/4/22 (0.8 review motion, 2.0 legal research, 0.7 email re: motion, 3.3 draft opposition), 3/6/22 (0.5), 3/7/22 (2.0), 3/9/22 (0.1 email re: opposition), 3/14/22 (0.1), 3/15/22 (0.2), 3/29/22 (0.3 attend hearing, 0.2 confer re: ruling, 0.1 draft correspondence re: ruling). Considering that plaintiff's motion was granted and was relatively straightforward, defendant spent an excessive amount of time

opposing plaintiff's motion. The time is reduced by 5 hours, or $3,475 based on Quinlan's hourly rate of $695.

• Between 3/4/22 and 3/29/22, attorney Strub billed in connection with plaintiff's motion to permit the deposition of defendant on the following dates for a total of 10.4 hours: 3/4/22 (0.8), 3/8/22 (1.7), 3/15/22 (0.2), 3/28/22 (6.2), 3/29/22 (1.2 prepare for and participate in oral argument, 0.3 confer re: oral argument). Because **[*5]** plaintiff's motion was granted and was relatively straightforward, the time is reduced by 7.2 hours, or $7,884 based on Strub's hourly rate of $1,095.

• Between 6/10/22 and 7/13/22, attorney Quinlan billed for conducting legal research in connection with defendant's motion to uphold confidentiality designations on the following dates for a total of 16.8 hours: 6/10/22 (2.4), 6/13/22 (1.6), 6/14/22 (1.8), 6/15/22 (0.7), 6/16/22 (2.3), 6/18/22 (1.2) 6/19/22 (3.5), and 6/20/22 (3.3). Considering that the memorandum of points and authorities was only eleven pages and issues involved not particularly complex, the time spent conducting legal research was excessive. The time is reduced by 12.8 hours, or $8,896 based on Quinlan's hourly rate of $695.

• Between 6/14/22 and 7/13/22, attorney Quinlan billed for drafting, reviewing, and/or revising defendant's motion to uphold confidentiality designations on the following dates for a total of 35.5 hours: 6/14/22 (0.6), 6/16/22 (4.2), 6/17/22 (4.8), 6/18/22 (3.1), 6/19/22 (3.7), 6/20/22 (7.8), 7/2/22 (1.5 review, 1.8 revise), 7/6/22 (1.1), 7/8/22 (1.7), 7/13/22 (3.5 proofread and revise, 1.7 review declaration). Considering that the memorandum of **[*6]** points and authorities was only eleven pages, the time spent drafting and revising the motion was excessive. The time is reduced by 27.5 hours, or $19,112.50 based on Quinlan's hourly rate of $695.

• Between 6/21/22 and 7/13/22, attorney Strub billed for conducting legal research in connection with defendant's motion to uphold confidentiality designation on the following dates for a total of 7.5 hours: 6/24/22 (4.5), 6/30/22 (2), 7/6/22 (0.5), 7/11/22 (0.5). Considering that the memorandum of points and authorities was only eleven pages and issues involved not particularly complex, the time spent conducting legal research was excessive. The time is reduced by 5 hours, or $5,475 based on Strub's hourly rate of $1,095.

• Between 6/21/22 and 7/13/22, attorney Strub billed for reviewing and revising defendant's motion to uphold confidentiality designation on the following dates for a total of 30.2 hours: 6/21/22 (0.5), 7/2/22 (7.0 - includes legal research), 7/3/22 (2.0), 7/6/22 (2.7), 7/8/22 (1.5), 7/10/22 (2.0), 7/11/22 (4.2), 7/12/22 (3.0 revise, 0.8 incorporate revisions), 7//13/22 (6.5 revise and finalize). Considering that the memorandum of points and authorities was only eleven pages, **[*7]** the time spent drafting and revising the motion was excessive. The time is reduced by 23.2 hours, or $25,404 based on Strub's hourly rate of $1,095.

• Between 7/26/22 and 7/28/22, attorney Strub billed for drafting the reply brief in support of the anti-SLAPP motion on the following dates for a total of 23.5 hours: 7/26/22 (9.0), 7/27/22 (9.5), 7/28/22 (5.0). Considering that the points and authorities was only ten pages, the time spent drafting the reply brief for the anti-SLAPP motion was excessive. The time is reduced by 16.5 hours, or $18,067.50 based on Strub's hourly rate of $1,095.

