Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
Angela Brunson (State Bar No. 189223)
  *Angela.Brunson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>*Filed concurrently with:*<br>*1. Memorandum of Points and Authorities In Opposition to Plaintiff's Motion for Attorney's Fees*<br>*2. Declaration of Kayleigh Andersen and Exhibits; and*<br>*3. Declaration of Gerald Knapton and Exhibits*<br><br>Judge:   Hon. Kenly Kiya Kato<br>Date:    May 7, 2026<br>Time:    9:30 a.m.<br>Crtrm.:  3; 3rd Floor |

1

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rules of Evidence, Rule 201 and *Lemoon v. California Forensic Med. Grp., Inc.*, 575 F. Supp. 3d 1212, 1228 (N.D. Cal. 2021), Defendants COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED ("Defendants") hereby respectfully requests the Court to judicially notice the following court documents in support of their Opposition to Plaintiff's Motion for Attorney's Fees:

1.      Order Granting in Part and Denying in Part Motion for Attorneys' Fees at 4, *Anaheim Union High Sch. Dist. v. J.E.,* 2:12-cv-6588-MWF (C.D. Cal. July 11, 2013) (ECF No. 50) (**Exhibit A**); and

2.      Order Granting in Part Motion for Statutory Attorney's Fees and Costs at 2, *Magic Laundry Servs., Inc. v. Workers United Serv. Emp. Int'l Union*, 2:12-cv-09654- MWF-AJW (C.D. Cal. June 21, 2013) (ECF No. 66) (**Exhibit B**).

DATED:  April 8, 2026                    Respectfully submitted,

                                         **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**


                                         By:  _____/s/ Kayleigh Andersen_____
                                              Eugene P. Ramirez
                                              Kayleigh Andersen
                                              Angela Brunson
                                              Attorneys for Defendant, COUNTY OF
                                              SAN BERNARDINO and DEPUTY
                                              CHRISTOPHER ALFRED

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

# EXHIBIT "A"

# EXHIBIT "A"

Case 5:22-cv-00625-KK-DTB    Document 217-3    Filed 04/08/26    Page 4 of 12   Page
ID #:4983
Case 2:12-cv-09654-MWF-AJW    Document 66    Filed 06/21/13    Page 1 of 3   Page ID #:4067

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-12-9654-MWF (AJWx)                    Date:  June 21, 2013

Title:       Magic Laundry Services, Inc. v. Workers United Service Employees
             International Union, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

|  Rita Sanchez  |  Not Reported  |  N/A  |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
          Not Present                                  Not Present

**Proceedings (In Chambers):   ORDER GRANTING IN PART MOTION FOR
                              STATUTORY ATTORNEYS' FEES AND COSTS
                              [54]**

This matter is before the Court on Defendants' Motion for Statutory Attorneys' Fees ("Motion").  (Docket No. 54).  The Court found the matter appropriate for submission on the papers without oral argument and vacated the hearing scheduled for June 17, 2013.  *See* Fed. R. Civ. P. 78(b) and Local Rule 7-15 (the Court may dispense with oral argument on any matter unless otherwise required).  For the reasons that follow, the Court GRANTS the Motion as amended by the Reply with a reduced hourly rate.

The Court previously granted Defendants' California Code of Civil Procedure section 425.16 Anti-SLAPP Motion directed at Magic Laundry's state law claims. (Docket No. 50).  The prevailing party in an anti-SLAPP motion is entitled to reasonable attorneys' fees by law.  *See* Cal. C. Civ. Proc. § 426.16(c); *see also U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972 (9th Cir. 1999) (applying attorneys' fees provisions to suits in federal court); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (explaining components of a fee award).

Magic Laundry does not dispute the propriety of a fee award.  Rather, Magic Laundry argues that the hourly rates requested are excessive and further challenges specific billing entries.  The Court will address each in turn.

---

**CIVIL MINUTES—GENERAL**                                    1

Case 5:22-cv-00625-KK-DTB   Document 217-3   Filed 04/08/26   Page 5 of 12   Page
Case 2:12-cv-09654-MWF-AJW   Document 86-7   Filed 06/21/13   Page 2 of 5   Page ID #:984
ID #:4068

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No.   CV-12-9654-MWF (AJWx)                    Date:  June 21, 2013
Title:       Magic Laundry Services, Inc. v. Workers United Service Employees
             International Union, et al.

