# EXHIBIT 5

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

DEPARTMENT S-15                          HON. DAVID COHN, JUDGE

PEOPLE OF THE STATE OF CALIFORNIA, )
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )  No. FVI-21001312
                                   )
STEFFON TODD BARBER,               )
                                   )
                    Defendant.     )
_____)

REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS

SAN BERNARDINO, CALIFORNIA

DECEMBER 2, 2024

APPEARANCES:

For the People:       JASON ANDERSON
                      District Attorney
                      By:  KATHLEEN FULTZ
                      Deputy District Attorney


For the Defendant:    JAMES BRYANT
                      Attorney at Law

                      RYAN DUCKETT
                      Attorney at Law

**CERTIFIED TRANSCRIPT**

Reported By:          ALICIA S. VASQUEZ, C.S.R.
                      Official Court Reporter, CSR No. 12225

Volume 1 of 7
Pages 1 through 133, incl.

reference point from which to place the action of what took place.

Now, you were just talked to a lot about basically what amounts to the reasonableness of Deputy Alfred's shoot. That is not what you are here to determine. It is not for you to decide if this was a clean shot. Why is it relevant? It's relevant because it was the response to the actions taken and observed by the defendant, observed by Deputy Alfred. What he perceived to be a mortal threat. We know that it was that perception, because Deputy Alfred's response was to use lethal force, to discharge his weapon six times.

The Defense wants you to believe that Deputy Alfred was shooting from the area where the fired cartridge cases were found way back by the house. First, Deputy Alfred was asked, was there any cover or concealment in that driveway? And he said no. We know he was forward of that opening of the backyard area, even though he said the brown wooden fence he didn't feel would protect him because the vehicle could -- it wouldn't stop a vehicle. We knew he was forward of the brown fence, because when asked, was there a path of escape? Was there cover of concealment? He was surrounded by 6 foot fencing.

If he were farthest to the west, hugging that wall, taking cover as described by the Defense, showing you 28, wouldn't you expect based on the angle of the vehicle, to see bullet strikes on the passenger's side of the vehicle? There's no bullet holes there.

MR. BRYANT: Your Honor, objection, based upon motion in

limine.

THE COURT:  Overruled.

MS. FULTZ:  Deputy Alfred told you that he shot to stop the threat, and that he stopped shooting when the vehicle stopped its motion.

You have Instruction No. 226 that assists you in evaluating the credibility of witnesses.  The Defense is luring you under the guise of evaluating the credibility of a witness to engage in deciding whether it was reasonable for Deputy Alfred to shoot.  Again, that is not the decision here.  You can use all of the information about it to weigh credibility of witnesses, but please stay focused on what you're here to decide, and that's the actions and intentions of Mr. Barber.

Now, I know there was this big a-ha moment for the investigation and those footprints, that three and a half years later Detective Hernandez realized during testimony that the footprints were headed in a northbound -- exiting, it was Deputy Alfred's path of exit.  And it was very dramatic and sexy in this revelation mid trial.

Please consider all of the evidence.  Take a step back and decide, first, who provided that investigation?  Who took the photographs of the footprints in the first place with the measuring tool?  With the compass?  That was the sheriffs department.  That was Detective Hernandez and his team as they processed the scene.  Nobody was hiding that.  It was a three and a half year later failure of recollection on that was his exit path.

And what does it change about what occurred?  What

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

--oOo--

THE PEOPLE OF THE STATE       )
OF CALIFORNIA,                )
                              )
                   Plaintiff,)
                              )
              -vs-            )    No. FVI-21001312
                             ) REPORTER'S CERTIFICATE
STEFFON TODD BARBER,          )
                              )
                   Defendant.)
_____)


STATE OF CALIFORNIA           )
                              )  ss
COUNTY OF SAN BERNARDINO      )


     I, ALICIA S. VASQUEZ, Certified Shorthand Reporter, do hereby certify:

     That I am a Certified Shorthand Reporter of the State of California, duly licensed to practice; that I did report in stenotype oral proceedings had upon hearing of the aforementioned cause at the time and place herein before set forth; that the foregoing pages numbered 728 to 771, inclusive, constitute to the best of my knowledge and belief a full, true, and correct transcription from my said shorthand notes so taken for the date of December 12, 2024.

     Dated at San Bernardino, California, this 15th day of May, 2025.




_____
Official Court Reporter
C.S.R. No. 12225