# EXHIBIT 7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-00625-KK-DTBx** | Date: | January 7, 2026 |
|---|---|---|---|

| Title: | ***Steffon Barber v. County of San Bernardino et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motions in Limine [Dkts. 107, 108, 109, 111, 112], and GRANTING in part Plaintiffs' Motions in Limine [Dkts. 114, 115, 116]**

**I.
<u>INTRODUCTION</u>**

On December 11, 2025, defendants County of San Bernardino ("County") and Christopher Alfred ("Deputy Alfred") (together, "Defendants") filed five motions in limine seeking to exclude evidence and witness testimony and to trifurcate the trial into three phases. ECF Docket Nos. ("Dkts.") 107, 108, 109, 111, 112. On the same day, plaintiff Steffon Barber ("Plaintiff") filed three motions in limine seeking to exclude evidence and witness testimony. Dkts. 114, 115, 116.

On December 18, 2025, Defendants filed Oppositions to Plaintiff's Motions in Limine Nos. 1 and 3, dkts. 119, 121, and a Notice of Non-Opposition to Plaintiff's Motion in Limine No. 2, dkt. 120. On the same day, Plaintiffs filed Oppositions to Defendants' motions in limine. Dkts. 124-128.

The matters, thus, stand submitted. The Court finds the matters appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motions in Limine, and **GRANTS in part** Plaintiff's Motions in Limine.

///

///

| Page **1** of **11** | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DC</u> |
|---|---|---|

use of force incidents. <u>See</u> Dkt. 108 at 17, Declaration of Kayleigh Andersen ("Andersen Decl.") ¶ 2, Ex. A at 22-27 ("DeFoe Report"). Mr. DeFoe formed his opinions based on his expertise, knowledge of standard police practices and professional and academic literature in the field, and review of relevant materials. <u>Id.</u> at 2-6.

None of Defendants' arguments to the contrary are persuasive. First, Defendants mischaracterize several of Mr. DeFoe's opinions in the examples they cite of his "unsubstantiated claims and unsupported opinions." Dkt. 108 at 8. Contrary to Defendants' assertions, Mr. DeFoe does not suggest Deputy Alfred used deadly force "because Plaintiff was trying to flee," "a vehicle cannot be considered a deadly weapon to law enforcement," or "Plaintiff was experiencing a mental health crisis" at the time of the shooting. <u>Id.</u> at 8-10. Rather, Mr. DeFoe's opinions address whether Deputy Alfred's conduct complied with standard police training regarding the use of force when an individual is fleeing or attempting to leave the area, is in a moving vehicle, or may be experiencing a mental health crisis. <u>See</u> DeFoe Report at 12-17, 20-21. As noted, Mr. DeFoe's opinions on these issues is directly relevant to the jury's assessment of whether Deputy Alfred's use of force was reasonable.

Further, Mr. DeFoe's opinions are reliable because they fall within the scope of his expertise and are supported by his review of the record. <u>Id.</u> at 2-4. While Defendants argue Mr. DeFoe's opinions "rely on incorrect or speculative information" and "overrid[e] the eyewitness accounts and the physical evidence," Rule 702 "requires foundation, not corroboration." <u>Elosu v. Middlefork Ranch Inc.</u>, 26 F.4th 1017, 1025 (9th Cir. 2022). In offering his opinions, Mr. DeFoe "specified which records and materials [he] reviewed in preparation" and "described the facts that [he] relied upon based on [his] review of these records and materials." <u>Hyer v. City & Cnty. of Honolulu</u>, 118 F.4th 1044, 1057 (9th Cir. 2024). Hence, Mr. DeFoe's testimony is sufficiently reliable. To the extent Defendants are concerned Mr. DeFoe's testimony is not sufficiently corroborated or credible, such concerns go to the weight of the testimony and, therefore, are properly addressed through cross examination. <u>See Elosu</u>, 26 F.4th at 1028.

      b.      **Robert Morales**

Defendants argue Mr. Morales is not qualified and relies on "pure speculation" in rendering his opinions. Dkt. 108 at 12-15. Specifically, Defendants argue (1) Mr. Morales lacks the requisite expertise to provide opinions as to Deputy Alfred's location, (2) Mr. Morales's opinion as to whether Plaintiff was in control of the vehicle during the shooting lacks foundation, (3) Mr. Morales's opinion as to the movement of Plaintiff's vehicle over time is speculative, and (4) Mr. Morales is unqualified to testify to Deputy Alfred's physical capabilities during the incident. <u>Id.</u> at 12-14. Thus, Defendants seek to exclude several opinions by Mr. Morales regarding the movements of Deputy Alfred and Plaintiff's car during the shooting. <u>Id.</u> at 14-15.

