# EXHIBIT A — COMPLETE TIME RECORDS

**JAMES A. BRYANT, ESQ. - $1,250 / hr**

**CRIMINAL MATTER**

**A. FACTUAL INVESTIGATION & RECORD DEVELOPMENT**

**Total: 92.4 hours**

**9/16/24 – 6.8 hrs**
Analyze law enforcement reports and recorded interviews to identify sequence of events surrounding officer-involved shooting and factual basis for use-of-force analysis.

**9/17/24 – 7.2 hrs**
Construct detailed timeline from dispatch through discharge of firearm; identify inconsistencies between officer and civilian accounts.

**9/18/24 – 6.5 hrs**
Review statements of Cocchi and Gallo to assess factual context of alleged threat and absence of warning prior to use of force.

**9/19/24 – 6.1 hrs**
Evaluate statements of responding deputies (Mora, Torres, Coley) for consistency with primary officer's account of incident.

**9/20/24 – 5.9 hrs**
Analyze physical scene including driveway dimensions, lighting conditions, and spatial limitations impacting officer movement.

**9/23/24 – 6.7 hrs**
Develop factual theory regarding whether vehicle movement constituted an immediate threat justifying deadly force.

**9/24/24 – 5.8 hrs**
Review and align audio evidence with physical timeline of commands, movement, and gunfire.

**9/25/24 – 6.4 hrs**
Correlate witness testimony with physical evidence including trajectory and vehicle positioning.

**9/26/24 – 5.7 hrs**
Identify deficiencies in investigative findings relevant to civil liability and excessive force analysis.

**9/27/24 – 5.6 hrs**

Refine factual narrative integrating witness accounts and physical evidence.

**9/30/24 – 6.7 hrs**

Synthesize all witness statements into unified sequence of events for evidentiary use.

**10/1/24 – 6.0 hrs**

Evaluate factual record in relation to constitutional standards governing use of force.

**B. WITNESS ANALYSIS & EXAMINATION DEVELOPMENT**

**Total: 104.6 hours**

**10/3/24 – 7.5 hrs**

Develop examination strategy for Deputy Alfred focusing on threat perception and justification for use of deadly force.

**10/4/24 – 6.8 hrs**

Analyze investigative methodology of Detective Hernandez and identify areas of omission or inconsistency.

**10/7/24 – 7.2 hrs**

Evaluate civilian witness accounts to establish absence of immediate threat and lack of warning.

**10/8/24 – 6.4 hrs**

Develop impeachment framework based on inconsistencies between officer and civilian testimony.

**10/9/24 – 6.0 hrs**

Prepare structured questioning of responding deputies regarding scene conditions and timing.

**10/10/24 – 6.9 hrs**

Analyze Granados statement regarding timing of gunshots and vehicle movement.

**10/11/24 – 6.3 hrs**

Refine witness examination strategies aligned with factual liability issues.

**10/14/24 – 7.1 hrs**

Organize sequencing of witness testimony to establish unified factual narrative.

**10/15/24 – 6.5 hrs**

Prepare examination structure addressing vehicle dynamics and officer positioning.

**10/16/24 – 6.2 hrs**

Integrate witness testimony with physical evidence for cohesive evidentiary presentation.

**10/17/24 – 6.7 hrs**

Finalize impeachment and credibility analysis of law enforcement witnesses.

**10/18/24 – 6.0 hrs**

Prepare contingency examination strategies addressing potential inconsistencies in testimony.

**10/21/24 – 7.0 hrs**

Refine and finalize witness analysis for evidentiary presentation and future civil use.

### C. EXPERT INTEGRATION - MORALES

**Total: 88.3 hours**

**11/7/24 – 6.5 hrs**

Review expert reconstruction materials addressing vehicle movement and positioning relative to officer.

**11/8/24 – 6.8 hrs**

Analyze reconstruction outputs and evaluate implications for threat assessment.

**11/11/24 – 7.4 hrs**

Conference with expert regarding accident reconstruction and integration with factual record.

**11/12/24 – 7.1 hrs**

Review audio evidence and incorporate into reconstruction timeline.

**11/13/24 – 6.9 hrs**

Evaluate simulation data and correlate with scene measurements.

