Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
Angela Brunson (State Bar No. 189223)
  *Angela.Brunson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00625-KK-DTBx<br><br>*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S OBJECTION TO THE DECLARATION OF JAMES BRYANT AND EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Judge:  Hon. Kenly Kiya Kato<br>Date:   May 7, 2026<br>Time:   9:30 a.m.<br>Crtrm.:  3; 3rd Floor |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Along with his reply in support of his motion for attorney's fees, plaintiff Steffon Barber submitted the Declaration of James Bryant and annexed exhibits, including timekeeping records. Dkt. 225.  However, as set forth in Defendants' opposition (Dkt. 217, p. 9:24-10:2), it is Plaintiff's burden to submit evidence in support of hours worked, and Plaintiff was required to include that evidence with his motion, so that Defendants would have an opportunity to respond.  This court should therefore strike and not consider the untimely declaration and annexed exhibits.

## II.    PLAINTIFF FAILED TO SUBMIT EVIDENCE IN SUPPORT OF THE HOURS WORKED BY JAMES BRYANT

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007) The Court may reduce the award where documentation of the hours is inadequate. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).  Plaintiff did not submit any evidence in support of Bryant's hours or fees along with his motion for attorneys' fees.

## III.    THE COURT SHOULD STRIKE THE DECLARATION OF JAMES BRYANT AND EXHIBITS AS UNTIMELY BECAUSE DEFENDANTS WERE PREJUDICED

"The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." Civ. L.R. 7-12.  Here, pursuant to the order (by stipulation) regarding the briefing schedule the deadline for Plaintiff to file his Attorneys' Fees Motion was "Four weeks after this Court's entry of Judgment." (Dkt. 205).  Because the judgment was entered on February 25, 2026

2

(Dkt. 207), the Plaintiff's deadline to file his Attorneys' Fee Motion was March 25, 2026. The Declaration of James Bryant and exhibits were thus untimely filed as they were filed on April 22, 2026. (Dkt. 225).

Plaintiff concedes that the Bryant Declaration and exhibits were untimely filed. (Dkt. 224, p. 4:22-23). Notably, Plaintiff does not provide any reason as to why Mr. Bryant's declaration and exhibits were untimely filed, only stating that they were "inadvertently omitted," which is not good cause or excusable neglect especially given that the parties stipulated to an extended briefing schedule. (*See* Dkt. 205). Courts have stricken similarly late-filed timekeeping records when evaluating requests for attorneys' fees. *See Langley v. GEICO General Ins. Co.*, 2017 WL 1682582, at *1 (E.D. Wash., Apr. 5, 2017) (striking timekeeping records included for first time with reply in support of motion for attorneys' fees because moving party "should have included all of the fees he was requesting in his initial motion"). Accordingly, the Court should strike the untimely filed documents.

Defendants have been prejudiced by the untimely filing of the Bryant Declaration and its exhibits. Because of the untimely filing, Defendants have not had time to properly analyze the Declaration and exhibits in support of Mr. Bryant's claimed 591.1 hours. Had Defendants been given sufficient time, Defendants would have provided the records to their billing expert, Mr. Gerald Knapton, for a proper analysis. Defendants have been deprived of an opportunity to properly respond to the Bryant Declaration.

## IV.    THE MEDIAN RATE AS REPORTED BY REAL RATE IS $875

Separately, as a matter of reference to Defendants' opposition papers, Mr. Bryant's requested rate of $1,250 is far greater than the median rate of $875. (*See* Dkt. 217-2, ¶ 44.). While the Defendants' position is that Plaintiff should not be awarded any fees in connection with Plaintiff's criminal case for the reasons set forth in Defendants' opposition, if the Court is inclined to consider it, the Court

3

should calculate Mr. Bryant's rate based on the median rate of $875.

## V.    CONCLUSION

For the reasons set forth herein, the Court should strike the Declaration of James Bryant and exhibits (Dkt. 225) in its entirety.

DATED:  April 22, 2026                         Respectfully submitted,

                                                **MANNING & KASS**
                                                **ELLROD, RAMIREZ, TRESTER LLP**


                                                By:   _____/s/ Kayleigh Andersen____
                                                      Eugene Ramirez
                                                      Kayleigh Andersen
                                                      Angela Brunson
                                                      Attorneys for Defendant, COUNTY OF
                                                      SAN BERNARDINO and DEPUTY
                                                      CHRISTOPHER ALFRED

**DEFENDANTS COUNTY OF SAN BERNARDINO AND DEPUTY CHRISTOPHER ALFRED'S OBJECTION TO THE DECLARATION OF JAMES BRYANT AND EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**