**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEFFON BARBER, an individual,<br>Plaintiff,<br>v.<br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br>Defendants | Case No. 5:22-cv-00625-KK-DTB<br><br>AMENDED JUDGMENT |

The trial of this action began on January 30, 2026, in Courtroom 3 of the United States District Court, Central District of California, Honorable Kenly Kiya Kato, presiding. Plaintiff Steffon Barber was represented by attorneys Dale K. Galipo, Rodney S. Diggs, Renee V. Masongsong, and James A. Bryant, II at trial. Defendants County of San Bernardino and Christopher Alfred were represented by attorneys Gene Ramirez, Kayleigh Anderson, and Angela Brunson of Manning & Kass at trial.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. The jury of eight deliberated and thereafter returned a verdict as follows:

**CLAIM ONE: SECTION 1983—EXCESSIVE FORCE**

**QUESTION 1:**

Did Defendant CHRISTOPHER ALFRED use excessive force against STEFFON BARBER?

✓ YES _______ NO

If you answered "Yes" to this question, proceed to Question No. 2.

If you answered "No" to this question, skip Question Nos. 2-6 and proceed to Question No. 7 (page 6).

**QUESTION 2:**

Was the use of excessive force a cause of harm, injury, or damage to Plaintiff STEFFON BARBER?

✓ YES ______ NO

If you answered "Yes" to this question, proceed to Question No. 3.

If you answered "No" to this question, skip Question Nos. 3-6 and proceed to Question No. 7 (page 6).

**CLAIM TWO: SECTION 1983—FAILURE TO TRAIN**

**QUESTION 3:**

Did Defendant COUNTY OF SAN BERNARDINO fail to provide adequate training to its police officers?

______ YES ✓ NO

If you answered "Yes" to this question, proceed to Question No. 4.

If you answered "No" to this question, skip Question Nos. 4 & 5 and proceed to Question No. 6 (page 5).

**QUESTION 4:**

Was Defendant COUNTY OF SAN BERNARDINO deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately?

_______ YES _______ NO

If you answered “Yes” to this question, proceed to Question No. 5.

If you answered “No” to this question, skip Question No. 5 and proceed to Question No. 6 (page 5).

**QUESTION 5:**

Did Defendant COUNTY OF SAN BERNARDINO’s failure to train play a substantial part in bringing about or actually causing the injury, damage, or harm to Plaintiff STEFFON BARBER?

_______ YES _______ NO

Proceed to Question 6.

## CLAIM THREE: BANE ACT

**QUESTION 6:**

Did Defendant CHRISTOPHER ALFRED intentionally interfere with, or attempt to interfere with, Plaintiff STEFFON BARBER'S civil rights by threats, intimidation, or coercion in violation of the Bane Act?

✓ YES _______ NO

Proceed to Question 7.

## CLAIM FOUR: BATTERY

**QUESTION 7:**

Did Defendant CHRISTOPHER ALFRED commit a battery in using deadly force on Plaintiff STEFFON BARBER?

✓ YES _______ NO

Proceed to Question 8.

**CLAIM FIVE: NEGLIGENCE**

**QUESTION 8:**

Was Defendant CHRISTOPHER ALFRED negligent in his use of deadly force on Plaintiff STEFFON BARBER?

✓ YES ________ NO

If you answered "Yes" to this question, proceed to Question No. 9.

If you answered "No" to this question, skip Question Nos. 9 & 10 and proceed to Question No. 11 (page 9).

**QUESTION 9:**

Was Plaintiff STEFFON BARBER negligent in his interactions with Defendant CHRISTOPHER ALFRED?

✓ YES ________ NO

If you answered "Yes" to this question, proceed to Question No. 10.

If you answered "No" to this question, skip Question Nos. 10 and proceed to Question No. 11 (page 9).

**QUESTION 10**:

What percentage of responsibility for Plaintiff STEFFON BARBER's injury, damage, loss, or harm do you assign to the negligent conduct, if any, of the following individuals?

| | |
|---|---|
| Christopher Alfred | 64 % |
| Steffon Barber | 36 % |

Your total must equal 100%

Proceed to Question 11.

**CLAIM SIX: NEGLIGENCE**

**QUESTION 11**:

Did Defendant CHRISTOPHER ALFRED cause Plaintiff STEFFON BARBER to suffer severe emotional distress?

✓ YES _______ NO

Proceed to Question 12.

## DAMAGES

**QUESTION 12:**

Only answer this question if you answered "Yes" to any of Question Nos. 2, 5, 6, 7, 8, or 11. If you did not answer Question Nos. 2, 5, 6, 7, 8, or 11, of if you answered "No" to Question Nos. 2, 5, 6, 7, 8, or 11, please sign and return this form.

What are Plaintiff STEFFON BARBER's damages?

| | |
|---|---|
| Past Pain and Suffering and Emotional Distress | $7,250,000 |
| Future Pain and Suffering and Emotional Distress | $18,250,000 |
| Future Economic Loss | $1,850,000[1] |

[1] Subsequent to the jury's verdict, on June 1, 2026, the Court issued an In Chambers Order (Dkt. 232) denying Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. 208), conditionally denying Defendants' Motion for New Trial (Dkt. 210), wherein the Court held that Plaintiff's future economic damages award was to be remitted to $0 or a new trial was to be had, limited to proving Plaintiff's economic damages. Counsel for the Parties met and conferred and reached a settlement as to Plaintiff's economic damages, in the amount of $500,000.

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that final judgment in this action be entered as follows:

Pursuant to a settlement between the Parties, the amount of Plaintiff's economic damages is reduced to $500,000.

Total judgment in the sum of $26,000,000, plus costs, pursuant to Federal Rule of Civil Procedure 54(d)(1), interest calculated from the date of the entry of this amended judgment, at the rate specified by 28 U.S.C. §1961, and reasonable statutory attorneys' fees and costs as may be awarded by this Court, is entered against Defendants COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED and in favor of Plaintiff STEFFON BARBER. Plaintiff STEFFON BARBER is the prevailing party and may apply to the court for an award of costs and reasonable statutory attorneys' fees as permitted by law.

IT IS SO ORDERED.

DATED: August 31, 2026

Hon. Kenly Kiya Kato