# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
--oOo--

| | |
|---|---|
| I.H., ET AL., | ) Docket No. 19-CV-2343-DAD |
| | ) Sacramento, California |
| Plaintiffs, | ) February 3, 2025 |
| | ) 1:32 p.m. |
| v. | ) |
| | ) |
| STATE OF CALIFORNIA CALIFORNIA HIGHWAY PATROL, ET AL., | ) Re: Motion hearing |
| Defendants. | ) |

TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS
BEFORE THE HONORABLE DALE A. DROZD
UNITED STATES DISTRICT JUDGE

APPEARANCES (via Zoom):

For the Plaintiffs: LAW OFFICES OF DALE K. GALIPO by
MR. DALE K. GALIPO
MS. HANG DIEU LE
21800 Burbank Boulevard
Suite 310
Wooland Hills, CA 91367

GUIZAR HEDERSON & CARRAZCO
MR. ANGEL CARRAZCO, JR.
18301 Irvine Boulevard
Tustin, CA 92780
MR. KENT MATTHEW HENDERSON
3500 West Beverly Boulevard
Montebello, CA 90640

Remotely Reported by: JENNIFER COULTHARD, RMR, CRR, CRC
United States District Court 501 I Street, Suite 4-200
Sacramento, California 95814
Jennifer_Coulthard@Yahoo.com
(530)537-9312

Proceedings reported via mechanical steno - transcript produced via computer-aided transcription.

APPEARANCES (Cont'd):

For the Defendants: OFFICE OF THE ATTORNEY GENERAL by
MS. LEEANN E. WHITMORE
1300 I Street, Suite 125
Sacramento, CA 94244

SACRAMENTO, CALIFORNIA

Monday - February 3, 2025 1:32 p.m.

P R O C E E D I N G S

--oOo--

(In open court:).

THE CLERK: Calling civil case 19-02343-DAD. I.H., et al. versus State of California, et al. Your Honor, this matter is on calendar for defendant's motion for a new trial and plaintiffs' motion for attorneys' fees.

THE COURT: Please state your appearances beginning with counsel for plaintiff.

MR. GALIPO: Good afternoon. Sorry. Good afternoon, Your Honor; Dale Galipo appearing on behalf of the plaintiffs and I also have Hang Le from my office sitting nearby and listening and obviously we have Kent Henderson, my colleagues Kent Henderson and Angel Carrazco also on behalf of plaintiffs.

MS. WHITMORE: Good afternoon, Your Honor; LeeAnn Whitmore on behalf of defendants.

THE COURT: Good afternoon.

So the case is on calendar for hearing on two motions, first defendants' motion for a new trial and remittitur and/or remittitur and then the second motion, plaintiffs' motion for attorneys' fees and costs.

On the cost side of things, we issued a minute order asking for an amended cost submission from plaintiffs. That's

MR. CARRAZCO: One of the attorneys here in my office that I work with. He's a new lawyer and I prepared him to defend her deposition.

THE COURT: So --

MR. CARRAZCO: I was not present at the time her deposition was taken.

THE COURT: Okay. So the three hours that you billed for defending her deposition, what was that, Mr. Carrazco?

MR. CARRAZCO: That was for Christian Contreras.

THE COURT: So is it reflected somewhere as to him in your fee application?

MR. CARRAZCO: I don't know if I put Christian in there or not because he worked on it -- he worked around 15 hours, but he didn't bill any of them on this case at all.

THE COURT: And then the question is, well, what's his rate if he was the one that defended the deposition?

MR. CARRAZCO: Well, we didn't submit it because we didn't include him in it at all.

THE COURT: Okay.

MR. CARRAZCO: But his rate would have been about $500 an hour. This is what he does is civil rights cases.

THE COURT: All right. Well, we'll see. This is a -- I mean, it doesn't surprise me that it's a big and detailed fee application, given the length of time and the fact the case was tried twice, but it's -- it's a lot, not just in terms of the

total amount but in the amount of data and information.

So the whole issue about what rate should apply, you know, this is somewhat problematic and I think -- I think it might be different, actually, depending on which plaintiff's counsel we're talking about. And there's a few things that I would say that at least I have in my mind and that is in the Eastern District of California, the entire district, there are very few reputable lawyers that, in my view, are doing cases such as this one in federal court at all. I think I could count them on one hand, and I think I've seen them all.

