LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO and CHRISTOPHER ALFRED,<br><br>Defendants | Case No. 5:22-cv-00625-KK-DTB<br><br>Assigned to:<br>District Judge Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>*[Filed concurrently with exhibits and Declaration of Carol A. Sobel and exhibits thereto]* |

# DECLARATION OF RENEE V. MASONGSONG

I, Renee V. Masongsong, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I make this declaration in support of Plaintiff's Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. As of this date, I have spent **324.8** hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3. I have maintained contemporaneous time records reflecting the work activity and time spent on this case. I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation. A copy of my time records for this case is attached hereto as "**Exhibit 1**."

4. In August 2007, I received a Bachelor of Arts in English Writing and a Bachelor of Arts in Psychology from the University of Tennessee at Chattanooga, where I graduated *Magna Cum Laude* and from the University Honors Program. In May 2011, I received a Juris Doctorate degree from Pepperdine University School of Law, where I graduated *Magna Cum Laude* and as a member of the Order of the Coif and a member of Pepperdine Law Review. At Pepperdine, I was also on the Dean's list each semester and was the recipient of the Pepperdine Dean's Merit Scholarship, the Di Loreto-Odell S. McConnell Merit Scholarship, and the Delman and Krug Endowed Merit Scholarship. During my fall 2009 semester at Pepperdine, I served as a full-time judicial extern to the Honorable Alex Kozinski in the United States Court of Appeals for the Ninth Circuit. During the summer of 2009, I served as a judicial extern for the Honorable Karon O. Bowdre in the United States District Court for the Northern District of Alabama.

5. I was admitted to the California Bar in December 2011. I am admitted to practice in the United States District Court for the Eastern District of California, the United States District Court for the Northern District of California, the United States District Court for the Central District of California, and the Ninth Circuit Court of Appeals.

6. In April 2013, I joined the Law Offices of Dale K. Galipo, where I currently work as a senior associate attorney. During the past approximate thirteen years at the Law Offices of Dale K. Galipo, I have worked exclusively on civil rights cases, the majority of which involved police uses of force resulting in death or great bodily injury. Over approximately the last thirteen years, I have been the primary associate attorney at my office responsible for the day-to-day matters of over approximately 175 state and federal civil rights cases and have also assisted my colleagues on approximately 60 additional civil rights cases that were not specifically assigned to me. I am currently responsible for the day-to-day management of approximately twenty civil rights cases.

7. For the bulk of the cases assigned to me, I am responsible for handling all aspects of the case, including: case initiation (drafting the requisite claim for damages pursuant to the California Tort Claims Act, drafting the complaint for damages and ensuring that it is filed in the proper jurisdiction and venue, investigating the case prior to the initiation of discovery, and evaluating the case for early settlement potential); fact and expert discovery (creating the discovery plan, propounding and responding to written discovery, handling discovery disputes and drafting and opposing motions to compel and motions to quash, analyzing discovery materials, retaining and consulting with experts, defending the depositions of the plaintiffs and their experts, conducting fact depositions); drafting the mediation brief and participating in the mediation; law and motion (amending the complaint, opposing motions to dismiss and motions for summary judgment and drafting affirmative motions for summary judgment, drafting ex parte applications to certify any interlocutory appeal as frivolous); making court appearances;

and continued communication with the client(s). If the case goes to trial, then I am also responsible for: drafting the pretrial documents and working with opposing counsel on the joint pretrial documents; assisting with trial preparation; serving as second or third chair to Mr. Galipo; and drafting and opposing post-trial motions. Where the case settles and involves a minor plaintiff or incompetent person, I am responsible for drafting the compromise of the claims of the plaintiff(s) and handling the structured settlement or special needs trust.

8. I am also responsible for handling any appellate issues on the cases assigned to me. In the police shooting cases *Losee v. City of Chico* (Ninth Cir. Case No. 16-16541, June 18, 2018), *Hernandez v. City of Huntington Beach* (Ninth Cir. Case No. 18-56127, Dec. 24, 2019), and *Garcia v. City of Tustin* (Ninth Cir. Case No. 24-2224, Sept. 8, 2025), I drafted the appellants' opening and reply briefs appealing the district court's grant of summary judgment and assisted with the preparation for the oral arguments. In those three cases, the Ninth Circuit overturned the district court's ruling, resulting in a favorable outcome for my clients. I also drafted the answering brief in the case *Villanueva, et al. v. State of California*, 986 F.3d 1158, 1173 (9th Cir. 2021) wherein the Ninth Circuit affirmed the lower court's denial of summary judgment in favor of my client and selected the opinion for publication. This opinion served as crucial precedent in opposing Defendants' request for qualified immunity in the instant case (*Barber v. County of San Bernardino*). I also drafted a successful motion to dismiss a Ninth Circuit appeal from the lower court's denial of qualified immunity in *Herd v. State of California* (Ninth Cir. Case No. 19-56494, June 25, 2020). I also contributed to the appellate briefs and oral argument preparation in the cases *French v. City of Los Angeles*, where the Ninth Circuit affirmed the district court's denial of the City's motion for a new trial and renewed motion for judgment as a matter of law (Ninth Cir. Case No. 22-55571, Dec. 5, 2023), and *Zelaya v. City of Los Angeles* (Ninth Cir. Case No. 23-4186), which is currently pending.

