**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: 818-347-3333
Fax: 818-347-4118
*Attorneys for Plaintiff Steffon Barber*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEFFON BARBER, an individual,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED,

Defendants.

Case No. 5:22-cv-00625-KK-DTBx

*[District Judge, Kenly Kiya Kato, Magistrate Judge, David T. Bristow]*

**DECLARATION OF BENJAMIN S. LEVINE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**DECLARATION OF BENJAMIN S. LEVINE**

1. I, Benjamin S. Levine, hereby declare as follows:

2. I am an attorney duly admitted to practice before this honorable court. I have personal knowledge of the facts set forth herein, and could and would testify competently thereto if called. I make this declaration in support of Plaintiff's Motion for Attorneys' Fees.

3. I received my bachelor's degree from Kenyon College in 2015.

4. Between 2015 and 2018, I worked in various full-time marketing and editorial roles, with a focus on research, writing, and editing.

5. I received my J.D. degree from the UCLA School of Law in Los Angeles, California, in 2021. I graduated in the top 5% of my class and was inducted into the Order of the Coif and UCLA Law's Moot Court Honors Society. At graduation, I was awarded the Judge Jerry Pacht Memorial Constitutional Law Prize, recognizing one graduating student each year for outstanding achievement in the area of constitutional law. During law school, I served as an editor on the *UCLA Law Review*, had an article I researched and wrote on a topic related to § 1983 litigation published in the same journal, and litigated and argued an appeal in a civil rights case at the Ninth Circuit through a law school clinic. Also during law school, I heavily focused my work and study on § 1983 litigation, in particular litigation focused on police violence, and gained relevant experience through multiple internships, including with the ACLU of Southern California's Police Practices Project and through UCLA Law's Civil Rights and Police Accountability Clinic.

6. I passed the California bar exam and was admitted to the California Bar in 2021.

7. After taking the bar exam, I spent my first year after law school as a law clerk to United States District Judge William B. Shubb, in the United States District Court for the Eastern District of California, in Sacramento. As a law clerk I

assisted my judge with a variety of matters in civil and criminal cases, including a substantial number of § 1983 actions, with a primary focus on legal research and writing tasks. I concluded my clerkship in September of 2022.

8. I began working full-time as a civil rights attorney at the Law Offices of Dale K. Galipo in October of 2022. Since joining the firm as an attorney, I have worked almost exclusively on civil rights actions brought under 42 U.S.C. § 1983, nearly all of which involve police use of excessive force, in all aspects of the case. I am currently the primary associate attorney at our office responsible for the day-to-day management of approximately twenty-five federal and state civil rights cases. In most of these cases, the alleged civil rights violations resulted in death.

9. During my time as a civil rights litigator, my work has directly contributed to numerous high six-figure and seven-figure settlements and jury verdicts in civil rights police excessive force cases. The settlements and verdicts in cases with which I assisted include:

- Mid six-figure settlement in jail assault case (August 2026);
- $27.35 million jury verdict in *Barber v. County of San Bernardino* (police shooting) (February 2026);
- Mid six-figure settlement in police excessive force and unlawful entry case (January 2026);
- $900,000 settlement in *Robles v. City of Roseville* (police excessive force) (November 2025);
- $900,000 settlement in *Martinez v. Rogers County, Oklahoma* (police shooting) (October 2025);
- $8.5 million settlement in *Garcia v. County of Ventura* (jail assault) (October 2025);
- $999,000 settlement in police excessive force case (October 2025);
- $2 million settlement in *Salgado v. City of Huntington Park* (police shooting) (August 2025);

- $900,000 settlement in *Pietronico v. City of Beaumont* (police shooting) (March 2025);
- $1.65 settlement in *Lennox v. City of Sacramento* (police shooting) (February 2025);
- $1.25 million settlement in police sexual assault case (December 2024);
- $2.25 million settlement in *Vargas Cuevas v. City of El Centro* (police shooting) (November 2024);
- $1.8 million settlement in *Robinson v. County of Riverside* (jail death by suicide) (July 2024);
- Mid six-figure settlement in an excessive force case (April 2024);
- $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023);
- Mid six-figure settlement in a police shooting case (September 2023);
- $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023);
- Seven-figure settlement in an excessive force case (June 2023);
- $750,000 settlement in *Tabares v. City of Huntington Beach* (police shooting) (June 2023);
- Seven-figure settlement in a police shooting case (May 2023);
- $800,000 settlement in *Elias v. City of Bell Gardens* (police shooting) (May 2023);
- $10 million jury verdict in *Najera v. County of Riverside* (police shooting) (April 2023) (third chair at trial);
- $2.4 million settlement in *A.A.M. v. City of Sacramento* (police shooting) (March 2023);
- $400,000 settlement in *Hornshaw v. City of Long Beach* (police excessive force) (December 2022); and
- $1 million jury verdict (with contributory fault) in *Weick v. County of San Diego* (police shooting) (November 2022).

10. I began working on this case in January of 2026, and my contributions primarily consisted of preparing a brief in opposition to Defendants' Rule 59 motion seeking a new trial, in April of 2026.

11. My most recent award of attorneys' fees was in June 2024, in *Nicole Juarez Zelaya v. City of Los Angeles, et al.*, No. 2:20-cv-08382-ODW-MAA (C.D. Cal.), at an hourly rate of $450. A copy of that order is attached hereto as "**Exhibit 1**." Additionally, a fee motion in which I have requested attorneys' fees is currently pending in the action *Jeanne Llera, et al. v. Las Vegas Metropolitan Police Department, et al.*, Case No. 2:20-cv-01589-RFB-BNW (D. Nev.). That fee motion requests that I be awarded an hourly rate of $600 for work performed between December 2025 through April 2026.

12. From October of 2022 to the present, I have been continuously trained by Mr. Galipo. As is evidenced by the declarations in support of Mr. Galipo's fee request in this case, Mr. Galipo is widely regarded as the top plaintiff's attorney for police excessive force cases in the nation. I have seen firsthand that Mr. Galipo achieves extraordinary results in the most difficult police excessive force cases, including this one. Our firm is one of the only firms in California that exclusively represents plaintiffs in police excessive force cases involving serious injury or death. Our firm's work has vastly contributed to the development of police excessive force jurisprudence in California's four federal districts and in the Ninth Circuit Court of Appeals.

13. I am admitted to practice law in the Central, Eastern, Northern, and Southern Districts of California and in the Ninth Circuit Court of Appeals.

14. A copy of my time records for this case is attached hereto as "**Exhibit 2**." My billing statement does not reflect any work performed by paralegals or other assistants supporting me. My billing statement does not include time spent

performing purely administrative tasks such as filing, organizing, or preparing copies of documents.

15. I was personally involved in the work set forth in my billing statement, and I can personally attest that it has been reasonably expended in pursuit of the litigation.

16. The number of hours claimed in my billing statement for this action is reasonable and well-documented. I kept contemporaneous time records for the work I performed in this case. I conducted only that document review, drafting, and other work as was necessary.

17. I am respectfully requesting an hourly rate of $600 for time and work I spent on this case. I devoted 11.8 hours to this action.

18. I believe that my hourly rate is reasonable and in line with those prevailing in the community for similar services by lawyers of comparable skill, experience, and reputation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of September 2026, at Woodland Hills, California.

_________*/s/ Benjamin S. Levine*_________

Benjamin S. Levine