# EXHIBIT 7

Case 2:22-cv-04735-PSG-E Document 37-2 Filed 07/31/23 Page 1 of 56 Page ID #:344

MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER CHATHAM (CA Bar #240972)
CChatham@manatt.com
NATHANIEL L. BACH (CA Bar #246518)
NBach@manatt.com
SARAH E. MOSES (CA Bar #291491)
SMoses@manatt.com
ANDREA D. GONZALEZ (CA Bar #336134)
ADGonzalez@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendants
MEGAN ROUP and THE SCULPT SOCIETY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company; and T.A. STUDIO NEW YORK LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEGAN ROUP, an individual; and THE SCULPT SOCIETY, LLC, a California limited liability company,<br><br>Defendants. | No. 2:22-cv-04735-PSG-E<br><br>Hon. Philip S. Gutierrez<br><br>**DECLARATION OF NATHANIEL L. BACH IN SUPPORT OF DEFENDANTS MEGAN ROUP AND THE SCULPT SOCIETY, LLC'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS (CCP § 425.16(C))**<br><br>Hearing Date: Sept. 15, 2023<br>Hearing Time: 1:30 p.m.<br>Courtroom: 6A<br><br>Complaint Filed: July 11, 2022<br>FAC Filed: Sept. 13, 2022<br>Trial Date: Not yet set |

I, Nathaniel L. Bach, declare as follows:

1. I am an attorney at law licensed to practice in the State of California. I am a partner with the law firm of Manatt, Phelps & Phillips, LLP ("Manatt") and counsel of record for Defendants Megan Roup ("Roup") and The Sculpt Society, LLC ("The Sculpt Society") (together, "Defendants") in the above-entitled action. I am one of the supervising partners in charge of the work performed on this case by the attorneys and other professionals at Manatt.

2. I submit this declaration in support of Defendants' Motion for Attorneys' Fees and Costs pursuant to California Code of Civil Procedure section 425.16(c)(1) ("Motion"). I have personal knowledge of the following facts and could competently testify about them.

3. Defendants' Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 20, 2023, and included subsequent correspondence among counsel as well as two stipulations and orders to extend the time for Defendants to file the Motion.

**<u>Manatt's Defense of the Case and Anti-SLAPP Motion</u>**

4. On July 11, 2022, Plaintiffs filed their original Complaint. After Manatt was retained and analyzed the claims, on August 3, 2022, I sent a letter to counsel for Plaintiffs informing them of the fundamental deficiencies in the Complaint and urged Defendants to dismiss their improvidently filed claims. In that letter, I informed Plaintiffs that their Unfair Competition Law claim ("UCL") under California law "is predicated upon speech on matters of public interest; i.e., biographical information about a popular, celebrity fitness trainer [and therefore] gives rise to an anti-SLAPP motion to strike, for which attorneys' fees are mandatory to a prevailing defendant. Cal. Code Civ. Proc. § 425.16(c)(1)."

5. Plaintiffs refused to dismiss their claims and, on September 9, 2022, the parties met and conferred about Defendants' intended motion to dismiss the claims in the original Complaint and anti-SLAPP motion to strike the UCL claim.

At that meet and confer, Plaintiffs stated that they intended to amend their complaint and, on September 13, 2022, Plaintiffs filed their First Amended Complaint ("FAC").

6. On September 27, 2022, Defendants moved to dismiss Plaintiffs' FAC, and all causes of action therein, under Federal Rule of Civil Procedure 12(b)(6) and strike Plaintiffs' UCL claim under California's anti-SLAPP statute. Given that both the Lanham Act and UCL claims were grounded in Roup's same biographical speech and were therefore inextricably intertwined, Defendants largely sought both claims' dismissal on the same or similar bases. The arguments for dismissal of the Lanham Act and UCL claims formed the basis for Defendants' arguments under the second prong of the anti-SLAPP analysis that Plaintiffs could not establish a probability of prevailing on the UCL claim.

7. On December 12, 2022, the Court dismissed Plaintiffs' Lanham Act and UCL claims with leave to amend, declined to dismiss Plaintiffs' copyright and breach of contract claims, and deferred a ruling on Defendants' anti-SLAPP motion pending Plaintiffs' amendment of the FAC.

8. Plaintiffs thereafter elected not to amend their dismissed claims. As such, on January 18, 2023, Defendants requested that the Court dismiss Plaintiffs' Lanham Act and UCL claims with prejudice and grant Defendants' Anti-SLAPP Motion. Notwithstanding the straightforward nature of Defendants' request, Plaintiffs opposed it, including arguing that the Court had no authority to grant the anti-SLAPP motion. Plaintiffs' opposition arguments necessitated additional research and briefing in connection with Defendants' reply, filed on February 14, 2023.

9. On June 12, 2023, this Court granted Defendants' request and dismissed with prejudice Plaintiffs' Lanham Act and UCL claims under Federal Rule of Civil Procedure 41(b) and struck Plaintiffs' UCL claim under the anti-SLAPP statute.

**Manatt's Team and Reasonableness of Manatt's Fees**

10. Manatt's team representing Defendants in this action includes attorneys experienced in intellectual property litigation, including copyright infringement claims, Lanham Act claims, unfair competition claims, and anti-SLAPP practice, and includes the following individuals:

- Myself, Nathaniel Bach, a partner in Manatt's Entertainment Litigation group. A true and correct copy of my biography, showing my credentials and experience is attached hereto as **Exhibit A**.
- Christopher Chatham, a partner in Manatt's Entertainment group, representing clients in both litigation and transactional matters. A true and correct copy of Mr. Chatham's biography, showing his credentials and experience is attached hereto as **Exhibit B**.
- Sarah Moses, a partner in Manatt's Entertainment Litigation group. A true and correct copy of Ms. Moses' biography, showing her credentials and experience is attached hereto as **Exhibit C**.
- Andrea D. Gonzalez, an associate in Manatt's Entertainment Litigation group. A true and correct copy of Ms. Gonzalez's biography, showing her credentials and experience is attached hereto as **Exhibit D**.
- Alejandro Castro, a former litigation associate at Manatt. A true and correct copy of Mr. Castro's biography, showing his credentials and experience is attached hereto as **Exhibit E**.
- Barbara Gasik, a practice support supervisor at Manatt, with over 20 years of experience assisting legal professionals, including in connection with filings in federal court.

11. I believe the work performed by all of the aforementioned attorneys and professionals was reasonably necessary for the litigation of Defendants' successful Anti-SLAPP Motion and related arguments. And, based on my experience, I believe that Manatt staffed and litigated the matters relating to the

Anti-SLAPP Motion in an efficient and appropriate manner. As examples of this efficiency, because of our relevant expertise, either Ms. Moses or I would draft certain portions of the briefing in the first instance, rather than having more junior associates perform work that might need to be more heavily edited, thereby streamlining the process and eliminating levels of review. As another example, Defendants would frequently have legal secretaries and assistants who do not bill for their time perform case-related and administrative work that might have otherwise been performed by a billing paralegal. Each of these team structures helped add to work efficiency in connection with the matters at issue.

12. Manatt was retained with an arrangement providing for a 15% discount on standard hourly rates with the agreement that, should Defendants bring and prevail on a motion for attorneys' fees, Defendants would seek Manatt's standard rates, with Manatt retaining any difference between fees paid and those actually incurred by counsel.

13. In 2022, Manatt's team's standard hourly rates were as follows:

| Timekeeper | Standard 2022 Rate/Hour |
|---|---|
| Nathaniel L. Bach (Partner) | $950.00 |
| Christopher Chatham (Partner) | $900.00 |
| Sarah E. Moses (Counsel) | $855.00 |
| Alejandro Castro (Associate) | $760.00 |
| Andrea D. Gonzalez (Associate) | $620.00 |
| Barbara Gasik (Practice Support Specialist) | $395.00 |

14. In 2023, Manatt's team's standard hourly rates are as follows:

| Timekeeper | Standard 2023 Rate/Hour |
|---|---|
| Nathaniel L. Bach (Partner) | $1,065.00 |
| Christopher Chatham (Partner) | $1,010.00 |

| | |
|---|---|
| Sarah E. Moses (Partner) | $1,000.00 |
| Andrea D. Gonzalez (Associate) | $655.00 |
| Barbara Gasik (Practice Support Specialist) | $455.00 |

15. Manatt is a national law firm with about 450 professionals in offices in Los Angeles, Orange County, San Francisco, Silicon Valley, Sacramento, Boston, Chicago, Albany, New York, and Washington, D.C.

16. Based on survey data, and my reading of the relevant case law, the rates charged by Manatt in this matter are comparable to rates charged by other large and established law firms of similar training, experience and expertise in Los Angeles for litigation attorneys. Attached hereto as **Exhibit F** and **Exhibit G** are true and correct copies of 2022 and 2023 data extracted from Peer Monitor, a Thomson Reuters tool that collects billing rate information from participating firms and provides a summary in a "de-identified" manner for legal benchmarking purposes. This data compares Manatt's standard rates for its litigation attorneys in Los Angeles—shown under the column named "My Firm"—to the standard rates for litigation attorneys in Los Angeles reported by 19 comparable firms, whose collective data is shown under the column named "Peer Group." The firms in question are Arnold & Porter Kaye Scholer LLP, Baker & Hostetler LLP, Cooley LLP, Crowell & Moring LLP, Dechert LLP, Fenwick & West LLP, Haynes and Boone LLP, Kelley Drye & Warren LLP, King & Spalding LLP, Mayer Brown LLP, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Morrison & Foerster LLP, Munger Tolles & Olson LLP, Orrick, Herrington & Sutcliffe LLP, Perkins Coie LLP, Pillsbury Winthrop Shaw Pittman LLP, Sheppard Mullin Richter & Hampton LLP, Steptoe & Johnson LLP, and Venable LLP.

