Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
Delaney K. Sirmay (SBN 345397)
E-mail: dsirmay@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF SAN BERNARDINO and
DEPUTY CHRISTOPHER ALFRED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-00625-KK-DTBx<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT PENDING APPEAL**<br><br>**Date:** December 17, 2026<br>**Time:** 9:30 a.m. |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 17, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, before the Honorable Kenly Kiya Kato, Defendants County of San Bernardino (the "County") and Deputy Christopher Alfred ("Deputy Alfred") (collectively, "Defendants") will and hereby do move the Court for an order staying enforcement of the amended

judgment entered on August 31, 2026 (Dkt. No. 257), together with any award of attorney's fees and costs entered in this action, pending final resolution of defendants' appeal to the United States Court of Appeals for the Ninth Circuit (Ninth Circuit Case Nos. 26-4259 and 26-5942).

This motion is made on the following grounds:

1. The amended judgment in this action must be stayed as to the County and Deputy Alfred under California Code of Civil Procedure section 995.220(b), which waives the requirement to post a bond to stay enforcement of a money judgment pending appeal in California state court for "[a] county" and "an officer of the local public entity in an official capacity or on behalf of the local public entity." Section 995.220(b) is substantive state law that this court is bound to apply under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny. Even if deemed procedural, section 995.220(b) governs here by virtue of Federal Rule of Civil Procedure 69(a)(1), which directs that enforcement of a money judgment proceed under the law of the forum state.

2. Alternatively, the Court should exercise its discretion under Federal Rule of Civil Procedure 62(b) to enter an unsecured stay, or a stay secured by a bond substantially below the full amount of the amended judgment, because the County's ability to pay the judgment is beyond reasonable dispute and the cost of a full bond would needlessly divert public funds.

3. At a minimum, if the Court requires the County to post any bond, the Court should stay enforcement of the amended judgment and defer any bond requirement until after the Court rules on plaintiff's pending amended motion for attorneys' fees (Dkt. 261), currently pending before the Court, so that the County may post a single bond covering the amended judgment and any fee and cost award, rather than two separate bonds with two sets of premiums.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed Declarations of Paul

Kiehl and Paloma Hernandez Barker and the exhibits thereto, the [Proposed] Order lodged herewith, all pleadings, records, and files in this action, and such further evidence and argument as the Court may permit at or before the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 22, 2026 and October 23, 2026. The parties were unable to reach a resolution that would eliminate the need for this motion.

November 19, 2026 **BURKE, WILLIAMS & SORENSEN, LLP**

By: /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Delaney K. Sirmay
Attorneys for Defendants
COUNTY OF SAN BERNARDINO and
DEPUTY CHRISTOPHER ALFRED

Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
Delaney K. Sirmay (SBN 345397)
E-mail: dsirmay@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF SAN BERNARDINO and
DEPUTY CHRISTOPHER ALFRED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFFON BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity, DEPUTY CHRISTOPHER ALFRED, an individual, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:22-cv-00625-KK-DTBx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT PENDING APPEAL**<br><br>**Date:** December 17, 2026<br>**Time:** 9:30 a.m. |

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. RELEVANT FACTS AND PROCEDURAL HISTORY ..... 2

A. The verdict, judgment, and post-trial motions ..... 2

B. The district court enters an amended judgment ..... 3

C. The pending attorney's fee motion ..... 3

D. The County's financial condition ..... 4

E. The cost of a supersedeas bond ..... 4

F. Meet and confer ..... 4

III. ARGUMENT ..... 5

A. Under California Code Of Civil Procedure Section 995.220, The County Is Entitled To A Stay of Enforcement Without Posting Security. ..... 5

1. Section 995.220 is substantive state law and entitles the County to a stay of enforcement absent a bond. ..... 5

2. Even if section 995.220 is procedural, Rule 69 entitles the County to a stay without bond. ..... 7

B. Alternatively, The Court Should Exercise Its Discretion To Enter A Stay Of Enforcement Without Requiring A Supersedeas Bond. ..... 8

1. The *Dillon* factors support waiving a bond altogether, or at a minimum, requiring only a bond in a reduced amount. ..... 8

2. The County's evidentiary showing is stronger than in *Lewis*. ..... 10

a. Scale of operations ..... 10

b. Reserves ..... 10

c. Financial condition and trend ..... 10

d. Insurance and indemnity ..... 11

e. Payment history and permanence ..... 11

3. If the Court requires any bond, it should be set at a small fraction of the judgment amount. ..... 12

C. At A Minimum, The Court Should Enter A Stay And Defer Any Bond Requirement Until It Rules On Plaintiff's Pending Fee Motion, So That The County Need Post Only One Bond. ..... 13

