LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

RODNEY S. DIGGS, Esq. (SBN 274459)
Email: RDiggs@imwlaw.com
IVIE MCNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Tel: (213) 489-0028
Fax: (213) 489-0552

Attorneys for Plaintiff, STEFFON BARBER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEFFON BARBER, an individual,

Plaintiff,

v.

COUNTY OF SAN BERNARDINO and DEPUTY CHRISTOPHER ALFRED,

Defendants

Case No: 5:22-cv-00625-KK-DTBx

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT PENDING APPEAL**

Date: December 17, 2026
Time: 9:30 a.m.

# TABLE OF CONTENTS


MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Defendants Are Not Entitled to a Stay Under California Code of Civil Procedure Section 995.220 ........ 2

B. Defendants Are Not Entitled to a Reduced Bond or Unsecured Stay Under FRCP 62 or Ninth Circuit Authority ........ 4

C. Dillon Does Not Support the Waiver Sought by Defendants ........ 5

D. The Dillon Factors Do Not Support Waiver of the Bond Requirement ........ 8

1. Complexity of the Collection Process ........ 8

2. Amount of Time Required to Obtain a Judgment ........ 9

3. Degree of Confidence in the Availability of Funds ........ 9

4. Ability to Pay a Judgment Versus the Cost of a Bond ........ 11

5. Lack of Other Creditors ........ 12

E. Defendants' Insurers Should Not Be Excused From Posting a Bond ........ 12

III. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

Cases

*Bennett v. Franklin Resources, Inc.*, Case No. 11-cv-05807-CRB (N.D. Cal. Dec. 18, 2018) .... 7

*Bolt v. Merrimack Pharm., Inc.*, 2005 WL 2298423 (E.D. Cal. Sep. 20, 2005).... 8, 11

*Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367 (D. Mass. 2005).... 7

*Cotton v. City of Eureka*, 860 F. Supp. 2d 999 (N.D. Cal. 2012) .... 3, 5

*Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977).... 4

*Hamlin v. Charter Township of Flint*, 181 F.R.D. 348 (E.D. Mich. 1998).... 7, 12

*Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2019 WL 2715616 (E.D. Cal. 2019) .... 2, 9

*In re Hassan Imports Partnership*, 2013 WL 6384649 (C.D. Cal. 2013).... 2

*In re Nassau County Strip Search Cases*, 783 F.3d 414 (2d Cir. 2015) .... 9

*Lamon v. City of Shawnee*, 758 F. Supp. 654 (D. Kan. 1991).... 8, 9

*Lewis v. Cty. of San Diego*, 2018 WL 1071704 (S.D. Cal. Feb. 27, 2018).... 8, 10

*Lewis v. Kern County*, 2025 WL 1865995 (E.D. Cal., July 7, 2025, No. 1:21-CV-00378-KES-CDB).... *passim*

*Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986) .... 6, 9

*Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794 (7th Cir. 1986) .... 12

*Perez Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227 (D.P.R. 2004) .... 10

*Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979) .... 6, 8, 10

*Rachel v. Banana Republic, Inc.*, 831 F.2d 1503 (9th Cir. 1987).... 5

*Safeco Ins. Co. of Am. v. Cty. of San Bernardino*,
2007 WL 9719254 (C.D. Cal. Jul. 27, 2007) .... 9

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
2006 WL 897995 (D. Or. Apr. 6, 2006) .... 7

*Vacation Vill., Inc. v. Clark County*,
497 F.3d 902 (9th Cir. 2007) .... 2

*Wunschel & Small, Inc. v. United States*,
554 F. Supp. 444 (Cl. Ct. 1983) .... 8