2023 Cal. Super. LEXIS 3524, *7

• On 7/27/22, attorney Quinlan billed 8.5 hours in connection with the reply brief in support of defendant's motion to maintain confidentiality designations. Considering that the reply was five and a half pages, the time is reduced by 3.5 hours, or $2,432.50 based on Quinlan's hourly rate of $695.

• Between 11/18/22 and 12/28/22, attorney David T. Shackelford billed for preparing the instant motion for attorney fees on the following dates for a total of 20.8 hours: 11/18/22 (6.5), 11/22/22 (3.0), 11/28/22 (2.5), 12/7/22 (2.3), 12/20/22 (2.0), 12/21/22 (3.0), 12/23/22 (1.0), 12/28/22 (0.5). Even accounting **[*8]**  for the fact that defense counsel applied a partial pro bono discount to the billings, this was a straightforward fee motion after the granting of a special motion to strike. The fee request is reduced by 14.8 hours, or $9,694 based on Shackelford's hourly rate of $655.

• On 11/28/22 and 12/21/22, attorney Claire-Lise Y. Kutlay billed for preparing the instant motion for attorney fees on the following dates for a total of 6 hours: 11/28/22 (2.9), 12/21/22 (2.5 revise motion, 0.6 revise declaration). For the same reason stated with respect to Shackelford, the fee request is reduced by 2 hours, or $1,390 based on Kutlay's hourly rate of $695.

• Between 11/30/22 and 12/31/22, attorney Strub billed for preparing the instant motion on the following dates for a total of 15.5 hours: 11/30/22 (1.0), 12/6/22 (6.0), 12/7/22 (3.5), 12/23/22 (2.0), 12/31/22 (3.0). For the same reason stated with respect to Shackelford, the fee request is reduced by 11.5 hours, or $12,592.50 based on Strub's hourly rate of $1,095.

• On 12/1/22, attorney Shackelford billed $3,995.50 for drafting and revising the anti-SLAPP motion and declarations. The Court ruled on the anti-SLAPP motion on 11/9/22. Accordingly, the **[*9]**  fee request is reduced in its entirety, i.e., by $3,995.50.

• Defendant seeks $31,701.50 in connection with the reply for the instant motion. (Supp. Strub Decl. ¶¶ 8, 10.) Considering the straightforward nature of this motion, this fee is reduced by $15,000.

Defendant also agrees to withdraw her request for $6,895 in fees in connection with activities not related to the anti-SLAPP motion. (See 569 East County Boulevard LLC v. Backcountry Against the Dump, Inc. (2016) 6 Cal.App.5th 426, 433 ["A fee award under the anti-SLAPP statute may not include matters unrelated to the anti-SLAPP motion, such as 'attacking service of process, preparing and revising an answer to the complaint, [or] summary judgment research.' [Citation.]".)

The Court otherwise finds that the billing entries are reasonably incurred and reasonably connected to the anti-SLAPP motion, including plaintiff's efforts to strike the confidentiality designations in defendant's deposition. The time spent researching plaintiff's other defamation claims against Emily Bannon and Noel Wells is reasonably related to the anti-SLAPP motion in this action. (See Supp. Strub Decl. ¶ 5.) Counsel for plaintiff's fees are not indicative of the reasonableness of defense counsel's fees. (Goglin v. BMW of North America, LLC 4 Cal.App.5th 462, 473-74 ["Although BMW North America and BMW San Diego presented **[*10]**  evidence they paid their counsel much lower hourly rates, the trial court was not obliged to accept this evidence as conclusive of the appropriate hourly rate for the work performed by Goglin's counsel"].) Further, the fact that more than one attorney worked on a particular task is not necessarily unreasonable, as collaboration is not necessarily duplicative. (Premier Medical

2023 Cal. Super. LEXIS 3524, *10

Management Systems, Inc. v. California Ins. Guarantee Assn. (2008) 163 Cal.App.4th 550, 562.)

The motion is GRANTED IN PART. Using the appropriate lodestar approach, and based on the foregoing findings and in view of the totality of the circumstances, the total and reasonable amount of attorney fees incurred for the work performed in connection with the Special Motion to Strike is $493,135.60 ($670,512.00 total request - $177,376.40 reduction). Such fees and costs are awarded to defendant Phoebe Bridgers against plaintiff Chris Nelson.

The matter is argued and the tentative ruling becomes the order of the Court.

The Motion for Attorney Fees filed by Phoebe Bridgers on 01/11/2023 is Granted in Part.

Counsel for defendant shall give notice.

---

**End of Document**