## I.    HOURLY RATES

Magic Laundry argues that the hourly rates sought for Glenn Rothner and
Constance Hsiao, $825 and $375 respectively, are above market in the Los Angeles
area and unwarranted by any special circumstances.  The Court agrees.  Although
Defendants submit evidence in support of their requests, including declarations of
well-respected and accomplished attorneys commenting on the reasonableness of the
requested fees, the Court finds that the prevailing market rates for attorneys with
experience and expertise comparable to Mr. Rothner and Ms. Hsiao are significantly
lower than those requested.  Indeed, even the declarations and evidence submitted in
support of the Motion reveal that an hourly rate of $825 puts Mr. Rothner among the
highest-billing senior partners in the area.  This rate is higher than any awarded in the
Central District cases Defendants cite in their Reply.

In a recent state court labor matter, Mr. Rothner and Ms. Hsaio requested and
were awarded $600 and $275 per hour respectively.  (Rothner Decl. ¶ 4).  The Ninth
Circuit has held that "[a]ffidavits of the plaintiffs' attorney and other attorneys
regarding prevailing fees in the community, and rate determinations in other cases,
particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of
the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896
F.2d 403, 407 (9th Cir.1990).  Here, both types of evidence support a conclusion that
the rates requested are not prevailing rates – the requested rates are on the upper limit
of rates charged by lawyers in the region and a prior rate determination for these
specific lawyers found a significantly lower rate to be reasonable.  While Defendants
assert that the prior rate determination involved a less complex matter, the Court is not
persuaded that the complexity of this case justifies an upward departure from ordinary
prevailing rates in labor matters in this region.  It is also puzzling that Defendants
explain the complexity of the present case with reference to the RICO claims in Magic
Laundry's Complaint, since the Anti-SLAPP Motion did not, and could not, reach
federal claims for relief.

Accordingly, the Court concludes that reasonable rates for private attorneys
with skill and experience comparable to Mr. Rothans and Ms. Hsiao are $600 and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-12-9654-MWF (AJWx)                    Date:  June 21, 2013
Title:        Magic Laundry Services, Inc. v. Workers United Service Employees
              International Union, et al.

$275, respectively.  Mr. Rothans and Ms. Hsiao performed at a level of proficiency that would command the prevailing rates.

## II.    HOURS BILLED

Defendants submit thorough and detailed billing records to support the hours documented by Mr. Rothans and Ms. Hsiao for the Anti-SLAPP Motion.  The Court, however, must subtract two hours from Mr. Rothans' total since it took this matter off calendar and Defendants' calculations included time estimated for the hearing on this Motion.  The Court finds that the evidence submitted by Defendants is sufficient to show that the remaining hours were necessary to the filing of the Anti-SLAPP Motion and were billed in a manner that was reasonable and efficient.  To the extent that the billing entries initially lacked clarity, Defendants provided additional explanations regarding the necessity and relatedness of the hours charged in their Reply.

In light of these factors, the Court concludes that Mr. Rothans reasonably worked 61.8 hours and Ms. Hsiao reasonably worked 77.5 hours in connection with the successful Anti-SLAPP Motion.

## III.   COSTS

Defendants provide sufficient evidentiary support for their amended request for costs in the amount of $156.62.  (Reply at 9).  These costs were incurred directly in connection to the Anti-SLAPP Motion and are therefore properly awarded to Defendants.

## IV.    AWARD OF FEES AND COSTS

Defendants are awarded $58,392.50 in attorneys' fees ((600 x 61.8) + (275 x 77.5) = 58,392.50) and $156.62 in costs, for a total of $58,549.12.

IT IS SO ORDERED.

# EXHIBIT "B"

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-12-6588-MWF (JCx)                    Date:  July 11, 2013
Title:       Anaheim Union High School District -*v*- J.E.

Present:  The Honorable MICHAEL W. FITZGERALD

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
              Not Present                                    Not Present

**Proceedings (In Chambers):   ORDER GRANTING IN PART AND DENYING
                                IN PART MOTION FOR ATTORNEYS' FEES
                                [45]**

This matter is before the Court on Defendant's Motion for Attorneys' Fees ("Motion").  (Docket No. 45).  The Court finds the matter appropriate for submission on the papers without oral argument and vacates the hearing scheduled for July 22, 2013.  *See* Fed. R. Civ. P. 78(b) and Local Rule 7-15 (the Court may dispense with oral argument on any matter unless otherwise required).  For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART the Motion as amended by the Reply.