Here, as set forth in the Court's December 22, 2025 Order denying Defendants' Motion for Summary Judgment, the Court finds Mr. Morales is not qualified to opine on ballistics evidence. <u>See</u> dkt. 132 at 8 (citing <u>United States v. Johnson</u>, 875 F.3d 1265 (9th Cir. 2017), and <u>Krause v. Cnty. of Mohave</u>, 459 F. Supp. 3d 1258 (D. Ariz. 2020), for the proposition a qualified expert must attest to the reliability of ballistics evidence). Therefore, Mr. Morales may not testify as to Deputy Alfred's location at the time of the shooting to the extent his opinion relies on ballistics evidence beyond the scope of his expertise. <u>See id.</u> However, Mr. Morales may testify as to the location of the shell casings themselves based on his review and analysis of the records and materials. <u>Id.</u>

Nonetheless, the Court finds the remaining portions of Mr. Morales's testimony are relevant and sufficiently reliable. First, Mr. Morales's testimony is relevant to assist the jury in determining the chain of events leading up to and during the April 27, 2021 shooting and, thus, whether Deputy Alfred's use of force was reasonable. Second, Mr. Morales's opinions are reliable because he is qualified as an accident reconstruction expert based on his education, training, and experience, and he formed his opinions based on his expertise in accident reconstruction, application of forensic methods, and review of the relevant materials. See Andersen Decl. ¶ 4, Ex. C ("Morales Report").

None of Defendants' other objections to Mr. Morales's testimony are persuasive. First, Mr. Morales formed his opinion as to whether Plaintiff was in control of the vehicle during the shooting based on an audio analysis of Deputy Alfred's belt recording, employing "advanced spectral analysis techniques" to "identif[y] and isolate[]" "significant acoustic events." Id. at 10-11. Thus, Mr. Morales's opinion is supported by sufficient evidentiary foundation and was formed in a manner consistent with his knowledge and experience. See Hyer, 118 F.4th at 1056. Similarly, contrary to Defendants' argument, Mr. Morales adequately explains how he derived his conclusions on the movement of Plaintiff's vehicle during the shooting from his review and analysis of the relevant materials using, among other methods, photogrammetry and vehicle dynamics reconstruction. See Andersen Decl. ¶ 4, Ex. C at 6, 12. Finally, Mr. Morales's opinions as to the average person's walking speed and whether Deputy Alfred had enough time to move away from Plaintiff's vehicle do not implicate expertise in "body dynamics." Dkt. 108 at 14; cf. Wise v. S. Tier Express, Inc., 780 F. App'x 477, 479 (9th Cir. 2019) (holding a statement that a vehicle accident occurred at "walking speed" was "fair commentary on lay opinion evidence"). Hence, the remaining portions of Mr. Morales's testimony are sufficiently reliable. To the extent Defendants argue Mr. Morales's testimony is not sufficiently corroborated or credible, such concerns go to the weight of the testimony and, therefore, are properly addressed by cross examination. See Elosu, 26 F.4th at 1028; see also Zuniga v. City of Los Angeles, No. CV 22-03665-CBM-ASx, 2024 WL 4738212, at *2 (C.D. Cal. Sep. 18, 2024) (finding an accident reconstruction expert "not need to state his opinions with absolute certainty for his testimony to be admissible").

Accordingly, Defendants' Motion in Limine No. 2 is **DENIED** as to Mr. DeFoe, **GRANTED in part** as to Mr. Morales to the extent Mr. Morales's testimony relies on ballistics evidence, and **DENIED in part** as to the remainder of Mr. Morales's testimony.

### 3.      Motion in Limine No. 3

Defendants' Motion in Limine No. 3 seeks to exclude all testimony by Plaintiff's expert, Dr. Amy Magnusson as cumulative, unsupported by the requisite qualifications, lacking foundation, and irrelevant. Dkt. 109. As specific examples of Dr. Magnusson's allegedly unreliable opinions, Defendants cite (1) Dr. Magnusson's psychological and neurological diagnostic opinions as to Plaintiff's injuries, including his shoulder injury and (2) Dr. Magnusson's treatment recommendations for Plaintiff, which she made without knowledge of his incarceration in state custody. Id. at 7-10.