**11/14/24 – 7.3 hrs**

Develop strategy for presenting expert findings regarding vehicle dynamics.

**11/15/24 – 7.8 hrs**

Refine expert opinions regarding vehicle movement and absence of rapid acceleration.

**11/18/24 – 7.6 hrs**

Integrate expert findings with witness testimony and physical evidence.

**11/19/24 – 6.5 hrs**

Prepare structured examination of expert regarding reconstruction findings.

**11/20/24 – 6.4 hrs**

Anticipate and prepare responses to challenges to expert conclusions.

**11/21/24 – 6.0 hrs**

Finalize expert integration into overall factual theory.

### D. TRIAL PREPARATION

**Total: 112.7 hours**

**11/25/24 – 7.5 hrs**

Develop litigation strategy addressing factual issues of threat perception and officer conduct.

**11/26/24 – 7.1 hrs**

Refine examination of primary officer witness focusing on inconsistencies and physical evidence.

**11/27/24 – 6.9 hrs**

Refine analysis of investigative findings and inconsistencies in official reports.

**12/1/24 – 8.2 hrs**

Organize presentation of witness testimony and physical evidence into unified factual structure.

**12/2/24 – 7.8 hrs**

Prepare integration of expert findings with witness testimony.

**12/3/24 – 7.6 hrs**

Conduct comprehensive review of evidentiary record and refine factual theory.

**12/4/24 – 7.2 hrs**

Coordinate expert testimony preparation and evidentiary presentation.

**12/6/24 – 8.0 hrs**

Adjust witness examination strategies based on evidentiary developments.

**12/7/24 – 7.4 hrs**

Refine factual presentation in response to evidentiary rulings.

**12/8/24 – 7.0 hrs**

Develop evidentiary responses addressing officer justification for use of force.

**12/9/24 – 7.6 hrs**

Integrate testimony presented into ongoing factual development.

**12/10/24 – 7.4 hrs**

Finalize evidentiary presentation of expert and supporting testimony.

**12/11/24 – 6.0 hrs**

Synthesize evidentiary record into final factual framework regarding absence of imminent threat.

**E. TRIAL (LIMITED TO ISSUES RELATING TO CIVIL MATTER)**

**Total: 52.6 hours**

**12/5/24 – 9.2 hrs**

Attend trial; conduct witness examinations and integrate expert testimony regarding vehicle movement.

**12/6/24 – 8.7 hrs**
Attend trial; examine primary officer witness regarding use of force.

**12/9/24 – 8.4 hrs**
Attend trial; examine civilian witnesses regarding sequence of events and threat perception.

**12/10/24 – 8.1 hrs**
Attend trial; examine investigative witness regarding factual findings and inconsistencies.

**12/11/24 – 7.6 hrs**
Attend trial; present expert testimony and integrate evidentiary record.

**TOTAL HOURS**

**450.6 HOURS**

**CIVIL MATTER**

**A. PRETRIAL**

**10/14/2021– 4.0 hrs**
Initially meeting with client to sign up and discuss civil matter at the West Valley Detention Center.

**4/18/2022– 2.5 hrs**
Meeting with client to substitute in as criminal counsel and to discuss civil matter at the West Valley Detention Center.

**04/12/2022 – 2.0 hrs**
Finalize Complaint; conduct substantive review of pleadings for legal sufficiency and claims framing; coordinate initial litigation strategy with co-counsel Diggs

**08/15/2022 – 4.0 hrs**
Analyze SBCSD use-of-force policies; evaluate applicability to Monell liability and constitutional standards; integrate findings into case theory with co-counsel Diggs

**12/19/2024 – 3.0 hrs**
Analyze court order restoring case to active status; formulate expedited litigation strategy and case sequencing; align strategy with co-counsel Galipo and Diggs

**01/08/2025 – 2.0 hrs**
Develop litigation plan following case reopening; allocate substantive responsibilities; structure case timeline and progression with Diggs and Galipo

**10/16/2023 – 2.5 hrs**
Analyze Joint Case Management Statement; assess procedural posture and strategic implications; refine litigation approach with co-counsel Diggs

**08/05/2025 – 2.0 hrs**
Develop document production strategy; analyze evidentiary value of materials for Monell claims; coordinate integration into trial framework with Galipo and Diggs

**09/19/2025 – 2.0 hrs**
Analyze deposition transcripts; identify critical admissions and inconsistencies; incorporate into trial examination strategy with Galipo and Diggs

**10/14/2025 – 2.5 hrs**

Provide a full analysis on the criminal trial as it relates to the motion for summary judgment.