There may be other lawyers you could get to take a case like this. You probably, if you were in any plaintiff's shoes, wouldn't want to have those lawyers taking the case. So, you know, what is there to say about that? You know, it's a very specialized field. There are very few lawyers doing these cases, at least in federal court; maybe they're doing them elsewhere.

There is no doubt in my mind -- and I don't even think defense counsel would disagree -- I mean, you just look at all the judges that have said in fee awards, hey, Mr. Galipo is as good as it gets, at least in this court and, you know, his work in this case fully supports that observation, in my view. I mean, he -- yeah, he's a fabulous trial lawyer, he's a pleasure to have in court, seems even like a pleasure to have on the other side of a case, picks battles, you know, with --

exercising a lot of judgment, doesn't fight over the silly stuff. Yeah, he's a pro's pro, so who wouldn't want him taking your case and presenting it in court?

I think Mr. Henderson and Carrazco ended up coming to that conclusion just before the case came to trial and said let's roll out the big guns, but -- okay. So what does that mean in terms of hourly rate?

I actually think, Ms. Whitmore, I'm inclined to say, look, under those circumstances -- Mr. Galipo is unique, the area is unique -- awarding him an hourly rate similar to that which he has been awarded in other courts, in federal courts throughout California is appropriate and that he shouldn't be paid less because he took a case in the Eastern District because, in a lot of ways, it was even more difficult for him to work that case than if he had been in the Central District. And it's not like there's anybody that you would say, oh, there's a lot of lawyers that would take this case and do just as good of a job. I don't think -- that's not even close. You can't say that.

But Mr. Henderson and Mr. Carrazco, I will say I don't know whether that applies to you as well. I don't know. Yeah. I just -- I don't know. I mean, I'm not -- I'm not saying that to -- you know, to give you a hard time, but it does seem to me like, well, maybe Mr. Henderson and Mr. Carrazco are not similarly situated to Mr. Galipo, and maybe their Central

District hourly rate, you know, is too high of a rate in an Eastern District case that they elected to take and bring here.

So anyway, I just throw that out there as a way -- I mean, Mr. Galipo probably doesn't have a heck of a lot to say on this one. That's a high rate that Mr. Galipo is getting, I will say that. That's quite a rate he's -- I'm not saying he's not worth it because I think he is, but it's an impressive rate the courts have been awarding him, but well deserved, in my view.

But, Ms. Whitmore -- well, let me turn to Mr. Henderson and Carrazco first on this. On the hourly rate and whether yours should be an LA rate, an Eastern District rate -- and I should add a footnote here. Not all of my colleagues have agreed with this view, but if you've read anything on attorneys' fees that I wrote when I was working out of the Fresno courthouse, I view it as an Eastern District rate, not as a Sacramento rate or a Fresno rate. There is one rate available, as far as I'm concerned, in our combined community, whatever the appropriate rate is, so I consider cases from the entire district, but what do you -- do you have anything to say about why your rates should be your LA rates as opposed to Eastern District rates or as opposed to something somewhere in between the two?

MR. HENDERSON: Well, Your Honor, I would just say for me and to some degree Mr. Carrazco -- he can speak to it as

I have not -- I have not encountered one that I enjoyed doing.

MR. CARRAZCO: Your Honor, thank you for putting on your CPA hat.

THE COURT: All right. Both motions taken under submission. Costs I'll probably address in the attorneys' fees motion once the briefing is completed. I'm not sure when this is going to get out. We will try to get it all out as soon as we can, and we are working on it.

All right. Thank you, Counsel.

MS. WHITMORE: Thank you, Your Honor.

MR. CARRAZCO: Thank you.

MR. HENDERSON: Thank you very much, Your Honor.

MR. GALIPO: Thank you, Your Honor.

(Concluded at 2:43 p.m.)

C E R T I F I C A T E

I certify that the foregoing is a true and correct transcript of the record of proceedings in the above-entitled matter.

Jennifer Coulthard April 6, 2025

JENNIFER L. COULTHARD, RMR, CRR DATE
Official Court Reporter