9. Within approximately the last ten years, attorneys more experienced than myself have sought out my consultation on their own police use-of-force cases, and I have provided consultation regarding tort claim filing requirements, legal research in this area of law, discovery issues in this area of law, and opposing dispositive motions.

10. Also within approximately the last ten years, I have taken on a role in training new associate attorneys at the Law Offices of Dale K. Galipo specifically with respect to litigating excessive force cases, including law and motion and discovery, and working the case up for trial.

11. Over the past approximate thirteen years as a civil rights attorney, I have been the day-to-day attorney in several cases with Mr. Galipo that have resulted in seven and eight-figure verdicts and settlements, including the following:

- $2.8 million settlement in *Martinez v. County of Los Angeles* (police shooting), (April 2016);
- $1.1 million settlement in *Mueller v. County of Orange* (police shooting), (March 2017);
- $2 million settlement in *Powell v. City of Barstow* (police shooting), (May 2017);
- $1.9 million settlement in *L.R. v. County of Riverside* (police shooting), (May 2017);
- $1.9 million settlement in *Lozano v. County of San Bernardino* (denial of medical attention) (January 2018);
- $2.75 million settlement in *Briones v. City of Ontario* (excessive force/asphyxiation), (June 2018);
- $4.6 million settlement in *C.M. v. County of Los Angeles* (police shooting), (August 2018);

- $1.45 million settlement following jury verdict on liability in *Hernandez v. City of Los Angeles* (excessive force/restraint asphyxiation, no offer) (February 2018);
- $8.5 million settlement in *Vivas v. County of Riverside* (police shooting) (August 2019);
- $4.5 million jury verdict in *L.D. v. City of Los Angeles* (excessive force/police shooting; no offer) (January 2020);
- $4.65 million settlement in *Franco v. City of West Covina* (police shooting) (February 2020);
- $1 million settlement in *Ramirez v. City of Gilroy* (police shooting) (July 2020);
- $2 million settlement in *Biane v. County of San Bernardino* (malicious prosecution) (November 2020);
- $1.15 million settlement in *Soderberg v. City of Los Angeles* (police shooting) (December 2020);
- $1.7 million jury verdict in *Bowles v. City of San Jose* (police shooting) (July 2021);
- $4.5 million settlement in *Villanueva v. State of California* (police shooting) (October 2021);
- $17.2 million verdict in *French v. City of Los Angeles* (police shooting) (October 2021);
- $500,000 jury verdict in *Gomez v. City of Santa Clara* (police shooting) (December 2021);
- $4.5 million verdict in *Ramos v. County of San Bernardino* (police shooting) (April 2022);
- $2.5 million settlement in *Santillan v. County of Stanislaus* (restraint death) (September 2022)

- $1.25 million settlement in *Escudero v. County of San Bernardino* (police use of force) (February 2023);
- $1.2 million settlement after jury verdict in *Valencia v. City of Los Angeles* (police shooting) (March 2023);
- $16.5 million settlement in *Neal v. County of Los Angeles* (police shooting) (March 2023)
- $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023);
- $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023);
- $4.5 million settlement in *Marquez v. County of Los Angeles* (police shooting) (December 2023)
- $8 million settlement in *Lopez v. City of Los Angeles* (police shooting) (September 2024)
- $12.5 million settlement in *Moreno v. County of Los Angeles* (police shooting) (November 2024)
- $1.5 million settlement in *Lopez v. City of Mesa* (police shooting) (December 2024)
- $1.65 million settlement in *Lennox v. State of California and County of Sacramento* (police shooting) (February 2025);
- $2.5 million settlement in *Alvarado v. City of San Bernardino* (police shooting) (February 2025).
- $30.5 million jury verdict in *Lewis v. Kern County* (police shooting) (March 2025)
- $2.5 million settlement in *Willcox v. County of Los Angeles* (jail suicide) (June 2025)

- $6.5 million settlement in *Cernas v. County of Los Angeles* (police shooting) (October 2025)
- $2.99 million settlement in *Urquijo v. State of California* (police shooting) (January 2026);
- $1.5 million settlement in *Hill v. City of San Bernardino* (police excessive force) (January 2026)
- $27,350,000 jury verdict in *Barber v. County of San Bernardino, et al.* (police shooting) (February 2026)
- $3 million jury verdict in *Petit v. City of Los Angeles, et al.* (police shooting) (March 2026)
- $17 million jury verdict in *Garcia v. City of Tustin* (police shooting) (April 2026)
- $4.5 million settlement in *Chairez v. City of San Bernardino* (police use of force) (May 2026)

12. Since approximately July 2025, I have been the associate handling the day-to-day management of this case at the Law Offices of Dale K. Galipo. As reflected in detail on my timesheet attached hereto as "**Exhibit 1**," my work on this case primarily includes the following: conducting discovery, analyzing the evidence, reviewing transcripts and reports, and participating in depositions; retaining and consulting with experts and participating in expert depositions; handling law and motion, including successfully opposing Defendants' summary judgment motion, preparing a successful motion to certify Defendants' interlocutory appeal as frivolous, and opposing Defendants' motion to stay the case pending Defendants' interlocutory appeal; preparing pretrial documents and preparing the case for trial; handling post-trial issues, including the instant motion for attorneys' fees and Plaintiff's oppositions to Defendants post-trial motions.