17. Below is an extract from the Peer Monitor data, all of which pertains to Litigation hourly rates in 2022 by the identified firms in Los Angeles:

| | **Manatt** | **Peer Group Median** | **Peer Group 25th Percentile** | **Peer Group 75th Percentile** |
|---|---|---|---|---|
| **All Lawyers** | $919 | $904 | $806 | $1,104 |
| **All Partners** | $1,027 | $1,143 | $944 | $1,208 |
| **All Associates** | $722 | $794 | $692 | $819 |

18. Below is an extract from the Peer Monitor data, all of which pertains to Litigation hourly rates in 2023 by the identified firms in Los Angeles:

| | **Manatt** | **Peer Group Median** | **Peer Group 25th Percentile** | **Peer Group 75th Percentile** |
|---|---|---|---|---|
| **All Lawyers** | $966 | $971 | $910 | $1,044 |
| **All Partners** | $1,144 | $1,253 | $1,033 | $1,343 |
| **All Associates** | $742 | $862 | $764 | $925 |

19. Manatt's hourly rates are also appropriate in light of the high degree of sophistication, experience, and quality that Manatt attorneys bring to their work (as demonstrated by the success to date in the present litigation).

20. I reviewed Manatt's timekeeping records for this case in connection with monthly invoicing, including ensure that the tasks and projects and time recorded therefore are appropriate in my judgment. Each of the Manatt professionals working on this matter followed Manatt's time-keeping policies and procedures. In the regular course of business, Manatt's timekeepers keep detailed, contemporaneous time records. Timekeepers typically log their time to the nearest tenth of an hour. On a regular basis, these time records are collected and submitted to Manatt's computerized record-keeping system. This record-keeping system enables Manatt to track all fees incurred on behalf of its clients and further allows Manatt to generate summaries of the work performed and the fees incurred on a particular matter.

21. Defendants seek those fees associated with bringing their Anti-SLAPP Motion (including reviewing opposition thereto and reply), those portions of their Motion to Dismiss upon which the Anti-SLAPP arguments necessarily rely, the Request for Ruling brought after Plaintiffs did not amend their claims, and this

Motion (including reviewing opposition thereto and reply). These categories include the following tasks:

(a) reviewing and analyzing Plaintiffs' Complaint and strategizing of how to challenge Plaintiffs' speech-based claims;

(b) researching and drafting the Anti-SLAPP Motion and the arguments pertaining to prongs 1 and 2 of the statutory test:

- Prong 1 arguments included establishing that Roup's biographical statements are subject to the anti-SLAPP law and not subject to the commercial speech exemption of CCP § 425.17 (as Plaintiffs had wrongly asserted);
- Prong 2 arguments included and incorporated the detailed arguments made to attack the Lanham Act and speech-based portion of the UCL claim, which are inextricably intertwined and based on Roup's same biographical statements and pertained to each.

(c) reviewing and responding to Plaintiffs' opposition to these arguments in their Opposition to the Motion to Dismiss and Strike, and preparing Defendants' Reply brief regarding the same;

(d) following Plaintiffs' election not to attempt to amend their FAC, preparing and filing the Request for Dismissal with Prejudice and Ruling on Motion to Strike;

(e) reviewing and responding to Plaintiffs' opposition to the Request for Dismissal with Prejudice and Ruling on Motion to Strike; and

(f) researching and drafting this fees and costs motion and supporting documents.

22. A noted above, Defendants seek fees for the parts of the dismissal motion that dealt with the Lanham Act and UCL claims because the factual bases for those claims are inextricably intertwined and the analyses for those claims formed the basis for Defendants' arguments under the second prong of the anti-

SLAPP analysis. In other words, the anti-SLAPP analysis necessarily relied on the legal analyses of the Lanham Act and UCL claims contained in the motion to dismiss. *See* Dkt. 15-1, at p. 22 ("because Plaintiffs' Lanham Act claim fails, so too does their UCL claim based on the same conduct").

23. As one of the supervising partners on this case, I am primarily responsible for the day-to-day management of this case. Given my IP litigation and anti-SLAPP expertise, my more specific responsibilities included (among other things) strategizing on arguments to raise in the anti-SLAPP and dismissal motion, drafting revisions and supplemental portions of the memoranda of points and authorities in support of the motion and the reply, drafting the request for ruling filed after Plaintiffs did not amend their claims, conferring with opposing counsel regarding anti-SLAPP and dismissal motion and communicating with the client. Christopher Chatham's work included revisions, drafting, and client advice in connection with the anti-SLAPP motion and related motion to dismiss arguments, as well as with how to address Plaintiffs' failure to amend their FAC and Defendants' response thereto. Sarah Moses was responsible for analyzing issues in connection with the anti-SLAPP motion and related portions of the motion to dismiss, drafting the initial versions of the anti-SLAPP motion and reply papers and participating in revisions and analyzing Plaintiffs' anti-SLAPP opposition. Andrea Gonzalez and Alejandro Castro were responsible for (among other things) research to support the anti-SLAPP motion and related portions of the motion to dismiss; drafting portions of the briefs; cite-checking and finalizing the various documents filed by Defendants. Ms. Gonzalez joined the Manatt team in October 2022, upon joining the firm, whereas Mr. Castro worked on the case prior to that time. Barbara Gasik was responsible for helping to finalize and electronically file the anti-SLAPP-related submissions.

24. Moreover, the research and briefing on issues relating to the anti-SLAPP motion and the inextricably intertwined arguments in the motion to dismiss

were prolonged and made more labor-intensive by Plaintiffs in multiple ways. First, Plaintiffs' original Complaint asserted a false designation of origin claim under the Lanham Act, which Defendants thoroughly researched and drafted briefing to challenge (and upon which the anti-SLAPP arguments would equally rely). However, after the parties exchanged early letter correspondence and met and conferred about Defendants' intended motion to dismiss the original Complaint, Plaintiffs opted to amend their complaint and to entirely rework their Lanham Act theory from a false designation of origin claim—which Defendants had pointed out was absolutely barred under *Dastar*—to a false advertising claim, requiring Defendants to research and develop all-new arguments to respond to that amended claim. Those arguments were all incorporated into and formed the same basis for the prong 2 anti-SLAPP arguments against the UCL claim, thereby making them recoverable fees here. *See* Dkt 15-1, p. 22 ("because Plaintiffs' Lanham Act claim fails, so too does their UCL claim based on the same conduct").

25. The motion to dismiss and anti-SLAPP motion, Dkt. 15, is effectively compromised of five parts. Each of the four claims (Lanham Act, breach of contract, copyright and UCL) makes up a part and the anti-SLAPP portion makes up the fifth part. However, in order to be conservative in connection with the present fee motion, whenever a time entry generally refers to work related to both the dismissal and anti-SLAPP motion, Defendants have only sought 50% (or half) of that time, rather than 60% (or 3/5) of that time. Moreover, in an further effort to remain conservative in seeking fees in connection with this Motion, Defendants rounded down when calculating 50% of the entry. For example, if an entry generally refers to work related to both the dismissal and anti-SLAPP motion lists 2.1 hours, Defendants only seek 1 hour instead of 1.05 hours. Defendants have not sought time that pertains solely to the copyright and/or breach of contract claims, or any other matter not relating to the anti-SLAPP Motion. Defendants reserve their rights to seek any attorneys' fees and costs not sought and recovered via this

Motion as appropriate under the Copyright Act, Lanham Act, or other applicable law.

26. The details of the work completed by Manatt attorneys and other professionals through the filing of this Motion for Attorneys' Fees and Costs is set forth below. The information in the chart below is a true and accurate reflection of the amounts incurred on our timekeeping records:

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| **Researching and drafting the Anti-SLAPP and Dismissal Motion and supporting documents** | | | | |
| 7/17/2022 | .5 | $475.00 | N. Bach | Emails to C. Chatham re initial analysis of claims against Roup & TSS. |
| 7/25/2022 | .2* | $190.00 | N. Bach | Begin drafting letter to DLA Piper regarding bases for motion to dismiss |
| 7/26/2022 | 1.8* | $1,539.00 | S. Moses | Research copyright and Lanham Act claims; exchange emails with N. Bach re same. |
| 7/27/2022 | .3* | $285.00 | N. Bach | Drafting letter to DLA Piper |
| 7/27/2022 | .2* | $171.00 | S. Moses | Videoconference with client re motion to dismiss |
| 7/29/2022 | 2.9* | $2,755.00 | N. Bach | Researching UCL claim defenses and preparing for call with T. Bentz; emails with S. Moses re defenses to UCL claim; debrief call with clients, |

[1] Defendants have annotated entries that generally refer to work related to both the dismissal and anti-SLAPP motion or that include tasks that Defendants are not seeking fees on in this Motion with an asterisk (*) in the "Time" column of this chart. The listed times in the "Time" column that are marked with "*" have undergone the above noted time-reduction processes in ¶ 25. For example, the 1.8 hours entry for 7/26/2022 was 3.6 hours before reduction.