IV. CONCLUSION ....................................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

### Federal Cases

*Budinich v. Becton Dickinson & Co.*,
486 U.S. 196 (1988) ........ 13

*Castillo v. Montelepre, Inc.*,
999 F.2d 931 (5th Cir. 1993) ........ 6

*Dillon v. City of Chicago*,
866 F.2d 902 (7th Cir. 1988) ........ 8

*Duchek v. Jacobi*,
646 F.2d 415 (9th Cir. 1981) ........ 7

*Gillispie v. City of Miami Twp.*,
No. 3:13-cv-416, 2024 WL 897592 (S.D. Ohio Mar. 1, 2024) ........ 11

*Hackworth v. Arevalos*,
No. 1:19-CV-01362-KES-CDB, 2025 WL 240832 (E.D. Cal. Jan. 17, 2025) ........ 8, 9

*Hanna v. Plumer*,
380 U.S. 460 (1965) ........ 7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........ 14

*Lewis v. County of San Diego*,
No. 13-cv-02818-H-JMA, 2018 WL 1071704 (S.D. Cal. Feb. 27, 2018) ........ 9, 10, 15

*Cotton ex rel. McClure v. City of Eureka*,
860 F.Supp.2d 999 (N.D. Cal. 2012) (42 U.S.C. § 1983 action) ........ 6

*Munoz v. City of Philadelphia*,
537 F.Supp.2d 749 (E.D. Pa. 2008) ........ 6

*In re Nassau Cty. Strip Search Cases*,
783 F.3d 414 (2d Cir. 2015) ........ 9, 15

*Office Depot Inc. v. Zuccarini*,
596 F.3d 696 (9th Cir. 2010) ........ 7, 8

*Olympia Equip. Leasing Co. v. W. Union Tel. Co.*,
786 F.2d 794 (7th Cir. 1986) ........ 9

*Pierce v. Cnty. of Orange*,
905 F.Supp.2d 1017 (C.D. Cal. 2012) ........ 15

*Rachel v. Banana Republic, Inc.*,
831 F.2d 1503 (9th Cir. 1987) .......... 14

*Ramirez v. Escondido Unified Sch. Dist.*,
No. 11cv1823 DMS (BGS), 2014 WL 12675341 (S.D. Cal. Apr. 17, 2014) .......... 9

*Townsend v. Holman Consulting Corp.*,
881 F.2d 788 (9th Cir. 1989) .......... 14

*Urban Developers, LLC v. City of Jackson*,
227 F.R.D. 464 (S.D. Miss. 2005) .......... 6

*Vacation Vill., Inc. v. Clark Cty.*,
497 F.3d 902 (9th Cir. 2007) .......... 5

*Walker v. Armco Steel Corp.*,
446 U.S. 740 (1980) .......... 5

*Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*,
No. 1:20-cv-1008, Slip opn. at 2 (W.D. Mich. Mar. 2, 2026) .......... 11

**State Cases**

*City of S. San Francisco v. Cypress Lawn Cemetery Ass'n*,
11 Cal.App.4th 916 (1992) .......... 6, 12

**Federal Statutes**

28 U.S.C. § 1961 .......... 12, 15

42 U.S.C. § 1983 .......... 1

**State Statutes**

Bane Act .......... 3

Cal. Civ. Proc. Code
§ 917.1(a)(1) .......... 5
§ 995.220 .......... *passim*
§ 995.220(b) .......... 1, 7, 8

Cal. Gov't Code
§ 825(a) .......... 4, 7, 11
§§ 970-971.2 .......... 12

Cal. Penal Code § 245(a)(1) .......... 1, 3

Government Claims Act .......... 6

## Other Authorities

19 Charles Alan Wright et al., *Federal Practice & Procedure* § 4520 (2d ed. 1996) .................... 5

C.D. Cal. L.R. 65-2 .................................................................................................... 14

C.D. Cal. L.R. 7-3 ...................................................................................................... 4

Fed. R. App. P. 8(a)(1)(A)........................................................................................... 1