Statutes

California Code of Civil Procedure § 995.220 .... 2

Rules

Federal Rule of Civil Procedure 62 .... 3

Federal Rule of Civil Procedure 67 .... 7

Other

The Rutter Group, California Practice Guide: Federal Ninth Circuit Civil Appellate Practice § 1:168 (2011) .... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should deny Defendants' Motion for Stay of Enforcement of Judgment Pending Appeal. Through the instant Motion, Defendants request that this Court deny Plaintiff the protections of the bond requirements in Federal Rules of Civil Procedure, Rule 62, on the grounds that "there is no reasonable doubt that [the County] can pay the full amount of the judgment later if required." (Def. Mot at 21:8, Dkt. 272). Defendants make this request to stay enforcement of judgment and waive the bond requirement notwithstanding that (1) nothing in the language of the Federal Rules of Civil Procedure authorizes such relief, (2) no Ninth Circuit case has granted or affirmed such relief, and (3) multiple courts have held that merely demonstrating financial stability is not proper grounds for excusing the security requirements of Rule 62.

Defendant County represents that it has a $5 million self-insured retention and two layers of excess insurance at $25 million each. (Def. Mot. at 11:5-7). No case holds that maintaining insurance coverage which may cover the loss excuses the security requirements of Rule 62, nor does the existence of excess insurance coverage excuse the bond requirements. There is no guarantee that the County's insurance policies will still exist with the same insurance company when a final judgment is rendered post appeal. Given that "[e]stimated general fund reserves for the County as of June 30, 2026 total $1.1 billion" (Def. Mot. at 10:11-12), the County is more than capable of posting a bond and should be required to do so. Defendants have not offered a compelling reason why they should be exempt from this rule.

Defendants' anticipated appeal could take two to three years (Def. Mot. at 2:6), and Plaintiff's counsel has a duty to the Plaintiff to secure the large judgment, including interest, costs, and fees, throughout that time. As set forth more fully below, pursuant to Rule 62, Plaintiff requests that the Court only grant an automatic

stay upon Defendants and/or their insurance companies posting a supersedeas bond or other security in the amount of $36,379,562.09 This amount includes: the amended judgment of $26,000,000 (Dkt. 257); two years of 4.05% interest on the judgment in the amount of $2,106,000; Plaintiff's requested statutory attorneys' fees in the amount of $8,270,034 (Dkt. 261); and bill of costs entered in the amount of $3,528.09 (Dkt. 247). In addition to these amounts and the growing interest, Plaintiff's counsel will be seeking attorneys' fees for their time spent opposing the instant Motion and any work performed to defend against Defendants' Ninth Circuit appeal.

## II. ARGUMENT

### A. Defendants Are Not Entitled to a Stay Under California Code of Civil Procedure Section 995.220

Defendants first argue that they are entitled to a stay under California Code of Civil Procedure Section 995.220. "However, Section 995.220 does not apply as it is a procedural rule, and the applicable procedural mechanisms of Federal Rule of Civil Procedure 62 apply instead." *Lewis v. Kern County*, 2025 WL 1865995, at *2 (E.D. Cal., July 7, 2025, No. 1:21-CV-00378-KES-CDB) (citing *Vacation Vill., Inc. v. Clark County*, 497 F.3d 902, 913-14 (9th Cir. 2007) and *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2019 WL 2715616, at *2 (E.D. Cal. 2019) (holding that section 995.220(b) is a procedural rule that does not apply because Rule 62 covers the issue)); *see also In re Hassan Imports Partnership*, 2013 WL 6384649, at *1 (C.D. Cal. 2013) ("Cal. Code Civ. P. § 995.220 is preempted by Fed. R. Civ. P. 62, which sets forth the procedures governing supersedeas bonds in federal court.").