After conducting a bench trial, the Court found in favor of defendant J.E. on Plaintiff Anaheim Union High School District's ("AUHSD") claim for reversal of the expedited due process hearing decision of May 9, 2012.  (Docket Nos. 40, 41).  AUHSD does not dispute the propriety of an award of reasonable fees and costs to J.E. as the prevailing party pursuant to 20 U.S.C. § 1415.  Rather, AUHSD challenges specific billing entries, argues that counsel's hourly rate is excessive, and seeks exclusion of specific costs.  (Opp'n at 10).

The Court will address each point in turn, applying the standards set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114 (9th Cir. 2006).

---

**CIVIL MINUTES—GENERAL**                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-12-6588-MWF (JCx)                    Date:  July 11, 2013
Title:        Anaheim Union High School District -*v*- J.E.

## I.    HOURS  BILLED

AUHSD contends that certain time entries billed by defense counsel are unreasonable and therefore improperly included in a fee award.  The Court disagrees.

*First*, with respect to the entries AUHSD identifies as vague, Defendant provides a supplemental, unredacted billing record to shed light on the specific tasks completed.  (Docket No. 48-4).  The unredacted entries provide a basis for concluding that the charges were, in fact, reasonably charged in connection with the underlying due process hearing and the proceedings before this Court.

*Second*, the entries associated with J.E's individual education program ("IEP") are properly included because counsel's involvement was necessitated by the due process complaint in this matter.  20 U.S.C. § 1415(i)(3)(D)(ii) ("Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action . . . .").  The challenged time entries are dated after the expedited due process hearing at which J.E. contends he was told that an IEP meeting would occur with AUHSD's attorneys present.  Counsel's involvement in the IEP meeting can be fairly characterized as a result of the expedited due process hearing, and fees associated with those meetings are properly included.  AUHSD offers no legal support for its contention that counsel's involvement in J.E.'s expulsion proceedings is not compensable.

*Third*, the reasonableness of hours charged must be considered with reference to results obtained by the prevailing party. *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *see also Aguirre*, 461 F.3d at 1115 ("degree of success obtained" is the most important factor in determining whether fees are appropriate in an IDEA case).  Here, J.E. prevailed at the underlying expedited due process hearing.  When AUHSD initiated an appeal of that decision in this Court, J.E. successfully defended it.  J.E.'s counsel succeeded in securing the results J.E. sought throughout this litigation, a hallmark of excellence. *Id.* at 435-36.  Thus, J.E.'s success was total and full compensatory fees are warranted.  That J.E.'s counsel filed two unsuccessful motions and called one

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No.   CV-12-6588-MWF (JCx)                    Date:  July 11, 2013

Title:       Anaheim Union High School District -*v*- J.E.

unhelpful witness, all in an attempt to advocate on J.E.'s behalf, does not undermine the Court's conclusion that a full compensatory fee is appropriate.  *See Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010) (full fees may be awarded in an IDEA case even where a party does not prevail on every contention). Here, the fees charged for what AUHSD deems "unsuccessful work" were minimal, billed in good faith, and incidental to counsel's zealous advocacy.  These tasks are properly included in the Court's calculation of fees.

In light of these factors, the Court concludes that Ms. Whiteleather reasonably charged for 99.15 hours in connection with the successful expedited due process hearing and 69.65 hours in connection with J.E.'s successful defense in this Court. (*See* Ex. 8 to Whiteleather Decl. (Docket No. 45-10); Ex. 9 to Supplemental Whiteleather Decl. (Docket No. 48-4)).

## II.    HOURLY RATE

Under the IDEA, the hourly rate used for determining a fee award "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415 (i)(3)(c).  J.E. contends that the prevailing rate for special education attorneys in the area is $450 per hour for due process hearing work and $475 per hour for work in the district court. (Whiteleather Decl. at 3-4 (Docket No. 45-3)).  Defendant submits evidence in support of these requests, including declarations of other attorneys in the community of similar skill and experience offering their own hourly rates and past awards.  AUHSD's objections to the declarations submitted in support of Ms. Whiteleather's requested rates are OVERRULED because the declarations sufficiently demonstrate personal knowledge and competency to testify as to the material considered by the Court. (Docket No. 47).