Here, the Court finds Dr. Magnusson's testimony is both relevant and reliable. First, Dr. Magnusson's testimony is relevant to assess the extent of Plaintiff's care needs and, therefore, the extent of Plaintiff's alleged damages from Deputy Alfred's use of force. Contrary to Defendants' argument, Dr. Magnusson's treatment recommendations for Plaintiff are not irrelevant simply

Here, the Court finds trifurcation is not warranted.  Plaintiff's claims for individual liability and Monell liability both stem from Deputy Alfred's April 27, 2021 shooting of Plaintiff and, thus, involve overlapping evidence and witness testimony.  Therefore, trifurcation would likely result in duplicative proceedings and not promote convenience or judicial economy.  See, e.g., Briones v. City of San Bernardino, No. CV 10-07571, 2012 WL 13124163, at *2 (C.D. Cal. Feb. 16, 2012) (declining to trifurcate a trial involving individual liability and Monell claims); Aguilar v. City of Los Angeles, No. CV 17-4382-CBM-MRWx, 2018 WL 11682561, at *2 (C.D. Cal. Oct. 2, 2018) (same).  Further, as noted, to the extent Defendants are concerned about the risk of potential prejudice, the Court may issue appropriate limiting instructions to the jury.  See Rodriguez, 891 F.3d at 807.

Accordingly, Defendants' Motion in Limine No. 5 is **DENIED**.  However, in light of Plaintiff's willingness to bifurcate the trial, the Court will bifurcate the trial into two phases.  The first phase will address liability, Plaintiff's Monell claim, and compensatory damages, and whether Plaintiff is entitled to punitive damages.  If the jury finds Deputy Alfred liable in the first phase, a second phase will address the calculation punitive damages.  See, e.g., Abascal v. Cnty. of Los Angeles, No. CV 23-05246-HDV-JCx, 2025 WL 1090387, at *2 (C.D. Cal. Mar. 17, 2025).

## B.    PLAINTIFF'S MOTIONS IN LIMINE

### 1.    Motion in Limine No. 1

Plaintiff's Motion in Limine No. 1 seeks to exclude all evidence of Plaintiff's criminal history, including (1) prior contacts with law enforcement, (2) allegations that Plaintiff had a "moniker," (3) hearsay statements regarding whether Plaintiff had struck or yelled at his wife in the past, (4) Plaintiff's probation status at the time of the April 27, 2021 incident, and (5) Plaintiff's criminal conviction and incarceration resulting from the April 27, 2021 incident.  Dkt. 114 at 2.  Specifically, Plaintiff argues such evidence is irrelevant, unfairly prejudicial, impermissible character evidence, and hearsay.  Id. at 2-9.  Defendants argue such evidence is relevant to show Plaintiff's "intent, motive, and plan" during the April 27, 2021 incident and to establish the amount of damages.  Dkt. 119 at 4-5.

Here, the Court finds the evidence of Plaintiff's criminal history is inadmissible.  First, it is undisputed Deputy Alfred was unaware of Plaintiff's criminal history, including his probation status, prior to the April 27, 2021 incident.  Thus, Plaintiff's past criminal history is not relevant to determining whether Deputy Alfred's use of force was "objectively reasonable in light of the facts and circumstances confronting [him]" at the time of the incident.  Glenn v. Washington Cnty., 673 F.3d 864, 871 (9th Cir. 2011) (citation modified); see also id. at 873 n.8 ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." (citing Graham, 490 U.S. at 396)).

Second, Defendants seek to offer the evidence of Plaintiff's criminal history to show Plaintiff's "impetus to ignore the commands of law enforcement and resist arrest," as the evidence "make it more likely that Plaintiff would display repeated noncompliance and resist [Deputy Alfred] in his lawful duties" and, thus, "that Plaintiff posed an immediate threat."  Dkt. 114 at 4, 8.  However, as noted, Rule 404 prohibits the use of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Defendants' proffered purpose for introducing Plaintiff's criminal history appears to fall squarely within Rule 404's limit by showing

Plaintiff had a criminal character and acted in conformity with that character trait by refusing to comply with and resisting Deputy Alfred's commands. See, e.g., Castro v. Cnty. of Los Angeles, No. CV 13-06631-CAS-SSx, 2015 WL 4694070, at *3 (C.D. Cal. Aug. 3, 2015) (excluding evidence of the plaintiff's prior convictions where such evidence served the purpose of demonstrating the plaintiff's criminal character); V.V. v. City of Los Angeles, No. CV 21-01889-MCS-PDx, 2022 WL 3598167, at *6 (C.D. Cal. July 6, 2022) (same).