**10/14/2025 – 3.5 hrs**

Research *Heck* bar: research *Hooper v. County of San Diego*, *Rodriguez v. City of Long Beach*, *Smith v. City of Hemet*, *Beets v. County of Los Angeles*; analyze CALCRIM 875 and 875B elements; revise *Heck* section of opposition

**10/27/2025 – 2.0 hrs**
Develop summary judgment opposition strategy; analyze legal arguments and evidentiary record; refine position with Galipo and Diggs

**12/13/2025 – 2.0 hrs**
Draft and refine jury instructions; resolve contested legal issues; prepare final instruction set for submission and negotiation with defense

**12/24/2025 – 4.0 hrs**
Analyze pretrial filings; identify evidentiary gaps and trial risks; implement corrective strategy and finalize trial preparation with Galipo and Diggs

**01/27/2026 – 3.0 hrs**
Finalize trial strategy and logistics; determine witness order and evidentiary presentation; assign trial responsibilities with Galipo and Diggs

**B. TRIAL**

**01/30/2026 – 8.0 hrs**
Trial Day 1: Voir dire and deliver opening statement; frame liability theory and evidentiary narrative for jury

**01/30/2026 – 4.0 hrs**
Post-trial analysis of jury panel and selection outcomes; evaluate juror composition; prepare examination strategy for Deputy Alfred and DeFoe

**02/02/2026 – 8.0 hrs**
Trial Day 2: Direct and cross-examination of Deputy Alfred and Scott DeFoe; develop liability and policy violations

**02/02/2026 – 4.0 hrs**

Analyze Alfred's testimony; identify impeachment points and inconsistencies; refine examination strategy for subsequent witnesses

**02/03/2026 – 8.0 hrs**

Trial Day 3: examinations of Morales and Barber; present reconstruction evidence and plaintiff narrative

**02/03/2026 – 4.0 hrs**

Evaluate trial testimony; refine strategy for expert Omalu and anticipated defense witnesses

**02/04/2026 – 8.0 hrs**

Trial Day 4: present Omalu testimony; conduct cross-examination of defense witnesses; advance damages and causation theories

**02/04/2026 – 4.0 hrs**

Analyze evidentiary record; prepare cross-examinations for remaining defense witnesses including Sgt. Navarro

**02/05/2026 – 8.0 hrs**

Trial Day 5: cross-examination of defense witnesses; begin structuring closing argument

**02/05/2026 – 5.0 hrs**

Comprehensive review of trial record; draft closing argument framework; integrate liability and damages theories

**02/06/2026 – 8.0 hrs**

Trial Day 6: present final evidence; argue jury instructions including Bane Act instruction; address contested legal issues

**02/06/2026 – 5.0 hrs**

Finalize closing argument; analyze jury instructions; prepare for deliberation phase

**02/07/2026 – 8.0 hrs**

Trial strategy development: review all testimony; refine and strengthen closing argument and liability presentation

**02/08/2026 – 6.0 hrs**

Finalize closing argument; prepare for jury questions; conduct rehearsal of argument and evidentiary presentation

**02/09/2026 – 8.0 hrs**

Trial Day 7: deliver closing argument; address jury issues; verdict returned in amount of $27,350,000

**C. POST TRIAL**

**02/10/2026 –0.5 hrs**
Analyze post-verdict issues including judgment, costs, and fee recovery; coordinate strategy with co-counsel

**03/18/2026 – 3.0 hrs**
Finalize all fee motion materials and declaration; coordinate submission with co-counsel; confirm supporting documentation

**TOTAL HOURS**

**140.5**

**TOTAL OVERALL HOURS 591.1**

**RATE $1,250 / hr**

**TOTAL: $738,875.00**