13. In January 2020, I assisted Mr. Galipo in trying the case *L.D. v. City of Los Angeles*, in front of the Honorable Philip Gutierrez. The *L.D.* case was a very difficult police shooting case involving the use of force by LAPD SWAT officers against a young man who was having a mental crisis in his own bedroom. In that case, the defendants made no settlement offer. The jury awarded the plaintiffs in that matter $4.5 million at trial. Subsequently, Judge Gutierrez awarded me an hourly rate of $550 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988 and Cal. Code Civ. P. § 52.1(i), § 52(a) for my work on the case. A true and correct copy of Judge Gutierrez's April 23, 2020, Order awarding me $550 per hour is attached hereto as **"Exhibit 2."**

14. In October 2021, I assisted Mr. Galipo in trying the case *French v. City of Los Angeles*, in front of the Honorable Jesus G. Bernal. The *French* case involved difficult issues surrounding whether the shooting officer was acting in the course and scope of his employment and whether he was acting under color of law. The jury awarded the plaintiffs in that matter $17,002,000. Subsequently, Judge Bernal awarded me an hourly rate of $600 in ruling on Plaintiffs' attorney fee motion in the *French* case. A true and correct copy of Judge Bernal's May 10, 2022, Order awarding me $600 per hour for work performed in 2020 and 2021 is attached hereto as **"Exhibit 3."**

15. In October 2023, I assisted Mr. Galipo in trying the case *Zelaya v. City of Los Angeles*, in the Central District before the Honorable Otis D. Wright. In that case, the plaintiff contended that LAPD officers used excessive and unreasonable force in detaining her father, who was homeless, when they applied excessive body weight while he was in a prone position on the ground, positionally asphyxiating him. The defense argued that the decedent died of a drug overdose. After Plaintiff prevailed and was awarded a verdict of $13.5 million, Judge Wright awarded me $700 per hour, pursuant to a 42 U.S.C. § 1988 attorney's fee motion. Attached hereto as "**Exhibit 4**" is a true and correct copy of the June 25, 2024, Order awarding me $700 per hour.

16. In January 2024, after I was influential in successfully defending the appeal in front of the Ninth Circuit in the *French v. City of Los Angeles* case, in which defendants argued for a new trial based on the jury instruction regarding "course and scope of employment" and on the defendant officer's invocation of his Fifth amendment right, the plaintiffs filed for attorneys' fees on the appeal. On February 2024, Judge Bernal of the Central District of California awarded me $800 per hour for work performed in 2022 and 2023. Attached hereto as "**Exhibit 5**" is a true and correct copy of the February 21, 2024, Order awarding me $800 per hour.

17. In April 2026, I assisted Mr. Galipo in trying the police shooting case *Garcia v. City of Tustin* in federal court in front of the Honorable Sherilyn Peace Garnett. In that case, there was no offer of settlement. Plaintiffs argued that the shooting officer used excessive and unreasonable force when she shot a homeless man who was asleep in a bush before the shooting officer abruptly woke him up and forced him out of the bush. The defense argued that the decedent "jabbed" or attempted to "jab" the shooting officer with a wooden pole that he used to collect recyclables. The jury awarded Plaintiffs $17 million in damages, and Judge Garnett awarded me an hourly rate of $800 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1(i). Attached hereto as "**Exhibit 6"** is a true and correct copy of the August 18, 2026, Order awarding me $800 per hour for my work in that case, which was performed between 2022 and 2026.

18. I believe that a reasonable fee for my professional services during the time that I worked on this matter in 2025 and 2026 is **$900** per hour. *See* Declaration of attorney Carol A. Sobel filed concurrently herewith at ¶ 33, 43, 46, 47 and exhibits thereto; *see also LA International Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 624-26 (9th Cir. 2026) (holding that small firms can be awarded big law rates in a motion for attorney fees, and the district court abused its discretion in setting rates based on the attorney's prior fee award, with a slight adjustment for complexity and inflation,

rather than calculating the fee based on the prevailing market rate). As a result of my thirteen years of experience exclusively working on civil rights cases, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work. This reflects an approximate 5% increase for each of the last two years since Judge Bernal awarded me $800 per hour in 2024 and reflects my additional two years of experience since that order was issued. Although I was awarded an hourly rate of $800 in August 2026, that award was for work performed beginning in 2022. By contrast, my instant request of an hourly rate of $900 is for work performed in 2025 and 2026. Courts routinely recognize that fee rates increase over time based on a variety of factors. *See Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC, at *24 (C.D. Cal. May 30, 2012); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) ("It is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time . . .").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of September 2026 in Woodland Hills, California.

*/s/ Renee V. Masongsong*

Renee V. Masongsong