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | S. Moses. |
| 7/29/2022 | .8 | $760.00 | N. Bach | Conducting analysis of potential to bring anti-SLAPP motion against Tracy Anderson's UCL claim and email to C. Chatham, S. Moses re same. |
| 7/29/2022 | 4.2 | $3,591.00 | S. Moses | Research Unfair Competition Claim and Lanham Act claim; prepare summary for N. Bach re same. |
| 7/29/2022 | .3* | $256.50 | S. Moses | Videoconference with client re call with opposing counsel; review and analyze email correspondence re same. |
| 8/1/2022 | 1.9* | $1,805.00 | N. Bach | Continue researching and drafting letter to DLA Piper requesting dismissal. |
| 8/2/2022 | .5* | $475.00 | N. Bach | Call with C. Chatham, S. Moses; revise letter to DLA per team's comments and send draft to clients. |
| 8/2/2022 | .5* | $427.50 | S. Moses | Review and analyze letter to Plaintiffs' counsel regarding motion to dismiss; teleconference with C. Chatham and N. Bach regarding same. |
| 8/3/2022 | .5* | $475.00 | N. Bach | Finalize letter to DLA Piper requesting dismissal of action |
| 8/9/2022 | .3* | $270.00 | C. Chatham | Identify key issues to address with opposing counsel; outline correspondence to client; |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | continue to review and respond to client; review and discuss immediate next steps regarding response to Complaint; review and respond re potential Anti-SLAPP motion. |
| 8/16/2022 | 1* | $760.00 | A. Castro | Analyze complaint and prepare outline for motion to dismiss and special motion to strike; discuss same with N. Bach. |
| 8/16/2022 | 1.4* | $1,064.00 | A. Castro | Analyze case law regarding anti-SLAPP motions; analyze case law regarding copyright and Lanham claims. |
| 8/17/2022 | 2.8* | $2,128.00 | A. Castro | Draft motion to dismiss. |
| 8/17/2022 | .4* | $304.00 | A. Castro | Draft proposed order for motion to dismiss. |
| 8/17/2022 | .5* | $380.00 | A. Castro | Draft declaration in support of motion to dismiss. |
| 8/19/2022 | .5* | $380.00 | A. Castro | Revise motion to dismiss. |
| 8/19/2022 | 1.3 | $988.00 | A. Castro | Analyze law regarding special motions to strike. |
| 8/19/2022 | 1.9* | $1,444.00 | A. Castro | Continue revising motion to dismiss and seek assistance in preparing final document. |
| 8/19/2022 | .2* | $190.00 | N. Bach | Call with S. Moses re drafting motion to dismiss. |
| 8/20/2022 | 1.5 | $1,282.50 | S. Moses | Review and analyze Supreme Court decision regarding commercial speech in anti-SLAPP context. |
| 8/22/2022 | .7* | $532.00 | A. Castro | Finalize motion to dismiss; |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | strategize regarding the same. |
| 8/22/2022 | .8* | $608.00 | A. Castro | Revise declaration and supporting documents to motion to dismiss. |
| 8/22/2022 | 1.1* | $940.50 | S. Moses | Drafting motion to dismiss complaint. |
| 8/23/2022 | .8* | $684.00 | S. Moses | Continue drafting motion to dismiss complaint. |
| 8/26/2022 | 1.2* | $1,026.00 | S. Moses | Prepare motion to dismiss Complaint. |
| 8/29/2022 | 2.0* | $1,710.00 | S. Moses | Conduct research for and continue to draft motion to dismiss Complaint. |
| 8/30/2022 | 2.5* | $2,137.50 | S. Moses | Continue to draft motion to dismiss Complaint. |
| 8/31/2022 | 1.1* | $940.50 | S. Moses | Continue to draft motion to dismiss Complaint. |
| 9/1/2022 | 1.8* | $1,539.00 | S. Moses | Prepare motion to dismiss complaint. |
| 9/2/2022 | .2* | $190.00 | N. Bach | Review and revise draft motion to dismiss and strike Anderson's complaint. |
| 9/8/2022 | 1.1* | $1,045.00 | N. Bach | Review letter from DLA Piper and email to C. Chatham, S. Moses, and clients re same; begin revising motion to dismiss; email to T. Bentz re meet and confer. |
| 9/8/2022 | .3* | $270.00 | C. Chatham | Review and analyze DLA Piper's responses to client's letter regarding copyright infringement, Lanham Act, |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | breach of contract, California UCL, and related reasoning regarding same; Discuss same; Address further handling and coordinate strategy with Motion to Dismiss. |
| 9/9/2022 | 2.0* | $1,900.00 | N. Bach | Prepare for meet and confer with DLA Piper; participate in meet and confer regarding Defendants' intended motion to dismiss; email update to clients re same; researching issues and case law regarding motion to dismiss and anti-SLAPP motion to strike. |
| 9/9/2022 | .3 | $171.00 | S. Moses | Participate in meet and confer call re motion to dismiss. |
| 9/12/2022 | .6 | $513.00 | S. Moses | Prepare motion to dismiss Unfair Competition Law claim. |
| 9/13/2022 | .1 | $90.00 | C. Chatham | Review first amended complaint filed by the plaintiff; and discuss impact to motion to dismiss. |
| 9/14/2022 | 1.8* | $1,539.00 | S. Moses | Review and analyze First Amended Complaint; research impact of revisions to Lanham Act claim. |
| 9/15/2022 | 2.2 | $1,881.00 | S. Moses | Research standing for false advertising claims under the Lanham Act. |
| 9/16/2022 | 2.7 | $2,308.50 | S. Moses | Prepare motion to dismiss re amended Lanham Act claim. |
| 9/19/2022 | 1.8* | $1,710.00 | N. Bach | Reviewing and revising draft |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | motion to dismiss the FAC. |
| 9/20/2022 | .2* | $152.00 | A. Castro | Draft correspondence regarding RJN and motion to dismiss. |
| 9/20/2022 | 1.9* | $1,805.00 | N. Bach | Review and revise motion to dismiss the FAC; meeting with S. Moses re same. |
| 9/20/2022 | .8 | $684.00 | S. Moses | Research motion to dismiss standard for materiality under Lanham Act false advertising claim; confer with N. Bach re same. |
| 9/21/2022 | .6* | $456.00 | A. Castro | Analyze case law regarding requests for judicial notice. |
| 9/21/2022 | 1.1* | $836.00 | A. Castro | Draft, revise and finalize request for judicial notice. |
| 9/21/2022 | .3* | $228.00 | A. Castro | Draft proposed order for request for judicial notice. |
| 9/21/2022 | 2.5* | $2,375.00 | N. Bach | Review and revise motion to dismiss the FAC. |
| 9/21/2022 | .5* | $450.00 | C. Chatham | Review and discuss preliminary draft of motion to dismiss; discuss revisions; review recent communications from opposing counsel; identify specific changes to amended complaint; discuss structure of arguments with counsel; update client. |
| 9/21/2022 | 1.0 | $855.00 | S. Moses | Research falsity, materiality, and heightened pleading standard under Lanham Act. |
| 9/22/2022 | .2* | $152.00 | A. Castro | Further correspondence regarding Request for Judicial |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | Notice. |
| 9/22/2022 | 2.2* | $2,090.00 | N. Bach | Continue revising motion to dismiss the FAC. |
| 9/22/2022 | .6* | $513.00 | S. Moses | Research incorporation by reference doctrine and prepare insert for motion to dismiss re same. |
| 9/23/2022 | .8* | $760.00 | N. Bach | Continue reviewing and revising motion to dismiss/motion to strike. |
| 9/23/2022 | .6* | $513.00 | S. Moses | Research pleading standard for Lanham Act false advertising claims. |
| 9/24/2022 | 1.5* | $1,425.00 | N. Bach | Continue revising and drafting motion to dismiss the FAC. |
| 9/25/2022 | 4.1* | $3,895.00 | N. Bach | Continue revising and drafting motion to dismiss the FAC. |
| 9/25/2022 | .5* | $427.50 | S. Moses | Revise motion to dismiss First Amended Complaint. |
| 9/26/2022 | 1.3* | $988.00 | A. Castro | Revise motion to dismiss. |
| 9/26/2022 | .3* | $228.00 | A. Castro | Draft updated proposed order. |
| 9/26/2022 | .4* | $304.00 | A. Castro | Analyze local rules regarding filing of notice of motion. |
| 9/26/2022 | .1* | $76.00 | A. Castro | Prepare notice of motion |
| 9/26/2022 | .4* | $304.00 | A. Castro | Analyze case law regarding dismissal in motion to dismiss matters. Draft summary of the same. |
| 9/26/2022 | .1* | $76.00 | A. Castro | Engage in correspondence regarding filing of motion to dismiss. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 9/26/2022 | .3* | $228.00 | A. Castro | Correspondence with litigation team regarding motion to dismiss. |
| 9/26/2022 | 5.4* | $5,130.00 | N. Bach | Review and revisions to motion to dismiss draft; review and revise Bach declaration, proposed order, RJN, corporate disclosure statement; videoconference with clients re motion; continue revising motion and supporting papers. |
| 9/26/2022 | 1.1* | $990.00 | C. Chatham | Review and revise draft of motion to dismiss and strike complaint; review authority for copyright and Lanham arguments; review background and introduction paragraphs; revise same; discuss and revise copyright argument, anti-SLAPP section, and related provisions; respond to back-and-forth with N. Bach and S. Moses; update client regarding the same and discuss. |
| 9/26/2022 | 5.1* | $4,360.50 | S. Moses | Finalize motion to dismiss First Amended Complaint; teleconference with client re same. |
| 9/27/2022 | .3* | $228.00 | A. Castro | Analyze rules and regulation regarding proposed orders. Draft summary of the same. |
| 9/27/2022 | .3* | $228.00 | A. Castro | Correspondence with litigation team regarding today's filings. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 9/27/2022 | .5* | $197.50 | B. Gasik | E-File Notice of Appearance, Motion to Dismiss, Memorandum of Points and Authorities, Declaration, Proposed Order and Certification of Interested Parties in United States District Court Central District California. |
| 9/27/2022 | 3.1* | $2,945.00 | N. Bach | Final proof and edits to motion to dismiss and supporting documents. |
| 9/27/2022 | .1* | $90.00 | C. Chatham | Continue to finalize motion to dismiss |
| 9/27/2022 | 4.9* | $4,410.00 | C. Chatham | Finalize review and revisions for motion to dismiss and to strike, and all supporting documents. |
| **Reviewing and responding to Plaintiff's Opposition brief** | | | | |
| 10/11/2022 | .7* | $665.00 | N. Bach | Review and analyze Anderson's opposition to motion to dismiss; emails to C. Chatham, S. Moses, and clients regarding same. |
| 10/12/2022 | .3* | $285.00 | N. Bach | Meet with S. Moses regarding preparation of reply brief; meeting with S. Moses, A. Gonzalez regarding same. |
| 10/12/2022 | .6* | $540.00 | C. Chatham | Review opposition to motion to dismiss first amended complaint and special motion to strike from opposing counsel; Provide analysis on opposition |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | and discuss the same; organize and strategize key arguments with counter prevailing authority; update client and respond to back-and forth; review additional arguments on anti-SLAPP and address the same. |
| 10/12/2022 | 4.0* | $3,420.00 | S. Moses | Research for and prepare reply in support of motion to dismiss. |
| 10/13/2022 | 3.7* | $3,163.50 | S. Moses | Research for and prepare reply in support of motion to dismiss. |
| 10/14/2022 | 1.0* | $950.00 | N. Bach | Review and revise draft of reply in support of motion to dismiss; emails with S. Moses, A. Gonzalez regarding same. |