Fed. R. Civ. P.
- Rule 3 ........................................................................................................ 5
- Rule 50(b)................................................................................................... 3
- Rule 58(e)................................................................................................. 14
- Rule 59 ...................................................................................................... 3
- Rule 62 ............................................................................................... 2, 13
- Rule 62(b).......................................................................................... 2, 13
- Rule 62(d).................................................................................................. 9
- Rule 69 ................................................................................................... 7, 8
- Rule 69(a)........................................................................................... 14, 15
- Rule 69(a)(1) .......................................................................................... 1, 7

Fourth Amendment...................................................................................................... 1

# I. INTRODUCTION

This case arises from San Bernardino County Sheriff's Deputy Christopher Alfred's use of deadly force against Plaintiff Steffon Barber on April 27, 2021, after Barber reversed his vehicle towards Deputy Alfred. Barber was convicted of assault with a deadly weapon other than a firearm under California Penal Code § 245(a)(1) and is presently serving a 13-year prison sentence.

Following his conviction, Barber's Fourth Amendment excessive force claim under 42 U.S.C. § 1983 against Deputy Alfred and the County of San Bernardino—which had been stayed pending resolution of his criminal case—proceeded in this court. After trial, a jury found in favor of Barber and awarded $27,350,000 in damages. (Dkt. 207.) Defendants appealed from the judgment entered on the jury's verdict. (Dkt. 249.) On August 31, 2026, following posttrial motions and a stipulation between the parties regarding the amount of economic damages, the district court entered an amended judgment in the amount of $26,000,000. (Dkt. 257.) Defendants also appealed from the amended judgment. (Dkt. 258.) Plaintiff separately seeks $8,270,034 in attorney's fees and costs. (Dkt. 261.) That motion is currently pending before the court.

Defendants now request the court to stay enforcement of the amended judgment, and of any fee and cost award, pending appeal. A request of this kind is properly directed to the district court in the first instance. Fed. R. App. P. 8(a)(1)(A).

This court should grant the motion for several reasons.

First, under the substantive law of California, a county is entitled to a stay of enforcement of a money judgment pending appeal without posting a bond or other security. Cal. Civ. Proc. Code § 995.220(b). The Federal Rules of Civil Procedure direct this Court to apply state law to the enforcement of money judgments. Fed. R. Civ. P. 69(a)(1). The Court therefore should recognize that a stay has arisen by operation of law.

Second, if for any reason the court does not recognize the automatic stay, the

County is prepared to post an appeal bond. But the Court should not require a bond equal to, let alone exceeding, the full amount of the amended judgment. There is no doubt that the County, with a $10.9 billion annual budget, roughly $1.1 billion in general fund reserves, and an AA+ credit rating, can pay the amount of the amended judgment if its appeal is unsuccessful. The County's ability to pay rests in part on its ability to plan and reserve funds over the two to three fiscal years the appeal will likely take. What the County should not have to do, however, is absorb, without budgetary planning, the immediate cost of annual premiums on a bond of $26 million or more, which would divert funds from programs serving the County's residents. Therefore, on this record, an unsecured stay, or a bond no greater than a small fraction of the amended judgment, is appropriate.

Finally, even if the Court is inclined to require the County to post a bond, it should not require the County to post two of them. The court has already taken Plaintiff's attorney's fee motion under submission without argument, and any fee award will itself be a separately appealable judgment that plaintiff will undoubtedly seek to enforce. Rule 62(b) expressly contemplates "a single bond or other security that persists through completion of post-judgment proceedings in the trial court and on through completion of all proceedings on appeal." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment. The Court should therefore, at a minimum, stay enforcement of the amended judgment and defer any bond requirement until after it has ruled on the fee motion, so that the County can post a single bond covering the amounts of the amended judgment and any fee and cost award together.

Under any of the aforementioned rationales, enforcement of the amended judgment should be stayed pending appeal.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. The verdict, judgment, and post-trial motions

Plaintiff's civil action arises from an April 2021 encounter with Deputy Alfred. Plaintiff was convicted in state court of assault with a deadly weapon on a

peace officer, Cal. Penal Code § 245(a)(1), and sentenced to 13 years in state prison. (Dkts. 97-5, 97-6.) After the stay entered during the criminal proceedings was lifted, this case was tried to a jury beginning January 30, 2026.

On February 9, 2026, the jury returned a verdict for plaintiff on his excessive force, battery, negligence, Bane Act, and intentional infliction of emotional distress claims, and for the County on plaintiff's *Monell* claim. (Dkt. 200.) The jury awarded $7,250,000 in past non-economic damages, $18,250,000 in future non-economic damages, and $1,850,000 in future economic loss. (*Id.*) Judgment was entered on February 25, 2026. (Dkt. 207.)