As the *Lewis* court recently held:

> While Section 995.220 supplements statutory immunity provided to governmental entities and serves a policy purpose of reducing the amount expended in furnishing bonds, *see City of S. San Francisco v. Cypress Lawn Cemetery Assn.*, 11 Cal. App. 4th 916, 921-22 (1992), it does not supplant Rule 62's procedural provisions regarding bond setting. In *Vacation Village*, the Ninth Circuit held that a county's

> "monetary obligations on appeal is a situation 'covered by'" Rule 62(b). *Vacation Village,* 497 F.3d at 914. In holding that the county in that case complied with its monetary obligations by posting a supersedeas bond under Rule 62 rather than depositing the full amount of the judgment as required by state law, the *Vacation Village* court reasoned that Rule 62(b) applied as it "is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision and creates no choice of law concerns." *Id.* at 913-14 (internal quotation marks and citation omitted). As the "'situation is covered by one of the Federal Rules [of Civil Procedure] ... the court has been instructed to apply the Federal Rule,' even [if] it 'is in direct collision with the law of the relevant State.'" *Id.* (quoting *Hanna v. Plumer,* 380 U.S. 460, 471-72 (1965).

2025 WL 1865995, at *2.

Additionally, Section 995.220(b) only applies to "an officer of the local public entity in an official capacity or on behalf of the local public entity." In this case, Defendant Christopher Alfred was sued in his individual capacity. The County acknowledges that it is obligated to indemnify the judgment against Alfred. (Def. Mot. at 11:8). Officials acting in their official capacities are not persons and not subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Lewis*, 2025 WL 1865995, at *3. Accordingly, Section 995.220 does not apply to this case.

The Northern District addressed this in *Cotton ex rel. McClure v. City of Eureka, Cal.* and rejected the same contention Defendants make here:

> [The officers] were sued in their individual capacities. As such, the officers are outside the purview of § 995.220(b). Defendants attempt to sidestep this critical distinction, claiming that "the individual officers have been defended in this action by the City of Eureka, and the judgments against them, upon approval by the City Council, will be paid by the City." That contention misses the point. Nothing in § 995.220(b) states or suggests that its provisions may be extended to a non-enumerated party who has been represented and may be indemnified by a covered entity.

860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012) (internal citations omitted).

### B. Defendants Are Not Entitled to a Reduced Bond or Unsecured Stay Under FRCP 62 or Ninth Circuit Authority

Nothing in language of Federal Rule of Civil Procedure 62 authorizes the security waiver which Defendants now seek. Rather, Rule 62 specifically requires security. Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."). The only exception provided in the Rule applies to the ability of appellate courts to stay the judgment. Fed. R. Civ. P. 62(g). The appellate court's determination as to whether to stay pending appeal is, in turn, governed by Federal Rule of Appellate Procedure 8. Moreover, no Ninth Circuit case has granted a complete security waiver as required by Rule 62. The Ninth Circuit has specifically warned against deviating from the language of Rule 62. *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977) ("Rule 62 . . . is very explicit concerning the protection afforded to litigants who seek a stay at various stages of the proceedings. The presence of such comprehensive protection implies the absence of such power in time periods not covered by the Rules.").

As the *Lewis* court correctly articulated:

> The purpose of a supersedeas bond under Rule 62(b) is to secure the judgment holder from the "risk of a later uncollectible judgment" and to "compensate[ ] him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "While parties have a right to a stay obtained through a supersedeas bond, an unsecured stay is reserved for 'unusual circumstances' and awarded at the district court's discretion." *Bolt v. Merrimack Pharm., Inc.*, No. S-04-0893 WBS DAD, 2005 WL 2298423, at *2 (E.D. Cal. Sept. 20, 2005) (citations omitted). "A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure." *Lewis v. Cty. of San Diego*, No. 13-CV-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citations omitted).

2025 WL 1865995, at *3; *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (holding that although a district court has inherent discretionary authority in setting the amount of a bond, to fulfill the purpose of a bond, "a full supersedes bond . . . should be required."). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton*, 860 F. Supp. 2d at 1028 (citing Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)); *see also* The Rutter Group, California Practice Guide: Federal Ninth Circuit Civil Appellate Practice § 1:168 (2011).

Here, there are no "unusual circumstances" warranting a reduced or unsecured stay. Accordingly, this Court should deny Defendants' request for a reduced bond or unsecured stay.