The Ninth Circuit has held that "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990).  The declarations offered by J.E. establish

---

CIVIL MINUTES—GENERAL                                                        3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  CV-12-6588-MWF (JCx)                Date:  July 11, 2013
Title:        Anaheim Union High School District -*v*- J.E.

that hourly attorney rates in the Los Angeles area range from $350 to $560 for IDEA cases heard at the district court and $350 to $475 for representation at due process hearings.  Recently, district courts have assessed Ms. Whiteleather's rates between $350 and $450 per hour.  (*See* Ex.1 to Whiteleather Decl. at 8-9 (Docket No. 45-4) (awarding plaintiff $400 per hour for Ms. Whiteleather's services); Ex. 2 to Whiteleather Decl. at 8 (Docket No. 45-5) ("[T]he Court concludes that Ms. Whiteleather's claimed rates of $425 for work performed in connection with the remand, and $450 for work performed at the District Court level . . . are both reasonable.")).  In opposition, AUHSD submits that a reasonable rate for all work performed by Ms. Whiteleather would be $400 per hour.  The Court agrees.

Based on the evidence submitted by J.E., the Court concludes that Defendant has shown the rate of $400 to be in line with the prevailing community rate for private attorneys with skill and experience comparable to Ms. Whiteleather.  (*See* Ex.1 to Whiteleather Decl. at 8-9 (Docket No. 45-4)).  Higher rates begin to encroach on the outer bounds of acceptable fees in the area and therefore cannot be considered "prevailing."  The Court concludes that $400 is the prevailing rate, and Ms. Whiteleather performed at a level of proficiency that would command that rate.

## III.   COSTS

AUHSD challenges the inclusion of certain costs in the final award.  Specifically, AUHSD challenges the following requests: (1) $16,650 in paralegal fees; (2) $900 in clerical services; (3) $600 in transcription costs; (4) $260 for courier services; and (5) $637.50 in "other clerical time."

AUHSD argues that Dr. Burnett, who Ms. Whiteleather describes as paralegal, is actually a special education advocate whose rates are not compensable under the IDEA's fee shifting regime.  Fees for educational consultants may not be included as "costs" in an IDEA award.  *Arlington Cent. Sch. Dist. Board of Educ. v. Murphy*, 548 U.S. 291, 300, 126 S. Ct. 2455, 165 L. Ed. 2d 526 (2006) ("[T]he terms of the IDEA overwhelmingly support the conclusion that prevailing parents may not recover the costs of experts or consultants.").  While it is true that an individual may be both a consultant and a paralegal, the Court is not persuaded that Dr. Burnett's fees are

CIVIL MINUTES—GENERAL                                                    4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-12-6588-MWF (JCx)                    Date:  July 11, 2013

Title:        Anaheim Union High School District -*v*- J.E.

compensable under the IDEA because Defendant has not shown that Dr. Burnett typically acts as a paralegal or legal assistant.  Ms. Whiteleather's billing entries even refer to Dr. Burnett as an "advocate."  (Ex. 9 to Supplemental Whiteleather Decl. at 1 (Docket No. 48-4)).  Ms. Whiteleather's description of Dr. Burnett's contributions as "'paralegal' work" in her later declaration belies the contention that Dr. Burnett is actually Ms. Whiteleather's paralegal.  (Supplemental Whiteleather Decl. at 3 (Docket No. 48-3)).  But even if Dr. Burnett often acts as a paralegal in other cases, the submitted evidence simply fails to show that Dr. Burnett was a paralegal *in this case*.  The billed tasks do not appear to the Court to be those for which a paralegal would typically be hired.  In other words, Dr. Burnett worked as a consultant.

Accordingly, the $16,650 requested for Dr. Burnett's services must be denied.

The Court also agrees that clerical costs ought to be subsumed in the attorney's hourly rate unless it is shown that community practice dictates otherwise, a showing not made here.  *See Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989) ("[T]he fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client").  Consequently, the claimed clerical costs must be excluded.  The "transcription fee" similarly lacks justification and is excluded as unnecessary.  And finally, the miscalculation identified by AUHSD renders the total compensable courier costs $190.

Accordingly, the Court concludes that J.E. is entitled to $190 in costs.

## IV.   AWARD OF FEES AND COSTS

Defendant is awarded $67,520 in attorneys' fees ((99.15 + 69.65) x 400 = $67,520) and $190 in costs, for a total of $67,710.

IT IS SO ORDERED.