Additionally, while Defendants contend Plaintiff's criminal history is admissible for non-propensity purposes, Defendants fail to show how Plaintiff's intent, motive, or plan are at issue in this case. See Jackson v. Cnty. of San Bernardino, 194 F. Supp. 3d 1004, 1009 (C.D. Cal. 2016) (finding the plaintiff's motivation or intention irrelevant where the defendants did not assert a "suicide by cop" defense); Valtierra v. City of Los Angeles, 99 F. Supp. 3d 1190, 1193 (C.D. Cal. 2015) (same). Finally, as set forth in the Court's December 22, 2025 Order, the elements of assault under section 245(c) of the California Penal Code for which Plaintiff was convicted are broader than and distinct from the issue of whether Deputy Alfred's conduct was objectively reasonable for the purposes of Plaintiff's excessive force claim. See dkt. 132 at 11-12. Therefore, Plaintiff's conviction offers little probative value in this case. Moreover, even assuming Plaintiff's conviction were relevant, the Court finds the probative value of this evidence would be outweighed by the risk of prejudice and confusing the issues as the jury would be required to sift through complex issues including the factual and legal basis for Plaintiff's criminal conviction and how to factor Plaintiff's criminal conviction into a civil case raising factually and legally distinct excessive force claims.

Accordingly, Plaintiffs' Motion in Limine No. 1 is **GRANTED** to the extent such evidence is presented on issues related to liability. However, the Court reserves ruling on whether the evidence is presented for the limited purpose of determining damages.

### 2.    Motion in Limine No. 2

Plaintiffs' Motion in Limine No. 2 seeks to exclude evidence, testimony, argument, or reference to (1) the District Attorney's conclusions regarding Deputy Alfred's use of deadly force, (2) the District Attorney's decision not to press charges against Deputy Alfred, and (3) the County's findings regarding Deputy Alfred's use of deadly force. Dkt. 115. Defendants do not oppose Plaintiff's Motion in Limine No. 2. Dkt. 120.

Accordingly, Plaintiffs' Motion in Limine No. 2 is **GRANTED**.

### 3.    Motion in Limine No. 3

Plaintiffs' Motion in Limine No. 3 seeks to exclude evidence of Plaintiff's drug use, including (1) Plaintiff's criminal history relating to drug use, (2) the toxicology report indicating the presence of methamphetamine and benzodiazepines at the time of the incident, (3) hearsay statements regarding Plaintiff's drug use in medical records or police reports, (4) witness testimony regarding Plaintiff's drug use, and (5) the portion of the 911 call indicating Plaintiff appeared to be intoxicated or under the influence. Dkt. 116 at 1-2. Plaintiff argues this evidence is irrelevant and unfairly prejudicial and amounts to impermissible character evidence and hearsay. Id. at 2. Defendants contend the evidence of Plaintiff's drug use is relevant to showing Plaintiff's "intent, motive, and plan during the incident" and to the issue of damages. Dkt. 121 at 3-4.

Here, the Court finds evidence of Plaintiff's drug use is inadmissible.  First, Deputy Alfred could not have known the specific details of Plaintiff's prior drug use or drug use immediately preceding the incident.  See dkt. 116 at 2.  As noted, the Court may not "consider evidence of which the officers were unaware."  Glenn, 673 F.3d at 873 n.8 (citing Graham, 490 U.S. at 396).  Further, even if Deputy Alfred believed Plaintiff was under the influence of drugs, such evidence has "marginal, if any, probative value as to damages, and none as to liability."  Est. of Diaz v. City of Anaheim, 840 F.3d 592, 603 (9th Cir. 2016); accord V.V., 2022 WL 3598167, at *4-5.  Hence, Deputy Alfred may only testify to his impression of Plaintiff or information he knew at the time of the incident.

Accordingly, Plaintiffs' Motion in Limine No. 3 is **GRANTED** to the extent Defendants seek to introduce evidence of Plaintiff's drug use beyond Deputy Alfred's knowledge at the time of the incident.  However, the Court reserves ruling on whether the evidence is presented for the limited purpose of determining damages.

**IV.**
**CONCLUSION**

For the reasons set forth above, it is **HEREBY ORDERED** as follows:

1. Defendants' Motion in Limine No. 1 is **GRANTED in part** and **DENIED in part** (Dkt. 107);
2. Defendants' Motions in Limine Nos. 2, 3, 4, and 5 are **DENIED** (Dkts. 108, 109, 111, 112);
3. Plaintiffs' Motion in Limine Nos. 1 and 3 are **GRANTED IN PART** (Dkt. 114, 116); and
4. Plaintiffs' Motion in Limine No. 2 is **GRANTED** (Dkt. 115).

   **IT IS SO ORDERED**.