| 10/14/2022 | 3.0* | $2,565.00 | S. Moses | Prepare reply in support of motion to dismiss complaint. |
| 10/15/2022 | 1.0* | $950.00 | N. Bach | Review and revise reply brief in support of motion to dismiss. |
| 10/16/2022 | 1.7* | $1,615.00 | N. Bach | Review and revise reply brief in support of motion to dismiss and strike. |
| 10/17/2022 | 6.0* | $5,700.00 | N. Bach | Continuing to review and revise reply brief supporting motion to dismiss and strike. |
| 10/17/2022 | 1.8* | $1,539.00 | S. Moses | Research for and prepare reply in support of motion to dismiss and strike first amended complaint. |
| 10/18/2022 | 1.8 | $1,116.00 | A. Gonzalez | Conduct UCL related research for reply brief. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 10/18/2022 | 2.6* | $1,612.00 | A. Gonzalez | Cite check of reply brief in support of motion to dismiss. |
| 10/18/2022 | .5* | $197.50 | B. Gasik | E-File Reply in United States District Court Northern District California. |
| 10/18/2022 | 4.6* | $4,370.00 | N. Bach | Final revisions, proofing, and edits to reply in support of motion to dismiss. |
| 10/18/2022 | 5.0* | $4,275.00 | S. Moses | Finalize and file reply in support of motion to dismiss and strike plaintiffs' first amended complaint. |
| 10/19/2022 | .5* | $450.00 | C. Chatham | Review Reply in support of motion to dismiss and special motion to strike; Discuss same; Address further handling and immediate next steps; update to client. |
| **Reviewing and analyzing Court's Order on Motion to Dismiss & Anti-SLAPP Motion, and researching and drafting the Request for Ruling** | | | | |
| 12/14/2022 | .2* | $124.00 | A. Gonzalez | Review and analysis of court's dismissal order. |
| 12/14/2022 | .4* | $380.00 | N. Bach | Analyzing order on motion to dismiss; zoom with clients, C. Chatham, S. Moses re order on MTD and next steps. |
| 12/14/2022 | .7* | $630.00 | C. Chatham | Review order regarding motion to dismiss and motion to strike; identify key parts of Judge Lew's ruling and identify immediate next steps; discuss potential fee recovery for anti- |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | SLAPP motion; correspondence with litigation team; continue to review plaintiff's options to amend to allow the Lanham Act or Unfair Competition claims to survive; update client and discuss same. |
| 12/14/2022 | .6* | $513.00 | S. Moses | Review and analyze order on motion to dismiss; teleconference with client re same. |
| 12/15/2022 | .1* | $85.50 | S. Moses | Review and analyze Plaintiff's deadline to file an amended complaint. |
| 12/16/2022 | .3* | $186.00 | A. Gonzalez | Research and analyze trial court order regarding when amendment to complaint is due. |
| 12/16/2022 | .2* | $180.00 | C. Chatham | Review and discuss communications with opposing counsel regarding order allowing Plaintiffs leave to amend two causes of action; respond regarding deadlines and schedule going forward; review underlying order and reference to operative complaint and reference the same; further correspondence with litigation team. |
| 12/19/2022 | .1* | $85.50 | S. Moses | Exchange emails with Plaintiffs' counsel re time to amend complaint and file responsive pleading. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 12/20/2022 | .2* | $180.00 | C. Chatham | Review correspondence with opposing counsel regarding first amended complaint; update client regarding the same; review and respond to internal correspondence re same. |
| 12/21/2022 | .1* | $62.00 | A. Gonzalez | Discuss deadline for opposing counsel to file amended complaint with team. |
| 12/27/2022 | .1* | $62.00 | A. Gonzalez | Finalize deadline for filing amended complaint and Defendants' answer to same. |
| 1/4/2023 | .4* | $426.00 | N. Bach | Emails with DLA Piper, clients re Plaintiffs' decision not to amend complaint; meet with S. Moses, A. Gonzalez re same. |
| 1/4/2023 | .6* | $606.00 | C. Chatham | Continue to review, research and discuss anti-SLAPP motion; review communications from opposing counsel regarding not amending complaint; discuss and strategize regarding same; identify options for response to complaint and address same; review surviving copyright claim and strategy with the Violation of CA Unfair Competition Law being dismissed; communicate with client and team regarding same. |
| 1/4/2023 | .1* | $100.00 | S. Moses | Review and analyze correspondence with opposing |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | counsel and client re second amended complaint |
| 1/5/2023 | .1* | $101.00 | C. Chatham | Address anti-SLAPP strategy. |
| 1/10/2023 | .6 | $639.00 | N. Bach | Research request for ruling on anti-SLAPP motion following non-amendment. |
| 1/11/2023 | 2.0 | $1,310.00 | A. Gonzalez | Research whether Roup is the prevailing party under anti-SLAPP law for attorneys' fees purposes. |
| 1/11/2023 | .5 | $500.00 | S. Moses | Review and analyze research re effect of failing to amend claims vis-à-vis prevailing party for anti-SLAPP motion. |
| 1/12/2023 | 2.2 | $2,343.00 | N. Bach | Review and revise request for entry of dismissal with prejudice and ruling on anti-SLAPP motion. |
| 1/12/2023 | 1.1 | $1,100.00 | S. Moses | Research for and prepare Request for Ruling on anti-SLAPP motion. |
| 1/16/2023 | .4* | $400.00 | S. Moses | Review, analyze, and incorporate revisions into Request for Ruling. |
| 1/17/2023 | .3* | $319.50 | N. Bach | Review and revise Request for ruling on anti-SLAPP motion and dismissal with prejudice. |
| 1/17/2023 | .7* | $700.00 | S. Moses | Revise request for ruling and supporting documents; teleconference with client re same. |
| 1/18/2023 | .5* | $227.50 | B. Gasik | E-File Request for Dismissal |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | with Declaration in United States District Court Central District California. |
| 1/18/2023 | .6* | $639.00 | N. Bach | Final review of Request for dismissal with prejudice of claims and ruling on anti-SLAPP motion. |
| 1/18/2023 | 1.8* | $1,800.00 | S. Moses | Finalize revisions and review of Request for Ruling. |
| 1/19/2023 | .1 | $65.50 | A. Gonzalez | Review and analyze court order to determine briefing filing dates for the request for ruling that Defendants filed that the court construed as a motion for reconsideration. |
| 1/19/2023 | .6 | $600.00 | S. Moses | Review and analyze court order re Request for Dismissal and Ruling on Anti-SLAPP Motion; update client re same. |
| 2/7/2023 | 1.0 | $1,010.00 | C. Chatham | Review opposition regarding request to dismiss Lanham Act and UCL claims; continue to review opposition with request for ruling on special motion to strike; discuss with team; continue to strategize; update client regarding the same. |
| 2/7/2023 | 1.1 | $1,171.50 | N. Bach | Review Anderson's opposition to motion for reconsideration re anti-SLAPP and outline reply to same; begin drafting reply brief. |
| 2/7/2023 | .4 | $400.00 | S. Moses | Review and analyze Plaintiffs' |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | opposition to request for ruling. |
| 2/8/2023 | .4 | $426.00 | N. Bach | Draft reply in support of request for ruling |
| 2/9/2023 | 1.0 | $1,065.00 | N. Bach | Research and draft reply in support of request for ruling on anti-SLAPP motion. |
| 2/10/2023 | 2.5 | $2,662.50 | N. Bach | Continue drafting reply in support of request for anti-SLAPP ruling. |
| 2/13/2023 | 1.4 | $917.00 | A. Gonzalez | Reviewing and analyzing citations to legal authority in our Reply in support of our Request for Ruling. |
| 2/13/2023 | 5.7 | $6,070.50 | N. Bach | Continue revising reply in support of request for ruling on anti-SLAPP motion. |
| 2/13/2023 | 1.6 | $1,600.00 | S. Moses | Revise reply in support of request for dismissal. |
| 2/14/2023 | 1.4 | $1,491.00 | N. Bach | Final review of reply in support of request for anti-SLAPP ruling. |
| 2/14/2023 | .7 | $707.00 | C. Chatham | Review, analyze, discuss and respond to reply in support of our request for ruling on the anti-SLAPP motion and dismissal with prejudice of the Lanham and UCL claims. |
| 2/21/2023 | .3 | $303.00 | C. Chatham | Review papers regarding ruling regarding dismissal and Anti-SLAPP. |
| 5/30/2023 | .2* | $200.00 | S. Moses | Review and analyze recent copyright and anti-SLAPP |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | decisions from Judge Gutierrez. |
| **Researching and drafting the Attorneys' Fees Motion and supporting documents** | | | | |
| 6/13/2023 | .5 | $532.50 | N. Bach | Review Court's order granting motion to dismiss Lanham Act and UCL claims with prejudice and anti-SLAPP motion to strike; update client regarding same. |
| 6/13/2023 | .7 | $458.50 | A. Gonzalez | Review and analysis of court's order dismissing with prejudice and granting motion to strike based on state anti-SLAPP of certain of plaintiff's claims. |
| 6/13/2023 | .5 | $327.50 | A. Gonzalez | Review and analyze local rules and Judge Gutierrez's standing order to determine whether Defendants can seek an extension of attorneys' fees motion deadline via stipulation. |
| 6/13/2023 | 2.1 | $1,375.50 | A. Gonzalez | Research re attorneys' fees motion based on California anti-SLAPP win in federal court. |
| 6/13/2023 | 1.7 | $1,700.00 | S. Moses | Review and analyze order regarding motion to dismiss and anti-SLAPP motion; research time to move for attorneys' fees following grant of anti-SLAPP motion in federal court; exchange emails with N. Bach and A. Gonzalez regarding same. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 6/14/2023 | .4 | $426.00 | N. Bach | Strategizing regarding anti-SLAPP fee motion. |
| 6/14/2023 | .6 | $393.00 | A. Gonzalez | Prepare attorneys' fees motion as prevailing party in an anti-SLAPP motion. |
| 6/14/2023 | 1.3 | $1,300.00 | S. Moses | Prepare motion for attorneys' fees; exchange emails with internal team regarding same. |
| 6/15/2023 | .3 | $319.50 | N. Bach | Continue strategizing with S. Moses, A. Gonzalez regarding anti-SLAPP fee motion. |
| 6/15/2023 | 1.0 | $655.00 | A. Gonzalez | Research and review standards re submission of invoices in connection with motion for attorneys' fees. |
| 6/15/2023 | 1.3 | $851.50 | A. Gonzalez | Prepare and draft declaration of N. Bach in support of attorneys' fees. |
| 6/15/2023 | .7 | $458.50 | A. Gonzalez | Collect evidence attached to declaration of N. Bach in support of attorneys' fees. |
| 6/15/2023 | 6.7 | $6,700.00 | S. Moses | Prepare anti-SLAPP motion for attorneys' fees. |
| 6/15/2023 | .6 | $606.00 | C. Chatham | Communicate with team regarding Court's order and address motion for attorneys' fees in connection with Anti-SLAPP Motion to Strike. |
| 6/16/2023 | 1.0 | $1,065.00 | N. Bach | Review and revise first draft of motion for attorneys' fees. |
| 6/16/2023 | 1.6 | $1,048.00 | A. Gonzalez | Review, analysis and revise draft of attorneys' fees motion. |