Defendants timely moved for judgment as a matter of law under Rule 50(b) and for a new trial under Rule 59. (Dkts. 208, 210.) On June 1, 2026, the court denied defendants' motion for judgment as a matter of law and conditionally denied their motion for new trial. (Dkt. 232.)

On July 1, 2026, defendants filed a notice of appeal. (Dkt. 249.) The appeal is now pending in the Ninth Circuit as Case No. 26-4259.

**B. The district court enters an amended judgment**

Following the court's conditional denial of defendants' new trial motion, the parties stipulated to reduce the future economic loss award to $500,000. (Dkt. 256.) This resulted in an amended judgment, dated August 31, 2026, in the amount of $26,000,000, exclusive of post-judgment interest, costs, and any fee award. (Dkt. 257.) On September 9, 2026, defendants filed a second notice of appeal. (Dkt. 258.) A second appeal is now pending in the Ninth Circuit as Case No. 26-5942. On September 15, 2026, the Ninth Circuit entered an order consolidating both appeals.

**C. The pending attorney's fee motion**

Plaintiff filed his original motion for attorney's fees on March 25, 2026. (Dkt. 211). The court denied it as moot in its June 1, 2026 order. (Dkt. 232). Plaintiff then filed an amended motion for attorney's fees on September 14, 2026, seeking a lodestar of $4,135,017 and a 2.0 multiplier, for a total fee request exceeding $8.2

million, in addition to costs. (Dkt. 261.) Defendants opposed the motion on October 1, 2026, contending that no more than $1,224,420.60 is reasonable. (Dkt. 266.) On October 15, 2026, the court took the motion under submission without argument. (Dkt. 269.) Any fee award will be entered as a separately appealable judgment.

### D. The County's financial condition

The County is a political subdivision of the State of California with taxing authority. Its budget for Fiscal Year 2026-27 carries total countywide requirements of approximately $10.9 billion, and its estimated general fund reserves as of November 2026 are $1.1 billion. (Hernandez-Barker Decl. ¶ 2 & Ex. "A".) The County maintains a self-insured liability program and excess liability coverage. (Kiehl Decl. ¶ 2.) The County is obligated to pay any judgment against Deputy Alfred for acts within the scope of his employment. Cal. Gov't Code § 825(a).

### E. The cost of a supersedeas bond

Assuming a bonded amount of $28,148,646.50 (calculated as the judgment amount along with the applicable post-judgment interest rate[1] and 2 years' worth of interest), the County did not budget for bond premiums in the current fiscal year. Therefore, funding them now would require diverting money from existing County programs and services. (Hernandez-Barker Decl. ¶ 7; Kiehl Decl. ¶ 3)

### F. Meet and confer

Counsel for defendants conferred with plaintiff's counsel on October 22 and 23, 2026, pursuant to C.D. Cal. L.R. 7-3. Plaintiff would not agree that section 995.220 entitles the County to a stay without posting a security; would not agree to an unsecured or reduced-bond stay; and would not agree to defer any security requirement until the attorney's fee motion is decided. (Oyster Decl. ¶ 2.)

[1] The applicable rate for judgments entered during the week of August 28, 2026 is 4.05%.

## III. ARGUMENT

### A. Under California Code Of Civil Procedure Section 995.220, The County Is Entitled To A Stay of Enforcement Without Posting Security.

#### 1. Section 995.220 is substantive state law and entitles the County to a stay of enforcement absent a bond.

"[F]ederal courts are to apply state substantive law and federal procedural law." *Vacation Vill., Inc. v. Clark Cty.*, 497 F.3d 902, 913 (9th Cir. 2007) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *cf.* 19 Charles Alan Wright et al., *Federal Practice & Procedure* § 4520 (2d ed. 1996) ("The *Erie* case and the Supreme Court decisions following it apply in federal question cases as well."). State statutes fall on the substantive side of this divide when they confer immunities, and when they afford procedural opportunities closely tied to important public policies. *See, e.g.*, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-52 (1980) (applying state statute requiring actual service of summons, rather than Fed. R. Civ. P. 3, because of the statute's close relationship to the statute of limitations).

California law generally requires a judgment debtor to post an undertaking to stay enforcement of a money judgment pending appeal. Cal. Civ. Proc. Code § 917.1(a)(1). But the Legislature has immunized public entities and their officers from that requirement:

> Notwithstanding any other statute, if a statute provides for a bond in an action or proceeding, including but not limited to a bond for . . . *stay of enforcement of a judgment on appeal*, the following public entities and officers *are not required to give the bond* and shall have the same rights, remedies, and benefits as if the bond were given:
>
> . . . .
>
> (b) A county, city, or district, or public authority, public agency, or other political subdivision in the state, or an officer of the local public entity in an official capacity or on behalf of the local public entity.