**C. *Dillon* Does Not Support the Waiver Sought by Defendants**

Defendants' request for a reduced bond or an unsecured stay is based upon a misapplication of *Dillon* and an incomplete reading of Seventh Circuit authority. As set forth below, these out of circuit cases only waived the security requirement after the defendants provided adequate assurance that a judgment would be paid. In *Dillon*, the plaintiff obtained an approximate $167,000 judgment against the City of Chicago. 866 F.2d at 905. The city sought to appeal without a posting bond by submitting an affidavit that it held an existing fund containing $484 million and that payment would be processed in less than thirty days following the appeal. *Id*. The Court of Appeal allowed Defendants to appeal without posting a bond because "[t]he City [ ] demonstrated the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty." *Id*. Accordingly, *Dillon* does not stand for the proposition that Defendants who demonstrate significant financial resources have no obligations under Rule 62. Rather, it sets forth certain standards a defendant should meet to obtain a stay without posting a bond. *See also Poplar Grove Planting & Refining Co., Inc. v.*

*Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) ("If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond.").

The argument that all security requirements may be waived, or that a reduced bond suffices because a defendant can demonstrate significant financial resources, was rejected by the Seventh Circuit in *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986). There, the State of Illinois sought to waive the security requirement on the sole basis urged here, namely that the Defendant was solvent. *Id.* at 506. The Seventh Circuit noted that the state was clearly solvent but that it did not provide any mechanism from which the plaintiff would be promptly paid following the appeal. *Id.* at 507 ("Illinois might choose to emulate the federal procedure for paying judgments out of a general appropriation, and save the cost of the bond; but thus far it has not chosen to do this; nor has it suggested any alternative security to a bond."). Accordingly, the Seventh Circuit rejected the security waiver in strongly dismissive language:

> The state's argument for being excused from posting a bond is a non sequitur. The fact that the state has the financial wherewithal to pay a judgment for $700,000 can be of little solace to the plaintiffs when the state does not contest Judge Marshall's finding in *Preston* that the procedure for collecting a judgment against the state is not only cumbersome and time-consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the state legislature votes to appropriate the money necessary to pay it. The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this guaranty.

*Id.* at 506-507. This holding was echoed in *Hamlin v. Charter Township of Flint*,

181 F.R.D. 348, 351 (E.D. Mich. 1998), where the Eastern District of Michigan held that "waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee . . . "[i]deally, losing parties will always have sufficient funds to pay the award, . . . if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity."

Moreover, the rule advocated by Defendants—that this Court should waive the secured bond requirement or order only a reduced bond in light of the County's financial solvency—does not make sense in light of the rules and realities of posting a bond. Where a defendant can demonstrate enormous financial resources there is even less reason to waive bond because a wealthy defendant's bond premium is lower than the premium for an ordinary defendant. *See Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367 (D. Mass. 2005) ("[I]f Mikasa is as financially secure as it assures the Court it is, its ability to obtain the bond will not be difficult. Consequently, Mikasa's motion to waive the bond requirement will be denied."). Here, Defendant County's claimed financial health does not justify a complete waiver of the bond requirement, a reduced bond, or an unsecured bond.

Defendants complain that "[a]nnual premiums for appeal bonds are often 2% to 3% of the face amount of the bond." (Def. Mot. at 12:18-19). However, a Defendant like the County of San Bernardino, with such certain financial solvency, could avoid premiums altogether by simply posting the full amount of the judgment (along with interest, attorneys' fees, and costs) into the registry of the court. Fed. R. Civ. P. 67; *Bennett v. Franklin Resources, Inc.*, Case No. 11-cv-05807-CRB (N.D. Cal. Dec. 18, 2018) ("Blocked Assets in the Registry will do so, to the same extent that a supersedeas bond would."). Accordingly, it is not surprising why the rule advocated by Defendants does not appear in the Federal Rules of Civil Procedure or any Ninth Circuit precedent. *See Translogic Tech., Inc. v. Hitachi, Ltd.*, 2006 WL 897995, at *5-*6 (D. Or. Apr. 6, 2006) ("I see no reason to depart from the usual practice of requiring a bond pending appeal. Defendants' size does not justify

departing from this practice.”).