| **Date** | **Time[1]** | **Amount Incurred (Rate x Time)** | **Timekeeper** | **Task(s)** |
|---|---|---|---|---|
| 6/16/2023 | 2.1 | $1,375.50 | A. Gonzalez | Research recent cases in the Central District and in other California jurisdictions that have found fees similar to Manatt's reasonable. |
| 6/16/2023 | 2.0 | $1,310.00 | A. Gonzalez | Research re recoverability of fees in connection with motion for attorneys' fees (anti-SLAPP). |
| 6/16/2023 | .6 | $393.00 | A. Gonzalez | Prepare calculations of attorneys' fees from finalized invoices. |
| 6/16/2023 | 2.6 | $2,600.00 | S. Moses | Prepare motion for attorneys' fees (anti-SLAPP); exchange emails with opposing counsel regarding meet and confer regarding same. |
| 6/18/2023 | .9 | $589.50 | A. Gonzalez | Continue calculating recoverable attorneys' fees as a prevailing party under anti-SLAPP law. |
| 6/19/2023 | .5 | $532.50 | N. Bach | Working on attorneys' fee motion and correspondence with S. Moses, A. Gonzalez regarding same. |
| 6/19/2023 | 2.2 | $1,441.00 | A. Gonzalez | Continue gathering and calculating recoverable attorneys' fees as a prevailing party under anti-SLAPP law. |
| 6/20/2023 | 1.0 | $1,065.00 | N. Bach | Meet and confer with Anderson's counsel regarding motion for attorneys' fees; follow up email re same. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | Confer with S. Moses, A. Gonzalez regarding attorneys' fees motion. |
| 6/20/2023 | .5 | $327.50 | A. Gonzalez | Confer with opposing counsel regarding brining attorneys' fees motion; discussion with N. Bach and S. Moses regarding the same. |
| 6/20/2023 | 1.4 | $917.00 | A. Gonzalez | Calculate total fees related to dismissal motion as requested by opposing counsel in meet and confer process. |
| 6/20/2023 | 3.9 | $2,554.50 | A. Gonzalez | Draft declaration of N. Bach in support of motion for attorneys' fees. |
| 6/20/2023 | .5 | $525.00 | C. Chatham | Continue to review, discuss, and implement strategy regarding stipulating to amount of fees in connection with anti-SLAPP order. |
| 6/20/2023 | .7 | $700.00 | S. Moses | Review and analyze case law on recovering attorneys' fees in the contingency context; exchange emails with N. Bach and A. Gonzalez re same. |
| 6/21/2023 | .2 | $213.00 | N. Bach | Emails with T. Bentz regarding stipulation to extend deadline to file fees motion. |
| 6/21/2023 | .8 | $524.00 | A. Gonzalez | Draft declaration of N. Bach in support of motion for attorneys' fees. |
| 6/21/2023 | 3.1 | $2,030.50 | A. Gonzalez | Draft joint stipulation for extending deadline to file |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | Attorneys' fees motion, declaration of N. Bach in support of the motion and a proposed order. |
| 6/21/2023 | 1.3 | $851.50 | A. Gonzalez | Draft and revise motion for attorneys' fees. |
| 6/21/2023 | .8 | $800.00 | S. Moses | Exchange emails with N. Bach and A. Gonzalez re timing and substance of attorneys' fees motion and stipulation re same. |
| 6/22/2023 | .2 | $213.00 | N. Bach | Emails with clients regarding order granting anti-SLAPP motion. |
| 6/22/2023 | 2.2 | $1,441.00 | A. Gonzalez | Draft and revise motion for attorneys' fees. |
| 6/22/2023 | 2.0 | $1,310.00 | A. Gonzalez | Prepare table of fees and costs to add to declaration of N. Bach in support of Defendants' motion for attorneys' fees. |
| 6/22/2023 | 1.2 | $786.00 | A. Gonzalez | Prepare and finalize joint stipulation to extend time for Defendants to file a motion for attorneys' fees. |
| 6/22/2023 | .3 | $300.00 | S. Moses | Review and analyze correspondence regarding stipulation to extend time to file attorneys' fees motion. |
| 6/22/2023 | .6 | $273.00 | B. Gasik | E-File Stipulation and related documents in United States District Court Central District California. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 6/23/2023 | .4 | $400.00 | S. Moses | Review and analyze draft motion for attorneys' fees; exchange emails with N. Bach and A. Gonzalez regarding substance and timing of same. |
| 6/23/2023 | 3.0 | $1,965.00 | A. Gonzalez | Continue preparing table of fees and costs to add to declaration of N. Bach in support of Defendants' motion for attorneys' fees. |
| 6/23/2023 | 1.5 | $982.50 | A. Gonzalez | Prepare notice of motion and proposed order for motion for attorneys' fees. |
| 6/26/2023 | .1 | $65.50 | A. Gonzalez | Review and analysis of order granting joint stipulation to extend time. |
| 6/28/2023 | .9 | $589.50 | A. Gonzalez | Finalizing calculations regarding attorneys' fees and costs for meet and confer discussions. |
| 6/28/2023 | 1.0 | $1,065.00 | N. Bach | Review order granting stipulation to extend fee motion deadline; review revised draft of fee motion. |
| 6/29/2023 | .5 | $525.00 | C. Chatham | Continue to discuss issues with respect to the anti-SLAPP motion. |
| 6/30/2023 | 1.8 | $1,917.00 | N. Bach | Reviewing and redlining draft of anti-SLAPP fee motion and attorney declaration in support of same. |
| 7/5/2023 | 1.6 | $1,048.00 | A. Gonzalez | Prepare joint stipulation to extend motion for attorneys' |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | fees deadline. |
| 7/5/2023 | 1.7 | $1,810.50 | N. Bach | Emails with T. Bentz, then A. Gonzalez regarding extension of time to file motion for fees regarding Anti-SLAPP motion. |
| 7/6/2023 | .6 | $393.00 | A. Gonzalez | Finalize joint stipulation to extend deadline to file attorneys' fees; coordinate submission of same. |
| 7/6/2023 | .1 | $65.50 | A. Gonzalez | Review and analysis of Court order granting joint stipulation to extend attorneys' fees motion deadline. |
| 7/6/2023 | 1.1 | $1,155.00 | C. Chatham | Conference call with client regarding discussions with opposing counsel and procedural next steps; review and discuss second stipulation for extension regarding Motion for Attorneys' Fees Under CCP Section 425.16(c); discuss internally with team and strategize. |
| 7/10/2023 | .3 | $315.00 | C. Chatham | Confer with client, N. Bach, S. Moses re fee recovery. |
| 7/10/2023 | .3 | $300.00 | S. Moses | Conference call with clients, C. Chatham and N. Bach regarding strategy. |
| 7/10/2023 | .6 | $639.00 | N. Bach | Conference call with clients, C. Chatham, S. Moses regarding strategy; review stipulation extending deadline to file anti-SLAPP fees motion. |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| 7/23/2023 | .8 | $524.00 | A. Gonzalez | Per Plaintiffs' proposal, research timing of when anti-SLAPP attorneys' fees granted before final judgment are typically due to be paid to the moving party. |
| 7/26/2023 | .3 | $196.50 | A. Gonzalez | Review and analysis of response to Plaintiffs' proposal re stipulating to anti-SLAPP attorneys' fees; correspond with team regarding same. |
| 7/26/2023 | .2 | $200.00 | S. Moses | Correspondence regarding attorneys' fees motion. |
| 7/26/2023 | 1.9 | $2,023.50 | N. Bach | Reviewing and revising anti-SLAPP fees motion; emails with S. Moses, A. Gonzalez regarding same. |
| 7/27/2023 | 3.1 | $3,301.50 | N. Bach | Review and revise anti-SLAPP motion for attorneys' fees. |
| 7/28/2023 | .4 | $262.00 | A. Gonzalez | Draft attorneys' biographies section of attorneys' fees motion. |
| 7/28/2023 | 1.4 | $917.00 | A. Gonzalez | Research recovery of fees for other claims inextricably intertwined with anti-SLAPP motion. |
| 7/28/2023 | 5.3 | $5,644.50 | N. Bach | Continue substantively revising memorandum of points and authorities in support of anti-SLAPP fee motion. |
| 7/29/2023 | 2.8 | $2,982.00 | N. Bach | Continue drafting and revising fee motion memorandum and Bach declaration in support |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | thereof. |
| 7/29/2023 | 3 | $1,965.00 | A. Gonzalez | Fact cite-check of the anti-SLAPP attorneys' fees motion; revise declaration and motion re same. |
| 7/30/2023 | 3.9 | $2,554.50 | A. Gonzalez | Revise attorneys' fees motion per N. Bach comments; research reasonable fees of legal assistants and clerical tasks; review circuit precedent regarding what attorneys' fees have been found reasonable; research re establishing reasonability of hours incurred. |
| 7/30/2023 | 2.0 | $1,310.00 | A. Gonzalez | Review and analysis of time entries related to fees sought in Attorneys' Fees Motion, and confirming fee calculations. |
| 7/30/2023 | 3.2 | $3,408.00 | N. Bach | Continue revising anti-SLAPP fee motion and Bach declaration; revise notice of motion; correspond with A. Gonzalez regarding same. |
| 7/31/2023 | 3.1 | $2,030.50 | A. Gonzalez | Legal cite-check of the anti-SLAPP attorneys' fees motion. |
| 7/31/2023 | 5.4 | $5,751.00 | N. Bach | Final review and edits to anti-SLAPP attorneys' fees motion, memorandum of points and authorities, and Bach declaration and supporting exhibits. |
| 7/31/2023 | 3.7 | $2,423.50 | A. Gonzalez | Finalize anti-SLAPP attorneys' fees motion, declaration, |