Cal. Civ. Proc. Code § 995.220 (emphasis added).

Section 995.220 is substantive California law for two reasons.

First, the statute affords public entities a discrete form of immunity, one that "clearly reflects the deliberate conclusion of the Legislature that the public good is best served by excusing governmental entities from the security requirements otherwise imposed on litigants." *City of S. San Francisco v. Cypress Lawn Cemetery Ass'n*, 11 Cal.App.4th 916, 922 (1992). The statute "supplement[s]" the immunity provisions of the Government Claims Act that protect public entities and their employees from various forms of liability. *Id.*

Second, section 995.220 embodies the Legislature's substantive judgment about public policy. The statute was "[e]nacted for the public good," and the Legislature intended to confer on public entities and their officers a "privilege." *Id.* at 924. The statute serves "the reduction of public funds expended in furnishing undertakings, defending against efforts to recover, and responding in damages like private parties." *Id.*

These features make section 995.220 fundamentally substantive, not procedural. They also explain why federal district courts in California have held that the statute relieves public entities of any obligation to post a bond to obtain a stay of enforcement. *E.g.*, *Cotton ex rel. McClure v. City of Eureka*, 860 F.Supp.2d 999, 1026 (N.D. Cal. 2012) ("Defendants are correct that § 995.220(b) relieves the City of the requirement to post a bond to secure a stay of a money judgment.") (42 U.S.C. § 1983 action).

Federal courts in other states with comparable statutes have reached the same conclusion. *See Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993) ("[W]e find the Fund to be entitled to a stay without bond under Louisiana law."); *Munoz v. City of Philadelphia*, 537 F.Supp.2d 749, 750-51 (E.D. Pa. 2008) (granting stay pending appeal without supersedeas bond because Pennsylvania law exempts cities from furnishing security); *Urban Developers, LLC v. City of Jackson*, 227

F.R.D. 464, 466 (S.D. Miss. 2005) ("[Under Mississippi law,] the City is entitled to a stay of the subject Judgment on appeal without the posting of a supersedeas bond.").

For all of these reasons, this Court should apply section 995.220 and recognize the stay of enforcement to which the County is entitled without requiring the posting of an appeal bond.[2]

**2. Even if section 995.220 is procedural, Rule 69 entitles the County to a stay without bond.**

When a Federal Rule of Civil Procedure covers a procedural situation arising in federal court, that rule generally governs. *Hanna*, 380 U.S. at 471. If section 995.220 were deemed procedural rather than substantive, the court would apply the pertinent federal rule. That approach yields the same result here because the applicable federal rule directs the court to follow state law.

"Federal Rule of Civil Procedure 69 governs procedures on execution of a judgment and, for the most part, directs the district court to look to state rules." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010). Under Rule 69(a)(1), a judgment creditor must follow state law to enforce a federal money judgment absent a contrary federal statute:

> The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); *cf. Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981)

---

[2] The stay extends to Deputy Alfred as well. Section 995.220(b) covers "an officer of the local public entity in an official capacity or on behalf of the local public entity," and the County is statutorily obligated to pay any judgment against Deputy Alfred arising from acts within the scope of his employment. Cal. Gov't Code § 825(a). Thus, a bond posted by Deputy Alfred would secure nothing that the County's own statutory obligation does not already secure.

("The rule unmistakably contemplates proceedings in federal court according to state practice and procedure . . . .").

There is no federal statutory scheme for enforcing money judgments against local public entities. The scattered federal provisions touching on enforcement (collected in the Advisory Committee Notes to Rule 69) do not apply here. Thus, following the command of Rule 69, "we look to state law." *Office Depot*, 596 F.3d at 701. The applicable state law is section 995.220(b), which exempts counties and their officers from providing a bond to stay enforcement of a judgment. Accordingly, the County is entitled to a stay of enforcement without bond under Rule 69 and section 995.220.