### D. The *Dillon* Factors Do Not Support Waiver of the Bond Requirement

Defendants have not satisfied the *Dillon* factors. Defendants bear the burden in seeking to waive the bond requirement. *Lewis v. Cty. of San Diego*, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (“A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure.”); *Poplar Grove*, 600 F.2d at 1191 (5th Cir. 1979) (appellant has burden to “objectively demonstrate” reasons for departing from usual requirement of full supersedeas bond); *Lamon v. City of Shawnee*, 758 F. Supp. 654 (D. Kan. 1991) (“defendant has failed to carry its burden to objectively demonstrate any reason why this court should depart from the general rule that a judgment creditor is entitled to the posting of a supersedeas bond as a matter of right”).

Moreover, even courts willing to waive the security requirement note that it should only be done in unusual circumstances. *Wunschel & Small, Inc. v. United States*, 554 F. Supp. 444 (Cl. Ct. 1983) (“[T]he court’s discretion to issue a stay without a supersedeas bond is limited; it must be exercised sparingly and with due regard for the interest of the appellee in securing prompt and certain satisfaction of its judgment.”); *Bolt v. Merrimack Pharm., Inc.*, 2005 WL 2298423, at *2 (E.D. Cal. Sep. 20, 2005) ( “[A]n unsecured stay is reserved for ‘unusual circumstances’ and awarded at the district court’s discretion.”). Each of the *Dillon* factors are addressed below.

#### 1. Complexity of the Collection Process

The first *Dillon* factor is “the complexity of the collection process.” Defendants have presented no evidence or specifics on this point. Most municipalities, including the City of Chicago in *Dillon*, address this factor by taking concrete steps to simplify the collection process. 866 F.2d at 905 (the city established a procedure under which payment would be processed in less than thirty days); *see*

*also In re Nassau County Strip Search Cases*, 783 F.3d 414 (2d Cir. 2015) (upholding a security waiver where a county appropriated the funds to pay the judgment and adopted an ordinance to provide for immediate payment following the appeal). Courts have declined to apply *Dillon* where municipalities have not taken concrete steps. *Lightfoot*, 797 F.2d at 505 (waiver denied where state had no established fund or plan for collection); *Lamon*, 758 F. Supp. at 656–57 (denied waiver where the city had no set aside fund to pay the judgment and collection could be a "cumbersome and time-consuming" process). Here, Defendants only summarily state that "a judgment against a California public entity is paid in the ordinary course through the procedures prescribed by the Government Code." (Def. Mot. at 11:26-28). As Defendants have presented no evidence or specifics on "the complexity of the collection process" or their efforts to simplify it, Defendants have not met their burden as to this factor.

**2. Amount of Time Required to Obtain a Judgment**

The second *Dillon* factor is "the amount of time required to obtain a judgment after it is affirmed on appeal." Defendants do not know how long it would take to satisfy the judgment, in part because it is unclear how long their anticipated appeal will take. Defendants only vaguely suggest that the time would be "short." (Def. Mot. at 12:2). This weighs in favor of denying Defendants' Motion. 866 F.2d at 904.