| Date | Time[1] | Amount Incurred (Rate x Time) | Timekeeper | Task(s) |
|---|---|---|---|---|
| | | | | proposed order, and other supporting documents. |
| 7/31/2023 | .5 | $500.00 | S. Moses | Pre-filing review of anti-SLAPP attorneys' fees motion. |
| **Total Hours and Fees** | | | | |
| **TOTAL** | Hours: 275.7 | | Attorneys' Fees: $238,849.00 | |

27. In sum, through the filing of this Motion, attorneys and other professionals collectively spent 275.7 hours working on this matter, which resulted in $238,849.00 in attorneys' fees. Manatt will also seek any additional fees incurred in connection with preparing a reply and preparing for and attending any hearing on this Motion.

**Manatt's Costs**

28. Manatt also seeks recovery of costs in connection with the Motion to Strike. In the regular course of business, Manatt maintains records of costs incurred in connection with a particular client and matter. At present, Manatt is solely seeking process server costs in connection with this Motion. These costs are detailed below and are a true and accurate reflection of our records:

| Date | Cost | Description |
|---|---|---|
| **Process Server Costs** | | |
| 9/30/2022 | $37.12 | First Legal Network, LLC delivery of Anti-SLAPP and Dismissal Motion courtesy copy to Court. |
| 10/31/2022 | $37.12 | First Legal Network, LLC delivery of Reply in support of Anti-SLAPP and Dismissal Motion courtesy copy to |

| **Date** | **Cost** | **Description** |
|---|---|---|
| | | Court |
| 1/31/2023 | $55.25 | First Legal Network, LLC delivery of Request for Ruling courtesy copy to Court. |
| 2/15/2023 | $26.00 | First Legal Network, LLC delivery of Reply in support of Request for Ruling courtesy copy to Court. |
| 6/30/2023 | $26.00 | First Legal Network, LLC delivery of joint stipulation to extend anti-SLAPP attorneys' fees deadline courtesy copy to Court. |
| 7/15/2023 | $26.00 | First Legal Network, LLC delivery of joint stipulation to extend anti-SLAPP attorneys' fees deadline courtesy copy to Court. |
| **Total Costs** | | |
| **TOTAL** | **$207.49** | |

29. In sum, through the filing of this Motion, Manatt incurred $207.49 in costs. Manatt is also seeking any additional fees incurred in connection with preparing a Reply and attending a hearing on this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in Los Angeles, California, on July 31, 2023.

By: /s/ *Nathaniel L. Bach*
Nathaniel L. Bach

# EXHIBIT A

manatt

# Nathaniel L. Bach



**Partner**
Manatt Entertainment

**T** 310.312.4204
**E** nbach@manatt.com

## Professional Experience

A Los Angeles-based Manatt Entertainment litigation partner, Nathaniel Bach represents prominent clients in the media, entertainment and technology industries, including film and television studios and networks, artists, brands, retailers, music publishers, producers, entrepreneurs and journalists. *Chambers USA* honored him in 2023 as one of the media and entertainment industry's notable Up & Coming lawyers, emphasizing that "He has incredible litigation expertise," "provides great counsel," and "His attention to detail is amazing." *Legal 500* recognized him as a 2021 Rising Star in Media and Entertainment Litigation. And *The Best Lawyers in America* has recognized him as "One to Watch" in Entertainment and Sports Law from 2021-2023.

Nat's broad commercial litigation practice spans copyright, trademark, right of publicity, First Amendment, contract, fashion, brand-protection, telecommunications, class action, intellectual property, and cutting-edge artificial intelligence, metaverse, digital assets, cryptocurrency and blockchain matters. In addition to his trial work, he maintains an active counseling practice, working with clients in pre-litigation and other risk-management matters. He has also represented clients in the financial industry in global regulatory and governmental investigations, and has played key roles in various other high-profile transactions and disputes.

Nat maintains an active pro bono practice. He successfully represented Dreamers to obtain a first-in-the-nation injunction blocking the Trump administration's unlawful revocation of the DACA program. Nat also represented one of the first Dreamers unlawfully targeted by the Trump administration, obtaining (after arguing) an unprecedented preliminary injunction that barred ICE and USCIS from falsely calling his client a gang member. He has partnered with diverse legal services organizations including the ACLU of Southern California, Public Counsel, Bet Tzedek, Lawyers Without Borders and the Equal Justice Initiative.

## Education

- University of California, Los Angeles – School of Law, J.D., 2006
- University of Pennsylvania, B.A., Diplomatic History, French, 2002

## Memberships and Activities

- Admitted to practice in the state of California
- Trustee, Los Angeles Copyright Society
- Member, LACBA, Entertainment Law and Intellectual Property Section

- Board Member, ShareWell, which operates the Cayton Children's Museum in Santa Monica
- Member of Advisory Board, Citizens of the World Los Angeles Charter Schools

## Honors and Awards

- Named as one of the Top-Ranked Attorneys, *Chambers USA*, 2023
- "One to Watch" in Entertainment and Sports Law, *The Best Lawyers in America*, 2021–2023
- Rising Star in Media and Entertainment Litigation, *Legal 500*, 2021
- Litigator of the Week, *AmLaw Litigation Daily*, 2020

## Experience

**Select Entertainment, Media & Technology Matters**

- *Wolf v. NBCUniversal* – Successfully defended NBCUniversal in a $150 million television profit participation licensing arbitration regarding a *Law & Order* series, including recouping arbitration fees.*
- *Herring Networks, Inc. v. Maddow et al.* – Successfully obtained anti-SLAPP dismissal of a defamation claim brought by the owner of a television network against Rachel Maddow, MSNBC, NBCUniversal and Comcast.*
- *Optimum Productions v. Home Box Office, Inc.* – Represented HBO against claims filed by Michael Jackson's estate over the Emmy-winning documentary *Leaving Neverland*.*
- *LMNO Cable Group, Inc. v. Discovery Communications, LLC* – Represented Discovery in complex copyright, trademark, profit participation, contract and fraud litigation against a reality television production company.*
- *Trump v. Trump* – Successfully represented Mary Trump in defeating Robert Trump's effort to enjoin publication of her best-selling memoir, *Too Much and Never Enough*.*
- *Brown v. Giongco et al.* – Successfully obtained full dismissal of singer Chris Brown's claims against a Philippine arena owner over alleged extortion following a Manila concert.*
- *DIRECTV, LLC v. Nexstar Broadcasting, Inc.* – Represented DIRECTV in a contract action in New York Supreme Court in a $12 million retransmission dispute.*
- Defended a studio in a profit participation arbitration with a major TV franchise.

**Select Intellectual Property Matters**

- *Tracy Anderson Mind and Body LLC v. Megan Roup et al.* -- Representing celebrity fitness entrepreneur Megan Roup and The Sculpt Society LLC against copyright, Lanham Act, UCL, and contract claims over dance-cardio fitness classes.
- *Real v. Yuga Labs et al.* – Representing artist Diplo in putative class action lawsuit claiming violation of securities laws in connection with ownership and alleged promotion of Bored Ape Yacht Club NFTs.
- *Iglesia Ni Cristo (Church of Christ) v. Samson* – Successfully obtained preliminary injunction and resolution of copyright infringement litigation against former minister who was infringing Church's original hymns by broadcasting them via a worship service over Zoom.

- *Estate of Hugh M. Hefner* – Representing the Hugh M. Hefner Foundation in intellectual property matters, including trademark, copyright and right of publicity matters.