**B. Alternatively, The Court Should Exercise Its Discretion To Enter A Stay Of Enforcement Without Requiring A Supersedeas Bond.**

**1. The *Dillon* factors support waiving a bond altogether, or at a minimum, requiring only a bond in a reduced amount.**

Courts look to several factors from *Dillon v. City of Chicago*, 866 F.2d 902, 904–905 (7th Cir. 1988) in evaluating whether to waive the bond requirement. *Hackworth v. Arevalos*, No. 1:19-CV-01362-KES-CDB, 2025 WL 240832, at *2 (E.D. Cal. Jan. 17, 2025), *quoting Kranson v. Fed. Express Corp*., No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013).

The *Dillon* factors are: (1) the complexity of the collection process; (2) the amount of time required to obtain payment of a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon*, 866 F.2d at 904-05.

The fourth factor is dispositive here. An "inflexible requirement of a bond

would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *accord In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015) ("[T]here is no practical reason to require Nassau County to post a bond or deposit funds in order to secure a Rule 62(d) stay pending appeal.") (collecting cases). Courts in this Circuit routinely grant unbonded stays to "demonstrably solvent government entities." *Hackworth v. Arevalos*, No. 1:19-cv-01362-KES-CDB, 2025 WL 240832, at *4 (E.D. Cal. Jan. 17, 2025) (quoting *Edmo v. Idaho Dep't of Corr.*, No. 1:17-cv-00151, 2022 WL 17975984, at *6 n.9 (D. Idaho Dec. 28, 2022) (surveying cases)).

*Lewis v. County of San Diego*, No. 13-cv-02818-H-JMA, 2018 WL 1071704 (S.D. Cal. Feb. 27, 2018), is directly on point. There, "the County submitted a declaration by the County's Assistant Auditor and Controller, explaining that the County has the highest possible financial rating with three of the major credit rating agencies, that the County has an operating budget of $5.79 billion, and that the County has funds set aside for future liability and judgments sufficient to cover the attorneys' fees and costs awards in this case." *Id.* at *2. The County also showed, through an official "familiar with the County's financial situation," "that she is unaware of any instance in which the County has defaulted on a court judgment." *Id.* Those showings gave the court "confiden[ce] that the County has funds available to pay the judgment and that, given the County's evident ability to pay, the cost of a bond would be a waste of money." *Id.*; *accord Ramirez v. Escondido Unified Sch. Dist.*, No. 11cv1823 DMS (BGS), 2014 WL 12675341, at *2 (S.D. Cal. Apr. 17, 2014) ("Because the evidence shows that the school district has access to more than sufficient funds to satisfy the judgment against all Defendants, posting a supersedeas bond is unnecessary to secure payment of judgment to Plaintiffs.").

### 2. The County's evidentiary showing is stronger than in *Lewis*.

#### a. Scale of operations

On June 9, 2026, the San Bernardino County Board of Supervisors adopted the County's budget for Fiscal Year 2026-27. (Hernandez-Barker Decl. ¶ 2.) Total countywide requirements for 2026-27 are approximately $10.9 billion. (*Id.* & Ex. "A" at Page 69.) General Fund requirements are $5.6 billion, of which $1.7 billion is discretionary general funding, primarily funded by property tax receipts. (*Id.* Ex. "A".) In short, the County's budget is roughly double the $5.79 billion operating budget that satisfied the court in *Lewis*. *See* 2018 WL 1071704, at *2.

#### b. Reserves

Estimated general fund reserves for the County as of June 30, 2026 total $1.1 billion—that is, approximately forty times the value of the amended judgment. (Hernandez-Barker Decl. ¶ 2 & Ex. "A" at 10.) Those reserves are not incidental. County Policy 05-01 requires a General Purpose Reserve equal to 20 percent of locally funded appropriation, and the County maintains a 5 percent contingency set-aside; the 2026-27 budget funds both reserve amounts, allocating $14,974,619 and $3,743,655 respectively. (*Id.* ¶ 3 & Ex. "A" at Page 69.) The County also continues to build reserves: it is projected to have contributed $218.7 million to reserves in 2025-26 ($195.5 million General Fund, $23.2 million non-General Fund), and the 2026-27 budget provides for contributions of $161.5 million and $19.8 million respectively, against budgeted reserve usage of $81.7 million. (*Id.*, ¶ 4 & Ex. "A" at Pages 69, 72.)