**3. Degree of Confidence in the Availability of Funds**

The third *Dillon* factor is "the degree of confidence that the district court had in the availability of funds to pay the judgment." 866 F.2d at 904. The standard used by most courts addressing the issue is that the court must find the ability to pay the judgment "with certainty." *Hardesty v. Sacramento Metropolitan Air Quality Management District*, 2019 WL 2715616, at *4 (E.D. Cal. June 28, 2019) (denying motion because "the County has not met its burden to show its ability to pay the judgment with certainty"); *Safeco Ins. Co. of Am. v. Cty. of San Bernardino*, 2007 WL 9719254, at *3 (C.D. Cal. Jul. 27, 2007) (waiving bond requirement where the

"County's ability to pay is so clear and certain that the Court can 'say with certainty that allowing an unsecured stay will not jeopardize plaintiff's recovery.'"); *Perez Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227, 231 (D.P.R. 2004) ("[U]ntil there is absolute certainty that the [entity] has agreed unconditionally to pay the judgment in this case, the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond.").

Satisfying this factor requires demonstrating both current and continuing financial health. *Poplar Grove*, 600 F.2d at 1191 ("If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond."). Accordingly, municipalities that have been granted a security waiver have submitted detailed financial information to meet their burden. *See e.g.*, *Dillon*, 866 F.2d at 905 (the city established by affidavit that an existing fund contained $484 million); *Lewis v. Cty. of San Diego*, 2018 WL 1071704, at *2 ("The County submitted a declaration by the County's Assistant Auditor and Controller, explaining that the County has the highest possible financial rating with three of the major credit rating agencies, that the County has an operating budget of $5.79 billion, and that the County has funds set aside for future liability and judgments sufficient to cover the attorneys' fees and costs awards in this case").

Here, Defendants do not present evidence to create such certainty. "It is not the burden of the judgment creditor to initiate contrary proof." *Poplar Grove*, 600 F.2d at 1191. Financial solvency cannot be assumed based upon Defendant County's status as a municipality, even a municipality with a large tax base. Municipal bankruptcy filings in the State of California include: the County of Orange (1994, $2 billion, USBC CD CA Case Nos. Bankruptcy Nos. SA 94-22272-JR, SA 94-22273-JR, including decision reported at *In re County of Orange*, 179 B.R. 177 (Bankr.

C.D. Cal. 1995); the City of San Bernardino (2012, $500 million, USBC Case No. 6:12-bk-28006), the City of Stockton (2012, $1 billion, USBC ED CA Case No. 2012-32118), and the City of Vallejo (2008, $1 billion, USBC ED CA Case No 2008-26813, including decision reported at *In re City of Vallejo*, 403 B.R. 72 (Bankr. E.D. Cal. 2009)). All of these bankrupt municipalities could have made the same generic showing that the County of San Bernardino makes here. Moreover, while bankruptcy is a dramatic expression of financial distress, municipalities, including Defendant County of San Bernardino, may experience financial distress short of bankruptcy that imperil creditors such as Plaintiff Mr. Barber. As Defendants have not met their burden of proving the availability of funds "with certainty" to warrant deviating from Rule 62, their Motion should be denied.

#### 4. Ability to Pay a Judgment Versus the Cost of a Bond

The fourth *Dillon* factor is "whether the defendant's ability to pay the judgment is so plain that the costs of a bond would be a waste of money." 866 F.2d at 905. Defendants have not met their burden as to this factor. *Bolt*, 2005 WL 2298423, at *2 ("Other than defendant's conclusory statement that requiring a bond at this time would cause defendant financial hardship, it has failed to produce evidence of impracticability. Defendant County does not claim that it will face bankruptcy, jeopardizing its other creditors, if a bond is required. Quite the contrary, it has expressed its intent to immediately file a supersedeas bond if the court denies this motion for an unsecured stay."). Defendants rely almost entirely on this factor. Defendants argue that the County has not budgeted for annual premiums "on a bond of $26 million or more," which raises the question whether or when the County has budgeted for satisfaction of this judgment. (Def. Mot. at 12:22). Further, the County represents that they have only $5 million of a self-insured retention policy (Def. Mot. at 11:6), and Defendants have presented no evidence that its excess insurance carriers have confirmed that it will disburse the other roughly $31 million in insurance proceeds to cover this judgment. The County's evidence supporting its ability to pay

the judgment does not rise to the level of certainty needed to waive the bond requirement. Accordingly, Defendants cannot meet their burden of denying Plaintiff his right to a full security under Rule 62.