**Select Music Matters**

- *Warner/Chappell Music v. EMI Entertainment World Inc.* – Represented EMI and affiliates in litigation brought by Warner/Chappell and affiliates over royalty accounting matters for multiple song catalogues by artists such as Curtis Mayfield and Kool and the Gang, as well as film and television library catalogues with contracts dating back to the 1930s.
- *In re Estate of Prince Rogers Nelson* – Successfully obtained rescission of a music licensing agreement and full return of funds for record company in deal with Prince's estate.*
- *Soundgarden et al. v. UMG Recordings, Inc.* – Successfully represented record company in a putative class action over master recordings allegedly destroyed in a fire on the Universal Studios backlot.*
- *Johansen v. Sony Music Entertainment* – Represented record company in a putative copyright class action brought by recording artists over Section 203 termination rights and related infringement claims.*
- Francisco Partners – advised Francisco Partners Management, a U.S.-headquartered global investment firm, in its 2022 majority stake investment in Kobalt Music.
- Square Inc. – advised Square in its 2021 acquisition of music-streaming platform TIDAL.*
- *Edmunds v. Coleman* – Representing music manager in litigation seeking commissions from artist's catalog sale.

**Select Pro Bono Matters**

- *State v. Martin* – Representing a former death-row inmate in challenging a capital murder conviction in Alabama. Served as one of the lead counsel at a three-week murder trial in 2019, examining multiple witnesses on direct and cross-examination before a jury.
- *Moore v. Harper* – Filed U.S. Supreme Court amicus brief for UCLA Law Professor Richard L. Hasen in support of respondents in case considering the so-called "independent state legislature theory."
- *Garcia v. United States* – Member of the litigation team that successfully blocked the Trump administration's attempt to terminate the DACA program and that was honored with *California Lawyer*'s 2018 Attorneys of the Year award.*
- *Ramirez Medina v. DHS* – Represented Dreamer in litigation challenging denial of DACA benefits. Argued two motions for preliminary injunction, motion for summary judgment and motion to dismiss before the chief judge of the U.S. District Court, Western District of Washington.*
- Partnered with ACLU to successfully protect a homeowner's association member's free speech rights.*
- Represented Cayton Children's Museum in various matters, including trademark and right of publicity matters.*
- Designed and drafted Lawyers Without Borders' 2014 Liberia Anti-Human Trafficking training program and its 2013 Kenya Anti-Corruption training program.*
- Successfully obtained the release of $76 million in California state funding for educationally related mental-health services on behalf of a class of mentally disabled children.*

- Led a litigation team in securing a settlement for the full amount of liability ($1.6 million) in a class action lawsuit on behalf of developmentally disabled foster children.*

* Denotes prior firm experience

# EXHIBIT B

manatt

# Christopher Chatham

## Professional Experience



**Partner**
Manatt Entertainment

**T** 310.312.4159
**E** cchatham
@manatt.com

Chris represents high-profile individuals and companies from media, entertainment, production, sports and technology, as well as family offices, startups, professional athletes, celebrities, public figures and influencers. His execution-oriented approach and unique breadth of experience handling cutting-edge transactions allow his clients to adapt and grow their businesses in today's advanced data- and technology-driven marketplace. His portfolio also includes mergers and acquisitions, joint ventures, brand monetization, cross-border transactions, equity and debt financings and corporate governance, as well as general business and dispute resolution-related matters.

Chris' broad litigation and counseling practice includes media and entertainment law; misappropriation of the right of publicity; employment disputes; defamation; business torts; breach of fiduciary duties; privately-held companies; the formation and division of trusts; real estate; and commercial law. Understanding his clients' objectives and risk tolerance, he serves as a trusted business and legal advisor, structuring and negotiating unprecedented deals on behalf of his clients and bringing them successfully across the finish line. Chris has become the go-to lawyer in town for complex corporate and commercial transactions involving icons and moguls across a wide range of industries, including media, entertainment, technology, sports, consumer brands and health and wellness.

Frequently recognized as one of the entertainment industry's top lawyers, Chris' clients are currently functioning on multiple platforms generating more than 800 hours of television per year (including the #1 syndicated TV talk show), engaged in the development of dozens of pilots, selling more than 50 million books and operating a number of digital platforms with over a hundred million users per month. His impactful work has earned him recognition as a top Hollywood dealmaker from various media publications across the country, including Variety's Legal Impact Report and the publication's highly competitive Dealmakers Impact Report, The Hollywood Reporter's Top Dealmakers which features major game-changing deals that have impacted the showbiz landscape, as well as other major publications such as the Los Angeles Times, Reuters, Bloomberg and other nationally recognized outlets. Before starting his career as a lawyer, Chris was a corporate bond trader on Wall Street and a Registered Representative of the National Association of Securities Dealers, coordinating billions of dollars in debt offerings for clients.

## Education

- Southwestern Law School, J.D., 2005
- University of Virginia, B.A., Government, 2000

## Memberships and Activities

- Admitted to practice in the state of California, the state of Hawaii and the District of Columbia

## Honors and Awards

- Dealmakers Impact Report, *Variety*, 2014–23
- Legal Impact Report, *Variety*, 2014–23
- Top Dealmakers, *The Hollywood Reporter*, 2022
- Super Lawyer, *Super Lawyers Magazine*, 2015–23
- Rising Stars, *Super Lawyers Magazine*, 2012 and 2014

# EXHIBIT C

manatt

# Sarah E. Moses

## Professional Experience



Sarah Moses is a partner in the Firm's industry-leading Manatt Entertainment group and focuses her practice on a variety of complex litigation and commercial disputes. Her representative matters within the broader entertainment sector have included guiding a major talent agency in an antitrust action, representing a grunge band in a copyright and trademark dispute with a fashion designer, and counseling a sports agency in contract disputes with professional athletes.

A significant portion of Sarah's practice is dedicated to white collar criminal defense work, representing high-net-worth individuals, politicians and companies in government investigations and prosecutions, and guiding companies through internal investigations. Her representative matters have included defending medical providers against health care fraud claims under the False Claims Act, representing employees in government investigations and administrative proceedings brought against an international banking institution, and defending politicians against public corruption charges.

**Partner**
Entertainment Litigation

**T** 310.312.4128
**E** smoses@manatt.com

Sarah has extensive hands-on experience researching and writing dispositive and other substantive motions in state and federal courts, and she works closely with clients to develop and manage case strategies. Sarah regularly serves as the primary advisor to clients on their most sensitive business matters.

Her pro bono experience has included spearheading the representation of a transgender inmate in Arizona state prison, including a briefing and oral argument before the U.S. Court of Appeals, Ninth Circuit.

Sarah began her legal career as a judicial extern to the Honorable David J. Cowan, Los Angeles Superior Court.

## Education

- UCLA School of Law, J.D.; Symposium Editor, *UCLA Law Review*; Staff, *Journal of International Law & Foreign Affairs*, 2013
- Pace University, M.Sc. for Teachers, 2008
- Northwestern University, B.A., European History and Communication Studies, *magna cum laude*, 2006

## Memberships and Activities

- Admitted to practice in the state of California

- Central District of California
- U.S. Court of Appeals, Ninth Circuit

## Honors and Awards

- Southern California *Super Lawyers*, Rising Star 2020–2023

## Experience

- Represented a prominent U.S. attorney and his law firm in connection with civil RICO and state law claims brought by an actress concerning the Firm's representation of Harvey Weinstein; secured a full dismissal of all claims with prejudice.
- Secured a favorable settlement for a music manager in a case alleging violation of federal human trafficking statutes.
- Obtained dismissal of a lawsuit brought against an online magazine and its president alleging civil RICO claims.
- Secured summary judgment for a prominent U.K. law firm and one of its partners in a legal malpractice case brought by a songwriter related to negotiation of the songwriter's music copublishing agreement.
- Won an appellate victory for an Olympic gold medalist in beach volleyball in an endorsement contract dispute; the California Court of Appeal affirmed a prevailing party fee award for the client.
- Obtained a favorable settlement for a prominent sports and entertainment company involving claims of copyright infringement.
- Secured a favorable settlement for a professional surfer in a breach of contract dispute with a sponsor involving allegations of failure to perform due to COVID-related disruptions.
- Represented a major talent agency in an antitrust dispute with the Writers Guild of America regarding packaging fees.
- Represented an iconic '90s grunge band in a copyright and trademark dispute brought against an international fashion designer.
- Represented the County of Los Angeles in connection with a long-running civil rights case, including ensuring compliance with a consent decree governing constitutional policing in the Antelope Valley.
- Engaged by the Hollywood Foreign Press Association to investigate complaints made to its hotline regarding claims of organizational misconduct.
- Represented a pool of 25 bank employees in connection with investigations by the U.S. Department of Justice and administrative proceedings brought by the Office of the Comptroller of the Currency.
- Represented employees of a cochlear implant manufacturer in connection with a civil division Department of Justice investigation.
- Represents a social media influencer talent management company in connection with artist disputes; provides prelitigation advice on non-disparagement, non-solicitation and confidentiality issues.
- Represented an executive of PG&E in connection with government charges related to the Camp Fire.

# EXHIBIT D

manatt

# Andrea Del-Carmen Gonzalez



**Associate**
Entertainment Litigation

**T** 310.312.4286
**E** adgonzalez@manatt.com

## Professional Experience

Andrea Del-Carmen Gonzalez is an associate in Manatt's Los Angeles office. She is experienced in conducting reports and providing recommendations for complex commercial litigation matters.

Before joining Manatt, Andrea served as a judicial law clerk to the Honorable Michael R. Wilner of the U.S. District Court for the Central District of California and as a law clerk for the Orleans Public Defenders Office. She also worked as a summer associate at a New York-based law firm, where she assisted in a broad range of civil litigation matters, including an amicus brief to the Supreme Court. Andrea is fluent in Spanish.

## Education

- UCLA School of Law, J.D., 2020
  Coeditor-In-Chief, *UCLA Law Review*
- American University, B.A., International Studies, 2015

## Languages

- Spanish

## Memberships and Activities

- Admitted to practice in the state of California

# EXHIBIT E

manatt

# Alex Castro

## Professional Experience

Alex Castro is an employment and labor associate in the firm's Los Angeles office.

Before joining Manatt, Alex was an associate for a national law firm, where he was responsible for drafting and arguing motions, taking depositions, and negotiating Private Attorneys General Act settlements, while also participating in all phases of employment litigation.



**Associate**
Employment and Labor

**T** 310.312.4216
**E** acastro@manatt.com

## Education

- Loyola Law School, J.D., 2017
- University of California, Merced, B.A., Political Science, 2014

## Languages

- Spanish (fluent)

## Memberships and Activities

- Admitted to practice in the state of California

# EXHIBIT F

## PEER MONITOR

**Metric:** Standard Rates (/hr.)
**Time:** 202201-202209
**Offices:** Los Angeles CA
**Practices:** Litigation

| | My Firm | Peer Group - (120717) | | | | | |
|---|---|---|---|---|---|---|---|
| **Timekeepers** | | **Mean** | **Variance** | **Median** | **Variance** | **25th** | **75th** |
| Total All Lawyers | $919 | $907 | 1.3% | $904 | 1.6% | $806 | $1,014 |
| Total All Partners | $1,027 | $1,109 | -7.4% | $1,143 | -10.1% | $944 | $1,208 |
| Associate | $722 | $784 | -7.9% | $794 | -9.0% | $692 | $819 |
| Associate (1st Year) | $555 | $579 | -4.1% | $595 | -6.7% | $550 | $600 |
| Associate (2nd Year) | $619 | $611 | 1.3% | $601 | 3.0% | $555 | $675 |
| Associate (3rd Year) | $510 | $709 | -28.1% | $715 | -28.7% | $637 | $755 |
| Associate (4th Year) | $685 | $720 | -4.9% | $705 | -2.8% | $664 | $783 |
| Associate (5th Year) | $825 | $816 | 1.0% | $805 | 2.5% | $739 | $875 |
| Associate (6th Year) | $727 | $840 | -13.5% | $835 | -13.0% | $751 | $925 |
| Associate (7th Year) | $860 | $904 | -4.8% | $890 | -3.4% | $810 | $980 |
| Associate (Over 7 Years) | $840 | $935 | -10.2% | $933 | -9.9% | $860 | $986 |
| Grad Date Not Found | $503 | * | * | * | * | N/A | N/A |
| Equity Partner | $1,125 | $1,142 | -1.5% | $1,169 | -3.8% | $969 | $1,249 |
| Partners (11 - 13 Years) | X | $955 | * | $1,010 | * | $851 | $1,068 |
| Partners (14 - 16 Years) | $995 | $1,079 | -7.8% | $1,082 | -8.1% | $1,065 | $1,149 |
| Partners (17 - 19 Years) | $900 | $1,089 | -17.4% | $1,120 | -19.7% | $984 | $1,192 |
| Partners (20 - 22 Years) | $994 | $1,225 | -18.8% | $1,216 | -18.3% | $1,170 | $1,250 |
| Partners (23 - 25 Years) | $1,040 | $1,115 | -6.8% | $1,161 | -10.5% | $910 | $1,185 |
| Partners (26 - 29 Years) | $1,250 | $1,195 | 4.6% | $1,250 | 0.0% | $1,090 | $1,345 |
| Partners (30 - 34 Years) | $1,176 | $1,206 | -2.5% | $1,215 | -3.2% | $1,102 | $1,255 |
| Partners (35 - 39 Years) | $1,242 | $1,212 | 2.4% | $1,221 | 1.7% | $1,022 | $1,349 |
| Partners (40 - 44 Years) | $1,272 | $1,290 | -1.4% | $1,290 | -1.4% | $1,055 | $1,373 |
| Non-Equity Partner | $945 | $1,013 | -6.7% | $932 | 1.4% | $907 | $1,135 |
| Partners (1 - 10 Years) | $815 | * | * | * | * | N/A | N/A |
| Partners (11 - 13 Years) | $895 | * | * | * | * | N/A | N/A |
| Partners (14 - 16 Years) | $885 | $961 | -7.9% | $953 | -7.0% | $845 | $1,045 |
| Partners (17 - 19 Years) | $905 | * | * | * | * | N/A | N/A |
| Partners (20 - 22 Years) | X | $962 | * | $915 | * | $852 | $1,094 |
| Partners (23 - 25 Years) | $970 | $1,050 | -7.6% | $1,130 | -14.2% | $860 | $1,152 |
| Partners (26 - 29 Years) | $1,002 | * | * | * | * | N/A | N/A |
| Partners (30 - 34 Years) | $1,025 | * | * | * | * | N/A | N/A |
| Partners (35 - 39 Years) | X | $1,124 | * | $1,135 | * | $918 | $1,295 |
| Partners (40 - 44 Years) | $1,090 | * | * | * | * | N/A | N/A |
| Partners (45 - 50 Years) | $1,129 | * | * | * | * | N/A | N/A |
| Partners (Over 50 Years) | $945 | * | * | * | * | N/A | N/A |
| Of Counsel | $911 | $1,009 | -9.8% | $1,025 | -11.1% | $895 | $1,065 |
| Other Lawyer | $430 | $871 | -50.6% | $795 | -45.9% | $695 | $1,080 |

# EXHIBIT G

## PEER MONITOR

**Metric:** Standard Rates (/hr.)
**Time:** 202301-202305
**Currency:** USD
**Offices:** Los Angeles CA
**Practices:** Litigation

| | My Firm | Peer Group - (120717) | | | | | |
|---|---|---|---|---|---|---|---|
| **Timekeepers** | | **Mean** | **Variance** | **Median** | **Variance** | **25th** | **75th** |
| Total All Lawyers | $996 | $971 | 2.5% | $971 | 2.5% | $910 | $1,044 |
| Total All Partners | $1,144 | $1,195 | -4.3% | $1,253 | -8.7% | $1,033 | $1,343 |
| Equity Partner | $1,215 | $1,252 | -2.9% | $1,270 | -4.3% | $1,081 | $1,399 |
| Partners (11 - 13 Years) | X | $1,048 | * | $1,130 | * | $917 | $1,161 |
| Partners (14 - 16 Years) | $1,115 | $1,119 | -0.3% | $1,160 | -3.9% | $1,119 | $1,190 |
| Partners (17 - 19 Years) | $1,005 | $1,205 | -16.6% | $1,244 | -19.3% | $1,183 | $1,320 |
| Partners (20 - 22 Years) | $1,114 | $1,209 | -7.8% | $1,292 | -13.8% | $980 | $1,345 |
| Partners (23 - 25 Years) | $1,171 | * | * | * | * | N/A | N/A |
| Partners (26 - 29 Years) | $1,219 | $1,287 | -5.2% | $1,316 | -7.3% | $1,200 | $1,395 |
| Partners (30 - 34 Years) | $1,316 | $1,308 | 0.6% | $1,193 | 10.3% | $1,141 | $1,436 |
| Partners (35 - 39 Years) | $1,400 | $1,342 | 4.3% | $1,303 | 7.4% | $1,192 | $1,505 |
| Partners (40 - 44 Years) | $1,415 | $1,462 | -3.2% | $1,480 | -4.4% | $1,455 | $1,480 |
| Non-Equity Partner | $1,068 | $1,089 | -1.9% | $1,035 | 3.2% | $958 | $1,241 |
| Partners (1 - 10 Years) | X | * | * | * | * | N/A | N/A |
| Partners (11 - 13 Years) | $987 | * | * | * | * | N/A | N/A |
| Partners (14 - 16 Years) | $985 | * | * | * | * | N/A | N/A |
| Partners (17 - 19 Years) | $1,065 | $1,027 | 3.7% | $990 | 7.5% | $959 | $1,020 |
| Partners (20 - 22 Years) | $0 | * | * | * | * | N/A | N/A |
| Partners (23 - 25 Years) | $1,100 | $1,052 | 4.5% | $935 | 17.6% | $930 | $1,248 |
| Partners (26 - 29 Years) | $1,128 | * | * | * | * | N/A | N/A |
| Partners (30 - 34 Years) | $1,123 | * | * | * | * | N/A | N/A |
| Partners (35 - 39 Years) | $1,225 | $1,203 | 1.8% | $1,159 | 5.7% | $1,015 | $1,423 |
| Partners (40 - 44 Years) | $0 | * | * | * | * | N/A | N/A |
| Partners (45 - 50 Years) | $1,250 | * | * | * | * | N/A | N/A |
| Partners (Over 50 Years) | $975 | * | * | * | * | N/A | N/A |
| Associate | $742 | $851 | -12.8% | $862 | -13.9% | $764 | $925 |
| Associate (1st Year) | $590 | $629 | -6.3% | $635 | -7.1% | $584 | $668 |
| Associate (2nd Year) | $655 | $702 | -6.8% | $707 | -7.3% | $644 | $763 |
| Associate (3rd Year) | $693 | $765 | -9.5% | $769 | -9.9% | $725 | $860 |
| Associate (4th Year) | $585 | $825 | -29.1% | $838 | -30.1% | $741 | $917 |
| Associate (5th Year) | $738 | $859 | -14.2% | $855 | -13.7% | $770 | $940 |
| Associate (6th Year) | $895 | $949 | -5.7% | $944 | -5.2% | $853 | $1,027 |
| Associate (7th Year) | $767 | $965 | -20.5% | $950 | -19.3% | $845 | $1,035 |
| Associate (Over 7 Years) | $946 | $1,003 | -5.7% | $1,024 | -7.6% | $925 | $1,060 |
| Grad Date Not Found | $0 | $825 | -100.0% | $793 | -100.0% | $724 | $990 |
| Of Counsel | $1,075 | $1,187 | -9.4% | $1,172 | -8.3% | $982 | $1,285 |
| Other Lawyer | $455 | $929 | -51.0% | $870 | -47.7% | $745 | $1,120 |