#### c. Financial condition and trend

The County ended Fiscal Year 2024-25 with assessed valuation growth of 7.2 percent against the 3.0 percent assumed in the budget. It had a General Fund balance that was $65.1 million higher than anticipated in the 2025-26 Recommended Budget, and assessed valuation grew 6 percent in 2025-26 against 3 percent budgeted. (*Id.* ¶ 5 & Ex. "A") Thus, the County's 2026-27 budget is structurally

balanced, with $32.1 million in ongoing funding available to offset future cost increases. (*Id.*)

**d. Insurance and indemnity**

The County maintains a self-insured liability program including excess liability coverage. (Kiehl Decl. ¶ 2.) The County has a $5 million-dollar self-insured retention which means the County is personally responsible for the first $5 million and then two layers of excess insurance, which are $25 million each. (*Id.*) The County is obligated to pay any judgment against Deputy Alfred for acts within the scope of his employment, Cal. Gov't Code § 825(a), so no separate bond from Deputy Alfred could add anything to plaintiff's protection.

**e. Payment history and permanence**

As the court put it in granting an unsecured stay to a municipal defendant facing a judgment far larger in proportion to its budget than is the case here, a public entity with taxing authority "is a constant" that will remain to satisfy the judgment if the time comes. *Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2024 WL 897592, at *5 (S.D. Ohio Mar. 1, 2024); *accord Wineries of the Old Mission Peninsula Ass'n v. Peninsula Twp.*, No. 1:20-cv-1008, Slip opn. at 2 (W.D. Mich. Mar. 2, 2026) (waiving bond on a $49 million judgment; the township's "status as an entity with taxing authority provides some measure of certainty that the Township and its primary source of funding is not going anywhere").

The County is a political subdivision of the State with taxing authority. It will be here when the appeal concludes, and it has the ability to set aside revenues across the intervening fiscal years to satisfy the Judgment if it is affirmed. (Hernandez-Barker Decl. ¶ 6.)

The remaining *Dillon* factors point in the same direction. Collection against the County would not be complex (factor one): a judgment against a California public entity is paid in the ordinary course through the procedures prescribed by the Government Code, and the County has never required a judgment creditor to resort

to execution. *See* Cal. Gov't Code §§ 970-971.2. The time required to obtain payment after affirmance (factor two) is correspondingly short. The Court can have full confidence in the availability of funds (factor three) for the reasons just stated. And the fifth factor, which asks whether a bond requirement would prejudice the defendant's other creditors, is at worst neutral; the County's other obligations are not at risk, but the public programs that would be cut to fund bond premiums are.

Thus, while the County is vigorously pursuing its appeal, there is no reasonable doubt that it can pay the full amount of the judgment later if required. Plaintiff therefore does not need the additional security a bond is designed to provide. Post-judgment interest, which accrues on the judgment as a matter of law, 28 U.S.C. § 1961, will fully compensate plaintiff for the delay inherent in appellate review.

**3. If the Court requires any bond, it should be set at a small fraction of the judgment amount.**

If the court is inclined to require security, the bond should be set at a modest amount reflecting the County's demonstrated ability to pay. A bond in the full amount of the amended judgment would require the County to incur significant near-term costs for no corresponding benefit. Annual premiums for appeal bonds are often 2% to 3% of the face amount of the bond and frequently require partial or complete collateralization. (Kiehl Decl. ¶ 3.)

Whatever the premium, the County did not budget for it. Funding annual premiums on a bond of $26 million or more, without the benefit of budgetary planning, would require the County to divert money from existing programs and services that benefit County residents. (Hernandez-Barker Decl. ¶ 7.) That is precisely the harm section 995.220 was enacted to prevent, *City of S. San Francisco*, 11 Cal. App. 4th at 924, and precisely the "waste of money" that *Olympia Equipment* and *Lewis* found unjustified where the judgment debtor's ability to pay is plain.

For these reasons, while procuring a sizeable bond would impose immediate and unnecessary costs on the County, plaintiff has no reasonable basis to fear that the judgment will go unpaid without one. The court should therefore grant a stay of enforcement unsecured by a bond or, at most, a stay secured by a bond no greater than a small fraction of the amount of the amended judgment.

**C. At A Minimum, The Court Should Enter A Stay And Defer Any Bond Requirement Until It Rules On Plaintiff's Pending Fee Motion, So That The County Need Post Only One Bond.**

Even if the court concludes that the County must post a full or reduced bond, it should not require the County to post two of them. Plaintiff's amended motion for attorney's fees, seeking more than $8.2 million with the requested multiplier plus costs, is fully briefed and submitted for decision without oral argument. (Dkts. 261, 266, 269.) Any fee award will be a separate, independently appealable judgment, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988). Plaintiff will no doubt seek to enforce it as well. If the County is required to bond the $26 million judgment now, and then *separately* bond a significant fee award weeks later, the County will pay two sets of premiums, incur two sets of underwriting and collateral demands, and burden the court with two rounds of bond-approval proceedings, all to secure obligations that a single instrument could secure at once.

The Federal Rules anticipate exactly this situation and authorize the court to avoid it. Three features of Rule 62 are relevant.

First, Rule 62(b) permits a stay "[a]t any time after judgment is entered" and provides that the stay "remains in effect for the time specified in the bond or other security." The Advisory Committee explained the purpose of that language: "a party may find it convenient to arrange a single bond or other security that persists through completion of post-judgment proceedings in the trial court and on through completion of all proceedings on appeal by issuance of the appellate mandate." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment. A single bond

covering the judgment and the fee award, posted once the amount of the fee award is known, is precisely what the Rule contemplates.

Second, Rule 62(a) provides that enforcement is automatically stayed for 30 days after entry of judgment "unless the court orders otherwise," and the 2018 amendment "expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay." *Id.* The court may therefore enter an unsecured, interim stay of enforcement that lasts until a date certain. Here, defendants request a stay of enforcement for a reasonable period after the court rules on the attorney's fee motion, at which point the County would post a single bond in an amount the court sets that covers the amended judgment, post-judgment interest, costs, and the fee award together. *Cf.* C.D. Cal. L.R. 65-2 (clerk may approve bonds "in the form and amount prescribed by . . . order of the Court").

Third, the district court's "inherent discretionary authority" over the amount and terms of security, *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), necessarily includes authority over its timing. The court also retains inherent power to control the sequence of proceedings before it "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And Rule 58(e), which allows a court to treat a pending fee motion as extending the time to appeal from the merits judgment, confirms that the Rules contemplate coordinating the disposition of a merits judgment with the disposition of a related fee motion rather than treating them as unrelated events.

Deferring the bond requirement until the fee motion is decided imposes no cognizable prejudice on plaintiff. The interim period is short, and the fee motion will likely be decided within weeks or a few months at most. During that period, the County—a solvent public entity with a multi-billion-dollar budget—is not going to dissipate assets or become unable to pay. Post-judgment interest continues to accrue on the judgment throughout this time period. 28 U.S.C. § 1961. And the purpose of a supersedeas bond, to "secure the appellee from a loss resulting from the stay of

execution," *Rachel*, 831 F.2d at 1505, is fully served by a single bond posted once the full amount of plaintiff's recovery is known. Plaintiff has no rational interest in forcing the County to post two bonds rather than one.

The public interest, by contrast, weighs heavily in favor of a single bond. Every dollar the County spends on duplicative premiums is a dollar diverted from public services. (Hernandez-Barker Decl. ¶ 7.) Courts have repeatedly recognized that bond requirements imposed on public entities should be tailored to avoid needless expenditure of public funds. *See Nassau Cnty. Strip Search Cases*, 783 F.3d at 418; *Lewis*, 2018 WL 1071704, at *2; *see also Pierce v. Cnty. of Orange*, 905 F.Supp.2d 1017, 1045 (C.D. Cal. 2012) (noting that a monetary award against a county is ultimately borne by the taxpayers). Requiring the County to obtain, pay for, and then supersede or supplement a bond within a matter of weeks would be the antithesis of tailoring.

## IV. CONCLUSION

The court should recognize that a stay of enforcement of the amended judgment pending appeal arose by operation of California Code of Civil Procedure section 995.220 and Federal Rule of Civil Procedure 69(a) when defendants appealed.

Alternatively, the court should exercise its discretion to enter an unsecured stay of enforcement, or a stay secured by a supersedeas bond no greater than a small fraction of the amended judgment, until defendants have exhausted their appellate remedies.

At a minimum, Defendants respectfully request that the court: (1) order that enforcement of the amended judgment remain stayed pending its ruling on plaintiff's amended motion for attorney's fees (Dkt. 261); (2) direct the parties, within 14 days after that ruling, to file a joint report proposing the amount of a single bond covering the amended judgment, post-judgment interest, costs, and any fee award; and (3) continue the stay of enforcement through the court's approval of

that single bond, with the stay thereafter remaining in effect through issuance of the Ninth Circuit's mandate.

November 19, 2026 **BURKE, WILLIAMS & SORENSEN, LLP**

By: /s/ Caylin W. Jones

Nathan A. Oyster
Caylin W. Jones
Delaney K. Sirmay
Attorneys for Defendants
COUNTY OF SAN BERNARDINO and
DEPUTY CHRISTOPHER ALFRED