**5. Lack of Other Creditors**

The fifth *Dillon* factor is "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." 866 F.2d at 905. This factor is based upon *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986), wherein the Seventh Circuit allowed a $36 million judgment to be secured by $10 million in cash, $10 million in accounts receivables, and a $70 million security interest in physical assets based upon Defendants' financial vulnerability and the risk to competing creditors. Defendants have not presented any evidence of other creditors, which supports the requirement that they post a bond. Defendants only complain that the bond premiums would divert funds from public programs while ignoring the fact that, having secured a jury verdict, Plaintiff is equally deserving of having his judgment protected. (Def. Mot. at 21:4-6).

**E. Defendants' Insurers Should Not Be Excused From Posting a Bond**

Defendants have represented they have self-insured retention of $5 million and excess insurance coverage of $50 million for this judgment, which defeats the entire basis of the Defendants' Motion.(Kiehl Decl. at ¶ 2). There is no reason why an insured defendant or its insurance company should be excused from posting security. Indeed, posting a bond that provides security that a judgment will be satisfied upon becoming final is the precise type of expenditure that insurance companies are obligated to make. Moreover, no case has ever held that an insured defendant or an insurance company are excused from posting security. To borrow the reasoning of *Hamlin*, 181 F.R.D. at 351 "if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity." Based upon their representations of insurance coverage alone, Defendants should be required to post a

bond in the full amount of the judgment.

**F. This Court Should Not Defer the Bond Requirement**

Rule 62(a) provides that enforcement is automatically stayed for 30 days after entry of judgment "unless the court orders otherwise." Here, the amended judgment was entered on August 31, 2026. Despite Defendants' suggestion that "the fee motion will likely be decided within weeks or a few months," it is uncertain when this Court will rule on Plaintiff's motion for attorneys' fees. (Def. Mot. at 14:23-24). "Generally, the amount of the bond should be sufficient to pay the judgment *plus* interest, costs and any other relief (e.g. attorney fees) the appellate court may award." *Cotton*, 860 F. Supp. 2d at 1027 (emphasis in original). In *Lewis v. County of Kern*, supra, the district court required the County of Kern to post a bond despite the fact that the plaintiffs' motion for attorneys' fees was still pending. 2025 WL 1865995, at *7. In that case, a review of the docket shows that the plaintiffs' attorneys' fees motion is still pending in the Eastern District approximately 18 months later, which demonstrates the risk to Plaintiff of delaying Defendants' requirement to post a bond to a time uncertain. (ED Case No. 1:21-cv-00378-KES-CDB). Additionally, here, Defendant County of San Bernardino again rests on assertions of solvency, which, as discussed above, does not excuse them from timely posting a bond.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court only grant Defendants a stay of enforcement of judgment pursuant to Rule 62(d) upon the filing of a supersedeas bond or other security in the amount of $36,379,562.09. Defendants have not met their burden and their request for a lesser bond amount or unsecured bond should be denied.

Respectfully submitted,

DATED: November 25, 2026 LAW OFFICES OF DALE K. GALIPO

By */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong[1]
Attorneys for Plaintiff, Steffon Barber

DATED: November 25, 2026 IVIE MCNEILL WYATT PURCELL & DIGGS

By: *s/ Rodney S. Diggs*
Rodney S. Diggs
Attorney for Plaintiff, Steffon Barber

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 4,576 words (excluding the caption page, signature blocks, and certificate of compliance), which complies with the word limit of L.R. 11-6.2.

DATED: November 25, 2026 LAW OFFICES OF DALE K. GALIPO

By */s/ Dale K. Galipo*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, Steffon Barber

[1] Pursuant to LR 5-4.3.4(a)(2)(i), as the filer of this document, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing